D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed*
*FLSA Collective Plaintiffs, and proposed*
*Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x

| | |
|---|---|
| **NINO MARTINENKO, on behalf of herself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **212 STEAKHOUSE, INC., and NIKOLAY VOLPER,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

-------------------------------------------------x

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.     Defendant 212 Steakhouse, Inc. is a New York corporation that owns and operates 212 Steakhouse in Midtown Manhattan.

4.     Defendant 212 Steakhouse, Inc. has an annual gross volume of sales in excess of $500,000.

5.     Defendant Nikolay Volper is the owner of 212 Steakhouse.

6.     Defendant Volper made hiring and firing decisions with respect to Plaintiff's employment.  Specifically, he terminated Plaintiff's employment.

7.     Defendant Volper is in charge of employee discipline, payroll issues and scheduling at 212 Steakhouse.

8.     Plaintiff Nino Martinenko was employed by Defendants as a server from 2015 through 2018, and again from January 2021 until December 2021.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at 212 Steakhouse on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies,

programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.    Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at 212 Steakhouse on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

13.    All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

14.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

15.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and New York's "spread of hours" premium.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)      At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

d)      Whether Defendants paid Plaintiff and the Class members the state minimum wage for all hours worked.

e)      Whether Defendants properly compensated Plaintiff and Class members for overtime.

f)      Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

g)      Whether Defendants provided proper notice to employees under New York Labor Law § 195.

## FACTS

20.     Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

21.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

22.     Defendants knew that nonpayment of minimum wage and nonpayment of overtime would economically injure Plaintiff and FLSA Collective Plaintiffs and violated federal and state laws.

23.     Plaintiff regularly worked more than 40 hours per week.

24.     Specifically, Plaintiff regularly worked 5 dinner shifts lasting at least 8 hours each (from 4:00 p.m. until closing time, which was normally after 12:00 a.m.) and 2 to 3 lunch shifts lasting at least 4 hours each (from 11:00 a.m. until at least 3:00 p.m.) in a week.

25.     Defendants paid Plaintiff less than the full minimum wage for all hours worked. For example, in 2021, when the minimum wage in New York was $15, Defendants paid Plaintiff the tip credit minimum wage of $10 dollars.

26.     Defendants did not properly notify of any tip credits and were therefore not entitled to pay Plaintiff pursuant to the tip credit minimum wage.

27.     Defendants were also not entitled to pay Plaintiff pursuant to a tip credit because Plaintiff regularly spent more than 2 hours per day or more than 20% of her working shift performing non-tipped work, such as setting up the restaurant, answering the phone to take reservations, ordering liquor and other goods, and cleaning up after closing.

28.     Defendants did not pay Plaintiff any overtime premium for hours worked in excess of 40 per workweek.  For example, for the week ending 11/21/2021, Plaintiff was paid "straight" for 52 hours of work at $10 per hour (plus tips).

29.     When Plaintiff worked "double" shifts, *i.e.,* lunch and dinner together, Plaintiff was not paid New York's "spread of hours" premium as required by New York law, even though her workdays on those days lasted more than 10 hours.

30.     Defendants never gave Plaintiff a "Notice and Acknowledgement of Pay Rate Form" or a similar form, including when she was rehired in 2020, in violation of NYLL § 195.

31.     Plaintiff's weekly wage statements did not include any mention of a tip credit or her correct overtime rate, in violation of NYLL § 195.

32.     Defendants committed the foregoing acts the Plaintiff, FLSA Collective members and members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs**)

33.     Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, realleges and incorporate by reference all previous paragraphs.

34.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

35.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

36.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

37.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiff on Behalf of Herself and the Class)**

38.     Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

39.     Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage.

40.     Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

41.     Defendants' failure to pay Plaintiff and the Class members the New York minimum wage was willful.

42.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Herself and the Class)**

43.     Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

44.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

45.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

46.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Spread of Hours Violations,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &
Regs. tit. 12, § 146-1.6)
Brought by Plaintiff on Behalf of Herself and the Class)**

47.     Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48.     Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

49.     Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(New York Notice Requirements,
N.Y. Lab. L. §§195, 198
Brought by Plaintiff on Behalf of Herself and the Class)**

50.     Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.     Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195.  For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not reflect all the required information

52.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiff as Representative of the Class.

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.     Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663

        and other applicable statutes;

I.      Pre-Judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary,

        just and proper.


Dated:  New York, New York           Respectfully submitted,
        January 19, 2022
                                     JOSEPH & KIRSCHENBAUM LLP


                                     By: /s/ D. Maimon Kirschenbaum
                                     D. Maimon Kirschenbaum
                                     Denise A. Schulman
                                     32 Broadway, Suite 601
                                     New York, NY 10004
                                     Tel: (212) 688-5640
                                     Fax: (212) 981-9587

                                     *Attorneys for Named Plaintiff, proposed*
                                     *FLSA Collective Plaintiffs, and proposed*
                                     *Class*