UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

NINO MARTINENKO, on behalf of          CASE NO. 22 CV 518 (LJL)
herself and others similarly situated,

        Plaintiff,

   v.

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,

        Defendants.
-----------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff, proposed FLSA Collective,
and proposed Class*

## I.     PRELIMINARY STATEMENT

Plaintiff Nino Martinenko ("Plaintiff") worked as a server at Defendants' restaurant, 212 Steakhouse.   Plaintiff has asserted an Fair Labor Standards Act ("FLSA") claim for unpaid overtime on behalf of herself and similarly situated non-exempt employees based on Defendants' alleged failure to pay employees one and a half times their regular rate for overtime hours worked.[1] By this motion, Plaintiff respectfully requests that the Court (1) conditionally certify an FLSA collective consisting of all service employees (servers, runners, bussers, and bartenders) employed at 212 Steakhouse on or after January 20, 2019; (2) order Defendants to produce certain identifying information about potential Opt-In Plaintiffs to facilitate the dissemination of notice of this action; and (3) approve Plaintiff's proposed notices and plan of notice.[2]

## II.     STATEMENT OF FACTS

Plaintiff worked as a server at 212 Steakhouse, located in midtown Manhattan, from approximately 2015 to late 2018 or early 2019 and from January 2021 to December 2021. (Martinenko Decl. ¶ 2.)   In addition to servers, the other "front of house" or "service" positions at the restaurant were bussers/runners and bartenders.  (*Id*. at ¶ 6.)   During the FLSA's statute of limitations period, Defendants did not pay Plaintiff or other service employees one and a half times their regular rate for overtime hours worked.  (*Id*. at ¶¶ 3, 6, 10.)   Defendants issued service employees paystubs showing their hours worked, pay rates, and wages paid.  (*Id*. at ¶¶ 5-10; Martinenko Exs. 1, 2.)   Each paystub was for a one week pay period.  (Martinenko Decl. ¶ 4;

---

[1] Plaintiff has asserted additional claims under New York law that are not the subject of the instant motion.

[2] With this motion, Plaintiff submits the April 4, 2022 declaration of Denise A. Schulman ("Schulman Decl.") and exhibits thereto ("Schulman Ex. [number]") and the April 1, 2022 declaration of Nino Martinenko ("Martinenko Decl") and exhibits thereto ("Martinenko Ex. [number]").

Martinenko Exs. 1, 2.)  These paystubs show that Plaintiff and other service employees – including servers, bussers/runners, and bartenders – (1) worked more than 40 hours per week and (2) were paid their regular rate of $10 per hour for their overtime hours.  (Martinenko Decl. ¶¶ 5, 8-10; Martinenko Exs. 1, 2.)  For example, the week of March 22, 2021, server Alexander Rynkovsky worked 53 hours and 16 minutes, or 53.267 hours.  Defendants paid him $10 for each hour worked, for a total of $532.67.  (Martinenko Ex. 2 at 1.)  All of the paystubs submitted in support of this motion reflect the same method of payment for overtime hours.   (Martinenko Exs. 1, 2.) Defendants' failure to pay overtime compensation violated the FLSA, which requires an employer to pay employees one and a half times their regular rate for hours worked in excess of 40 per week. 29 U.S.C. §207.

## III.    ARGUMENT

### A.    Legal Standard For Conditional Certification And Court-Authorized Notice

The FLSA contemplates the maintenance of collective actions by similarly situated employees.  29 U.S.C. § 216(b).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 489 (S.D.N.Y. 2009). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on claims arising from the same events and brought under the same laws.  *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007) ("Collective adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources.").

"District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Gaspar v. Personal Touch Moving, Inc.*, No. 13 CV 8187, 2014 U.S. Dist. LEXIS 129856, at *9-10, 2014 WL 4593944 (S.D.N.Y. Sept. 15, 2014) (quotation marks omitted); *see also Hoffman-La Roche*, 493 U.S. at 170-173 (ruling that timely notice is necessary to afford employees the opportunity to "make informed decisions about whether to participate" and assists the trial court in managing the joinder of potential collective members). "Employees must receive timely notice in order for the benefits of the [FLSA] collective action to accrue." *Cruz v. Hook-SupeRx, L.L.C.*, No. 09 Civ. 7717, 2010 U.S. Dist. LEXIS 81021, at *7, 2010 WL 3069558 (S.D.N.Y. Aug. 5, 2010). Unlike absent class members in a Fed. R. Civ. P. 23 class action, potential collective members must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b). Unless otherwise tolled, the statute of limitations continues to run on each employee's claim until she files her written consent form with the Court, 29 U.S.C. §§ 255, 256(b). Time is of the essence because putative collective members' claims are diminished or extinguished every day. *Foster v. Food Emporium*, No. 99 Civ. 3860, 2000 U.S. Dist. LEXIS 6053, at *5 n.1, 2000 WL 1737858 (S.D.N.Y. Apr. 26, 2000). Timely distribution of a notice of pendency alerting potential collective members of their right to opt-in an FLSA collective action is thus crucial.

"The Second Circuit has approved as 'sensible' a two-step method to certify FLSA collective actions. The first step — the current stage of this litigation — requires the district court to determine whether 'similarly situated' potential plaintiffs exist who should receive notice of the pending FLSA action and opportunity to join it as plaintiffs." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777, at *8, 2013 WL 5211839 (S.D.N.Y. Sep. 16,

3

2013) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).  At the second stage, following the completion of discovery, a court will "determine whether a collective action may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *8, 2013 WL 5211839 (quotations omitted).

At the first stage, a plaintiff "need only make a modest factual showing that [she] and other potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Martinez v. JVA Indus.*, No. 20 CV 7977, 2021 U.S. Dist. LEXIS 66761, at *6, 2021 WL 1263133 (S.D.N.Y. Apr. 6, 2021) (Liman, J.) (internal quotation marks omitted).  "Plaintiff's burden at the conditional certification stage is 'minimal.'  Plaintiffs can meet this burden by showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id*. at *7 (internal quotation marks and citations omitted).  A Plaintiff can make the necessary modest factual showing "by relying on plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.  Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *9-10, 2013 WL 5211839 (internal quotations and citations omitted).

**B.      Plaintiff Has Made The Modest Factual Showing Required For Conditional Certification**

Plaintiff has made more than a "modest factual showing" of similarly situated potential Plaintiffs through the allegations in the complaint, her sworn declaration, and payroll records. Specifically, Plaintiff has presented conclusive evidence in the form of paystubs issued by Defendants that she and other service employees were not paid an overtime premium for overtime hours worked.  *See supra* Section II.  These paystubs establish that Plaintiff and putative collective

4

members "were similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs." *Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20 CV 8645, 2021 U.S. Dist. LEXIS 28542, at *14, 2021 WL 568249 (S.D.N.Y. Feb. 15, 2021) (Liman, J.) (cleaned up).  Thus, Plaintiff easily satisfies the lenient standard for certification and notice.  *See*, *e.g.*, *id*. at *4-5, 10-11 (certifying a collective action based on plaintiff's declaration attesting to putative collective members' hours worked and defendants' pay practices); *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *11, 2013 WL 5211839 (certifying a collective action where plaintiff submitted one affidavit and "his observations and conversations revealed other employees who were paid on the same flat scale without receiving overtime"); *see also Gaspar*, 2014 U.S. Dist. LEXIS 129856, at *13-14, 2014 WL 4593944 (plaintiff met standard for certification and notice when his affidavit indicated that he worked overtime for which he was not paid and "heard other employees complain about not being paid overtime wages"); *Pefanis v. Westway Diner Inc.,* No. 08 Civ. 002, 2008 U.S. Dist. LEXIS 81082, at *3, 2008 WL 4546526 (S.D.N.Y. Oct. 8, 2008) (certifying collective action based upon complaint and one affidavit); *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3, 2007 WL 7142139 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit).  In fact, Plaintiff's showing is even stronger than that in many cases granting conditional collective certification, as she has produced paystubs issued by Defendants that show that Defendants paid her and other service employers their regular rate for overtime hours worked.

**C.     The Underlying Merits Of The Case Are Immaterial To The Determination Of Conditional Certification And Notice**

Although Plaintiff has made a robust showing that Defendants failed to pay the required overtime premium, an in-depth analysis of the underlying merits is unnecessary and inappropriate

at this time.  At this early stage, "the Court ought not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Ruiz*, 2021 U.S. Dist. LEXIS 28542, at \*13, 2021 WL 568249 (cleaned up); *Martinez*, 2021 U.S. Dist. LEXIS 66761, at \*10, 2021 WL 1263133; *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at \*9, 2013 WL 5211839; *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581, at \*3, 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate.").  "[T]he question for the Court is not 'whether there has been an actual violation of law but rather . . . whether the proposed plaintiffs are 'similarly situated' . . . with respect to their *allegations* that the law has been violated."  *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859, 2008 U.S. Dist. LEXIS 86577, at \*30, 2008 WL 4702840 (S.D.N.Y. Oct 23, 2008) (emphasis in original) (quoting *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005)).

Thus, any factual disputes Defendants may raise should not be considered, much less resolved, at this stage of the proceedings.  Moreover, while there may be slight differences in the schedules, number of hours worked, and pay received by the members of the collective, such differences would be immaterial.  "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, . . . as long as they were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs."  *Ruiz*, 2021 U.S. Dist. LEXIS 28542, at \*14, 2021 WL 568249 (cleaned up).  "[M]ere differences" in the amount of time worked or amount of weekly salary paid are not "sufficient reason[s] to deny certification" at this stage, *Zeledon v. Dimi Gyro LLC*, No. 15 CV 7301, 2016 U.S. Dist. LEXIS 150526, at \*33, 2016 WL 6561404 (S.D.N.Y. Oct. 13, 2016) (citing cases).

**D.      The Proposed Notice Of Pendency Is Fair And Adequate**

Attached as Exhibit 1 to the Schulman Declaration is Plaintiff's proposed Notice of Pendency (the "Notice").    The proposed Notice explains Plaintiff's claims, provides clear instructions on how to opt-in to this action, and accurately states the prohibition against retaliation for participation in an FLSA action.

"[T]he content of the notice is 'left to the broad discretion of the trial court.'"  *Martinez*, 2021 U.S. Dist. LEXIS 66761, at *13, 2021 WL 1263133.  "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007).  The proposed Notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should be adopted and sent to all potential opt-ins via first class mail and e-mail.

In addition, because the nature of the restaurant industry involves a high turnover rate among employees, the Court should also authorize the distribution of the notice by text message. *See Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 CV 3624, 2015 U.S. Dist. LEXIS 90616, at *11-13, 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (citing cases and authorizing the distribution of the notice by text message given the "high turnover" of employees in the restaurant industry); *see also Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237, 2016 U.S. Dist. LEXIS 352, at *58– 59, 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) (permitting distribution of notice by text message where "the nature of the employer's business facilitated a high turnover rate among employees"). To this end, Plaintiff has prepared a special, condensed Text Notice to be sent via text message.

*Martin*, 2016 U.S. Dist. LEXIS 352, at \*49 n.32, \*58–59, 2016 WL 30334 (authorizing distribution of a special text notice similar to that proposed by Plaintiffs here). (*See* Schulman Ex. 2 (Proposed Text Notice).) The proposed Text Notice will contain an internet address where the full Notice will be posted and available for review and/or download by Collective members.

### E. Notice Should Be Sent To All Putative Collective Members Who Worked For Defendants On Or After January 20, 2019

Plaintiff respectfully requests that the Court order the Notice to be sent to all putative Collective members who worked for Defendants on or after January 20, 2019, which is three years before the filing of the Complaint. The FLSA's statute of limitations is 3 years for willful violations. 29 U.S.C. § 255(a). Where, as here, a plaintiff has alleged that FLSA violations were willful (*see* Compl. ¶¶ 21, 36), courts authorize notice for a three-year period. *E.g.*, *Martinez*, 2021 U.S. Dist. LEXIS 66761, at \*14-15, 2021 WL 1263133; *Ruiz*, 2021 U.S. Dist. LEXIS 28542, at \*16-17, 2021 WL 568249; *Dai v. Lychee House, Inc.*, No. 17 CV 6197, 2018 U.S. Dist. LEXIS 151168, at \*31-32, 2018 WL 4360772 (S.D.N.Y. Aug. 29, 2018); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). Accordingly, the FLSA's three-year statute of limitations is the appropriate notice period.

### F. Discovery Of Potential Opt-In Plaintiffs' Names And Contact Information Is Proper And Necessary

In order to provide potential opt-in plaintiffs with notice of the pendency of this lawsuit, Plaintiff requires discovery of the names, last known addresses, last known phone numbers, last known e-mail addresses, dates of employment, and position(s) held for those individuals. "As has been noted by a number of courts in this circuit, courts often grant this kind of request in connection with conditional certification of an FLSA collective action." *Raniere v. Citigroup, Inc.*, 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011), *rev'd on other grounds*, 533 F. App'x 11 (2d Cir. 2013); *see*

*also*, *e.g.*, *Martinez*, 2021 U.S. Dist. LEXIS 66761, at *15-16, 2021 WL 1263133. Indeed, "[i]t is now commonplace in this Circuit to require the provision of personal contact information to class counsel for the purpose of notifying a class of a collective action and enabling class counsel to obtain relevant discovery." *In re Deloitte & Touche, LLP Overtime Litig.*, No. 11 Civ. 2461, 2012 U.S. Dist. LEXIS 12641, at *3-5, 2012 WL 340114 (S.D.N.Y. Jan. 17, 2012) (collecting cases). This information should be provided in Excel format. *See Guaman v. 5 "M" Corp.*, No. 13 Civ. 03820, 2013 U.S. Dist. LEXIS 152379, at *16, 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion in full.

Dated:  New York, New York
　　　　April 4, 2022　　　　　　　　　　JOSEPH & KIRSCHENBAUM LLP


By: /s/ Denise A. Schulman
　　D. Maimon Kirschenbaum
　　Denise A. Schulman
　　32 Broadway, Suite 601
　　New York, New York 10004
　　(212) 688-5640

*Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*

9