UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/26/2022
```

-------------------------------------------------------------------X
                                       :

NINO MARTINENKO,                            :

                     Plaintiff,              :

                                           :                          22-cv-518 (LJL)

           -v-                              :

                                         :             MEMORANDUM AND

212 STEAKHOUSE INC. and NIKOLAY VOLPER,        :                     ORDER

                                         :

                   Defendants.           :

                                         :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Nino Martinenko ("Plaintiff" or "Martinenko") moves, pursuant to 29 U.S.C.

§ 216(b), for an order conditionally certifying this case as a collective action and authorizing

notice to be sent to all service employees (servers, runners, bussers, and bartenders) employed by

defendants 212 Steakhouse, Inc., and Nikolay Volper ("Volper" and collectively with 212

Steakhouse, Inc., "Defendants") at their restaurant, 212 Steakhouse ("212 Steakhouse" or the

"Restaurant"), on or after January 20, 2019, under the Fair Labor Standards Act of 1947

("FLSA").  Dkt. No. 19.  Plaintiff also seeks an order requiring Defendants to produce certain

identifying information about potential opt-in plaintiffs to facilitate dissemination of notice of

this action and approval of Plaintiff's proposed notices and plan of notice.

## BACKGROUND

       The following facts drawn from Plaintiff's complaint, Dkt. No. 1 ("Compl."), are

assumed to be true for purposes of this motion.

       Defendant 212 Steakhouse, Inc., owns and operates 212 Steakhouse, which is a restaurant

located in midtown Manhattan in New York, and defendant Volper is the owner of 212

Steakhouse, is in charge of employee discipline, payroll issues, and scheduling at the Restaurant,

and makes hiring and firing decisions there. *Id.* ¶¶ 3, 5–7. Plaintiff was employed by

Defendants at 212 Steakhouse as a server from 2015 through 2018 and again from January 2021

until December 2021. *Id.* ¶ 8. Plaintiff alleges that she regularly worked more than forty hours

per week, *id.* ¶ 23, and that, during each week she was employed there, she regularly worked five

dinner shifts, lasting at least eight hours each (from 4:00 p.m. until closing time, which was

normally after 12:00 a.m.), and two to three lunch shifts, lasting at least four hours each (from

11:00 a.m. until at least 3:00 p.m.), *id.* ¶ 24. She alleges that, for example, for the week ending

on November 21, 2021, she was paid "straight" for fifty-two hours of work at a wage of $10 per

hour (plus tips). *Id.* ¶ 28. Defendants did not pay Plaintiff any overtime premium for hours

worked in excess of forty per workweek, *id.*, and paid Plaintiff less than the full minimum wage

in New York for all hours worked, *id.* ¶ 25. In addition, Defendants did not properly notify

Plaintiff of any tip credits, *id.* ¶¶ 26–27, and did not pay Plaintiff the "spread of hours" premium

required by New York law on days when Plaintiff worked double shifts, i.e., lunch and dinner

together, *id.* ¶ 29.

Plaintiff brings individual and collective action claims under FLSA, 29 U.S.C. §§ 201 *et*

*seq.*, for failure to pay her overtime. Compl. ¶¶ 33–37. Plaintiff also brings claims for minimum

wage violations under New York Labor Law §§ 659 *et seq.*, Compl. ¶¶ 38–42; overtime

violations under New York law, *id.* ¶¶ 43–46; spread-of-hours violations under New York law,

*id.* ¶¶ 47–49, and violations of the New York notice requirements, *id.* ¶¶ 50–52.

Plaintiff filed her complaint on January 20, 2022. Dkt. No. 1. On April 4, 2022, Plaintiff

filed the instant motion. Dkt. No. 19. On April 18, 2022, Defendants filed a memorandum of

law in opposition to the motion, Dkt. No. 27, and, on April 21, 2022, Plaintiff filed a reply

memorandum of law in further support of the motion, Dkt. No. 29.

**DISCUSSION**

Plaintiff moves for (1) conditional certification; (2) approval of Plaintiff's notice and plan for distributing notice; and (3) discovery of address information for potential opt-ins.  The Court addresses each issue in turn.

## I.        Conditional Certification

Section 216(b) of the FLSA permits an employee aggrieved by a violation of the statute to maintain an action against any employer "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  It follows from that language that district courts have the authority to certify a FLSA lawsuit for collective action on a conditional basis.  "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 n.1 (2013) (characterizing Section 216(b) as a "joinder process").  "[D]istrict courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs."  *Hoffman-La Roche*, 493 U.S. at 169; *see also Ruiz v. Truffa Pizzeria & Wine Room Corp.*, 2021 WL 568249, at *3 (S.D.N.Y. Feb. 15, 2021).

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under FLSA.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010).  In the first step, a court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs."  *Id.* at 555.  The plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.* (quoting

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  Mere "unsupported assertions" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.* (emphasis omitted) (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).  At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.*  The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 556.

Plaintiff's burden at the conditional certification stage is "minimal." *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013).  "Plaintiffs can meet this burden by showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Myers*, 624 F.3d at 555).  However, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs. LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011).  For example, "[c]ourts have declined to [grant certification] where named plaintiffs present only conclusory allegations that similarly situated employees exist." *Huer Huang v. Shanghai City Corp*, 2020 WL 5849099, at *9 (S.D.N.Y. Oct. 1, 2020).

If the Court determines that "similarly situated" employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action.  *See Cunningham v. Elec. Data Sys. Corp.*, 2010 WL 5076703, at *5 (S.D.N.Y. Dec. 13, 2010); *see also Lynch v. U.S. Auto.*

*Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process."). At the second stage, after discovery is completed, this Court will, "on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," and "[t]he action may be 'decertified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

Plaintiff has made the "modest" showing necessary to satisfy step one of the *Myers* test and to permit the sending of notice to similarly situated employees. Plaintiff submits her own declaration in support of the argument that the service workers at 212 Steakhouse were all similarly situated. Dkt. No. 22 ("Martinenko Decl."). She declares that she worked at 212 Steakhouse from approximately 2015 to late 2018 or early 2019 and from approximately January 2021 until December 2021 and frequently worked more than forty hours per week without being paid one and a half times her regular rate for her overtime hours. *Id.* ¶¶ 1–3. She attaches paystubs to her declaration substantiating that Defendants paid her the same rate for all or her hours worked, including overtime hours. *Id.* ¶ 5; *see also* Dkt. No. 22-1. Those paystubs cover the periods September 27, 2021 to October 3, 2021; November 15, 2021 to November 21, 2021; November 22, 2021 to November 28, 2021; and November 29, 2021 to December 5, 2021, and establish that for each of those weeks she worked in excess of forty hours but was paid only a straight-time wage of $10 per hour plus tips. Dkt. No. 22-1. Plaintiff also states that one of her responsibilities at 212 Steakhouse was to write employees' paychecks and that, in order to prepare the paychecks, one of her "bosses" emailed her employee paystubs. Martinenko Decl. ¶ 7. From her own observations as well as from the hours reflected in the paystubs, Plaintiff

knows that other front of house employees (including servers, bussers/runners, and bartenders) worked more than forty hours per week without being paid one and a half times their regular rate for overtime hours. *Id.* ¶¶ 6, 10. In particular, she identifies by name two servers, a busser/runner, and a bartender who worked more than forty hours in a work week without being paid one and a half times their regular rate for overtime hours. *Id.* ¶¶ 9–10. She attaches paystubs to support that allegation. *Id.* ¶ 9; Dkt. No. 22-2. Those paystubs show that each of the employees in question worked in excess of forty hours a week without being paid time and a half for their overtime hours. Dkt. No. 22-2.

Plaintiff's evidence that she worked in excess of forty hours a week without being paid overtime and that at least four others, including servers, bussers/runners, and bartenders, also were required to work in excess of forty hours a week without being paid time and a half for overtime is sufficient to show at this stage that Defendants had "a common policy or plan that violated the law," and that Plaintiff and the potential opt-in members were all victims of that common policy or plan. *See Myers*, 624 F.3d at 555. The courts have not limited the type of proof that must be offered by a plaintiff seeking conditional certification of a collective action under FLSA. Where the plaintiff puts forth evidence that her own labor law rights were violated and that a representative number of other employees had their rights violated, she has made a sufficient showing to satisfy the "modest" burden under *Myers*. *See, e.g.*, *Cheng v. Via Quadronno LLC*, 2021 WL 4319569, at *3 (S.D.N.Y. Sept. 23, 2021) (holding that "[a] single affidavit from a named plaintiff is enough to make th[e *Myers*] showing"); *Hernandez v. NGM Mgmt. Grp. LLC*, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013) (holding that the "personal observations of one plaintiff's affidavit" are "sufficient to make the modest factual showing necessary to conditionally certify [a] class"); *Wraga v. Marble Lite, Inc.*, 2006 WL 2443554, at

*2 (E.D.N.Y. Aug. 22, 2006) ("Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.").

Defendant makes four arguments in response: (1) Plaintiff's application is supported only by her declaration, "which contains barren factual allegations," Dkt. No. 27 at 10; (2) Plaintiff does not know whether the other employees were paid additional monies in cash; (3) there is no allegation that defendant Volper was aware of the violation; and (4) conditional certification should be limited to the employee position which Plaintiff held—that of server.  Each of these arguments has been considered and rejected by courts in this District in the past.  None of them is sufficient to withstand Plaintiff's motion.

First, "[p]laintiffs may satisfy [their] requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Ruiz*, 2021 WL 568249, at *4 (quoting *Garcia Ramos v. DNC Food Serv. Corp.*, 2020 WL 2832776, at *2 (S.D.N.Y. June 1, 2020)).  Plaintiff's allegations are not conclusory or barren of facts.  In her complaint, she identifies as an example one particular pay period in which she had worked in excess of forty hours without being paid overtime and she argues it is representative. Compl. ¶ 28.  Her declaration contains pay stubs for other periods as well as for other employees. Dkt. Nos. 22-1, 22-2.  Those are sufficient facts to permit notice to be distributed.  This Court and others have held that *Myers* is satisfied by "hearsay statements" that other employees are victims of a common policy as well as by the plaintiff's observations.  *Ruiz*, 2021 WL 568249, at *4; *see also Mendoza v. Ashiya Sushi 5, Inc.*, 2013 WL 5211839, at *5–6 (S.D.N.Y. Nov. 25, 2013) (granting conditional certification based on affidavit of plaintiff's observations and conversations with others and observing "'courts regularly rely on . . . hearsay statements in

determining the propriety of sending notice' in FLSA conditional collective action certifications"
(quoting *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012)); *Liping Dai v. Lychee House, Inc.*, 2018 WL 4360772, at *8 (S.D.N.Y. Aug. 29, 2018) (holding that an attestation by plaintiffs of their observations and coworkers' complaints is sufficient to support conditional certification (citing cases)).  Plaintiff's application—in which she authenticates documents with respect to other employees that would be admissible into evidence—is, if anything, stronger than those which courts have held in other cases sufficient to permit conditional certification.

Defendants' additional argument that the motion should be rejected because none of the potential opt-ins have submitted a declaration is without merit.  There is no requirement that there be an affidavit from another employee for an action to be conditionally certified and notice to be authorized, *see* Dkt. No. 27 at 10; it is precisely to inform potentially similarly situated employees that their rights have been violated and that there is a legal action they might join that FLSA permits conditional certification and the authorization of notice.  If all (or a substantial number) of the similarly situated employees knew enough of the action to submit a declaration, there would be little need for the notice authorized by Section 216(b).  "The requirement Defendants propose, if adopted, would obviate the advantages of § 216(b) notice, as it would require FLSA plaintiffs to locate and identify additional plaintiffs in advance of certification." *Ruiz*, 2021 WL 568249, at *4.  Thus, the fact that none of Plaintiff's co-workers have yet joined the lawsuit is not fatal; current employees may not have joined for any number of reasons, including that they fear retaliation or are unaware of their rights.  *See, e.g.*, *Nahar v. Dozen Bagels Co. Inc.*, 2015 WL 6207076, at *5 (S.D.N.Y. Oct. 20, 2015).

Second, Defendants offer the possibility that the other employees received additional compensation in cash for their overtime hours and thus that FLSA would not have been violated and argue that Plaintiff does not have evidence to refute that possibility.  However, "[a]t this stage, the Court ought not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'"  *Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) (quoting *Hypolite v. Health Care Servs. of N.Y., Inc.*, 256 F. Supp. 3d 485, 489 (S.D.N.Y. 2017)); *see also Lynch*, 491 F. Supp. 2d at 368 ("Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated.").  Plaintiff has submitted evidence that she was only paid straight-time for her hours in excess of forty and has submitted evidence that the payroll records of Defendants show that other employees as well were not paid time and a half for their hours in excess of forty.  Defendants do not submit any evidence that employees were paid extra money for overtime in cash.  The Court will not deprive similarly situated employees of the notice that FLSA permits on the speculation that they were paid off-the-books in cash for their overtime hours.

Third, Defendants assert that Plaintiff has submitted no evidence that Volper was aware of the alleged FLSA violations, but whether he was aware or not is not necessarily relevant to the issue of a FLSA violation (although it may be relevant to the issue of willfulness) and it does not defeat Plaintiff's showing with respect to conditional certification.  Plaintiff has alleged that Volper was the owner of 212 Steakhouse, made hiring and firing decisions, and was in charge of employee discipline, payroll issues, and scheduling at the restaurant.  Compl. ¶¶ 5–7.  Plaintiff need not establish Volper's liability to receive authorization to send notice but—if it did—those facts, if proven, would establish his liability as an employer.  *See Keawsri v. Ramen-Ya Inc.*,

2021 WL 3540671, at *6 (S.D.N.Y. Aug. 10, 2021) (holding that qualification as an employer depends on satisfying a four-factor test including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records" (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), *holding modified by Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003)).

Fourth, the fact that different employees performed different jobs does not preclude them from being considered "similarly situated" where "the fundamental allegation . . . is common to all the . . . plaintiffs and dominates each of their claims." *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988). Plaintiff has submitted evidence that each of the proposed members of the collective was a service employee at Defendants' single restaurant who was paid based on the same compensation system. The Court need not blind itself as a judge to what is obvious to it as a person and generally known: servers, runners, bussers, and bartenders who work in the front of a restaurant and interact with the customers generally perform similar jobs and are subject to similar compensation systems. *See Shajan v. Barolo*, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("The Court has not spent her life under a toadstool—I know what waiters, busboys and bartenders do when they go to work."). "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs . . . [a]s long as they were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs." *Cano v. Four M Food Corp.*, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (granting conditional certification where affidavits showed "an identifiable factual nexus linking

the named plaintiffs with putative collecti[ve] action members"). "[T]he type of 'person-by-person fact-intensive inquiry [sought by Defendants] is premature at the conditional certification stage and has been specifically rejected by courts within this Circuit.'" *Mongiove v. Nate's Corp.*, 2016 WL 590460, at *5 (E.D.N.Y. Feb. 11, 2016) (quoting *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *8 (S.D.N.Y. Feb. 7, 2013)). "[C]ommon job duties or common hourly wage rates are [not] required for a collective action." *Id.* at *5.

It also is irrelevant at this stage that Plaintiff did not work for Defendants during the entire time period of the collective to whom she asks to have certified and to receive notice. She worked during a substantial period of the time—from 2015 to 2018 or 2019 and again in 2021. Martinenko Decl. ¶ 2. That period includes both the time before the collective action would begin and substantial time during the period of the collective action. It is sufficient for her to be able to establish that there was a common policy and practice of FLSA violations. No more is necessary for her motion to be granted. *See, e.g.*, *Desir v. NYU Langone Health Sys.*, 2020 WL 7631434, at *2–3 (S.D.N.Y. Oct. 19, 2020), *report and recommendation adopted*, 2020 WL 7630623 (S.D.N.Y. Dec. 22, 2020); *Shillingford*, 293 F. Supp. 3d at 404–05, 409.

## II.    Notice and Plan of Notice

Plaintiff seeks permission to disseminate notice by first-class mail, email, and text message and seeks to disseminate notice to all persons who fit within the collective definition and who were employed at any time within the three-year period beginning January 20, 2019, i.e., three years prior to the filing of the complaint. She submits a proposed form of notice that, among other things, would inform potential opt-ins of the pendency of the action and of their right to opt-in, would set a sixty-day deadline for them to submit consents to join, would have the opt-in forms returned to counsel rather than to the Clerk of the Court, and would have the

consents effect a joinder to each of the claims in the complaint and not just to the FLSA claims. Dkt. No. 21-1.

Defendants object to the form and content of the notice and argue (1) that the notice should include Defendants' position in the litigation including any particular defenses they believe to be applicable; (2) that it should include contact information for Defendants' counsel as a potential source of information for opt-in plaintiffs; (3) that the notice should not include any reference to a "class" or to "improperly withheld wages" and should include language and that opt-in plaintiffs may be required to appear for deposition and/or trial and to participate in written discovery; (4) that the opt-in period should be thirty days rather than sixty days; (5) that the period of the collective should be two years rather than three years; and (6) that consents should be sent to the Clerk of the Court rather than to Plaintiff's counsel.

The content of the notice is "left to the broad discretion of the trial court." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). "When exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions." *Id.* The job of the court is to make sure that notice "is timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 172. Courts are "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Elmajdoub v. MDO Dev. Corp.*, 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013) (quoting *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012)). At the same time, "the notice process for case management purposes is distinguishable in form and function from the solicitation of claims," and "courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-*

*La Roche*, 493 U.S. at 174.  The Court must avoid "notices that are 'unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading." *Huer Huang*, 2020 WL 5849099, at \*17 (quoting *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 664 (S.D.N.Y. 2017)); *see also Mikityuk v. Cision US Inc.*, 2021 WL 1750370, at \*7 (S.D.N.Y. May 4, 2021).

It is customary that notice is disseminated by first-class mail as well as by email because "given the reality of communications today, email notification is more effective at notifying potential opt-in plaintiffs than mailed notice alone."  *Park v. FDM Group Inc.*, 2019 WL 2205715, at \*6 (S.D.N.Y. May 22, 2019) (quoting *Knox*, 282 F. Supp. 3d at 667).  In addition, "courts allow . . . dissemination [by text] where 'the nature of the employer's business facilitated a high turnover rate among employees.'" *Id.* at \*7 (quoting *Kucher v. Domino's Pizza, Inc.*, 2017 WL 2987216, at \*6 (S.D.N.Y. May 22, 2017)); *see also Mikityuk*, 2021 WL 1750370, at \*9.  Plaintiff has made a sufficient showing for the Court to authorize notice by first-class mail, email, and text message.

As to Defendants' objections, the Court will not include information regarding defenses Defendants believe to be applicable or contact information for Defendants' counsel as a potential source of information for opt-in plaintiffs.  The proposed notice includes the language: "Defendants deny Plaintiff's claims and maintain that they paid employees properly."  Dkt. No. 21-1 at 1.  The proposed notice also contains four disclaimers that the Court has reached no determination in this case, including two disclaimed in bold.  *See id.* ("The Court has not expressed any opinions as to the merits of this lawsuit and has made no determination about who is right and who is wrong."); *id.* ("**The Court has not yet made any determination as to the validity of Plaintiffs' claims.**"); *id.* at 2 ("At this early stage, the Court has not made any

determination on the merits of Plaintiff's claims and is not advising you to participate in this lawsuit."); *id.* (stating that "**the Court expresses no opinion on the merits of this lawsuit**"). It does not include further detail as to Plaintiff's claims than that Plaintiff alleges that Defendants violated FLSA and "alleges that Defendants failed to pay her and other service employees at 212 Steakhouse one and a half times their regular rate for over hours [sic] worked, which are hours worked in excess of 40 per workweek." *Id.* at 1. At this stage, further information regarding the particular defenses offered by Defendants[1] would be confusing to potential opt-ins, unnecessary, and unduly argumentative and would "discourage participation in the lawsuit." *Huer Huang*, 2020 WL 5849099, at *17; *see also Mikityuk*, 2021 WL 1750370, at *8 ("The Revised Notice should simply indicate that Defendants deny the allegations and identify the lawyers whom Defendants have retained to identify them in this lawsuit. It should also indicate that the Court has not decided who is right or who is wrong."). "[T]here is no compelling reason why the notice should include Defendants' contact information, as it would be inappropriate for any opt-in plaintiff to contact Defendants' lawyers directly." *Cheng*, 2021 WL 4319569, at *5.

Defendants' third objection is nonsensical. The notice does not include any reference to a "class" or to "improperly withheld wages" and does include language that opt-in plaintiffs may be required to appear for deposition and/or trial and to participate in written discovery. It informs would-be opt-ins in a non-argumentative manner of the nature of Plaintiff's claim that they would be joining—the failure to pay required overtime—and of the consequences of joining the collective action, including that decisions made and agreements entered into by Plaintiff relating to the lawsuit will be binding on the opt-in and that the opt-in might be required to participate in discovery, be deposed, or testify at trial. It further advises opt-ins that there will be

---

[1] In any event, Defendants have not identified defenses that they ask be included in the notice.

no legal effect if they do not join and that they will be able to file their own lawsuit if they so choose and that attorney's fees will be paid out of any settlement or recovery.  It also gives the name and address and telephone numbers of Plaintiff's counsel if there are questions.  Dkt. No. 21-1 at 2–3.  No changes need be made to those portions of the notice.

Defendants also argue that the opt-in period should be thirty days, but "[c]ourts in this District 'routinely grant opt-in periods of 60-days after conditional certification in FLSA cases.'" *Huer Huang*, 2020 WL 5849099, at *17 (quoting *Zhongle Chen v. Kicho Corp.*, 2020 WL 1900582, at *11 (S.D.N.Y. Apr. 17, 2020)); *see also Mark v. Gawker Media LLC*, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) ("[C]ourts in this district have coalesced around a standard 60-day notice period.").  That time period seems particularly appropriate in a case such as this which involves a population that held jobs that, by their nature, did not require familiarity with the legal system.  Opt-ins should have the time to study the notice and consider whether they want to join before taking an action that would have legal consequence.

Fourth, Defendants argue that the period of the collective should be limited to the two-years prior to the filing of the complaint applicable to claims of non-willful violations of FLSA and not the longer period applicable to claims where the defendants have willfully violated the law.  That argument might have merit at some later stage of the case, but it does not have merit at this stage of the case.  Courts have conditionally certified classes comprised of persons employed over the three-year period prior to the filing of a complaint "[o]ut of an abundance of caution[] and seeking to avoid any merit-based determinations" at an early stage in the litigation. *Fasanelli*, 516 F. Supp. 2d at 323; *see also Marcial v. New Hudson Fam. Rest. Inc.*, 2019 WL 1900336, at *8 & n.14 (S.D.N.Y. Apr. 29, 2019) (directing that notice be provided to potential collective action members working for defendants during the three years prior to the date of the

filing of the action); *Mongiove*, 2016 WL 590460, at *6 (holding that notice should be sent to persons employed within three years of the date of the filing of the complaint because the timeliness of each plaintiff's action should be determined in a future proceeding); *see also Martinez v. JVA Indus. Inc.*, 2021 WL 1263133, at *5 (S.D.N.Y. Apr. 6, 2021) (same); *Ruiz*, 2021 WL 568249, at *6 (same).

Plaintiff's last objection is that notices should be sent to the Clerk of the Court rather than to Plaintiff's counsel. This objection raises a more vexing question. "Courts in this Circuit are split on whether the opt-in plaintiffs should mail their consent forms to the named plaintiffs' counsel or to the Clerk of Court." *Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 271 (D. Conn. 2020); *see Zhongle Chen*, 2020 WL 1900582, at *13 (noting "intra-Circuit split on whether notices should direct potential opt-in plaintiffs to return consent forms to Plaintiff's counsel or to the Clerk of the Court"); *Keawsri*, 2018 WL 279756, at *7. The language of FLSA that an action is deemed "commenced" only on "the subsequent date on which [a] written consent is filed in the court," 29 U.S.C. § 256(b), suggests that consents should be sent directly to the Court. If they are not and instead languish in counsel's mailroom, the rights of potential opt-ins could be compromised. Each day the consent is not submitted to the Clerk of the Court would be an additional day on which the statute of limitations would have run. It is principally for that reason that the Court previously ordered that consents be sent to the Clerk of the Court. *See Mikityuk*, 2021 WL 1750370 at *10. The Court, however, has to recognize reality. The submission of a large number of consent forms to the Court burdens the clerk's office. *See Nahar*, 2015 WL 6207076, at *7. It also risks compromising the privacy rights of the opt-ins as the form necessarily includes complete contact information for the opt-ins which would need to be redacted by the clerk if publicly filed initially with the clerk. *See Mikityuk v. Cision US Inc.*,

2021 WL 2413340, at *3 (S.D.N.Y. June 11, 2021) (denying reconsideration on procedural grounds but recognizing that "the submission of consent forms directly to the Clerk of the Court can impose heavy burdens on personnel in that office, who must scan the consent forms, file information that is public on the docket while filing other information under seal, and preserve the physical copies of the forms").  The Court will permit the submission of the consent forms directly to Plaintiff's counsel but will also order Plaintiff's counsel to file the consent forms on the ECF docket on the day that they are received.  In that manner, and given the efficiencies of electronic filing, the Court will attempt to avoid any prejudice to the would-be opt-ins.

For those reasons, each of Defendants' objections (including those not specifically addressed herein) are rejected.

There are two respects, however, in which the notice must be revised.  First, the notice as drafted indicates that by filing a consent, an opt-in plaintiff designates Plaintiff as their representative to make decisions on behalf of the opt-in to the fullest extent possible and that a consent effects a joinder both in the FLSA claims and in the New York Labor Law claims. There are two respects in which this language must be altered.  The opt-in plaintiff will be designating Plaintiff's counsel to act as their representative.  In addition, under FLSA, the consent to join is only effective as to the FLSA claims and not as to the New York Labor Law claims or any other claims.  The Court has determined only that there are potentially similarly situated plaintiffs with respect to the FLSA overtime claims and only authorized notice as to those claims.  *See Chen v. Good Chows Inc.*, 2016 WL 3144396, at *4 (S.D.N.Y. May 3, 2016) ("[E]ven if the Court had certified this case as a collective action, thereby allowing putative class members to opt-in to the collective class, the procedure obviously would only permit them to pursue FLSA claims.").  If Plaintiff wishes to pursue non-FLSA claims on behalf of absent class

members, she will have to file a motion for class certification under Federal Rule of Civil

Procedure 23, and if, absent such a granted motion, an opt-in wishes to join the non-FLSA

claims in this lawsuit, he or she will have to file a Rule 20 motion to join, *see* Fed. R. Civ. P. 20.

In both cases, Defendants will have the right to oppose.

Second, in some places, the notice refers to "Plaintiffs" in the plural and not in the

singular.  Since there is a single named Plaintiff in this case, references to Plaintiff should be in

the singular.  The Court includes a marked-up copy of the proposed notice as an appendix to this

Memorandum and Order.

## III.  Discovery

Finally, Plaintiff asks that the Court order Defendants to produce the names, last known

addresses, last known phone numbers, last known e-mail addresses, dates of employment, and

position(s) held for all members of the putative class.  There appears to be no objection.

The Supreme Court has held that district courts have authority "to permit discovery of the

names and addresses" of potential members of the collective action.  *Hoffman-La Roche*, 493

U.S. at 170.  Thus, in furtherance of the general purposes of FLSA, "[c]ourts in this District

commonly grant requests for the production of names, mailing addresses, email addresses,

telephone numbers, and dates of employment in connection with the conditional certification of a

FLSA collective action."  *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y.

2016) (quoting *Martin v. Sprint/United Mgmt. Co.*, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4,

2016) (collecting cases)); *see also Knox*, 282 F. Supp. 3d 644, 663 (S.D.N.Y. 2017) (same).

The motion is granted.

## CONCLUSION

For the reasons stated, the motion for conditional certification of this action under Section

216(b) is GRANTED, and Plaintiff is authorized to disseminate notice consistent with this

Memorandum and Order.  Defendants shall provide the requested discovery within seven (7) days of the date of this Memorandum and Order, and Plaintiff shall disseminate notice within fourteen (14) days of the date of this Memorandum and Order.  Plaintiff's counsel is ORDERED to file on ECF copies (in redacted form if necessary) of any consents to join the FLSA action.

The Clerk of Court is respectfully directed to close Dkt. No. 19.


SO ORDERED.


Dated: April 26, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
NINO MARTINENKO, on behalf of              CASE NO. 22 CV 518 (LJL)
herself and others similarly situated,

                **Plaintiff,**

      v.

**212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,**

                **Defendants.**
-----------------------------------------------------x

## NOTICE OF PENDENCY OF LAWSUIT

To:    Individuals who were employed at 212 Steakhouse as servers, runners, bussers, or bartenders on or after January 20, 2019

Re:    Notice of Pendency of Collective Action

       The purpose of this Notice is to advise you that a lawsuit has been filed by Nino Martinenko ("Plaintiff") against 212 Steakhouse, Inc. and Nikolay Volper (collectively, "Defendants"), to notify you of your legal rights in connection with that suit, and to instruct you on the procedure for participating in this lawsuit, if you so desire.

       The Court has not expressed any opinions as to the merits of this lawsuit and has made no determination about who is right and who is wrong.

       You have no obligation to join this lawsuit or respond to this Notice. This Notice is intended solely to let you know that a lawsuit has been filed and that certain claims are being made.

1.    DESCRIPTION OF THE LAWSUIT

       Plaintiff filed this lawsuit against Defendants on January 20, 2022 in the Southern District of New York, Case Number 22 CV 518. A portion of the lawsuit alleges a violation under the Fair Labor Standards Act ("FLSA"). With respect to that portion of the lawsuit, Plaintiff alleges that Defendants failed to pay her and other service employees at 212 Steakhouse one and a half times their regular rate for ~~over~~overtime hours worked, which are hours worked in excess of 40 per workweek.

       Defendants deny Plaintiff's claims and maintain that they paid employees properly.

       **The Court has not yet made any determination as to the validity of ~~Plaintiffs'~~Plaintiff's claims.**

1

2.      NO OPINION EXPRESSED TO WHETHER THIS CASE HAS MERIT

At this early stage, the Court has not made any determination on the merits of Plaintiff's claims and is not advising you to participate in this lawsuit. This notice is ~~required by law~~ solely to determine if any other similarly situated employees wish to participate in the case.

**Please do not write or call the Court about this notice, as the Court expresses no opinion on the merits of this lawsuit**.

3.      WHO MAY JOIN THIS LAWSUIT

If you worked as a server, runner, busser, or bartender at 212 Steakhouse on or after January 20, 2019, you may join this lawsuit. To join the lawsuit you must sign the enclosed written Consent form to be a "party-plaintiff" in the lawsuit. This form will be filed publicly with the Court.

It is entirely your decision whether or not to join the lawsuit. If you do file the consent to join this lawsuit, it is against the law for Defendants to retaliate against you (by for example firing you, reducing your hours or lowering your wages) for doing so.

You may participate in this lawsuit even if you are not working in this country legally.

4.      THE CONSENT FORM

If you want to join this lawsuit, fill out and send the form attached to this notice, which is entitled "Consent to Join," to the Plaintiff's attorneys using the enclosed envelope or by email or fax to:

Denise Schulman
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004
(P) 212-688-5640
(F) 212-981-9587
denise@jk-llp.com

If you want to join the lawsuit, your consent form must be submitted no later than **[insert date 60 days after mailing]**. **If your signed Consent to Join Form is not postmarked**, **emailed, or faxed by** **[insert date 60 days after mailing]**, **you may not be allowed to participate in the federal law portion of this lawsuit**.

5.      EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable~~.~~ with respect to the FLSA claims. You will also share in any proceeds from a settlement or judgment favorable to the party-plaintiffs~~.~~ with respect to the FLSA claims. By joining this lawsuit, you designate ~~Plaintiff~~Plaintiff's counsel as your representative, and to the fullest extent possible, you designate ~~Plaintiff~~Plaintiff's counsel to make decisions on your behalf concerning the case, the method and manner of conducting the case, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by ~~Plaintiff~~Plaintiff's counsel relating to the lawsuit will be binding on you if you join the lawsuit.  Your consent to join is only with respect to the FLSA claims. Absent further court action, you will not be made a party to any other claims in the lawsuit.

2

If you elect to join this case, you may be required to participate in the discovery process under the supervision of this Court, including responding to written interrogatories and document production requests, appearing at a deposition within the Southern District of New York, and, potentially, testifying at a trial in this matter. If you have retained records relating to your employment with Defendants, such as copies of paychecks, W-2s, schedules, tip sheets, time records, or other documents or communications regarding your employment and hours you worked for Defendants, you are obligated to preserve and produce such documents should you elect to join this case.

6.    YOUR LEGAL REPRESENTATION IF YOU JOIN

If you wish to join this lawsuit as a plaintiff, it is your decision as to whether you prefer to be represented by the Plaintiff's attorneys or by an attorney of your own choosing. If you wish to join in this collective action and be represented by Plaintiff's counsel you will be bound by thei attorneys' fees arrangement with Plaintiff.

The attorneys' fee arrangement for this case provides that Plaintiff's counsel are handling this matter on a contingency basis, *i.e.*, that the attorneys' fees and costs will be determined on a percentage basis based on the recovery on behalf of Plaintiffs and that Plaintiffs will not be responsible for fees and/or costs if there is no recovery for Plaintiffs. The agreement further provides that at the conclusion of the case, Plaintiffs' counsel will make an application to the Court for the recovery of fees  and costs, that the Court has discretion of the amount of fees to award, and that the fees may be as much as one-third of any settlement fund or judgment, in addition to costs and expenses.

You may wish to direct questions you have about this notice to Plaintiff's Lawyers:

D. Maimon Kirschenbaum
Denise Schulman
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640
denise@jk-llp.com

7.    NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose to not join this lawsuit, you will not be affected by any settlement or judgment regarding the FLSA claims in this case, whether favorable or unfavorable. If you do not join this lawsuit, you will remain free to file your own lawsuit if you so choose.

Dated: _____

### CONSENT TO JOIN

**I WANT TO JOIN THE LAWSUIT** Martinenko v. 212 Steakhouse, Inc. et al. which is pending in the Federal Court for the Southern District of New York, New York. I understand that this lawsuit seeks unpaid wages that may be owed to me and that by joining this lawsuit I will become a plaintiff pursuant to the Fair Labor Standards Act and New York Labor Law. I agree to be bound by any adjudication in the lawsuit whether it is favorable or unfavorable with respect to the FLSA claims. I understand that, by filing this form, I am voluntarily becoming a party plaintiff to this action, with the obligations and rights of a plaintiff in a case as explained in this form. I wish to  preserve and pursue any claims that I may have to the greatest extent possible.

I authorize the representative Plaintiff or Plaintiff's attorneys to file this consent with the Clerk of Court and direct them to do so on the day of receipt of this consent. I hereby further authorize and designate the Named Plaintiff to act on my behalf concerning this litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to the FLSA claims in this lawsuit. I understand that unless I inform Plaintiff's Counsel or the Court in writing, I will be represented by Plaintiff's Counsel, Joseph & Kirschenbaum LLP and will be bound by the Attorney Retainer Agreement that Plaintiff entered into with Joseph & Kirschenbaum LLP.

Date:_____

_____          _____
Signature                                              Phone Number*

_____          _____
Print Name                                             E-mail Address*

_____          _____
Dates of Employment*

_____          _____
Position(s) Held*

                                                       _____
                                                       Mailing Address*

*This information will not be filed with the Court.