JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

June 30, 2022

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    Martinenko v. 212 Steakhouse, Inc.
                 No. 22 CV 518 (LJL)

Dear Judge Liman:

      We represent the Plaintiff in the above-referenced action. I write to respectfully request that the Court sanction Defendants pursuant to Fed. R. Civ. P. 37(b) for their failure to comply with this Court's discovery order. In accordance with Your Honor's Individual Practices, I e-mailed Defendants' counsel on June 28, 2022 at 9:31 a.m. asking when he was available to meet and confer about this issue in the next 48 hours. As of this writing, more than 48 hours have passed, and I have not received a response from Defendants' counsel.

      As set forth in Plaintiff's May 26, 2022 letter (Dkt. No. 33), Plaintiff served discovery requests on Defendants on April 7, 2022. True and correct copies of those discovery requests are attached hereto as Exhibit 1. Defendants' responses were due on May 9, 2022. Defendants failed to provide discovery responses or produce responsive documents at that time. Plaintiff's counsel attempted to meet and confer with Defendants' counsel about their outstanding discovery. Defendants' counsel did not meet and confer; however, on May 23, 2022, Defendants' counsel informed Plaintiff's counsel that his father had recently passed away. *See* Exhibit 2 (correspondence between counsel). Accordingly, on May 26, 2022, Plaintiff asked the Court to set a reasonable deadline for Defendants' discovery responses.

      The Court ordered Defendants to file a letter by June 1, 2022 responding to Plaintiff's May 26, 2022 letter. (Dkt. No. 34.) Defendants did not file a letter or provide discovery responses. On June 13, 2022, having received no discovery or communications from Defendants, Plaintiff filed a letter asking the Court to set a deadline of June 27, 2022 for Defendants to respond to the outstanding discovery requests. (Dkt. No. 36.) The Court issued an Order granting that request

the same day, stating, "Defendants shall respond to Plaintiff's document requests and produce all responsive documents by June 27, 2022." (Dkt. No. 37.) To date, Defendants have not provided discovery responses or produced responsive documents. Thus, Defendants are in violation of this Court's June 13, 2022 Order.

Under Fed. R. Civ. P. 37(b)(2)(A), a court may sanction a party that fails to comply with a discovery order. As Defendants have not produced *any* discovery responses or documents, they have clearly failed to comply with the Court's June 13, 2022 Order, and sanctions are appropriate. Plaintiff seeks several sanctions. First, Defendants should be deemed to have waived any objections to Plaintiff's discovery requests.[1] *See, e.g.*, *Mosley v. Campbell*, No. 19 CV 10722, 2020 U.S. Dist. LEXIS 229296, at *2 (S.D.N.Y. Dec. 7, 2020) (Liman, J.).

Second, as many of the discovery requests seek information and documents relevant to a class certification motion, Defendants should be precluded from opposing a class certification motion, if Plaintiff so moves. *See* Fed R. Civ. P. 37(b)(2)(A)(ii) (authorizing as a discovery sanction "prohibiting the disobedient party from supporting or opposing designated claims or defenses"). This sanction is appropriately tailored to Defendants' misconduct, as it is withholding – in contravention of the Court's Order – documents and information that are directly relevant to a class certification motion, such as documents and information needed to establish numerosity and documents relevant to determining whether Defendants engaged in a common unlawful practice. *See, e.g.*, Ex. 1, Document Requests Nos. 10-17, Interrogatories Nos. 1-2. At the same time, this sanction is not overly harsh, as Plaintiff would still need to establish that the elements of Rule 23 are satisfied in order for a class to be certified. *Cf. Local 3621, EMS Officer Union v. City of New York*, No. 18 CV 4476, 2022 U.S. Dist. LEXIS 50226, 2022 WL 832025 (S.D.N.Y. Mar. 21, 2022) (Liman, J.) (stating that the Court previously adopted the Magistrate Judge's recommendation not to impose an adverse inference as a discovery sanction because it would "absolve plaintiffs of the duty to prove liability" and therefore "amount to a disproportional windfall for Plaintiffs") (cleaned up).

Third, Plaintiff seeks her attorneys' fees incurred in seeking to compel Defendants to respond to her discovery responses and in seeking sanctions. The presumptively reasonable fee award under Rule 37 is the reasonable hourly rate times the number of hours reasonably expended. *Local 3621*, 2022 U.S. Dist. LEXIS 50226, at *8. As Plaintiff's counsel may expend additional time in connection with this motion – such as, for example, if the Court holds a conference to address this motion – Plaintiff respectfully requests that she be permitted to file a letter motion for fees after the resolution of this motion.

Finally, Plaintiff respectfully requests that the Court order Defendants to respond *in full* to Plaintiff's discovery requests and produce *all* responsive documents in two weeks and warn Defendants that continued noncompliance with the Court's Orders may result in further sanctions. *Cf. Metro Found. Contrs., Inc. v. Arch Ins. Co.*, 551 F. App'x 607, 609 (2d Cir. 2014) (whether a party has been warned "that noncompliance would be sanctioned" is a factor in evaluating the

---

[1] On April 30, 2022, Defendants filed an amended answer, which did not include the counterclaim asserted in Defendants' initial answer. On May 3, 2022 Defendants' counsel confirmed that Defendants are no longer pursuing their counterclaim. Thus, notwithstanding Defendants' waiver of objections, it is not necessary for Defendants to respond to Document Requests Nos. 31-48 and Interrogatories Nos. 4-5, all of which relate to the initial counterclaim.

appropriateness of a severe sanction).  Plaintiff notes that the resulting deadline of July 14, 2022 would be 14 weeks from the day that Plaintiff served her discovery requests.  As such, it gives Defendants more than ample time to respond to discovery.

      We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)