# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x
**NINO MARTINENKO, on behalf of**           **CASE NO. 22 CV 518 (LJL)**
**herself and others similarly situated,**

        **Plaintiff,**

v.

**212 STEAKHOUSE, INC., and**
**NIKOLAY VOLPER,**

        **Defendants.**
-------------------------------------------------x

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, by her attorneys, Joseph & Kirschenbaum LLP, propounds the following Interrogatories to Defendants. Defendants re required to serve a written response to these Interrogatories within thirty (30) days of service hereof at the offices of counsel for Plaintiff, Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, New York 10004.

## DEFINITIONS

1. Plaintiff hereby incorporates all definitions and instructions set forth in Local Rule 26.3.

2. "Plaintiffs" means the named Plaintiff and any other individual who files a consent to sue form in this action.

3. "Defendants" refers to the Defendants in this action, any predecessor or successor in interest, any officers, managing partners, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

1

4. "212 Steakhouse, Inc." refers to Defendant 212 Steakhouse, Inc.

5. "Restaurant" refers to the restaurant known as 212 Steakhouse located at 316 East 53rd Street, New York, NY.

6. "Action" refers to the matter styled *Martinenko v. 212 Steakhouse, Inc.*, No. 22 CV 518 (S.D.N.Y.).

7. "Liability Period" means the entire period covered by this Action, *i.e.*, from January 20, 2016 to the time of trial. Unless otherwise indicated, all Requests for Production seek documents from the entire Liability Period.

8. "Class Members" means all non-exempt employees who worked at the Restaurant during the Liability Period.

## INTERROGATORIES

**Interrogatory No. 1**

Identify all Class Members, including their names, dates of employment, position(s) held, last known addresses, and last known phone numbers.

**Interrogatory No. 2**

Identify every Class Member who Defendants claim has released wage and hour claims against Defendants.

**Interrogatory No. 3**

Identify all of the Restaurant's managers during the Liability Period, including their names, dates of employment, position(s) held, last known addresses, and last known phone numbers.

**Interrogatory No. 4**

Identify all employees who contracted COVID-19 as alleged in Paragraph 86 of the Answer, resulting in Defendants' having to temporarily close the Restaurant.

**Interrogatory No. 5**

Identify every person whom Defendants allege Plaintiff falsely told that she received a COVID-19 vaccination.

Dated: New York, NY
April 7, 2022

By: /s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
T: 212-688-5640
F: 212-688-2548

*Attorneys for Plaintiff, proposed FLSA Collective Members, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x
**NINO MARTINENKO, on behalf of**　　　　　**CASE NO. 22 CV 518 (LJL)**
**herself and others similarly situated,**

　　　　　**Plaintiff,**

　　v.

**212 STEAKHOUSE, INC., and**
**NIKOLAY VOLPER,**

　　　　　**Defendants.**
-------------------------------------------------x

### PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants respond to these Requests and produce for inspection and copying the documents and other tangible objects described below within thirty (30) days of service hereof at the offices of counsel for Plaintiff, Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, New York 10004.

### DEFINITIONS

1. Plaintiffs hereby incorporate all definitions set forth in Local Civil Rule 26.3.

2. "Plaintiffs" means the named Plaintiff and any other individual who files a consent to sue form in this action.

3. "Defendants" refers to the Defendants in this action, any predecessor or successor in interest, any officers, managing partners, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

1

4. "212 Steakhouse, Inc." refers to Defendant 212 Steakhouse, Inc.

5. "Restaurant" refers to the restaurant known as 212 Steakhouse located at 316 East 53rd Street, New York, NY.

6. "Individual Defendant" refers to Defendant Nikolay Volper.

7. "Action" refers to the matter styled *Martinenko v. 212 Steakhouse, Inc.*, No. 22 CV 518 (S.D.N.Y.).

8. "Liability Period" means the entire period covered by this Action, *i.e.*, from January 20, 2016 to the time of trial. Unless otherwise indicated, all Requests for Production seek documents from the entire Liability Period.

9. "Defendants' Initial Disclosures" refers to those disclosures made by Defendants in this Action pursuant to Fed. R. Civ. P. 26(a)(1).

10. "Complaint" refers to the Complaint filed by the Plaintiff in this Action on January 20, 2022

11. "Answer" refers to the Answer and Counterclaim filed by Defendants in this Action.

12. "Interrogatory" refers to an interrogatory contained in Plaintiff's First Set of Interrogatories, served contemporaneously with these Document Requests.

13. "Class Members" means all non-exempt employees who worked at the Restaurant during the Liability Period.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all document requests, and these instructions.

1. These requests seek documents from and relating to each and every Defendant.

2. All requests pertain to the entirety of the Liability Period unless otherwise specified.

2

3.  With respect to each document produced, Plaintiffs request that Defendants specify the request(s) to which the document is responsive.

4.  Plaintiffs request that Defendants and their counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise) and put Defendants on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that they can reasonably comply with this instruction, Plaintiffs request that Defendants contact Plaintiffs, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

5.  With respect to each request, Defendants are requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6.  If Defendants cannot respond to any part of the following requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond to the remainder of the requests.

7.  If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8.  If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including, but not

limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a.    Describe in detail the nature of the document and its contents;

    b.    Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;

    c.    List all dates when the document was copied, created or modified;

    d.    List all dates when the document was eliminated from your possession in any way;

    e.    State any reason(s) the document was eliminated from your possession in any way; and

    f.    List all persons that have had possession of the document or have had knowledge of its contents.

9. In accordance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, if you assert that any information, document, or communication responsive to these interrogatories is protected from discovery by virtue of a claim of privilege, state in your written responses the following:

    a.    Which privilege is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

    b.    For documents: a description of the document being withheld, including (i) the type of document, (ii) its general subject matter, (iii) the date of the document, and (iv) the author of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

      c.      For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication, (ii) the date and place of the communication, and (iii) the general subject matter of the communication;

10. If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.

11. Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendants' possession, custody, or control, or the possession, custody, or control of Defendants' agents or anybody acting on Defendants' behalf.

12. In accordance with Fed. R. Civ. P. 34(b)(2)(C), if any objection is made to any of the following requests, the objection shall state whether any responsive materials are being withheld on the basis of that objection.

## REQUESTS FOR PRODUCTION

**Request for Production 1:**

Each Plaintiff's complete employment/personnel file, including but not limited to applications for employment, hire forms, payroll reports, payroll information, paystubs, clock-in reports and/or chits, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, employment contracts, and/or training materials.

**Request for Production 2:**

All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Plaintiff was scheduled to work at the Restaurants.

**Request for Production 3:**

All documents concerning or reflecting each Plaintiff's actual hours worked at the Restaurant.

**Request for Production 4:**

All documents concerning Plaintiff's job duties at the Restaurant, including but not limited to documents concerning the nature of Plaintiff's duties and the amount of time she spent performing each duty.

**Request for Production 5:**

All documents concerning sidework performed by Plaintiff, including but not limited to documents concerning the type of sidework Plaintiff performed and the amount of time she spent performing sidework.

**Request for Production 6:**

All wage notices that Defendants contend they provided to each Plaintiff.

**Request for Production 7:**

All wage statements that Defendants contend they provided to each Plaintiff.

**Request for Production 8:**

For each Plaintiff, all payroll records, paychecks, and/or paystubs, including but not limited to records sufficient to show the number of hours for which each Plaintiff was paid each week and the rate(s) that Defendants paid Plaintiff in the Liability Period.

**Request for Production 9:**

For each Plaintiff, all W-2 and/or 1099 forms issued by Defendants.

**Request for Production 10:**

All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Class Member was scheduled to work at the Restaurants.

**Request for Production 11:**

All documents concerning or reflecting Class Members' actual hours worked at the Restaurants.

**Request for Production 12:**

All documents concerning the job duties of Class Members who were paid pursuant to a tip credit, including but not limited to documents concerning the nature of their duties and the amount of time they spent performing each duty.

**Request for Production 13:**

All documents concerning sidework performed by Class Members who were paid pursuant to a tip credit, including but not limited to documents concerning the type of sidework they performed and the amount of time she spent performing sidework.

**Request for Production 14:**

All wage notices that Defendants contend they provided to Class Members.

**Request for Production 15:**

All wage statements that Defendants contend they provided to Class Members.

**Request for Production 16:**

For each Class Member, all payroll records, paychecks, and/or paystubs, including but not limited to records sufficient to show the number of hours for which each Class Member was paid each week in the Liability Period.

**Request for Production 17:**

Documents sufficient to show the total number of Class Members.

**Request for Production 18:**

Documents sufficient to show the Individual Defendant's ownership interest in 212 Steakhouse Inc.

**Request for Production 19:**

All documents concerning the Individual Defendant's duties and/or responsibilities with respect to 212 Steakhouse Inc. and/or the Restaurant, including but not limited to his duties and/or responsibilities with respect to hiring, firing, disciplining, and paying employees of 212 Steakhouse Inc. and/or the Restaurants; establishing policies and/or procedures for 212 Steakhouse Inc. and/or the Restaurants; budgeting and purchasing; and general management.

**Request for Production 20:**

All documents concerning policies, practices, and/or procedures regarding employee scheduling at the Restaurants.

**Request for Production 21:**

All documents concerning the operation of Defendants' employee timekeeping system(s) that were used at the Restaurants at any time during the Liability Period.

**Request for Production 22:**

All instruction manuals and settings for any timekeeping and/or POS systems that were used at the Restaurants during the Liability Period.

**Request for Production 23:**

For each timekeeping system that was used at the Restaurant during the Liability Period, documents sufficient to show when such timekeeping system was used.

**Request for Production 24:**

All documents concerning or reflecting 212 Steakhouse Inc. and/or the Restaurant's gross annual sales for the entire Liability Period, including but not limited to receipts, ledgers, and tax returns.

**Request for Production 25:**

All bank statements from all banks used by 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

**Request for Production 26:**

All records of cash payments made to 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

**Request for Production 27:**

All documents reflecting the prices of goods sold and/or services rendered by 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

**Request for Production 28:**

All documents concerning goods sold and/or services rendered by 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

**Request for Production 29:**

All documents reflecting the amount of tips paid by the Restaurant's customers during the Liability Period.

**Request for Production 30:**

All documents concerning the annual expenses of 212 Steakhouse, Inc. and/or the Restaurant for the entire Liability Period, including but not limited to rent; utilities; employee, independent contractor, executive, and consultant compensation; taxes; professional services; and other goods and/or services.

**Request for Production 31:**

All documents concerning or reflecting the COVID-19 vaccination status of all of Defendants' employees, contractors, and/or owners who entered the Restaurant on or after August 16, 2021.

**Request for Production 32:**

All documents concerning Defendants' allegation that Plaintiff refused to wear a mask at the Restaurant.

**Request for Production 33:**

All documents concerning Defendants' allegation that Plaintiff violated Restaurant protocols.

**Request for Production 34:**

All documents concerning Defendants' allegation that Plaintiff lied about her COVID-19 vaccination status.

**Request for Production 35:**

All documents concerning Defendants' allegation in paragraph 85 of the Answer that "[a]s a result of [Plaintiff's] negligent and intentional fraudulent actions, several employees came down with the Covid virus[,]" including but not limited to documents identifying the employees who had COVID-19, when those employees contracted COVID-19, and how those employees contracted COVID-19.

**Request for Production 36:**

All documents concerning the negligent actions Defendants contend Plaintiff engaged in.

**Request for Production 37:**

All documents concerning the fraudulent actions Defendants contend Plaintiff engaged in.

**Request for Production 38:**

For each individual identified in response to Interrogatory No. 4, all documents concerning their activities in the two weeks prior to testing positive for COVID-19.

**Request for Production 39:**

All customer receipts from the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

**Request for Production 40:**

All documents concerning or reflecting the Restaurant's reservations during the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

**Request for Production 41:**

All employee schedules for the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

**Request for Production 42:**

All records of employees' hours worked for the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

**Request for Production 43:**

All documents concerning or reflecting Defendants' actions taken in response to employees contracting and/or testing positive for COVID-19 at any time in 2021.

**Request for Production 44:**

All documents concerning the Restaurant's COVID-19-related protocols, policies, and procedures in place from August 2021 to January 2022.

**Request for Production 45:**

All documents concerning Defendants' allegation that as a result of Plaintiff's actions, the Restaurant had to close over a holiday weekend.

**Request for Production 46:**

All documents concerning Defendants' allegation that as a result of the Restaurant closure referenced in paragraph 86 of the Answer, Defendants lost over $50,000 in revenue, including but not limited to documents reflecting the revenue that Defendants received for the corresponding time period in 2020

**Request for Production 47:**

All documents concerning the termination of Plaintiff's employment with Defendants.

**Request for Production 48:**

All governmental laws, statutes, rules, regulations, orders, or other mandates that Defendants contend Plaintiff violated.

**Request for Production 49:**

All settlement agreements that Defendants contend released wage and hour claims for each Class Member identified in response to Interrogatory No. 2.

**Request for Production 50:**

All deposition transcripts from actions in which an employee of Defendants alleged that Defendants failed to pay required minimum wage, overtime, or spread of hours compensation; failed to provide required wage notices and/or wage statements; or improperly paid an employee pursuant to a tip credit.

**Request for Production 51:**

All insurance policies applicable to this litigation.

**Request for Production 52:**

All written or recorded statements, either under oath or otherwise, concerning the subject matter of this litigation.

**Request for Production 53:**

All non-privileged statements or admissions concerning the allegations in the Complaint and/or Answer in this Action.

**Request for Production 54:**

All documents concerning any affirmative defenses raised in Defendants' Answer in this Action.

**Request for Production 55:**

All documents and communications concerning Defendants' policies, practices, procedures, systems, or criteria concerning the creation, amendment, revision, retention, or destruction of documents.

**Request for Production 56:**

All documents identified in Defendants' Initial Disclosures in this Action.

**Request for Production 57:**

All documents concerning wage and hour investigations and or audits of Defendants or any other entity in which any Defendant has an ownership interest by the United States or New York Department of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiff and/or Class Members, and checks offered to and/or accepted by the United States or New York Departments of Labor on Plaintiff's or Class Members' behalf. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

**Request for Production 58:**

All documents concerning rulings, decisions, or opinions rendered by any federal or state court or administrative or governmental agency regarding whether Defendants' wage and hour policies conform to the requirements of federal and/or New York law. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

**Request for Production 59:**

All documents concerning or reflecting all actions Defendants took prior to the filing of the Action to determine whether its compensation policies and practices, including but not limited to policies and practices relating to the payment of overtime and spread of hour compensation and the use of the tip credit complied with federal and/or New York law. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

**Request for Production 60:**

All documents upon which Defendants relied in determining the legality of its compensation policies, practices, and procedures, including but not limited to policies and practices relating to the payment of overtime and spread of hour compensation and the use of the tip credit complied with the federal and/or New York law. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

**Request for Production 61:**

All non-privileged documents concerning wage and hour claims asserted against any Defendant by any current or former employee.

**Request for Production 62:**

All documents not otherwise requested that relate to the claims, counterclaims, and defenses in this Action.

Dated: New York, New York　　　　　　　　JOSEPH & KIRSCHENBAUM LLP
April 7. 2022

By:　/s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640

*Attorneys for Plaintiffs, proposed FLSA Collective Members, and proposed Class*