LAW OFFICES OF MITCHELL S. SEGAL, P.C.

| | |
|---|---|
| 1129 NORTHERN BOULEVARD | <u>N.Y.C. Office</u> |
| MANHASSET, NEW YORK 11030 | 137 Fifth Avenue, 9th Floor |
| Ph: (516) 415-0100 | New York, N.Y. 10010 |
| Fx: (516) 706-6631 | Ph: (212) 388-9444 |

**<u>Via ECF</u>**

Honorable Lewis J. Liman                                                                               July 5, 2022
U.S. District Court – SDNY
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007

                Re:  Martinenko v. 212 Steakhouse, Inc.
                    22<u>-cv-0518 (LJL)</u>

Dear Judge Liman:

     I represent the Defendants in the above entitled action and am in receipt of the Plaintiff's unfounded request for an order of the Court compelling disclosure.  Such an order is completely unnecessary.  Never has disclosure been purposefully kept from the Plaintiffs.  I have been compiling the discovery information for the above referenced case.

     Plaintiff's attorney is more than aggressive.  She emailed me on June 28, 2022 giving a demand to answer her email in 48 hours.  I didn't know counsel was a judge issuing orders.  Although I had this case calendared to give her a call to discuss, she filed this ridiculous letter to compel two hours after her self-imposed deadline.  Counsel has been rash throughout this proceeding in a case where her client has violated laws which will come out in discovery.

     I reached out to the Defendant to provide the requested discovery, but the Defendant was having to deal with certain medical conditions.  As of today, the Defendant has provided me with some discovery with the remainder forthcoming this week.  The Plaintiff will have all requested discovery and demands by July 15, 2022.

     Additionally, Plaintiff's counsel statement that we didn't meet and confer is untrue.

     The Plaintiff's attempt to have her class certification unopposed is without merit.  Plaintiff filed her motion three days after the Defendants discovery was due pursuant to the Court Order.

     F.R.C.P. Rule 37 (b) (2) governs the sanctions that a court can impose for failure to comply with discovery.  However, a sanction in the instant action is unnecessary as Defendant is compiling the discovery information.  The Court's Order date to supply is three days after the Plaintiff filed this letter motion and counsel is just trying to obtain a class certification order

through the back door of the legal process.  The Plaintiff in the instant action has not willfully, maliciously nor negligently violated any Court Order nor the discovery process.

" Discovery sanctions, including an adverse inference instruction, may be imposed where a party has breached a discovery obligation through bad faith or gross negligence, but also through ordinary negligence." *Res Funding Corp, v. DeGeorge Fin. Corp.*  306 F. 3rd, 99 at 101(2d Cir. 2002).  (As a general matter, …. the severity of sanctions imposed should be congruent  with the destroyers degree of culpability").   None of these actions have occurred in this litigation.

Consequently, the Plaintiff's letter motion should be denied.  I thank the Court for its review and consideration.

                                                      Respectfully submitted,

                                                      /s/  Mitchell Segal
                                                _____

                                                   Mitchell Segal, Esq.