JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

July 18, 2022

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Martinenko v. 212 Steakhouse, Inc.
       No. 22 CV 518 (LJL) – Status Report re: Document Production

Dear Judge Liman:

  We represent the Plaintiff in the above-referenced action. We submit this status report pursuant to the July 5, 2022 Order (Dkt. No. 41), to notify the Court as to the status of Defendants' discovery responses and document production. At this time, Defendants have not fully complied with Plaintiff's discovery requests. True and correct copies of Defendants' written interrogatory responses and document responses are attached hereto as Exhibits 1 and 2, respectively.

  To date, Defendants have produced the following documents: (1) the Named Plaintiff's time records for the years 2016-2018 and 2021; (2) the Named Plaintiff's paystubs for the year 2021; (3) tip records from 2021; (4) the restaurant's sales records for December 17, 2021 to December 19, 2021; and (5) the Corporate Defendant's 2019 and 2020 income tax returns. The currently outstanding documents include the following:

1. The Named Plaintiff's personnel file; pay records, including wage statements, from 2016 to 2018; and W-2s. (Requests Nos. 1, 7-9.)
2. Opt-In Plaintiff Dagmara Huk's personnel file; time records; and pay records, including wage statements. (Requests Nos. 1, 3, 7-9.)
3. All putative Class Members'[1] time records and pay records, including wage statements. (Requests Nos. 11, 15-16.)

---

[1] As set forth in Plaintiff's discovery requests, "Class Members" is defined to include all non-exempt employees who worked at the restaurant within the Liability Period. (Dkt. No. 38-1 (interrogatory definition No. 8, request for production definition No. 13).)

1

4. Documents sufficient to show the Individual Defendant's ownership interest in the restaurant throughout the Liability Period. (Request No. 19.) Although his ownership interest is reflected in the 2019 and 2020 tax returns that have been produced, no documents have been produced to show the Individual Defendant's ownership interest in the other years covered by this lawsuit.
5. Documents reflecting the Corporate Defendant's gross annual sales, including cash payments,[2] and price of goods sold for the years other than 2019 and 2020. (Requests No. 24, 26, 27.)
6. The Corporate Defendant's bank statements. (Request No. 25.)

In addition, several of Defendants' document responses refer to documents that have not been produced.[3] (Document Response No. 49 (referencing "NYS Dept of Labor case and settlement," which has not been produced); Document Responses Nos. 57, 58, 60 (stating "Please see attached" but producing no responsive documents, *i.e.*, documents concerning wage and hour investigations or audits; relevant wage and hour rulings, decisions, or opinions; or documents Defendants relied upon in determining the legality of their compensation practices); Document Response No. 61 (stating "Already provided" even though responsive documents – *i.e.*, non-privileged documents concerning other wage and hour claims – have not been produced[4]).)

Other responses state that responsive documents will be produced in the future. (Document Response No. 23 (documents sufficient to show when each timekeeping system was used); Document Response No. 29 (documents reflecting the amount of tips paid by customers during the Liability Period).) Thus, at this time those documents, with the exception of some 2021 tip records, are still outstanding.[5]

Defendants have also not fully responded to Plaintiff's Interrogatories. Specifically:

1. Defendants have not identified all Class Members. (Interrogatory Response No. 1.) Defendants previously produced a mailing list for purposes of sending Court-approved notice of the FLSA collective action, which included front of house employees (*i.e.*, tipped employees) employed on or after January 20, 2019. This list is not fully responsive to Interrogatory No. 1 because it does not include (1) putative Class Members who stopped working for Defendants before January 20, 2019 or (2) non-exempt back of house employees, who are included in the definition of Class Members.

---

[2] Although Defendants' response to Request No. 26 states that Defendants have no records of cash payments, the sales records that have been produced reflect cash sales.
[3] Responses Nos. 33, 36, 44, 48 reference "N.Y.S./N.Y.C.-Covid-Hospitality Related Orders," which have not been produced. However, as noted in Plaintiff's previous letter, these Requests are related to Defendants' previously-asserted counterclaim, which they withdrew when they filed an Amended Answer that did not include the counterclaim.
[4] Plaintiff is aware of two prior wage and hour lawsuits against Defendants. *See Quizhpi v. 212 Steakhouse, Inc.*, Case No. 18 CV 11710 (S.D.N.Y.); *De La Luz Flores v. 212 Steakhouse, Inc.*, No. 654134/2020 (N.Y. Sup. Ct. N.Y. County).
[5] Defendants have also stated that they will produce documents responsive to Requests Nos. 39 to 42 and 45 to 46. However, these Requests relate to Defendants' withdrawn counterclaim.

2. Although Defendants' responses state that they previously identified Class Members who have released wage and hours claims, they have not done so.  (Interrogatory Response No. 2.)
3. Defendants have not identified any of the restaurant's managers.  (Interrogatory Response No. 3.)

We thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          /s/ Michael DiGiulio
                                          Michael DiGuilio

cc: All counsel (via ECF)