**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
**NINO MARTINENKO, on behalf of**          **CASE NO. 22 CV 518**
**herself and others similarly situated,**

                    **Plaintiff,**

        **v.**

**212 STEAKHOUSE, INC., and**
**NIKOLAY VOLPER,**

                    **Defendants.**
-----------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff, Opt-In Plaintiff,*
*and proposed Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ i

I.    PRELIMINARY STATEMENT ............................................................................... 1

II.   BACKGROUND .......................................................................................................... 2

   A.  Claims And Procedural History ................................................................................. 2

   B.  Defendants' Initial Discovery Deficiencies And The Court's Orders ................................. 3

   C.  Defendants Have Not Complied With The Court's Discovery Orders............................. 5

      i.   Documents concerning the restaurant's ownership and revenue ..................................... 6

      ii.  Tip sheets.................................................................................................................... 6

      iii.  Bank statements............................................................................................................ 6

      iv.  Putative class members' pay records and wage statements ............................................ 7

      v.   Putative class members' time records ........................................................................... 7

      vi.  Class list .................................................................................................................. 8

   D.  Defendants Made A Material Misrepresentation To The Court ................................... 9

   E.  Defendant 212 Steakhouse, Inc. Did Not Appear For A Duly Noticed Deposition .......... 10

III.   ARGUMENT ............................................................................................................ 10

   A.  Defendant 212 Steakhouse, Inc. Should Be Sanctioned Pursuant To Fed. R. Civ. P. 37(d) For Failing To Appear At The September 22, 2022 Deposition........................................ 10

   B.  Defendants Should Be Sanctioned Pursuant To Fed. R. Civ. P. 37................................. 11

      i.   Certain facts should be deemed established ................................................................. 13

         a.  On Plaintiff's forthcoming motion for class certification, numerosity should be deemed satisfied................................................................................................... 14

         b.  It should be deemed established that Defendant 212 Steakhouse, Inc.'s gross annual sales exceeded $500,000 in 2021 and 2022 and that Volper was the corporation's sole owner in those years .......................................................................................... 16

         c.  The Court should make factual findings based on Defendants' to produce class members' pay records.................................................................................... 16

      ii.  Defendants should be held in contempt and levied a coercive fine for failing to produce putative class members' time records and tip sheets .................................................. 18

      iii.  Plaintiff is entitled to an award of attorneys' fees........................................................ 20

         a.  The reasonable rate ............................................................................................. 20

         b.  Hours reasonably worked ..................................................................................... 24

IV.   CONCLUSION.......................................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
    522 F.3d 182 (2d Cir. 2007)....................................................................21

*Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2 (2d Cir. 1997) ........................14

*Baba v. Japan Travel Bureau Int'l*, 165 F.R.D. 398 (S.D.N.Y. 1996) ............14

*Badgley v. Santacroce*, 800 F.2d 33 (2d Cir. 1986)............................................18

*Balverde v. Lunella Ristorante, Inc.*, No. 15 Civ. 5518,
    2017 U.S. Dist. LEXIS 59778 (S.D.N.Y. Apr. 19, 2017)....................................15

*Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 CV 3061,
    2014 U.S. Dist. LEXIS 79037 (S.D.N.Y. June 9, 2014)......................................23

*Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 CV 3061,
    2014 U.S. Dist. LEXIS 79869 (S.D.N.Y. May 19, 2014)....................................23

*Champagne v. Colum. Dental, P.C.*, No. 18 CV 1390,
    2022 U.S. Dist. LEXIS 58037 (D. Conn. Mar. 30, 2022)....................................22

*Chase Bank U.S. v. M. Harvey Rephen & Assocs., P.C.*, No. 19 MC 275,
    2019 U.S. Dist. LEXIS 239672 (S.D.N.Y. Aug. 16, 2019) .................................19

*Chen v. Patel*, No. 16 Civ. 1130,
    2020 U.S. Dist. LEXIS 56666 ................................................................22

*Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*,
    951 F.2d 1357 (2d Cir. 1991).................................................................12

*DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17 CV 4576,
    2022 U.S. Dist. LEXIS 135733 (S.D.N.Y. July 29, 2022) ..................................12,18

*Espinosa v. Perez*, No. 18 CV 8855,
    2020 U.S. Dist. LEXIS 14075 (S.D.N.Y. Mar. 9, 2020) .....................................23

*Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005) ....................15

*Gucci Am. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014)..............................19

*Gurung v. Malhotra*, 851 F. Supp. 2d 584 (S.D.N.Y. 2012) ............................22

i

*Gutman v. Klein*, No. 03 CV 1570,
　　2009 U.S. Dist. LEXIS 95169 (E.D.N.Y. July 17, 2009) ...................................... 24

*Hernandez v. JRPAC Inc.*, No. 14 CV 4176,
　　2017 U.S. Dist. LEXIS 1988 (S.D.N.Y. Jan. 6, 2017) .......................................... 23

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) .. 13

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145 (S.D.N.Y. 2014) ...... 11

*Lin v. La Vie En Schezuan Rest. Corp.*, No. 15 CV 9507,
　　2020 U.S. Dist. LEXIS 63446 (S.D.N.Y. Apr. 9, 2020) ........................................ 22

*Local 3621, EMS Officers Union v. City of New York*, No. 18 CV 4476,
　　2022 U.S. Dist. LEXIS 50226 (S.D.N.Y. Mar. 21, 2022) .................................... 20,22

*Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*,
　　No. 13 CV 5008 (S.D.N.Y. Dec. 22, 2015) ......................................................... 21

*Muehe v. City of Boston*, No. 21-11080,
　　2021 U.S. Dist. LEXIS 211316 (D. Mass. Nov. 2, 2021) ..................................... 23

*Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175 (2d Cir. 2008) ................................. 10

*Orlando v. Liberty Ashes, Inc.*, No. 15 CV 9434 (S.D.N.Y. Sept. 4, 2020) ..................... 21

*Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) ............................................ 24

*Rodriguez v. 3551 Realty Co.*, No. 17 CV 6553,
　　2017 U.S. Dist. LEXIS 182017 (S.D.N.Y. Nov. 2, 2017) ..................................... 24

*Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011) ...................... 14

*Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 CV 7787,
　　2019 U.S. Dist. ELXIS 1327361 (S.D.N.Y. Aug. 7, 2019) ................................... 22

*Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15 CV 3733,
　　2017 U.S. Dist. LEXIS 12304 (S.D.N.Y. June 27, 2017) ..................................... 15

*Shnyra v. State St. Bank & Tr. Co.*, No. 19 CV 2420,
　　2021 U.S. Dist. LEXIS 206488 (S.D.N.Y. Oct. 25, 2021) .................................... 22

*S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) .......................... 12,13,18

*Trinidad v. Pret a Manger (USA)) Ltd.*, No. 12 CV 6094,
    2014 U.S. Dist. LEXIS 132186 (S.D.N.Y. Sept. 19, 2014).................................23

*Wen Bin Gao v. Lucky Brother Inc.*, No. 17 CV 8159,
    2020 U.S. Dist. LEXIS 182017 (S.D.N.Y. Nov. 2, 2017)....................................23,24

*Zivkovic v. Laura Christy LLC*, No. 17 Civ. 552 (S.D.N.Y. June 15, 2022)....................22

**Statutes, Rules, and Regulations**

Fed. R. Civ. P. 23 ..........................................................................................................1,14,16

Fed. R. Civ. P. 30 ..........................................................................................................5,6,11

Fed. R. Civ. P. 37 ..........................................................................................................*passim*

N.Y. Lab. L. § 195 ..........................................................................................................2

## I.     PRELIMINARY STATEMENT

This motion arises out of Defendants' repeated violations of the Court's discovery orders.[1] In this collective and putative class action asserting claims under the Fair Labor Standards Act ("FLSA") and New York law, Plaintiff timely sought discovery from Defendants that was relevant to both the merits of her claims and to determining whether the prerequisites for class certification under Rule 23 were satisfied.  Defendants disregarded their obligations under the Federal Rules of Civil Procedure and neither responded to Plaintiff's discovery requests nor requested an extension. The Court subsequently ordered Defendants to respond to Plaintiff's requests and produce all responsive documents by June 27, 2022.  Defendants completely ignored this order and did not provide any responses or documents by that date.  The Court held a conference on July 22, 2022 at which it ordered Defendants to produce numerous categories of documents by August 5 and 19, 2022, and it indicated that Defendants would be subject to sanctions if they failed to comply with that order.  While Defendants have produced some discovery, much of the discovery they were ordered to produce remains outstanding.  Thus, Defendants are preventing Plaintiff from fully evaluating her claims and are giving themselves an unfair advantage.

The Corporate Defendant also failed to appear for its duly noticed deposition on September 22, 2022.  By order of the Court, the deposition was rescheduled for and proceeded on October 6, 2022, with Defendant Nikolay Volper as the corporate representative.   Volper's testimony established the willfulness of Defendants' continued violations of the Court's discovery orders, and it is clear that Defendants have withheld documents and information in their possession, custody, or control.  Thus, Plaintiff now seeks the following sanctions under Rule 37: (1) payment

---

[1] With this motion, Plaintiff submits the October 31, 2022 declaration of Denise A. Schulman ("Schulman Decl.") and exhibits thereto ("Ex. [NUMBER]") and the October 31, 2022 declaration of Nino Martinenko ("Martinenko Decl.") and exhibits thereto ("Martinenko Ex. [NUMBER]").

of the court reporter's fee for the September 22, 2022 deposition; (2) factual findings directly related to the documents and information Defendants have willfully withheld in violation of the Court's orders; (3) holding Defendants in contempt and subject to a coercive fine until they produce outstanding time records and tip sheets; and (4) payment of Plaintiff's attorneys' fees.

## II.    BACKGROUND

### A.  Claims And Procedural History

On January 20, 2022, Plaintiff Nino Martinenko, a former server at Defendants' 212 Steakhouse restaurant in Manhattan, commenced this action alleging wage and hour claims against Defendants 212 Steakhouse, Inc. and its owner, Nikolay Volper, on a collective and class basis. Plaintiff's complaint alleges that Defendants (1) violated the FLSA and New York law by failing to pay non-exempt employees the proper overtime premium; (2) violated New York law by paying "front of house" ("FOH") employees (servers, bartenders, runners, and bussers) pursuant to a tip credit without providing the requisite notice; (3) violated New York law by paying front of house employees pursuant to a tip credit while requiring them to spend more than two hours per day or 20% of their shifts performing non-tipped work; (4) violated New York law by failing to pay non-exempt employees New York's "spread of hours" premium when their shifts lasted more than 10 hours; and (5) failed to provide non-exempt employees with the wage notices and wage statements required under N.Y. Lab. L. § 195.  (Schulman Decl. ¶ 3; Dkt. No. 1.)  Defendants filed an answer and counterclaim on March 28, 2022.  (Dkt. No. 17.)  After Plaintiff stated her intent to move to dismiss the counterclaim at the April 6, 2022 initial conference, Defendants filed an amended answer withdrawing the counterclaim.  (Schulman Decl. ¶ 4; Dkt. No. 31.)

On April 4, 2022, Plaintiff moved for conditional collective certification of her FLSA claim.  (Dkt. No. 19.)  The Court granted that motion on April 26, 2022, authorizing Plaintiff to

send notice of the FLSA claim to all FOH employees employed by Defendants on or after January 20, 2019.  (Dkt. No. 26.)  On May 3, 2022, Defendants produced a collective list of 24 front of house employees, and Plaintiff duly disseminated the Court-approved notice.  (Schulman Decl. ¶ 5.)  One person, Dagmara Huk, joined this action as an Opt-In Plaintiff.  (*Id.* at ¶ 6.)

### B.  Defendants' Initial Discovery Deficiencies And The Court's Orders

Plaintiff served discovery requests on Defendants on April 7, 2022.  (Schulman Decl. ¶ 7.)  Defendants did not respond to those requests by May 9, 2022, when responses were due.  (*Id.* at ¶ 8.)  On May 19, 2022, Plaintiff's counsel e-mailed Defendants' counsel to request a meet and confer.  Defendants' counsel responded to that e-mail on May 23, 2022 by informing Plaintiff's counsel that his father had recently passed away.  (*Id.* at ¶ 9.)  After Defendant's counsel did not respond to Plaintiff's counsel's inquiry as to when he would be able to respond to the outstanding discovery requests, on May 26, 2022, Plaintiff asked the Court to set a reasonable deadline for Defendants' responses.  (Dkt. No. 33; Schulman Decl. ¶ 10.)  On May 27, 2022, the Court ordered Defendants to file a letter by June 1, 2022 in response to Plaintiff's request for a deadline for Defendants' discovery responses.  (Dkt. No. 34.)  Defendants neither filed that letter nor responded to Plaintiffs' discovery requests.  (Schulman Decl. ¶ 11.)  On June 13, 2022, Plaintiff asked the Court to order Defendants to fully respond to Plaintiff's discovery requests and produce all responsive documents by June 27, 2022.  (Dkt. No. 36.)  The Court so ordered on June 13, 2022.  (Dkt. No. 37.)  Defendants did not comply with the June 13, 2022 order.  In fact, Defendants did not respond to Plaintiff's discovery requests or produce *any* responsive documents by June 27, 2022.  (Schulman Decl. ¶ 13.)  Thus, on June 30, 2022, Plaintiff moved for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) and to compel Defendants to respond to Plaintiff's discovery requests.  (Dkt. No. 38.)  On July 5, 2022, the Court ordered Defendants to respond to Plaintiff's discovery

requests by July 15, 2022 and permitted Plaintiff to move for her reasonable expenses in connection with the motion after July 15.  (Dkt. No. 41.)  Once again, Defendants did not comply with the Court's July 15, 2022 order.  While Defendants produced some discovery, they did not provide complete responses to Plaintiff's discovery requests or produce all responsive documents by July 15, 2022.  (Schulman Decl. ¶ 16.)  Accordingly, on July 18, 2022, Plaintiff filed a status report outlining the discovery that remained outstanding.[2]  (Dkt. No. 43.)

The Court held a conference on July 22, 2022 regarding the matters raised in Plaintiff's July 18, 2022 status report.  (Schulman Decl. ¶ 19; Ex. 4.)  At the conference, the Court ordered Defendants to produce the following by August 5, 2022:

1. Either (1) "a stipulation to the plaintiff indicating that the individual defendant had sole ownership of the restaurants, and further indicating that the corporate defendant's gross annual sales exceeded that which would be sufficient for the corporate defendant to be considered an employer under FLSA and the New York Labor Law" or (2) all documents, including tax returns, responsive to Requests for Production Nos. 19, 24, 26, and 27.[3]  (Ex. 4, 8:15-9:4.)

2. Documents produced in prior wage and hour litigation against Defendants.  (*Id*. at 11:25-12:10 (referencing Request for Production No. 61).)

3. Documents responsive to Request for Production No. 9, which requested "[a]ll documents reflecting the amount of tips paid by the Restaurant's customers during the

---

[2] In light of Defendants' continued deficiencies and the likelihood of seeking additional sanctions, Plaintiff did not move for fees immediately after July 15, 2022.  (Schulman Decl. ¶ 18.)  As discussed below, at the July 22, 2022 conference, the Court directed Plaintiff to make a single sanctions motion.

[3] The Court's order at the July 22, 2022 conference with respect to "4 and 5" (Ex. 4, 8:18) refers to points 4 and 5 on page 2 of Plaintiff's July 18, 2022 letter.  (*See Id*. at 2:9-23 (stating that the Court will address the categories in Plaintiff's letter in order, and starting with Plaintiff's point 1 on the first page of her letter).)  Point 4 addressed documents responsive to Request for Production No. 19, and point 5 addressed documents responsive to Requests for Production Nos. 24, 26, and 27.  (Dkt. No. 43 at 2.)

4

Liability Period." (*Id*. at 13:7-19.)  The partial production referenced by Plaintiff's counsel (*Id*. at 13:7-10) consisted of tip distribution sheets ("tip sheets," *e.g.*, Ex. 9).

The Court also ordered Defendants to produce the following by August 19, 2022:

1.  All bank statements from the liability period.  (Ex. 4, 10:3-15.)

2.  All putative class members' time records and pay records, including wage statements, with the option to redact names and contact information.  (*Id*. at 6:20-7:20.)

3.  A class list responsive to Interrogatory No. 1 with the option to replace names with numeric identifiers.  (*Id*. at 13:20-14:22.)

4.  The identities of class members who Defendants claim have released wage and hour claims.  (*Id*. at 14:24-15:4.)

At the July 22, 2022 conference, the Court stated that it was "prepared to impose sanctions" for Defendants' failure to produce all of the Named Plaintiff's pay records and that such sanctions could include "finding facts in favor of the plaintiff."  (*Id*. at 3:20-25.)  The Court indicated its willingness to impose additional sanctions if Defendants continued to violate the Court's orders. (*Id*. at 12:10-11, 13:8-9.)  The Court directed Plaintiff to make any sanctions motion, including with respect to seeking fees in connection with her June 30, 2022 motion to compel, after August 5, 2022. (*Id*. at 15:15-23.)  The Court subsequently approved Plaintiff's request to extend her time to make her sanctions motion until after she took a 30(b)(6) deposition.  (Dkt. No. 50.)

### C.  Defendants Have Not Complied With The Court's Discovery Orders

While Defendants have produced some responsive documents and information, they have not fully complied with the Court's June 13, July 5, and July 22, 2022 Orders.  On October 6, 2022, Plaintiff deposed Volper, who was designated as the corporate representative of Defendant 212 Steakhouse, Inc. pursuant to Fed. R. Civ. P. 30(b)(6), and questioned him about, *inter alia*,

documents relevant to this litigation.  (Schulman Decl. ¶ 24; Ex. 7.)  Defendants' remaining discovery deficiencies, as well as relevant testimony from that deposition, are set forth below.

### i.  Documents concerning the restaurant's ownership and revenue

Defendants did not produce a stipulation identifying the restaurant's owners throughout the liability period and its annual revenue.  Instead, they produced 212 Steakhouse, Inc.'s 2016 to 2020 tax returns, which indicate that in each of those years the restaurant's gross sales exceeded $500,000 and Volper was the sole owner.  However, Defendants have not provided any revenue or ownership documents or information for 2021 or 2022.  (Schulman Decl. ¶ 25.)  At deposition, Volper could not provide information about the restaurant's 2021 gross sales or identify whether he is the Corporate Defendant's sole owner, even though both of those topics we included on the 30(b)(6) deposition notice.  (Ex. 7, 16:20-17:10, 139:24-140:3; Ex. 5, Matters Nos. 15, 16.)

### ii.  Tip sheets

The Court ordered Defendants to produce all tip sheets from the liability period (January 20, 2016 to the time of trial).  Instead of complying with this order, Defendants have produced just 127 daily tip sheets from the period January 4, 2021 to July 3, 2021.  (Schulman Decl. ¶ 26.)  Volper testified that Defendants have tip sheets from 2022, even though no such documents have been produced.  (Ex. 7, 145:11-16.)  Volper also acknowledged that the restaurant maintains weekly tip sheets, even though it has not produced any.  (Ex. 7, 145:19-147:14 (discussing Ex. 8); *see also* Martinenko Decl. ¶¶ 8-12.)

### iii.  Bank statements

On August 19, 2022, Defendants produced 212 Steakhouse, Inc.'s bank statements from July 2016 to December 2021.  (Schulman Decl. ¶ 27.)  The November 2020 to December 2021 bank statements include images of redeemed checks, while the earlier bank statements merely list

the check numbers and amounts of checks redeemed each month.  (*Id*. at ¶ 28; Ex. 10.)  Even though Defendants produced these documents in August 2022, they did not produce any 2022 bank statements.  (Schulman Decl. ¶ 29.)

### iv.   Putative class members' pay records and wage statements

The Court ordered Defendants to produce all putative class members' pay records and wage statements from the liability period.  Defendants have not produced *any* of these documents.  The only pay records that have been produced – seemingly incidentally – are images of cashed checks that are included in the bank statements for the period from November 2020 to December 2021.  (Schulman Decl. ¶ 31.)  These checks are not wage statements, and the check images are insufficient to establish employees' hours or rates of pay, as the checks (1) do not distinguish between wages and tip income for FOH employees and (2) appear to reflect net pay after withholdings, and thus do not reflect employees' gross pay.  (Schulman Decl. ¶ 32; Ex. 10.)

Defendants maintain other pay records in addition to wage statements that they have failed to produce.  Specifically, most employees sign a confirmation document when they receive their pay, and the restaurant also prepares a weekly document including hours and payroll information about front and back of house employees.  (Martinenko Decl. ¶ 15-19; Martinenko Exs. 4, 5; Ex. 7, 90:11-92:4, 105:20-108:4 (references to "plaintiff [number] are to Bates numbers).)

### v.   Putative class members' time records

The Court ordered Defendants to produce all putative class members' time records from the liability period.  The only responsive documents Defendants have produced are (1) the Named and Opt-In Plaintiffs' time records and (2) time records for two individuals who previously sued Defendants for wage and hour violations.  (Schulman Decl. ¶ 12.)  Defendant Volper testified that he obtained the Named Plaintiff's time records from the restaurant's point of sale system, and that

he can obtain the same type of records for all employees going back to 2016.  (Ex. 7, 41:7-18, 80:16-82:2.)  Volper further testified that the restaurant sends time records to its accountant to process payroll.  (*Id*. at 44:15-45:17.)  It does not appear that Defendants made any attempt to obtain the time records from their accountant.

### vi.  Class list

The purported "class list" that Defendants have produced is highly deficient.  On May 5, 2021, in accordance with the Court's order granting Plaintiff's motion for conditional collective certification of her FLSA claim, Defendants produced a list that purported to include all FOH employed at the Restaurant on or after January 20, 2019 (the "collective list").  (Schulman Decl. ¶ 5; Ex. 1.)  As noted above, on July 22, 2022 the Court ordered Defendants to produce a putative class list and it gave Defendants the option of replacing putative class members' named with numeric identifiers.  The class was defined in Plaintiff's document requests as all non-exempt employees of the 212 Steakhouse restaurant from January 20, 2016 to the time of trial.  (Ex. 2, definitions of "Liability Period" and "Class Members").)  On August 19, 2022, Defendants produced a purported class list.  (Schulman Decl. ¶ 37; Ex. 13.)

Even though the class list was supposed to include employees who worked in three years not covered by the collective list (January 20, 2016 to January 19, 2019), the only FOH employees included in the class list are the individuals identified on the collective list.  This is evident by comparing the dates of employment and positions of the individuals on both lists.  (*Compare* Ex. 1 *to* Ex. 13; *see also* Ex. 7, 169:5-10.)  Thus, if the FOH portion of the class list were accurate, that would mean that 212 Steakhouse did not employ any FOH staff from January 20, 2016 to January 19, 2019 that it did not also employ after January 19, 2019.  Not only is it obvious as a matter of common sense that this was not the case, but Plaintiff Martinenko herself identified 11

FOH employees by name whom she worked with during her first period of employment, which ended in 2018, who are not identified on the collective list.[4]  (Martinenko Decl. ¶ 21.)  Some of these individuals are included in the weekly tip sheets in Plaintiff's possession.  (Martinenko Decl. ¶ 21, Martinenko Ex. 2.)  Volper further confirmed the existence of a number of FOH staff who were not included in the collective or class list.  (Ex. 7, 171:18-175:19.)

Moreover, the documents Defendants have now produced show that even the collective list was incomplete.  While Defendants have produced just a few months of daily tip sheets, all from the year 2021, three FOH employees are listed on those tip sheets were improperly not included in the collective list.  (Martinenko Decl. ¶ 22; Martinenko Exs. 1, 2.)  Volper also testified that the restaurant had high turnover, further suggesting that class list is deficient for not including any FOH employees who were not included in the collective list.  (Ex. 7, 175:2-22.)

The listing of back of house employees (chefs, cooks, and dishwashers, collectively, "BOH") on the class list is also grossly deficient.  The class list includes at most two BOH employees who worked at the restaurant in July 2021.  (*See* Ex. 13, lines 30 and 32.)  However, a payroll document provided by the Named Plaintiff shows that the restaurant employed *six* BOH employees in the week ending July 25, 2021.  (Martinenko Decl. ¶ 17; Martinenko Ex. 5.)  Defendants never consulted those documents when preparing the class list.  (Ex. 7, 168:10-19.)

### D.  Defendants Made A Material Misrepresentation To The Court

Defendants made a material misrepresentation to the Court about documents that Plaintiff requested.  Plaintiff requested documents related to wage and hour investigations or audits conducted by the federal or New York Department of Labor.  (Request No. 57.)  Defendants' response referenced attached documents but did not produce any responsive documents.

---

[4] Plaintiff believes she worked with additional FOH employees during that time whose names she does not recall. (Martinenko Decl. ¶ 21.)

(Schulman Decl. ¶ 38; Ex. 14, Response No. 57)  Plaintiff raised this deficiency in her July 18, 2022 letter.  (Dkt. No. 43 at 2.)  However, at the July 22, 2022 conference Defendants stated that there was no Department of Labor case.  (Ex. 4, 10:16-11:6.)  Accordingly, the Court did not order Defendants to produce those documents.  Yet at deposition Volper testified that 212 Steakhouse was audited by the New York Department of Labor, that audit resulted in the restaurant having to pay penalties, and Defendants do possess documents relating to that audit.  (Ex. 7, 193:16-194:20.) Nonetheless, to date Defendants have not produced those documents.  (Schulman Decl. ¶ 38.)

### E. Defendant 212 Steakhouse, Inc. Did Not Appear For A Duly Noticed Deposition

On August 11, 2022, Plaintiff served a deposition notice on Defendant 212 Steakhouse, Inc. for a September 22, 2022 deposition.  (Schulman Decl. ¶ 24; Ex. 5.)  In an August 31, 2022 letter to the Court asking to delay making a sanctions motion until after the deposition, Plaintiff noted the scheduled deposition date.  (Dkt. No. 49.)  However, no witness or counsel appeared for Defendants on that date.  (Schulman Decl. ¶ 22.)  By order of the Court, the deposition was rescheduled for and proceeded on October 6, 2022.  (Schulman Decl. ¶ 23.)

### III.   ARGUMENT

### A. Defendant 212 Steakhouse, Inc. Should Be Sanctioned Pursuant To Fed. R. Civ. P. 37(d) For Failing To Appear At The September 22, 2022 Deposition

Fed. R. Civ. P. 37(d)(3) provides that where a party fails to appear for a duly noticed deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  The non-appearing party bears the burden of "showing that his failure is justified or that special circumstances make an award of expenses unjust."  *Novak v. Wolpoff & Abramson LLP*, 536 F.3d

175, 178 (2d Cir. 2008) (internal quotation marks omitted).  "[C]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (internal quotation marks omitted).

Here, the Corporate Defendant failed to appear for its duly noticed deposition on September 22, 2022.  The excuse it gave for this failure in its September 23, 2022 letter was that Plaintiff's counsel had not confirmed the deposition date.  (Dkt. No. 53.)  This does not meet the standard for avoiding sanctions.  Neither Rule 30 nor Rule 37 require a party who has served a deposition notice on an opposing party to further confirm the deposition date with the opposing party.  If Defendant needed to reschedule the deposition, its counsel should have contacted Plaintiff's counsel in advance to do so.  Moreover, Plaintiff's August 31, 2022 letter to the Court provided Defendant with further notice that Plaintiff intended to proceed with the September 22, 2022 deposition.  Accordingly, Plaintiff is entitled to sanctions against Defendant 212 Steakhouse, Inc. for its failure to appear at the September 22, 2022 deposition.

In accordance with Fed. R. Civ. P. 37(d)(3), Plaintiff respectfully requests that Defendant 212 Steakhouse be ordered to pay the court reporter's fee for the September 22, 2022.  As set forth in the invoice from the court reporting service, that amount is $313.[5]  (Ex. 6.)

### B.  Defendants Should Be Sanctioned Pursuant To Fed. R. Civ. P. 37

Fed. R. Civ. P. 37(b)(2) authorizes a court to sanction a party who fails to comply with a discovery order.  While the Rule generally permits a court to enter any "just orders[,]" it specifically identifies the following as permissible sanctions:

---

[5] As Plaintiff's counsel spent just a few minutes to go on the record on September 22, 2022 and note Defendant's absence, Plaintiff does not seek attorneys' fees for that work at this time.  Plaintiff does seek to recover attorneys' fees for the time spent writing to the Court about Defendant's absence and preparing this motion.  That time is included in Plaintiff's fee application in Section III.B.iii., *infra*, and the time records submitted as Exhibit 15.

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [and]

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]

Fed. R. Civ. P. 37(b)(2)(A).  A court may also hold a party in civil contempt under Rule 37 for violating a court order where "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply."  *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted).   Under Rule 37(b)(2)(C), where a party violates a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*S. New Eng. Tel. Co.*, 624 F.3d at 149 (internal quotation marks omitted).  In addition, a discovery "sanction must relate to the particular claim to which the discovery order was addressed."  *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991).

"Rule 37(b) applies notwithstanding a lack of willfulness or bad faith, although such factors may be relevant to the sanction to be imposed for the failure."  *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17 CV 4576, 2022 U.S. Dist. LEXIS 135733, at *30 (S.D.N.Y. July 29, 2022) (cleaned up).  Thus, in selecting an appropriate sanction under Rule 37(b), a court may consider, *inter alia*,

(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*S. New Eng. Tel. Co.*, 624 F.3d at 144 (internal quotation marks omitted).

Applying this standard, Plaintiff seeks the following sanctions against Defendants: (1) numerosity should be deemed established on Plaintiff's class certification motion; (2) it should be deemed established that (i) 212 Steakhouse, Inc.'s gross annual sales in 2021 and 2022 exceeded $500,000, (ii) Defendant Volper was the sole owner of 212 Steakhouse, Inc. in 2021 and 2022, (iii) all FOH employees who clocked in and out on Defendants' point of sale system were paid the applicable New York tip credit minimum wage for the hours for which they were clocked in, and (iv) Defendants did not pay putative class members an overtime premium or spread of hours premium; (3) Defendants should be subject to a coercive fine until they produce putative class members' time records and tip sheets; and (4) Defendants should pay Plaintiff's attorneys' fees and costs caused by their failure to respond to discovery and their violations of the Court's discovery orders.

### i. Certain facts should be deemed established

Fed. R. Civ. P. 37(b)(2)(A)(i) permits courts to sanction a party for violating a discovery order by deeming certain facts established. This sanction is warranted "when the failure to comply with a court order is due to willfullness or bad faith, or is otherwise culpable." *Daval Steel Prods.*, 951 F.2d at 1367. Indeed, Supreme Court precedent explicitly "permits a court to presume from a party's willful failure to answer a discovery request relating to a particular issue that the facts of that issue are established against the noncompliant party[.]" *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010) (discussing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)). "Noncompliance with discovery orders is considered

wilful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Baba v. Japan Travel Bureau Int'l*, 165 F.R.D. 398, 402-403 (S.D.N.Y. 1996) (Sotomayor, J.), *aff'd* 111 F.3d 2 (2d Cir. 1997).  Under this standard, factual findings concerning numerosity, 212 Steakhouse, Inc.'s gross annual sales and ownership, and Defendants' pay practices are appropriate.

### a. On Plaintiff's forthcoming motion for class certification, numerosity should be deemed satisfied

As discussed above, the Court expressly ordered Defendants to provide a class list (with the option to redact names).  Defendants have violated that order by producing a woefully incomplete class list.  As a sanction for this violation, Plaintiff requests that numerosity be deemed satisfied for the purposes of Rule 23 class certification.  This sanction is tailored to address the harm caused by Defendants' withholding of information they were ordered to produce.  As Plaintiff's counsel stated at the July 22, 2022 conference, Plaintiff requested the production of a class list so that she could determine if Rule 23's numerosity requirement is satisfied.  (Ex. 4, 13:21-25.)  This class list was necessary because numerosity is presumed satisfied when there are at least 40 putative class members, *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234, 252 (2d Cir. 2011), but the collective list only included 24 FOH employees.

Defendants' failure to provide an accurate class list was willful.  The Court's order with respect to the class list was clear.  The Court told Defendants that they had to respond to Interrogatory No. 1 (which sought the identities of class members) unless Plaintiff's counsel agreed otherwise.  (Ex. 4, 14:14-22.)  Plaintiff did not so agree, and Defendants in fact produced a document that purported to be a class list, indicating that they understood the Court's order.  (Schulman Decl. ¶ 37.)  Defendants' noncompliance was not due to factors beyond their control.  Defendants' own documents – such as tip sheets and pay records – identify putative class members

who were not included in the class list.  That is, at the time that Defendants produced the incomplete class list, they possessed documents that identified putative class members that they failed to include in the list.  Volper further admitted that the class list does not include any front of house employees who were not included in the collective list, but he also testified that the restaurant in fact had front of house employees who worked during the class period but not during the collective period.  (Ex. 7, 169:5-10, 171:18-175:19.)  It is therefore evident that Defendants did not make a good faith effort to accurately identify all putative class members.  Indeed, to this day Defendants have not supplemented the Class List.  (Schulman Decl. ¶ 37.)

The requested finding – that numerosity is satisfied – is directly related to Defendants' violation of the Court's order.  Plaintiff requested the class list in order to determine whether numerosity was satisfied.  *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15 CV 3733, 2017 U.S. Dist. LEXIS 102304, at *33 (S.D.N.Y. June 27, 2017) ("Where the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, and order . . . directing that the matter be taken as established . . . is also appropriate.").  By willfully withholding responsive information in Defendants' possession, Defendants prevented Plaintiff and the Court from determining the actual number of putative class members.  In addition, not only is it highly likely that there are in fact more than 40 class members, *see* Section II.c.vi., *supra*, but even the number of individuals included in the purported class list – 24 FOH employees[6] and 32 total employees – can suffice to establish numerosity.  *E.g.*, *Balverde v. Lunella Ristorante, Inc.*, No. 15 Civ. 5518, 2017 U.S. Dist. LEXIS 59778, at *13-15 (S.D.N.Y. Apr. 19, 2017) (numerosity can be satisfied with 21 to 39 class members); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 180-

---

[6] The minimum wage claim based on Defendants' use of the tip credit is brought on behalf of FOH employees only.

81 (W.D.N.Y. 2005).   Accordingly, numerosity should be deemed satisfied on Plaintiff's

forthcoming class certification motion.[7]

> ### b.  It should be deemed established that Defendant 212 Steakhouse, Inc.'s gross annual sales exceeded $500,000 in 2021 and 2022 and that Volper was the corporation's sole owner in those years

Defendants failed to produce documents reflecting 212 Steakhouse, Inc.'s gross annual

sales and ownership for the years 2021 and 2022.   In so doing, they willfully violated the Court's

discovery orders, and the facts to which these documents are relevant – whether the restaurant's

gross annual sales exceeded $500,000 and whether Volper was the restaurant's sole owner – should

be deemed established.   The Court's order with respect to these documents was clear.   (Ex. 4, 8:15-

9:4.)   There is no dispute that Defendants possess information about their own revenue and

ownership.   Thus, Defendants' noncompliance with the Court's order was willful.   The sanction

of deeming facts appropriate is therefore appropriate.   Moreover, the requested factual findings are

both directly tailored to the discovery Defendants failed to provide and are amply supported by

the existing record, which establishes that in every year from 2016 to 2020, 212 Steakhouse, Inc.'s

gross sales exceeded $500,000, and Defendant Volper was its sole owner.   (Schulman Decl. ¶ 25.)

> ### c.  The Court should make factual findings based on Defendants' to produce class members' pay records

Plaintiff sought production of putative class members' pay records in order to determine

whether commonality is certified for the purposes of Rule 23.   The requested documents would

show whether (1) all FOH employees were paid the tip credit minimum wage; (2) putative class

members were paid an overtime premium; and (3) in conjunction with time records, whether

---

[7] Depending on the outcome of this motion, Defendants' subsequent compliance with its ongoing discovery obligations detailed herein, and Plaintiff's impending motion for class certification, Plaintiff may need further discovery related to class wide damages, which may include a request for a site visit to the Restaurant to determine whether Defendants have made a complete production.

putative class members were paid a spread of hours premium.  (Schulman Decl. ¶ 30.)  Defendants should be sanctioned for their failure to produce these documents as ordered by the entry of factual findings.  The following findings are appropriate: (1) for FOH employees who clocked in and out in the restaurant's point of sale system, Defendants paid them the tip credit minimum wage for their clocked in hours; (2) Defendants paid putative class members their regular rate for overtime hours; and (3) Defendants did not pay putative class member a spread of hours premium when their workdays lasted longer than 10 hours.[8]

Defendants' failure to produce these documents was willful.  The Court's order was clear.  (Ex. 4, 6:20-7:20.)  Defendants' noncompliance was not due to factors beyond their control.  The fact that Defendants produced the Named and Opt-In Plaintiffs' wage statements shows that they have access to such documents.  The restaurant also maintains other types of pay records that it did not produce.  (Martinenko Decl. ¶¶ 8-12, 16-19; Martinenko Exs. 2, 4, 5.)  The requested factual findings are precisely the facts that Plaintiff sought the pay records in order to establish.  Thus, the findings are directly related to Defendants' noncompliance with the Court's order.  Moreover, each of these factual findings is supported by the existing record.  Volper testified that the restaurant paid all front of house employees the tip credit minimum wage for the hours for which they were clocked in.  (Ex. 7, 38:3-17.)  The Named and Opt-In Plaintiffs' time and pay records show that Defendants paid them their regular rate for overtime hours worked (*see* Ex. 11 at D887, 890, 895, 905-907, 913, 919, 948-49, 951-57, 974-75, 977, 983, 1001, 1002, 1004-1010) and did not pay them spread of hours compensation.[9]  (Schulman Decl. ¶ 35.)  In addition, Plaintiffs have some paystubs for other FOH employees, which show that, like Plaintiffs, those

---

[8] These factual findings apply to both absent putative class members and the Named Plaintiff.  As discussed above, Judge Liman previously stated that he would sanction Defendants for failing to produce all of the Named Plaintiff's pay records, and that such sanctions could include the entry of factual findings.
[9] In fact, Volper testified that he did not even know what spread of hours compensation is.  (Ex. 7, 114:18-20.)

employees were paid the tip credit minimum wage and were not paid an overtime premium, and

those paystubs do not reflect payment of any spread of hours premium.  (Martinenko Decl. ¶ 13-

14; Martinenko Ex. 3.)  Accordingly, the requested factual findings should be entered.  *DoubleLine*

*Cap. LP*, 2022 U.S. Dist. LEXIS 135733, at *40-41 (factual findings concerning issues to which

withheld documents are relevant are appropriate).

### ii.  Defendants should be held in contempt and levied a coercive fine for failing to produce putative class members' time records and tip sheets

As noted above, a party who violates a court's discovery order may be held in civil

contempt where the order violated by the contemnor is clear and unambiguous, the proof of non-

compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting

to comply."  *S. New Eng. Tel. Co.*, 624 F.3d at 145 (internal quotation marks omitted).  "The

purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires

of him."  *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986).  All of these factors are satisfied

with respect to Defendants' failure to produce putative class members' time records.  Accordingly,

Plaintiff respectfully requests that Defendants be held in civil contempt and be subject to a $500

per day fine until they produce all of the outstanding time records.

The Court's order with respect to class member time records was clear and unambiguous:

> Number 3, the putative class members time records and pay records including wage statements. . . . This is permissible class discovery.  But I am going to permit you to redact the name and social security number and any telephone numbers of addresses of the putative class members. . . . So the documents responsive to number 3 with the redactions that I've permitted will be provided to the plaintiff on August 19.

(Ex. 4, 5:14-15, 6:21-24, 7:18-20.)  The proof of noncompliance is also clear and convincing.  To

date – over a month and a half after the due date for the time records – Defendants have not

produced *any* putative class members' time records except for the Named and Opt-In Plaintiffs

and two individuals who previously sued Defendants.  Finally, it is evident that Defendants were not reasonably diligent in attempting to comply, as Volper admitted that he can retrieve all employees' time records from the restaurant's point of sale system.  Defendants could also obtain those time records from their accountant.  (Ex. 7, 41:7-18, 44:15-45:17, 80:16-82:2.)

The Court also clearly ordered Defendants to produce, "on pain of sanctions," all "tip documents" in their possession. (Ex. 4, 13:7-19.)  Defendants' non-compliance is clear and willful. Defendants did not produce any additional tip sheets on August 5 but later admitted during deposition that they are in possession of tip sheets – from 2022 – that they failed to produce. (Ex. 7, 140:8-15, 142:18.)  The Named Plaintiff has also described where the restaurant stores daily and weekly tipped sheets and stated that she never saw those documents be removed from the restaurant, further calling into question the completeness of Defendants' production.  (Martinenko Decl. ¶¶ 12, 19.)  Accordingly, Defendants should be held in civil contempt for their failure to produce time records and tip records.

"[A] civil contempt sanction must only be compensatory or coercive, and may not be punitive." *Gucci Am. v. Bank of China*, 768 F.3d 122, 144 (2d Cir. 2014).  A civil contempt "fine must 'be substantial enough to make it more economical for [the contemnor] to comply than not to comply.'" *Chase Bank U.S. v. M. Harvey Rephen & Assocs., P.C.*, No. 19 MC 275, 2019 U.S. Dist. LEXIS 239672, at *11 (S.D.N.Y. Aug. 16, 2019) (alteration in original).  Here, Plaintiff respectfully requests that Defendants be sanctioned by requiring them to pay $100 per day to the Clerk of Court for 14 days and $500 per day thereafter until they have produced all class members' outstanding time records and tip sheets. *Id*. at *11-12.

In addition, while the Court previously allowed Defendants to redact names from class members' time records, in light of Defendants' previous failure to provide a complete class list,

the names should not be redacted from the time records so that Plaintiff can determine whether the time records for any class members who are known to her have been produced.

### iii.   Plaintiff is entitled to an award of attorneys' fees

Fed. R. Civ. P. 37(b)(2)(C) provides that where a party is sanctioned for failing to comply with a court's discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Court's discovery orders.  When awarding attorneys' fees pursuant to Fed. R. Civ. P. 37(b)(2), the presumptively reasonable fee is the reasonable hourly rate multiplied by the number of hours reasonably worked.  *Local 3621, EMS Officers Union v. City of New York*, No. 18 CV 4476, 2022 U.S. Dist. LEXIS 50226, at *9 (S.D.N.Y. Mar. 21, 2022). Under this standard, Plaintiff seeks $23,880 in fees, based on an hourly rate of $500 for 40.2 hours worked by a partner and an hourly rate of $350 for 10.8 hours worked by an associate as a result of Defendants' failure to comply with the Court's June 13, July 5, and July 22, 2022 Orders.

### a.   The reasonable rate

"The reasonable hourly rate is the prevailing market rate, *i.e.*, the rate prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Local 3621, EMS Officers Union*, 2022 U.S. Dist. LEXIS 50226, at *12 (internal quotation marks omitted).  In determining the reasonable rate, courts consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or

contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2007).

Plaintiff seeks fees for work performed by two attorneys: Denise Schulman and Michael DiGiulio. Ms. Schulman received her J.D. from NYU School of Law, *cum laude*, in 2008 and joined Joseph & Kirschenbaum LLP ("JK"), a plaintiffs'-side employment law firm, in January 2009. She was an associate at JK until February 2017, when she became a partner. Her practice at JK has consisted almost entirely of representing employees in their claims against employers. She has litigated dozens of wage and hour cases against restaurants or other hospitality employers. Many of these cases have been certified as collective and/or class actions. (Schulman Decl. ¶¶ 40-43.) Courts have repeatedly recognized her skill and expertise in wage and hour litigation. *E.g.*, *Orlando v. Liberty Ashes, Inc.*, No. 15 CV 9434, at 10:18-20 (S.D.N.Y. Sept. 4, 2020) ("[I]n my entire experience with [the undersigned] in this case, and a lot of others, she's always been among the very best lawyers in this case.") (transcript attached as Ex. 16); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008, at 20:1-3 (S.D.N.Y. Dec. 22, 2015) (stating, "I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work") (transcript attached as Ex. 17). Ms. Schulman has also spoken on several panels about substantive and procedural wage and hour matters. (Schulman Decl. ¶ 44.)

Mr. DiGiulio graduated from Vermont Law School in 2014 and joined JK as an associate in 2020. Prior to joining JK, he clerked on the United States Court of Appeals for the Second Circuit and litigated environmental law cases as an associate attorney for Super Law Group. Since

joining JK, Mr. DiGiulio has exclusively represented employees with wage and hour, discrimination, and retaliation claims.  (Schulman Decl. ¶¶ 45-47.)

Judge Woods recently approved an hourly rate of $500 for Ms. Schulman.  *Zivkovic v. Laura Christy LLC*, No. 17 Civ. 553 (S.D.N.Y. June 15, 2022) at 16:16-19, 17:21-22 (transcript attached as Ex. 18).  In so doing, Judge Woods acknowledged that this rate is higher than that awarded in many cases but found the rate appropriate because "the use of precedent anchors rates in the past."  (Ex. 18, 15:22-23.)  *See also Champagne v. Colum. Dental, P.C.*, No. 18 CV 1390, 2022 U.S. Dist. LEXIS 58037, at *13-14 (D. Conn. Mar. 30, 2022) (discussing the appropriateness of increasing attorneys' hourly rates over time).  *Shnyra v. State St. Bank & Tr. Co.*, No. 19 CV 2420, 2021 U.S. Dist. LEXIS 206488 (S.D.N.Y. Oct. 25, 2021), cited in *Local 3621* and which approved a $450 rate for a senior partner, exemplifies this.  *Shnyra* cited *Chen v. Patel*, No. 16 Civ. 1130, 2020 U.S. Dist. LEXIS 56666 (S.D.N.Y. Mar. 31, 2020) for the proposition that hourly rates for experienced employment litigators range from $250 to $450.  *Shnyra*, 2021 U.S. Dist. LEXIS 206488, at *9.  But *Chen* derived its $250-450 range from a decision issued in 2012. *See Chen*, 2020 U.S. Dist. LEXIS 56666, at *8 (citing *Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012)).  The *Gurung* case, in turn, based its conclusion that "the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450" on cases decided between 2007 and 2011.  *See Gurung*, 851 F. Supp. 2d at 587 (citing cases).  Similarly, the *Lin* case cited in *Shnyra* for the proposition that reasonable rates for "senior attorneys handling wage-and-hour cases" were "from $300 to $400," *see Shnrya*, 2021 U.S. Dist. LEXIS 206488, at *10, derived that range from a 2019 decision, *see Lin v. La Vie En Schezuan Rest. Corp.*, No. 15 CV 9507, 2020 U.S. Dist. LEXIS  63446, at *7 (S.D.N.Y. Apr. 9, 2020) (citing *Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 CV 7787, 2019 U.S. Dist. LEXIS 132731, at *16

(S.D.N.Y. Aug. 7, 2019)).  That 2019 case derived its range from a 2017 decision,[10] which got that range from a 2014 decision,[11] which cited to an earlier 2014 decision that,[12] in turn, derived the $300-400 range from a series of cases decided between 2004 and 2011.[13]

Judge Woods further found an hourly rate of $500 for Ms. Schulman supported by "aggregate data . . . regarding prevailing hourly rates in New York for employment litigators." (Ex. 18, 15:23-25.)  That "aggregate data" was the Wolters Kluwer 2021 Real Rate Report, a survey of attorney billing rates taken from invoice data, which numerous courts have relied upon to determine prevailing market rates.  *E.g.*, *Espinosa v. Perez*, No. 18 CV 8855, 2020 U.S. Dist. LEXIS 14075, at *10-11 (S.D.N.Y. Mar. 9, 2020); *Muehe v. City of Boston*, No. 21-11080, 2021 U.S. Dist. LEXIS 211316, at *12 (D. Mass. Nov. 2, 2021) (collecting cases and observing that "[s]everal courts have relied on [the Real Rate Reports] because of their large sample size and accurate reflection of market rates").  As relevant here, the 2021 Real Rate Report found that the median 2021 rate for employment and labor partners in New York City was $673. (*See* Ex. 19 at 119.)  For all of these reasons, $500 is a reasonable hourly rate for the Ms. Schulman.

Mr. DiGiulio's rate of $350 per hour is also reasonable.  According to the 2021 Real Rate Report, the median 2021 rate for employment and labor associates in New York City was $376. (*See* Ex. 19 at 119.)  In addition, courts in this District have found an associate rate of $350 per hour to be reasonable.  *E.g.*, *Wen Bin Gao v. Lucky Brother Inc.*, No. 17 CV 8159, 2020 U.S. Dist.

---

[10] *See Shanfa  Li*, 2019 U.S. Dist. LEXIS 132731, at *16 (citing *Hernandez v. JRPAC Inc.*, No. 14 CV 4176, 2017 U.S. Dist. LEXIS 1988, at *8 (S.D.N.Y. Jan. 6, 2017)).

[11] *See Hernandez*, 2017 U.S. Dist. LEXIS 1988, at *8 (citing *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 CV 6094, 2014 U.S. Dist. LEXIS 132186, at *25 (S.D.N.Y. Sept. 19, 2014)).

[12] *See Trinidad*, 2014 U.S. Dist. LEXIS 132186, at *25 (finding that the "norm" for "wage-and-hour cases in this District, appears to be between $300 and $400" (citing *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 CV 3061, 2014 U.S. Dist. LEXIS 79869, at *19 (S.D.N.Y. May 19, 2014), adopted by 2014 U.S. Dist. LEXIS 79037, (S.D.N.Y. June 9, 2014)).

[13]*See Castellanos*, 2014 U.S. Dist. LEXIS 79869, at *19 ("In labor and employment cases, courts in this district have approved hourly rates of $300-400 for partners." (citing cases from 2004 through 2011)).

LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020); *Rodriguez v. 3551 Realty Co.*, No. 17 CV 6553, 2017 U.S. Dist. LEXIS 182017, at *6 (S.D.N.Y. Nov. 2, 2017).   While some courts have commented that a rate of $350 is on the higher end of reasonable rates, *Wen Bin Gao*, 2020 U.S. Dist. LEXIS 100811, at *6; *Rodriguez*, 2017 U.S. Dist. LEXIS 182017, at *6, those cases did not take into account the need to increase rates due to the passage of time, as discussed *supra*.

### b.  Hours reasonably worked

Rule 37(b)(2)(C) provides for the payment of "the reasonable expenses, including attorney's fees, caused by the failure" to comply with a discovery order.  A true and correct copy of Plaintiff's counsel's relevant contemporaneous time records is attached hereto as Exhibit 15. The time records reflect time spent (1) reviewing the Court's rules and attempting to contact Defendants to meet and confer following Defendants' violation of the Court's June 13, 2022 Order; (2) drafting Plaintiff's June 30, 2022 letter motion to compel discovery and for sanctions and reviewing Defendants' response;[14] (3) participating in the July 22, 2022 conference with the Court; (4) communicating with Defendants' counsel about continued discovery deficiencies; (5) reviewing documents produced by Defendants and conducting internet research to identify putative class members who were not included in the class list Defendants produced; and (6) drafting this sanctions motion. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996) (holding that time spent working on a fee application is compensable); *Gutman v. Klein*, No. 03 CV 1570, 2009 U.S. Dist. LEXIS 95169, at *7-8 (E.D.N.Y. July 17, 2009).  Defendants' failure to comply with the Court's June 13, 2022, July 5, 2022, and July 22, 2022 Orders caused Plaintiff's counsel to expend all of this time.  Accordingly, all of this time is compensable.  In

---

[14] As discussed *supra* p.3, Judge Liman previously authorized Plaintiff to seek fees in connection with her June 30, 2022 motion.

total, Plaintiff seeks fees for 40.2 hours worked by Ms. Schulman and 10.8 hours worked by Mr. DiGiulio.[15]  Applying rates of $500 and $350, respectively, Plaintiff seeks total fees of $23,880.

## IV.    CONCLUSION

For the foregoing reasons, Defendants should be sanctioned pursuant to Rule 37.

Dated: New York, New York
          November 1, 2022

<div style="margin-left:40%">

/s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, Opt-In Plaintiff, and proposed Class*

</div>

---

[15] If Plaintiff files a reply brief on this motion and/or if there is oral argument on this motion, Plaintiff will seek additional attorneys' fees for that time.