`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
NINO MARTINENKO, on behalf of                    CASE NO. 22 CV 518
herself and others similarly situated,

        Plaintiff,

  v.

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,

        Defendants.
----------------------------------------------------x

## DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am a partner with Joseph & Kirschenbaum LLP ("JK"), Plaintiff's counsel in this action. I am familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37.

## FACTUAL BACKGROUND

3. On January 20, 2022, Plaintiff Nino Martinenko, a former server at Defendants' 212 Steakhouse restaurant in Manhattan, commenced this action alleging wage and hour claims against Defendants 212 Steakhouse, Inc. and its owner, Nikolay Volper, on a collective and class basis. Specifically, Plaintiff's complaint alleges that Defendants (1) violated the FLSA and New York law by failing to pay non-exempt employees the proper overtime premium; (2) violated New York law by paying "front of house" employees (servers, bartenders, runners, and bussers) pursuant to a tip credit without providing the requisite notice; (3) violated New York law by paying front of house employees pursuant to a tip

1

credit while requiring them to spend more than two hours per day or 20% of their shifts performing non-tipped work; (4) violated New York law by failing to pay non-exempt employees New York's "spread of hours" premium when their shifts lasted more than 10 hours; and (5) failed to provide non-exempt employees with the wage notices and wage statements required under N.Y. Lab. L. § 195.

4. Defendants filed an answer and counterclaim on March 28, 2022. After Plaintiff stated her intent to move to dismiss the counterclaim at the April 6, 2022 initial conference, Defendants filed an amended answer withdrawing the counterclaim.

5. Following the Court's grant of Plaintiff's motion for conditional collective certification of the FLSA claim in this action, on May 3, 2022, Defendants produced a list of 24 front of house employees who were potential opt-in plaintiffs (the "Collective List"), and Plaintiff duly disseminated the Court-approved notice. A true and correct copy of the Collective List, with contact information redactions, is attached hereto as **Exhibit 1**. Without the redactions, **Exhibit 1** was marked as Exhibit 19 at the October 6, 2022 deposition of the corporate representative of Defendant 212 Steakhouse, Inc.

6. One individual, Dagmara Huk, subsequently joined this action as an Opt-In Plaintiff.

7. Plaintiff served discovery requests on Defendants on April 7, 2022. A true and correct copy of Plaintiff's First Request for the Production of Documents served on that day is attached hereto as **Exhibit 2**. A true and correct copy of Plaintiff's First Set of Interrogatories served on that day is attached hereto as **Exhibit 3.**

8. Defendants did not respond to those requests by May 9, 2022, when responses were due.

9. On May 19, 2022, Plaintiff's counsel e-mailed Defendants' counsel to request a meet and confer. Defendants' counsel responded to that e-mail on May 23, 2022 by informing Plaintiff's counsel that his father had recently passed away.

10. After Defendant's counsel did not respond to Plaintiff's counsel's inquiry as to when he would be able to respond to the outstanding discovery requests, on May 26, 2022, Plaintiff asked the Court to set a reasonable deadline for Defendants' responses.

11. On May 27, 2022, the Court ordered Defendants to file a letter by June 1, 2022 in response to Plaintiff's request for a deadline for Defendants' discovery responses. Defendants neither filed that letter nor responded to Plaintiffs' discovery requests.

12. Accordingly, on June 13, 2022, Plaintiff asked the Court to order Defendants to fully respond to Plaintiff's discovery requests and produce all responsive documents by June 27, 2022. The Court so ordered Defendants on June 13, 2022.

13. Defendants did not comply with the June 13, 2022 order. In fact, Defendants did not respond to Plaintiff's discovery requests or produce *any* responsive documents by June 27, 2022.

14. Thus, on June 30, 2022, Plaintiff moved for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) and to compel Defendants to respond to Plaintiff's discovery requests.

15. On July 5, 2022, the Court ordered Defendants to respond to Plaintiff's discovery requests by July 15, 2022 and permitted Plaintiff to move for her reasonable expenses in connection with the motion after July 15.

16. Once again, Defendants did not comply with the Court's July 15, 2022 order. While Defendants produced some discovery, they did not provide complete responses to Plaintiff's discovery requests or produce all responsive documents by July 15, 2022.

17. Accordingly, on July 18, 2022, Plaintiff filed a status report outlining the discovery that remained outstanding.

18. In light of Defendants' continued deficiencies and the likelihood of seeking additional sanctions, Plaintiff did not move for her fees in connection with the June 30, 2022 motion immediately after July 15, 2022.

19. The Court held a conference on July 22, 2022 regarding the matters raised in Plaintiff's July 18, 2022 status report. At that conference, the Court ordered Defendants to produce various categories of documents and information by August 5 and August 19, 2022. A true and correct copy of the transcript of the July 22, 2022 conference is attached hereto as **Exhibit 4**.

20. While Defendants have produced some responsive documents and information, they have not fully complied with the Court's June 13, July 5, and July 22, 2022 Orders.

21. On August 11, 2022, Plaintiff served a deposition notice on Defendant 212 Steakhouse, Inc. for a September 22, 2022 deposition. A true and correct copy of that deposition notice is attached hereto as **Exhibit 5**.

22. In an August 31, 2022 letter to the Court asking to delay making a sanctions motion until after the deposition, Plaintiff also noted that the deposition was scheduled for September 22, 2022. However, no witness or counsel appeared on that date. A true and correct copy of the invoice issued by Veritext for court reporting services on September 22, 2022, when Defendant 212 Steakhouse, Inc. failed to appear for its noticed deposition is attached hereto as **Exhibit 6**.

23. Pursuant to Court order, that deposition was rescheduled for October 6, 2022.

24. On October 6, 2022, Plaintiff deposed Defendant Nikolay Volper, who was designated as the corporate representative of Defendant 212 Steakhouse, Inc. pursuant to Fed. R. Civ. P. 30(b)(6), and questioned him about, *inter alia*, documents relevant to this litigation. Attached hereto as **Exhibit 7** are true and correct copies of relevant excerpts from the transcript of that deposition. Attached hereto as **Exhibit 8** is a true and correct copy of Exhibit 17 from that deposition.

25. Following the Court's July 22, 2022 order, Defendants did not produce a stipulation identifying the restaurant's owners throughout the liability period and its annual revenue. Instead, they produced 212 Steakhouse, Inc.'s 2016 to 2020 tax returns, which indicate that in each of those years the restaurant's gross sales exceeded $500,000 and Defendant Volper was the sole owner. However, Defendants have not provided any revenue or ownership documents or information for 2021 or 2022.

26. Defendants have not produced all of 212 Steakhouse's tip sheets from the liability period (January 20, 2016 to the time of trial). Instead, they have produced just 127 daily tip sheets from the period January 4, 2021 to July 3, 2021. True and correct copies of some of the tip sheets produced by Defendants in this action are attached hereto as **Exhibit 9**.

27. On August 19, 2022, Defendants produced 212 Steakhouse, Inc.'s bank statements from July 2016 to December 2021.

28. The November 2020 to December 2021 bank statements include images of redeemed checks, while the earlier bank statements merely list the check numbers and amounts of checks redeemed each month. Attached hereto as **Exhibit 10** are true and correct copies of some of the check images included in the December 2021 bank statement produced by Defendants.

29. Even though Defendants produced the bank statements in August 2022, they did not produce any 2022 bank statements.

30. Plaintiff sought production of putative class members' pay records, including wage statements, in order to determine whether commonality is certified for the purposes of Rule 23. The requested documents would show whether (1) all FOH employees were paid the tip credit minimum wage; (2) putative class members were paid an overtime premium; and (3) in conjunction with time records, whether putative class members were paid a spread of hours premium. The Court ordered Defendants to produce these documents.

31. However, Defendants have not produced any absent class members' pay records or wage statements. The only pay records that have been produced for absent class members – seemingly incidentally – are images of cashed checks that are included in the bank statements for the period from November 2020 to December 2021.

32. These checks are not wage statements, and the check images are insufficient to establish employees' hours or rates of pay, as the checks (1) do not distinguish between wages and tip income for front of house employees and (2) appear to reflect net pay after payroll tax and other withholdings, and therefore do not reflect employees' gross pay.

33. Defendants have produced wage statements from 2020 and/or 2021 for the Named and Opt-In Plaintiffs. True and correct copies of some of these wage statements, with Plaintiffs' addresses and last four digits of social security numbers redacted, are attached hereto as **Exhibit 11**.

34. The only time records Defendants have produced in this case are (1) the Named and Opt-In Plaintiffs' time records and (2) time records for two individuals who previously sued

Defendants for wage and hour violations. True and correct copies of some of those time records are attached hereto as **Exhibit 12**.

35. A comparison of the Plaintiffs' time records to their wage statements shows that Defendants did not pay them spread of hours compensation when their workdays lasted longer than 10 hours. (*Compare*, *e.g.*, Ex. 12 at D1212 (Oct. 3, 2010) *with* Ex. 11 at D885, Ex. 12 at D1248 (May 7, 2021) *with* Ex. 11 at D937, Ex. 12 at D1249 (Sept. 23 and 30, 2021 and Oct. 5, 7, and 14, 2021) *with* Ex. 11 at D947-50, Ex. 12 D1250 (Oct. 19 and 28, 2021, Nov. 2, 9, 11, 16, 18, 23, and 30, 2021, and Dec. 1, 7, 2021) *with* Ex. 11 at D951-58.)

36. The time records Defendants produced for the Named Plaintiff go back to 2016.

37. On August 19, 2022, Defendants produced a purported list of all non-exempt employees for the 212 Steakhouse restaurant from January 20, 2016 to the time of trial (the "Class List"), with the names replaced by numeric identifiers. A true and correct copy of the Class List is attached hereto as **Exhibit 13**. **Exhibit 13** was marked as Exhibit 20 at the October 6, 2022 deposition of the corporate representative of Defendant 212 Steakhouse, Inc. To this day, Defendants have not supplemented this Class List.

38. Plaintiff requested the production of documents related to wage and hour investigations or audits conducted by the federal or New York Department of Labor. (Request No. 57.) Defendants' response referenced attached documents but did not produce any responsive documents. Attached hereto as **Exhibit 14** is a true and correct copy of Defendants' Responses and Objections to Plaintiff's First Request for the Production of Documents. To date Defendants have not produced any documents responsive to this Request.

**PLAINTIFF'S COUNSEL**

39. JK is a law firm dealing almost exclusively with employee rights.  Specifically, the firm represents employees in wage/hour and employment discrimination matters.

40. I received my J.D. from New York University School of Law in 2008 and joined JK in January 2009.  I was an associate until February 2017, when I became a partner.

41. Throughout my tenure at JK, I have almost exclusively represented employees with wage and hour and discrimination/retaliation claims, on both an individual and class basis.

42. I have litigated dozens of wage and hour cases against restaurants or other hospitality employers.  Many of these cases have been certified as collective and/or class actions.  *E.g.*, *Lomeli v. Falkirk Mgmt. Corp.*, Index No. 1580-2016 (N.Y. Sup. Ct. Orange County Oct. 22, 2021); *Murphy v. Lajaunie*, No. 13 CV 6503, 2015 U.S. Dist. LEXIS 97531, 2015 WL 4528140 (S.D.N.Y. July 24, 2015); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010); *Kato v. Masa NY, LLC*, Index No. 09-104578 (N.Y. Sup. Ct. N.Y. County Jan. 28, 2010); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009).

43. Several of my cases have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically.  *See*, *e.g.*, *Shahriar*, 659 F.3d 234 (affirming class certification and holding that in FLSA actions pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class basis under Fed. R. Civ. P. 23); *Spicer*, 249 F.R.D. 321 (holding that the New York Court of Appeals' decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim).

44. I have also spoken on several CLE panels about substantive and procedural wage and hour matters.

45. Michael DiGiulio graduated from Vermont Law School in 2014 and joined JK as an associate in 2020.

46. Prior to joining JK, he clerked on the United States Court of Appeals for the Second Circuit and litigated environmental law cases as an associate attorney for Super Law Group.

47. Since joining JK, Mr. DiGiulio has exclusively represented employees with wage and hour, discrimination, and retaliation claims.

48. Attached hereto as **Exhibit 15** is a true and correct copy of Plaintiff's counsel's contemporaneous time records for which it seeks attorneys' fees on this sanctions motion. I exercised billing judgment to exclude entries that were duplicative, vague, or otherwise excludable.

49. Attached hereto as **Exhibit 16** is a true and correct copy of the transcript of *Orlando v. Liberty Ashes, Inc.*, No. 15 CV 9434 (S.D.N.Y. Sept. 4, 2020).

50. Attached hereto as **Exhibit 17 is** a true and correct copy of the transcript of *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008 (S.D.N.Y. Dec. 22, 2015).

51. Attached hereto as **Exhibit 18** is a true and correct copy of the transcript of *Zivkovic v. Laura Christy LLC*, No. 17 Civ. 553 (S.D.N.Y. June 15, 2022).

52. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the Wolters Kluwer 2021 Real Rate Report.

Dated: New York, New York
October 31, 2022                    /s/ Denise A. Schulman
                                    Denise A. Schulman