UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NINO MARTINENKO, on behalf of himself
and others similarly situated, et al.,

                    Plaintiff,                    Case No. : 1:22-cv-00518-JLR

     - against -                    **AFFIDAVIT OF NIKOLAY VOLPER**
                                            **IN OPPOSITION TO MOTION FOR**
                                            **SANCTIONS**

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,
                    Defendants.
--------------------------------------------------------X
STATE OF NEW YORK    )
                          )ss.:
COUNTY OF NEW YORK )

    **NIKOLAY VOLPER,** being duly sworn, deposes and states as follows:

1. I am the individual Defendant in this action and the owner of the Corporate Defendant. I make this Affidavit in Opposition to the Plaintiffs' Motion for Sanctions pursuant to Federal Rule 37.

2. To date, throughout this litigation, I tried to satisfy all Court ordered time requirements and did not withhold any documents willfully that were requested. All documents that were in my possession that I believed were required to be supplied to the Defendants were supplied. Any deadlines imposed by the Court were not consciously delayed but rather were due to either a medical condition I was dealing with which has continued for 8 months or was the result of a continued search for documents.

3. Plaintiff's counsel Denise Schulman, Esq. has been desiring to file this meritless motion for sanctions since the commencement of the lawsuit. She has set her own self-imposed deadlines and in fact wrote to the Court about outstanding discovery 3 days after my counsel informed her that his father just passed away.

4. Additionally, Ms. Schulman seems to be confused about what constitutes responsive production. In page 17 of her Declaration , she states that "…on July 18, 2022, Plaintiff filed a status report outlining the discovery that remained outstanding. Document # 43.

5. On July 18, my attorney responded to her status report on July 18, 2022. See

Document # 44. That document details responses to the requests for production in Plaintiff's Status letter Document # 43. Below are the items requested in Document 43 from the Plaintiff and Defendants' responses.

a. The Named Plaintiff's personnel file; pay records, including wage statements, from 2016 to 2018; and W-2s. (Requests Nos. 1, 7-9.)

   The Defendants have no personnel file for the Named Plaintiff, and any additional pay records, wage statements and W-2's shall be supplied by Thursday, July 22, 2022.

b. Opt-In Plaintiff Dagmara Huk's personnel file; time records, and pay records, including wage statements. (Requests Nos. 1, 3, 7-9.)

   The Defendants have no personnel file for the Opt-In Plaintiff, and any additional pay records, wage statements and W-2's shall be supplied by Thursday, July 22, 2022.

c. All putative Class Members time records and pay records, including wage statements. (Requests Nos. 11, 15-16.)

   The Plaintiff had a Collective Action certified and has not even filed a motion for Class certification. Pursuant to their Collective Action notices sent, one additional Opt-In Plaintiff has joined the action. The Collective Action notice period has expired. The Plaintiff, at this time is not entitled to any other records other than that of the Named Plaintiff and Opt-In Plaintiff.

d. Documents sufficient to show the Individual Defendant's ownership interest in The restaurant throughout the Liability Period. (Request No. 19.) Although his ownership interest is reflected in the 2019 and 2020 tax returns that have been produced, no documents have been produced to show the Individual Defendant's ownership interest in the other years covered by this lawsuit.

   The Individual Defendant has supplied the evidence in his possession of his ownership interest in the Restaurant.

e. Documents reflecting the Corporate Defendant's gross annual sales, including cash payments, and price of goods sold for the years other than 2019 and 2020.

   The price of good sold is not relevant and the request is nonsensical. The Defendant has supplied proof of its gross annual sales.

f. The Corporate Defendant's bank statements.

   The Defendant has requested all copies of its bank statements for the relevant periods from its bank which will be supplied to the Plaintiff upon their receipt.

   The Defendant has no restaurant managers.

Upon my additional investigation there is no prior N.Y.S. Labor cases settled that releases any employees nor prior deposition transcripts related to the 2 other FLSA cases which were previously filed against the Defendants.

Defendants claim that the Plaintiff has not responded to their interrogatories is ill-founded.

6. As can be seen from these answers, Defendants hardly nor willfully withheld any documents from the Plaintiffs.

7. There is absolutely no reason for the Plaintiffs to move for additional sanctions. Additionally the legal fees sought are astronomical seem exaggerated.

8. A conference was held on July 22, 2022. The Honorable Judge Liman set dates to supply outstanding discovery. See Plaintiffs Exhibit 4 attached to Plaintiff's lawyers Declaration.

9. I supplied all of the discovery requested in my possession by the dates set by the Judge.

10. Regardless of Plaintiffs' counsels unwarranted conclusions, all tip sheets in the Defendants possession have been supplied.

11. As far as the missed deposition, Plaintiffs counsel sent a notice for that date and never reached out to my counsel to confirm the date or solidify that the Defendants could make that date. I was always willing to be deposed.

12. Plaintiff's counsel seems to think that the absence of documents which can't be supplied are the non-production of documents. I disagree. At no time did I withhold documents requested, but rather I am not in possession of numerous documents requested and never acted willfully in any of my actions. Consequently, the Plaintiff's motion for sanctions should be denied.