**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
NINO MARTINENKO on behalf of herself and
all others similarly situated,

                                Plaintiff,           Case No.: 1:22-cv-00518-JLR-RWL

        -against-

212 STEAKHOUSE, INC. and NIKOLAY VOLPER,

                               Defendant.
--------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEY FEES

**Law Offices of Mitchell S. Segal, P.C.**
1129 Northern Boulevard, Suite 404
Manhasset, New York 11030
Ph:  (516) 415-0100
Fx:  (516) 706-6631
msegal@segallegal.com
*Attorney for Defendants*


Dated:  November 15, 2022
      Manhasset, New York

## TABLE OF CONTENTS

**Page**

INTRODUCTION …………………………………………………………………1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY………………………………2

MEMORANDUM OF LAW …………………………………………………… 5

## TABLE OF CASES

*In re Hornbeam Corp.,*
   No. 14-mc-424, 2022 WL 60313 at *% (S.D.N.Y. Jan 6, 2022)   ………...   6

*Robinson v. Yellow Freight Sys.,*
   *132 F.R.D. 424, 427-428) (1990)*          …………………………………………… 5

 World Wide Polymers, Inc. V. Shinkong Synthetic Fibers Corp.,
   694 F 3d 155, 159 (2d Cir. 2012)……………………………………………. 6

STATUTES AND AUTHORITIES

1. Federal Labor Standards Act …………………………………………………..2

2. Federal Rules of Civil Procedure ………………………………………… 1

3. New York Labor Laws …………………………………………………… 2

INTRODUCTION

Defendants 212 Steakhouse, Inc. and Nikolay Volper, by and through their undersigned counsel submit this Memorandum of Law in opposition to the Plaintiffs' Motion for Sanctions and attorney fees. Defendants never disregarded an Order from this Honorable Court nor the Federal Rules of Civil Procedure. The Plaintiffs' statement that Defendants' disregarded their obligation under the Federal Rules is a complete falsehood. After the Courts conference held on July 22, 2022, upon which the Plaintiffs' motion is primarily based, the Defendants satisfied the Order issued from that conference to the extent of the documents in its possession. Plaintiffs' seem to equate missing documents or no documents in Defendants' possession to not producing discovery in violation of the Federal Rules and Court Orders. If no documents exist, they cannot be supplied.

In all of my 35 plus years of practice, I never had a noticed deposition where the counsel noticing the deposition never called to confirm the date and time and to see if my client and I were coming. This is the first case where this happened. Upon information and belief Plaintiff's counsel never contacted me to create a missed deposition date that she can use in this litigation.

Additionally, Plaintiffs' motion is also being used to litigate this matter before trial as an alleged "Spread of Hours Claim" is mentioned throughout Plaintiff's motion. None of Defendant Volper's testimony reveals that any of his actions are willful. If anything, his testimony reveals that he is confused as to the questions posed. The Plaintiffs' claims that Defendants willfully withheld documents are baseless and their motion for sanctions is just an end around to have non-facts admitted as facts before a trial. As such, the Plaintiffs' motion should be denied in its entirety.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.  This is an action to recover damages allegedly owed by Defendants to Plaintiffs and the Class the following:  monetary damages, penalties, liquidated damages, statutory interest and attorney fees for alleged violations of the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for the non-payment of overtime pay, for paying the tip credit minimum wage when it was not allowed to do so, for failing to pay alleged "spread of hours" and for failing to provide wage noticed and wage statements.  See Plaintiff's Complaint Doc # 1.

2.  Plaintiffs filed a collective and class action in this matter.  Plaintiff moved for conditional certification on April 4, 2022 which was granted on April 26, 2022.  Plaintiffs' opt-in period has ended and one opt-in Plaintiff has joined this litigation.  The Plaintiffs have yet to file a class certification motion.

3.  The Plaintiffs motion is ludicrous and unwarranted.  To be honest, in my 35 plus years of practice I have never dealt with attorneys that have no respect or common courtesy for another attorney.

4.   Counsels actions I this matter are actually disrespectful to a fellow member of the Court.  When I advised Denise Schulman, Esq. of my father's death, she wrote a letter to this Court 72 hours later that I was late in responding to demands.  If anyone should be sanctioned if should be Plaintiff's counsel.

5.  The Court held a conference on July 22, 2022 regarding the matters raised in Plaintiff's July 18, 2022 status report. (Schulman Decl. ¶ 19; Ex. 4.) At the conference, the Court ordered Defendants to produce the following by August 5, 2022:

   a.   Either (1) "a stipulation to the plaintiff indicating that the individual defendant had sole ownership of the restaurants, and further indicating that the corporate defendant's gross annual sales exceeded that which would

2

be sufficient for the corporate defendant to be considered an employer under FLSA and the New York Labor Law" or (2) all documents, including tax returns, responsive to Requests for Production Nos. 19, 24, 26, and 27.3 (Ex. 4, 8:15-9:4.)

Defendants provided all tax returns to the Plaintiff. The Defendants informed the Plaintiffs at the deposition that they were on extension for 2021 and obviously 2022 is not due yet. However the Plaintiffs fell that the Defendant s have withheld tax returns and should be sanctioned.

b.   Documents produced in prior wage and hour litigation against Defendants. (*Id*. at

11:25-12:10 (referencing Request for Production No. 61).)

These are public records and the Plaintiff's counsel, having filed voluminous labor cases, can aptly obtain these records.

c.   Documents responsive to Request for Production No. 9, which requested "[a]ll documents reflecting the amount of tips paid by the Restaurant's customers during the Liability Period." (*Id*.at 13:7-19.) The partial production referenced by Plaintiff's counsel (*Id*. at 13:7-10) consisted of tip distribution sheets ("tip sheets," e.g., Ex. 9).

The Defendants testified that they supplied all tip records in their possession.

d.   The Court also ordered Defendants to produce the following by August 19, 2022:

1.   All bank statements from the liability period. (Ex. 4, 10:3-15.)

Defendant provided these.  The Defendant did not understand that he had to provide 2022 statements. This was not willful.

2.   All putative class members' time records and pay records, including wage statements, with the option to redact names and contact information. (*Id*. at 6:20-7:20.)

3

The Judge's Order detailed in Document 47 which is the transcript of the conference held on July 22, 2022 seemed to focus on the positions and classifications of the potential class members.  Obviously if class certification is granted the Defendants will provide all payroll and time records relate to the class.  As stated on page 6 of Document 47 Line 6, Counsel Schulman states "…We just need to know the job title of the positions, but the individual names, no, I don't think that necessary.  This was supplied.

If the Defendants' misunderstood the Judges narrative and time and pay records in the Defendants possession with names and addresses redacted are required the Defendant will supply to the Plaintiffs.  Once again, the Defendants have not willfully failed to supply any discovery and sanctions are unwarranted.

Class List – Once again Plaintiff's counsel is exaggerating.  The Class List is not the same as the collective list.  It includes all of the back of the house employees that the collective list does not contain.  See Exhibits 1 and 7 to Counsels Declaration.  Any missing names on the potential class is an oversight and can be rectified.

3.  The identities of class members who Defendants claim have released wage and hour claims. (*Id*. at 14:24-15:4.)

This is public record from the prior two FLSA cases against the Defendants.

## MEMORANDUM OF LAW

**I.    DEFENDANTS SHOULD NOT BE SANCTIONED**

1.  Failure To Appear At The Deposition:

The failure to appear at a deposition is justified in the instant litigation.  Although the Plaintiff

4

supplied notice of the time and date of the deposition, this date was never confirmed between the parties nor did Plaintiffs' counsel call Defendants counsel to confirm the date and time.  Upon information and belief, counsel consciously did not call to confirm said deposition date.  The Defendants never willfully decided to not attend a deposition.  To be honest, I didn't think it was occurring since I never heard from counsel prior to the notice date.

2.  Defendants Should Not Be Sanctioned.  The Plaintiffs have failed to meet the high standard of Bad Faith or Willfulness on the part of the Defendant.  Federal Rule 37 must be exercised with caution and where it has been established that failure to comply has been due to an inability, and not willfulness, after a plaintiff bad faith or any fault of the non-complying party the rule does not permit sanctions. Wilson 561 F.2d, 503. The Defendant appeared at the second noticed deposition.  "Only after the plaintiff failed to appear without notice on multiple occasions did the Court find that the plaintiff acted in bad faith. Robinson v. Yellow Fright Sys., 132 F,R.D. 424, 427-428) (1990).

Plaintiff seeks the following sanctions which should be denied:  (1) numerosity should be deemed established on Plaintiffs' class certification motion; (2) all FOH employees who clocked in and out on Defendants point of sale system were paid the applicable N.Y tip credit minimum wage for the hours clocked in and out; and (3) Defendants did not pay putative class members an overtime or spread of hours premium. There is no basis for the granting of these three sanctions.  These are factual determinations which should be reserved for trial.  Defendants will concede that the restaurant grossed in excess of $ 500,000.00 in 2021 and 2022.

No facts should be automatically established as the Plaintiffs have not proved that any failure to comply

with a Court Order was willful or in bad faith.  Any person not on the class list provided by the Defendant was an honest oversight.  Defendant pulled all the names of past employees from his pos system to the best of his ability.  The individual Defendant is a first time owner of a restaurant.   The class list provided contained 24 names.  As such numerosity should not be automatically granted.  Defendant has never willfully not provided information requested and Plaintiffs have not proved willfulness.  Their motion should be denied in its entirety.

The declaration of Plaintiff Nino Martinenko is more akin to a declaration for class certification as opposed to a declaration related to a sanction motion and should have no relevance to the Plaintiffs' motion.

Four factors guide the Court's determination of proper sanctions: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliant party has been warned of the consequences of non-compliance," World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012).  Dispositive sanctions are not warranted.  In fact no sanctions are warranted in the instant matter.  The Defendants lack of documentation is not indicative of willfully not handing over documents.  The duration of the Defendants' non compliance, if any was di minimis. The Defendants were not warned of any particular sanctions of non-compliance.  This motion is frivolous as the Defendant has provided all information requested and there is no sanctionable conduct.

Defendants have always been willing to address any technical violations of discovery orders.  Courts have determined that as long as discovery issues are addressed expediently, and the harm is minimal, judicial action is not necessary.  In re Hornbeam Corp., No. 14-mc-424, 2022 WL 60313, at *5 (S.D.N.Y. Jan. 6, 2022).  As such, sanctions are unnecessary in the instant action.

Defendants did not supply any Dept of Labor investigation because the only investigation concerned unemployment insurance and was thus outside the scope of discovery and not applicable in the instant matter. That is why counsel said that there was no Dept. of Labor case – meaning that there was no Dept. of Labor case concerning wages.  Counsel would never make a misrepresentation to this Honorable Court.

Additionally, attorney fees are not warranted in the instant matter as Plaintiffs counsel was on a mission to file this sanction motion which is unjustified.  The failure, if any, to timely supply documents was due to the non-existence of documents, reliance on a third party accountant, as well as an ongoing medical condition of the individual Defendant.  At no time did the Defendants or their counsel willfully fail to supply documents or records nor stymie the Plaintiffs requests.   Plaintiffs' counsel time records reveal an enormous amount of time devoted for this motion including voluminous hours of research.  I am curious if counsel and her firm has filed a prior sanction motion.  Consequently, counsel fees should be denied or in the alternative reduced to a reasonable amount.  Additionally, the hourly wage charged is in excess of what this district allows.

**WHEREFORE**, Defendant respectfully moves the Court to deny the Plaitiffs motion in its entirety an for such other relief as this court deems just and proper.

Dated:  November 15, 2022
      Manhasset, New York

                              Respectfully submitted,

                              /s/   Mitchell Segal

                              Mitchell Segal, Esq.
                              Law Offices of Mitchell S. Segal, P.C.
                              Attorney for Plaintiff
                              1129 Northern Boulevard, Suite 404
                              Manhasset, New York 11030
                              Tel.: (516) 415-0100
                              Fax: (516) 706-6631
                              msegal@segallegal.com

7