**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x
**NINO MARTINENKO, on behalf of**          **CASE NO. 22 CV 518**
**herself and others similarly situated,**

        **Plaintiff,**

   v.

**212 STEAKHOUSE, INC., and**
**NIKOLAY VOLPER,**

        **Defendants.**
-------------------------------------------------x

## DECLARATION OF MICHAEL DIGIULIO

I, Michael DiGiulio, under penalty of perjury, affirm as follows:

1. I am an associate attorney with Joseph & Kirschenbaum LLP ("JK"), Plaintiffs' counsel in this action. I am familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23.

3. Attached hereto as **Exhibit 1** is a proposed Notice of this class action to the Class Members.

### FACTUAL BACKGROUND

4. On January 20, 2022, Plaintiff Nino Martinenko, a former server at Defendants' 212 Steakhouse restaurant in Manhattan, commenced this action alleging wage and hour claims against Defendants 212 Steakhouse, Inc. and its owner, Nikolay Volper, on a collective and class basis. Specifically, Plaintiff's complaint alleges that Defendants violated the New York Labor Law by (1) paying tipped employees pursuant to a tip credit without providing the notice required under New York law; (2) failing to pay tipped employees the

1

overtime or spread of hours premiums; and (3) failing to provide the wage notices and wage statements required under N.Y. Lab. L. § 195.

5. On April 4, 2022, Plaintiff Martinenko moved for conditional collective certification of her FLSA claim. Following the Court's grant of Plaintiff's motion for conditional collective certification of the FLSA claim in this action, on May 3, 2022, Defendants produced a list of 24 front of house employees who were potential opt-in plaintiffs (the "Collective List"), and Plaintiff duly disseminated the Court-approved notice on May 10, 2022. A true and correct copy of the Collective List, with contact information redactions, is attached hereto as **Exhibit 2.**

6. One individual, Dagmara Huk, subsequently joined this action as an Opt-In Plaintiff.

7. On October 6, 2022, Plaintiff deposed Defendant Nikolay Volper, who was designated as the corporate representative of Defendant 212 Steakhouse, Inc. pursuant to Fed. R. Civ. P. 30(b)(6). Attached hereto as **Exhibit 3** are true and correct copies of relevant excerpts from the transcript of that deposition.

8. Defendants are scheduled to depose both Plaintiffs on December 20, 2022.

9. On July 22, 2022, the Court held a conference on the discovery issues raised by Plaintiff in her July 18, 2022 status report. A true and correct copy of the transcript of the July 22, 2022 conference is attached hereto as **Exhibit 4.**

10. At the conference, the Court ordered Defendants to produce various categories of documents and information by August 5 and August 19, 2022. As is most relevant to this motion, the Court ordered Defendants to (1) identify all putative class members, defined as all of the Restaurant's non-exempt employees who worked on or after January 20, 2016;

(2) produce all putative class members' time and pay records, including wage statements; and (3) produce all tip records.

11. As described below, Defendants did not fully comply with the discovery order issued at the July 22, 2022 conference. Accordingly, on November 1, 2022, Plaintiff filed a motion for sanctions under Fed. R. Civ. P. 37 (the "Sanctions Motion").

12. Subsequent to Plaintiff's filing the Sanctions Motion, Defendants have not produced any additional documents or information.

13. The class list Defendants were required to produce was much broader than the collective list Defendants produced on May 3, 2022, as it included two categories of people not included in the collective list: (1) tipped employees who worked for Defendants between January 20, 2016 and January 20, 2019 and (2) back of house employees who worked at any time during the liability period.

14. On August 19, 2022, Defendants produced a purported list of all non-exempt employees for the 212 Steakhouse restaurant from January 20, 2016 to the time of trial (the "Class List"), with the names replaced by numeric identifiers. There are 32 individuals included in this list. A true and correct copy of the Class List is attached hereto as **Exhibit 5**. **Exhibit 5** was marked as Exhibit 20 at the October 6, 2022 deposition of the corporate representative of Defendant 212 Steakhouse, Inc. To this day, Defendants have not supplemented this Class List.

15. Even though Defendants were required to include in the class list employees who worked in the three years not covered by the collective list (January 20, 2016 to January 19, 2019), the only tipped employees included in the class list are the individuals already identified

on the collective list, which is evident by comparing the dates of employment and positions of the individuals on both lists (*i.e.*, comparing Exhibits 2 and 5).

16. Due to Defendants failure to produce a complete and accurate list of putative class members, the Sanctions Motion seeks a factual finding that numerosity is satisfied.

17. Defendants have not produced any absent class members' pay records or wage statements. The only pay records that have been produced for absent class members – seemingly incidentally – are images of cashed checks that are included in the Restaurant's bank statements for the period from November 2020 to December 2021.

18. The only time records Defendants have produced in this case are (1) the Named and Opt-In Plaintiffs' time records and (2) time records for two individuals who previously sued Defendants for wage and hour violations.

19. Due to Defendants' failure to produce putative class members' time and pay records, the Sanctions Motion seeks factual findings that (1) for tipped employees who clocked in and out in the restaurant's point of sale system, Defendants paid them the tip credit minimum wage for their clocked in hours; (2) Defendants paid putative class members their regular rate for overtime hours; and (3) Defendants did not pay putative class member a spread of hours premium when their workdays lasted longer than 10 hours.

20. Defendants have produced wage statements from 2020 and/or 2021 for the Named and Opt-In Plaintiffs. True and correct copies of some of these wage statements, with Plaintiffs' addresses and last four digits of social security numbers redacted, are attached hereto as **Exhibit 6**.

21. The time records Defendants produced for the Named Plaintiff go back to 2016. True and correct copies of some of the Named and Opt-In Plaintiffs' time records are attached hereto as **Exhibit 7**.

22. A comparison of the Plaintiffs' time records to their wage statements shows that Defendants did not pay them spread of hours compensation when their workdays lasted longer than 10 hours. (*Compare*, *e.g.*, Ex. 7 at D1212 (Oct. 3, 2010) *with* Ex. 6 at D885, Ex. 7 at D1248 (May 7, 2021) *with* Ex. 6 at D937, Ex. 7 at D1249 (Sept. 23 and 30, 2021 and Oct. 5, 7, and 14, 2021) *with* Ex. 6 at D947-50, Ex. 7 D1250 (Oct. 19 and 28, 2021, Nov. 2, 9, 11, 16, 18, 23, and 30, 2021, and Dec. 1, 7, 2021) *with* Ex. 6 at D951-58.)

23. Defendants have not produced all of 212 Steakhouse's tip sheets from the liability period (January 20, 2016 to the time of trial). Instead, they have produced just 127 daily tip sheets from the period January 4, 2021 to July 3, 2021.

24. Defendants have not produced a single wage notice for Plaintiffs or any putative class member.

25. Attached hereto as **Exhibit 8** is a true and correct copy of Defendants' Responses and Objections to Plaintiff's First Request for the Production of Documents.

26. The only reason for delay in making this class certification motion is Defendants' lack of cooperation in discovery and violations of the Court's orders, which have delayed or prevented Plaintiffs from obtaining the information needed to so move.

## PLAINTIFF'S COUNSEL

27. JK is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters.

28. D. Maimon Kirschenbaum manages the firm.

29. Since graduating from Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at JK. As a result of his accomplishments representing food service workers throughout New York City, detailed below, he became member/partner of the firm in May of 2007.

30. Denise Schulman received her J.D. from New York University School of Law in 2008 and joined JK in January 2009. She was an associate until February 2017, when she became a partner.

31. Throughout her tenure at JK, Ms. Schulman has almost exclusively represented employees with wage and hour and discrimination/retaliation claims, on both an individual and class basis.

32. I graduated from Vermont Law School in 2014 and joined JK as an associate in 2020.

33. Prior to joining JK, I clerked on the United States Court of Appeals for the Second Circuit and litigated environmental law cases as an associate attorney for Super Law Group.

34. Since joining JK, I have exclusively represented employees with wage and hour, discrimination, and retaliation claims.

35. Mr. Kirschenbaum, Ms. Schulman, and JK have been approved numerous times as lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in wage and hour actions against restaurants in federal and state courts. *E.g.*, *Lomeli v. Falkirk Mgmt. Corp.*, Index No. 1580-2016 (N.Y. Sup. Ct. Orange County Oct. 22, 2021) (attached hereto as **Exhibit 9**); *Murphy v. Lajaunie*, No. 13 CV 6503, 2015 U.S. Dist. LEXIS 97531, 2015 WL 4528140 (S.D.N.Y. July 24, 2015); *Spicer v. Pier Sixty LLC*, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012) (granting final approval of settlement in wage and hour class action.); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, 2012 U.S.

Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011) (affirming district court's certification of Rule 23 class of restaurant servers with JK as class counsel); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (granting final approval of settlement in wage and hour class action brought against a restaurant where JK was co-class counsel); *Spicer v. Pier Sixty LLC*, 2010 U.S. Dist. LEXIS 76782 (S.D.N.Y. July 26, 2010) (granting Fed. R. Civ. P. 23 class certification and conditional collective certification pursuant to the FLSA and appointing JK class counsel); *Kato v. Masa NY*, Index No. 09-104578 (S. Ct., N.Y. County Jan. 28, 2010) (certifying class and appointing JK class counsel); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009) (conditionally certifying FLSA collective action); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008) (conditionally certifying FLSA collective action); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007) (conditionally certifying FLSA collective action).

36. Several of these cases have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically. *See*, *e.g.*, *Shahriar*, 659 F.3d 234 (affirming class certification and holding that in FLSA actions pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class basis under Fed. R. Civ. P. 23); *Spicer*, 249 F.R.D. 321 (holding that the New York Court of Appeals' decision in *Samiento v.*

7

*World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim).

37. As a result of these lawsuits, we have recovered over $40 million for thousands of New York food service workers. Some of these have been the largest settlements of their kind in New York City. *E.g.*, *Capsolas*, 2012 U.S. Dist. LEXIS 144651 (granting final approval of $5,250,000 settlement); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012) (granting final approval of $8.5 million settlement); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 0520, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012) (granting final approval of $4,750,000 settlement); *Alderman v. 21 Club Inc.*, No. 09 Civ. 2418 (S.D.N.Y. Jan. 27, 2012) (granting final approval of $2,000,000 settlement); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (granting final approval of $1,975,000 settlement); *Braunstein v. Hudson Hall LLC*, No. 19 Civ. 7983 (S.D.N.Y. May 14, 2021) (approving $950,000 settlement); *Ahad v. BLT Steak LLC*, No. 08 Civ. 5528 (S.D.N.Y. Aug. 13, 2010) (approving $925,000 settlement); *Brinker v. Planet Hollywood N.Y., L.P.*, No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613 (S.D.N.Y. Aug. 13, 2009) (granting final approval of $900,000 settlement); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of $2,500,000 settlement).

38. Our work has attracted significant media attention and contributed greatly to a city-wide movement on behalf of food service employees.

39. Our law firm is willing and able to commit the necessary resources to represent the class in this case.

40. Attached hereto as **Exhibit 10** is a true and correct copy of the scheduling order in *Mogollan v. La Abundancia Bakery & Rest., Inc.*, No. 18 CV 3202, 2020 U.S. Dist. LEXIS 183436 (S.D.N.Y. Sept. 30, 2020).

Dated: New York, New York
December 8, 2022                                By: /s/ Michael DiGiulio
                                                Michael DiGiulio