# Exhibit 9

NYSCEF DOC. NO. 146 RECEIVED NYSCEF: 10/22/2021

At a term of the IAS Part of the Supreme Court of the State of New York
held in and for the Country of Orange, at 285 Main Street,
Goshen, New York 10924 on the 13th day of October, 2021.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------------x
JODIE LOMELI, on behalf of herself and all others
similarly situated,

                 Plaintiff,

       -against-

FALKIRK MANAGEMENT CORP., FALKIRK ESTATE
AND COUNTRY CLUB INC., WAYNE CORTS AND
CARLA CORTS,

               Defendants.
-------------------------------------------------------------------------x

**DECISION & ORDER**
Index No. EF001580/2016
Mot. Seq. 6, 7, 8, 9
Mot. Date: 5/25/2021

Plaintiff Jodi Lomeli moves for an order:

(i)   Granting class certification of this action pursuant to Article 9 of the CPLR;

(ii)  Appointing plaintiff Jodie Lomeli as class representative of both classes;

(iii)  Appointing the law firm of Joseph & Kirschenbaum LLP as class counsel;

(iv)  Authorizing notice of the class to be sent to the Class pursuant to CPLR §904; and

(v)   Requiring defendants to produce a list of each class member's name, dates of

employment, last known address and last known telephone number.

Defendants cross-move pursuant to CPLR 3211(a)(7) to dismiss plaintiff's first claim for

relief in the First Amended Complaint alleging violations of New York Labor Law §196-d on

federal preemption grounds.

The following papers were read:

Notice of Motion - Affirmation of Denise A. Schulman, Esq. -       1 - 5

Annexed Exhibits - Affidavit of Jodi Lomeli - Memorandum of Law

Notice of Cross-Motion - David Darwin, Esq.'s Affirmation in      6 - 10
Opposition - Annexed Exhibits - Supporting Affidavits with
accompanying exhibits - Memorandums of Law

Reply Affirmation of Denise A. Schulman, Esq. -                   11 - 15
Annexed Exhibits - Supporting Affidavits and Annexed
Exhibits

Defendants' Sur-Reply has not been considered by this Court pursuant to our Part Rule 6 subdivision E which states specifically that no sur-reply will be accepted or considered by the Court. That being said, plaintiff's motion striking defendants' sur-reply (Mot. Seq. #8) and defendants' cross-motion granting them leave to file a sur-reply (Mot. Seq. #9) are denied as moot.

Plaintiff was formerly employed as a banquet server by Falkirk Management Corp. to perform wait staff services at a catering facility known as Falkirk Estate and Country Club (hereinafter the County Club). The plaintiff commenced this putative class action suit against the defendants seeking, inter alia to recover unpaid wages. The complaint alleges, in sum, that the defendants violated Labor Law §196-d by failing to properly remit to banquet servers and other wait staff, including the plaintiff, the service charges and gratuities collected by the defendants on contracts for catered events held at the Country Club.

CPLR §901 provides as follows: "One or more members of a class may sue or be sued as representative parties on behalf of all if:

1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members;

Page 2 of 7

3.  the claims or defenses of parties are typical of the claims or defenses of the class;
4.  the representative parties will fairly and adequately protect the interests of the class; and
5.  a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

In addition, CPLR §902 states that an "action may be maintained as a class action only if the court finds that the prerequisites under §901 have been satisfied.  Among the matters which the court shall consider in determining whether the action may proceed as a class action are:

1.  the interest of members of the class in individually controlling the prosecution or defense of separate actions;
2.  the impracticability or inefficiency of prosecuting or defending separate actions;
3.  the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
4.  the desirability or undesirability of concentrating the litigation of the claim in the particular forum;
5.  the difficulties likely to be encountered in the management of a class action."

It is well settled that "CPLR article 9, which authorizes and sets forth the criteria to be considered in granting class action certification, is to be liberally construed" (*Dowd v. Alliance Mortg. Co.*, 74 AD3d 867, 869 [2nd Dept., 2010] quoting *Beller v. William Penn Life Ins. Co. of N.Y.*, 37 AD3d 747, 748 [2d Dept 2007] and citing *Globe Surgical Supply v. GEICO Ins. Co.*, 59 AD3d 129, 135 [2d Dept 2008]; *Tosner v. Town of Hempstead*, 12 AD3d 589 [2d Dept 2004]). Further, "'[t]he determination to grant class action certification rests in the sound discretion of the trial court'" (*Dowd v. Alliance Mortg. Co.*, 74 AD3d 867, 869 [2nd Dept., 2010] quoting *Globe Surgical Supply v. GEICO Ins. Co.*, 59 AD3d at 137 and citing *Small v. Lorillard Tobacco Co.*, 94 NY2d 43, 52 [1999]; *Emilio v. Robison Oil Corp.*, 63 AD3d 667, 667-668 [2d Dept 2009]).

A review of the submitted papers reveals that the plaintiff has satisfied the prerequisites

Page 3 of  7

Case 1:22-cv-00518-JLR-RWL   Document 72-9   Filed 12/09/22   Page 5 of 8

to a class action set forth in CPLR §901.  "Members of the class appear to number in the [hundreds].  The members share common questions of fact or law regarding the defendants' alleged [retention of class members' tips and failing to pay class members New York's spread of hours premium when their workdays spanned more than 10 hours].  The claims of the representative are typical of those of the class.  The representative has demonstrated that [s]he can fairly and adequately protect the interests of the class.  Finally, the class action procedure appears to be superior to other potential available methods of adjudicating the controversy" *(Emilio v. Robison Oil Corp*., 63 AD3d 667, 668 [2nd Dept., 2009]).  In addition, upon considering the factors set forth in CPLR §902, this Court finds that allowing the action to proceed as a class action is appropriate (see *Dowd v. Alliance Mortg. Co.*, 74 AD3d 867 [2nd Dept., 2010]; *Globe Surgical Supply v. GEICO Ins. Co.*, 59 AD3d at 137-138; *Ackerman v. Price Waterhouse*, 252 AD2d 179, 191 [1st Dept 1998]; *Dougherty v. North Fork Bank*, 301 AD2d 491 [2d Dept 2003]; *Negrin v. Norwest Mtge.*, 263 AD2d 39 [2d Dept 1999]).

Plaintiff alleges that defendants violated Labor Law § 196–d by imposing a mandatory service charge on contracts for catered events without "disclaiming" that the charge was a gratuity, thereby leading a reasonable customer to believe that the service charge was a gratuity, and by failing to distribute the service charge to the plaintiff and other wait staff.  In their motion to dismiss, defendants argue that the federal Fair Labor Standards Act's ("FLSA") definition of a 'tip' applies to §196-d and because the FLSA excludes mandatory service charges from its definition of a tip, plaintiff's claim must fail.  Defendants' contentions are completely without merit and inaccurate.  Defendants have not offered a single case in which a court applied the FLSA's definition of a tip to a §196-d claim.  In fact the cases they do cite support just the

Page 4 of  7

opposite, confirming that NYLL takes a different approach as to whether a surcharge to the customer constitutes a gratuity - that a charge which was not a gratuity under the FLSA in fact was a gratuity under .§196-d (*see Maldonado v BTB Events & Celebrations, Inc.*, 990 F.Supp.2d 382 [S.D.N.Y. 2013]). Further, defendants do not cite one case in which a court found that the FLSA preempted a state wage and hour law. In fact, it is well-established that FLSA's savings clause "demonstrates Congress' intent to allow state wage laws to co-exist with FLSA by permitting explicitly, for example, states to mandate greater overtime benefits that the FLSA." (*Shahriar v Smith & Wollensky Rest. Group Inc.*, 659 F.3d 234, 248 [2d Cir. 2011]).

Defendants' further contend that if a class is certified, the class period for the §196-d claim should end on January 1, 2014. In considering a motion pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2d Dept. 2010]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; *Sokol v Leader*, 74 AD3d at 1181). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Consideration of such evidentiary materials will almost never warrant dismissal

Page 5 of 7

under CPLR 3211 (a) (7) unless the materials establish conclusively that the plaintiffs have no cause of action (*see Henn v City of New York,* 164 AD3d 766, 767 [2d Dept 2018]; *Hendrickson v Philbor Motors, Inc*., 102 AD3d 251, 258 [2d Dept 2012]; *Torres v City of New York*, 153 AD3d 647, 648 [2d Dept 2017]).  Here, viewing the evidence in the light most favorable to the plaintiff, the materials submitted by the defendants did not conclusively establish a defense to the §196-d claims after January 1, 2014 as a matter of law (*see Belling v. City of Long Beach*, 168 A.D.3d at 902, 92 N.Y.S.3d 387).

The Court will not rule on the sufficiency of plaintiff's proposed notice at this time. Defendants aver that they "object to several aspects of plaintiff's counsel's notice" but do not state their objections.  They merely request the opportunity to do so if the court grants class certification of this action.  The parties are directed to meet and confer to reach an agreement on the language to be included in the notice.  The parties are urged to utilize the most cost effective manner of service.

Accordingly, it is hereby

**ORDERED** that plaintiff's motion is granted except the court does not, at this time, authorize the proposed notice to be sent to the Class pursuant to CPLR §904; and it is further

**ORDERED** that the motion by defendants dismissing the complaint is denied; and it is further

**ORDERED** that a virtual conference will be held on February 9, 2022 at 3:00 P.M. at which time the parties shall report the outcome of the meet and confer directed herein.

The foregoing constitutes the Decision and Order of this Court.

Dated:   October 13th, 2021
         Goshen, New York

_____
HON. MARIA S. VAZQUEZ-DOLES, J.S.C.

TO: Counsel of Record via NYSCEF