UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NINO MARTINENKO, on behalf of herself and
others similarly situated,

                       Plaintiff,

      v.

                                           Civil Action No.: 1:22-cv-0518

212 STEAKHOUSE, INC. and NIKOLAY
VOLPER,

                      Defendant.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION

## FOR CLASS CERTIFICATION

Mitchell S. Segal, Esq.
Law Offices of Mitchell S. Segal, P.C.
1129 Northern Boulevard, Suite 404
Manhasset, New York 11030
Ph: (516) 415-0100
Fx: (516) 706-6631
*Attorney for Defendants*

## TABLE OF AUTHORITIES
### CASES

Ackerman v Price Waterhouse, 252 AD2d 179 (1998)……………………………………..……..6
.
Brandon v Chefetz, 121 Misc2d 54 (1983), app den 106 AD2d 162 (1985)………………..……...…...7

Chimenti v American Express Company, 97 AD2d 351 (1983)……………….……..………...7

Geiger v Am. Tobacco Co., 252 A.D. 474 (1998)……………………………….…….…..…..6

Hartford Sales Practices Litigation v ITT Hartford Life and Annuity Insurance Co., 192 FRD 592 (1999)……………………………………………………………………………………...........6

Johnson v. Nextel Commc'ns Inc., 780 F.3d 128, 137 (2d Cir. 2015)……………………….…..…8

Rallis v City of New York, 3 AD3d 525, 526 [2004]……………………………….………....7

Rife v Barnes Firm, P.C., 48 AD3d 1228, 1229 [2008], lv dismissed and denied 10 NY3d 910 [2008]...…7

Van West v Midland National Life Insurance Co., 199 FRD 448 (2001)……………….….……….6

Walker v World Tire Corporation, 563 F2d 918 (1977)…………………………….....………......5

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011)………………………………..…..…8

Zehnder v Ginsburg &Ginsburg Architects, 254 AD2d 284 (1998)……………………..…..……….6

### FEDERAL STATUTES

F.R.C.P.§ 23……………………………………………………………..……………………3,8

Defendants, 212 STEAKHOUSE, INC. and NIKOLAY VOLPER, (individually a "Defendant" and collectively referred to herein as "Defendants"), through their undersigned attorney, respectfully submit this Memorandum of Law in Opposition to "Plaintiff's Motion For Class Certification.

**PRELIMINARY STATEMENT**

Plaintiffs Class Certification Motion under the Federal Rules of Civil Procedure (F.R.C.P.§ 23) is legally deficient and, even under the most lenient factual showing standard does not sufficiently support the allegations contained in Plaintiffs' complaint and/or their motion, papers and declarations. The class action complaint (the "Complaint") asserts claims against Defendants for alleged unpaid minimum wages, unpaid overtime compensation, failure to pay a spread of hours premium as well as statutory penalties and liquidated damages pursuant to the New York Labor Law ("NYLL").  Plaintiffs' purport to bring the aforementioned causes of action on behalf of themselves and other similarly situated individuals.

Plaintiffs' Class Certification Motion seeks approval from the Court to certify a class action on behalf of all tipped (servers, runners, bussers, and bartenders) employees that worked at the Defendants restaurant, 212 Steakhouse, from January 20, 2016 to the present ("Alleged Class Members").

Yet, in support of their Class Certification Motion seeking Court approval to invite a multitude of Plaintiffs with totally different job functions, pay scales, tipped employees and different employees with varied skills, the Plaintiffs', who are a server and bartender respectively.  Nino Martinenko worked for the Defendants during the applicable period in

3

question from approximately January 2016 until sometime in 2018 and then for a couple of months in 2021 and Dagmara Huk worked for approximately 12 months. The Plaintiffs' provided Declarations of Michael DeJulio, Esq., Doc. # 72, which seems to focus on the prior erroneous sanction motion filed which has nothing to do with the current motion, a Declaration by Nino Martinenko Doc # 73 and Dagmara Huk Doc # 74, both of which are completely barren of facts of conversations they had with other employees, what the other employees hours were, how they were underpaid and no factual content to create a class. As such the Declarations filed are all barren as to how the claims or defenses of the representative parties are typical of the claims or defenses of the class nor what questions of law or fact predominate over any questions affecting individual members.

Neither the Declarations nor Memorandum of Law provides any declarations naming employees, descriptions as to their job function, their schedule and hours worked, the date, time and place of the conversations the Plaintiffs had with them nor any information about the explicit conversations they had. This lawsuit represents complete abuse of the labor statutes and this Court. The Declarations are completely devoid of any facts regarding personal knowledge of alleged similarly-situated persons.

Plaintiffs' Conditional Certification Motion should be denied because the Plaintiffs have failed to demonstrate that the proposed members of the Class were subject to any common policy or plan that violated the NYLL. Even assuming *arguendo* the proposed Class was subject to an underpaid minimum wage, overtime policy or plan, which they were not, the Plaintiffs have not alleged sufficient facts to support certification of the requested group. In its Class Action pleading of the Complaint, the Plaintiff only mentions herself as the non-exempt employee and there is no mention of any other employee other than boilerplate provisions as to

a so called class.

## BACKGROUND

**I.     A.     <u>The Defendants And Their Organizational Structure.</u>**

Defendants have well-established policies regarding lawful wage and hour practices, and addressing general employee behavior and conduct applicable to the Defendant's restaurant. Defendants' commitment to wage-hour compliance is embodied in its operations, tip policy, time recording policy and overtime policy.

**B.     <u>Plaintiffs' Allegations</u>.**

Plaintiff alleges that she was not paid full minimum wage and overtime hour wages in accordance with the Federal and New York Labor Law.

Before a court can determine whether an action should proceed as a class action, a court must have before it sufficient material to determine the nature of allegations and rule on the compliance with the requirements of the class certification. (*See <u>Walker v World Tire Corporation</u>*, 563 F2d 918 (1977).

On the record herein, there has been no attempt made to ascertain how many persons comprise the class. Plaintiff presents conclusory assertions that there are currently many persons allegedly hurt by the Defendants practices. This conclusory assertion, however, is insufficient to demonstrate that common questions of law or fact predominate and that the claims of plaintiff are typical of a "class".

A party seeking class certification under state rules must show that questions of law or fact common to the members of the class predominate over any questions affecting only individual

members and the predominance requirement is more demanding than the commonality requirement. Predominance will be found where generalized evidence may prove or disprove the elements of a claim since such proof obviates the need to examine the elements individually. *Hartford Sales Practices Litigation v ITT Hartford Life and Annuity Insurance Co.,* 192 FRD 592 (1999). Where questions of law and fact which concern the plaintiff alone predominate over those questions of law and fact which are common to the class, class action certification will not be granted. *Zehnder v Ginsburg &Ginsburg Architects,* 254 AD2d 284 (1998).

Plaintiffs must show that their claims and allegations against the Defendants were typical of those of the other purported class members. *Van West v Midland National Life Insurance Co.,* 199 FRD 448 (2001). They have not done so in the instant matter.

Here, there is no showing that the Defendants labor practices were uniform. There is no factual content in the Plaintiffs' Class Action Complaint, nor in the Declarations of the Plaintiffs Nino Martinenko and Dagmara Huk nor in the Memorandum of Law or the Declaration of Plaintiff's counsel that there is any common policy amongst a potential class. The Plaintiffs' must show that their fellow employees were subjected to the same labor practices of the Defendants. Here the Plaintiffs have not met their burden.

A motion for class certification which is predicated on general conclusory allegations should be denied. *Geiger v Am. Tobacco Co.,* 252 A.D. 474 (1998). This is what plaintiff is currently offering and it is not sufficient for class certification.

As noted previously, a plaintiff has the burden of showing that the statutory criteria for class certification are met *Geiger v Am. Tobacco Co., supra*, and such a determination is vested in the sound discretion of the trial court. *Ackerman v Price Waterhouse,* 252 AD2d 179 (1998).

Plaintiff must establish that each of the prerequisites and factors have been satisfied not by the mere repetition of the rule but with a sufficient factual basis to meet the rule's requirements. See <u>Brandon v Chefetz,</u> 121 Misc2d 54 (1983), app den 106 AD2d 162 (1985). Neither allegations set forth in pleadings nor an affidavit of plaintiff's counsel containing conclusory allegations that requisites were met are sufficient. See <u>Chimenti v American Express Company,</u> 97 AD2d 351 (1983).

At present, Plaintiffs have not met their burden; a determination on class action status should be deferred pending discovery.

On a motion for class action certification, plaintiff must establish that "the class is so numerous that joinder of all members is impracticable, common questions of law or fact predominate over questions affecting only individual member, the claims or defenses of the representative parties are typical of the class as a whole, the representative parties will fairly and adequately protect the interests of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy'. *Rife v Barnes Firm, P.C.*, 48 AD3d 1228, 1229 [2008], *lv dismissed and denied* 10 NY3d 910 [2008]; *see* CPLR 901 (a); *see also Rallis v City of New York*, 3 AD3d 525, 526 [2004].

Plaintiffs must also establish that the claims or defenses of the representative plaintiffs are typical of those of the entire class. Defendants contend that plaintiffs cannot meet this requirement. Nowhere in either the Complaint nor in the supporting declarations of the Plaintiffs are their concrete factual information as to any identifying characteristics of other proposed plaintiffs, other than some stolen payroll records and tip sheets for a couple of weeks which are attached as exhibits stating some names of employees with boilerplate rhetoric without schedules, hours worked, nor when or where any conversations took place.

7

## CLASS CERTIFICATION

### I. Legal Standard

To qualify for class certification, plaintiffs must demonstrate by a preponderance of the evidence that the requirements of Rule 23 have been met. *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015). Rule 23(a) imposes four prerequisites to certification: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a).

Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, the party seeking certification must demonstrate compliance with Rule 23.

In Wal-Mart, the court noted that commonality requires plaintiffs to demonstrate that they have "suffered the same injury," but that "[t]his does not mean merely that they have all suffered a violation of the same provision of law." Id. at 350. In Wal-Mart, the mere claim that employees of the same company had suffered an injury pursuant to Title VII did not mean that all of those claims could be "productively litigated at once." Id.

Most critically, the owners refute the Plaintiffs wage claims and allegations of company-wide unlawful policies and practices. The Defendants in their Answer deny that they have ever subjected any employee to any of the wage-hour violations alleged by Plaintiffs at their restaurant, that they properly compensated their employees for all hours of work at their restaurant, and that employees in their restaurant have not complained of any of the unlawful conduct alleged by Plaintiffs.

In light of the above, there is no basis to conclude that each member's claim arises from the same course of events, or arises from system-wide policies and practices that apply to all other members of the class.

## **CONCLUSION**

As set forth above, Plaintiffs motion is unsubstantiated by facts. Defendants respectfully request that the Court enter an Order denying Plaintiffs' motions for class certification, awarding Defendants the costs they have incurred in opposing the instant motion, and avoiding such other and further relief as the Court deems just and proper.

Dated:  Manhasset, New York
        December 23, 2022

                                                Respectfully Submitted,

                                              /s/ Mitchell Segal

                                              _____

                                              Mitchell Segal, Esq. MS4878
                                              Law Offices of Mitchell S. Segal, P.C.
                                              1129 Northern Boulevard, Suite 404
                                              Manhasset, New York 11030
                                              Ph:(516) 415-0100
                                              Fx: (516) 706-6631
                                              msegal@segallegal.com
                                              *Attorney for Defendants*