

Via ECF Filing
Hon. Magistrate Judge Robert Lehrburger					April 3, 2023
U.S. District Court – SDNY
500 Pearl Street
New York. New York 10007

*Martinenko et al. v. 212 Steakhouse, Inc. et al.*
*Case # 1:22-cv-00518-JLR-RWL*

Dear Magistrate Judge Robert Lehrburger:

    I represent the Defendants in the above-entitled action and request a pre-motion conference pursuant to your rules of Individual Practice In Civil Cases, Sections III (B) and (D) for a motion to disqualify and sanction the Plaintiffs' counsel from representing Plaintiffs for violations of the New York State Rules of Professional Conduct.

    This litigation was filed by the Plaintiff on January 20, 2022 for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL").  The Defendants filed an answer on March 28, 2022.  The Plaintiffs' moved to certify a collective action.  Defendants opposed the certification.  The Court granted certification of the Collective Action on April 26, 2022.  On May 10, 2022, Plaintiff's counsel sent out the Notice of Pendency of Lawsuit to the Collective Class.  While this was proper procedure, what occurred next on the same day was not.

    On the same day that the Notice of Pendency was sent out to the potential Collective Class, a Ms. Ruth Kirschenbaum, who is the manager of Joseph & Kirschenbaum LLP, the Plaintiffs' attorneys, and upon information and belief, the wife of D. Maimon Kirschenbaum, one of the two named partners of the firm, sent a text message to 9 employees of the potential collective class.  A copy of the text message is attached hereto as Exhibit A.  There might have been additional text messages to others which Defendants have not uncovered.  Affidavits of the individuals who received these text messages are attached hereto as Exhibit B.

    Additionally, during the deposition of Plaintiff Dagmara Huk on December 20, 2022, one of the current two Plaintiffs, I asked Ms. Huk how she found out about the lawsuit.  She replied "through my lawyer".  I then asked "Through your lawyer?"  She replied "Yes".  "I got contacted by my lawyer".  When questioned further her counsel objected and told Ms. Huk not to answer the question.  See page 19 of Dagmara Huk's deposition attached hereto as Exhibit C.

    Plaintiffs' counsel has actively engaged in unethical conduct and violated numerous ethic rules prohibiting against unethical communications, advertising, and solicitation.

    There is no statutory or common law deadline to file a motion to disqualify counsel. (*M.A.C. Duff, Inc. v. ASMAC, LLC,* 61 A.D.3d 828,830 [2nd Dept. 2009].  Consequently, Defendants motion is timely.  Disqualification motions are "subjected to a high standard of proof".  *Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F. 2d 253, 281 (S.D.N.Y. 2011).  In deciding disqualification motions, a court balances a client's right to freely choose counsel against the need to maintain the highest standards of the profession. *Id* at 281.

Although motions for disqualification "are committed to the sound discretion of the district court" (*Purges v. Sharrock,* 33 F.3d 134, 144 (2d Cir. 1994) it is the Courts duty to safeguard the integrity of the judicial system and preserve the ethical standards of the profession when considering disqualification of counsel. *Matter of Abrams*, 62 N.Y. 2d 183, 197 [1984].

Violation of New York Rule of Professional Conduct 7.3
Rules of Professional Conduct Rule 7.3 states: "(a) A lawyer shall not engage in solicitation:

(1) by in-person or telephone contact, or by real time or interactive computer-accessed communication unless the recipient is a close friend, relative, former client, or existing client; or by any communication if (i) the communication or contact violates Rule 4.5, Rule 7.1(a), or paragraph e of this rule; or
(2) by any form of communication if; (i) the communication or contact violates Rule 4.5, Rule 7.1(a) or paragraph (e) of this rule; ……………..

(b) For purposes of this Rule, "solicitation" means any advertisement initiated by or on behalf of a lawyer or law firm that is directed to, or targeted at, a specific recipient or group of recipients, or their family members or legal representatives, the primary purpose of which is the retention of the lawyer or law firm, and a significant motive for which is pecuniary gain. It does not include a proposal or other writing prepared and delivered in response to a specific request.

The text message sent by the firm of Joseph & Kirschenbaum violates Rule 7.3. It is a clear solicitation. It was initiated by a law firm that was targeted at a group of recipients (potential collective class), the primary purpose of which is the retention of the law firm for its pecuniary gain. The recipients are not close friends, relatives, former clients or existing clients. What's clear is that Joseph & Kirschenbaum LLP didn't even wait to see if the Court ordered Notice of Pendency would be answered by these individuals but rather circumvented the Court process and violated the rules of ethic's for their own pecuniary gain. The telephone call to Dagmara Huk fits the same bill and violates the Rules of Professional Conduct.

Additionally Rule 7.3 (f) states "Any solicitation made in writing or by computer accessed communication and directed to a pre-determined recipient, if prompted by a specific occurrence involving or affecting a recipient, shall disclose how the lawyer obtained the identity of the recipient and learned of the recipient's potential legal need." A plain reading of the text message indicates that the requirement of Rule 7.3 (f) is not met. There is no mention of how Plaintiffs' attorneys obtained the identity of the recipients and learned of their potential needs.

Plaintiffs' attorneys feel that they are above the law and can circumvent the statutory and court ordered processes for their sole pecuniary gain. This should not be allowed and the Court should disqualify and sanction Joseph & Kirschenbaum LLP as Plaintiffs' attorney. When an officer of the court violates rules, it is an affront to the entire judicial system.

Rule 7.1 states "(a) A lawyer of firm shall not use or disseminate or participate in the use or dissemination of any advertisement that (1) contains statements or claims that are false, deceptive, or misleading; or (2) violates a Rule.

The text that Joseph & Kirschenbaum LLP sent out improperly contained misleading statements "If you worked as a server, runner, busser, or bartender at 212 Steakhouse at any time on or after January 20, 2019, you may be entitled to join a lawsuit claiming unpaid overtime wages. For additional information about the case, including how to join, please call the **employees' attorneys** at (212) 688-55640 or visit https://jhllp.com/files/212-steakhouse-216b-notice-for-mailing.pdf ."

First, nobody anointed Joseph & Kirschenbaum LLP "employees' attorneys", other than themselves. They represent one Plaintiff and snagged a second Plaintiff improperly in violation of the ethics rules. Additionally, the website link that is a copy of the court approved Notice of Pendency of Lawsuit is now an advertisement that this Court did not approve as a method of communication. As such it violates, once again,

another rule of the New York Professional Ethic Rules, Rule 7.1(f) which states that "Every advertisement other than those appearing in a radio, television or billboard advertisement, in a directory, newspaper, magazine or other periodical (and any websites related thereto), or made in person pursuant to Rule 7.3(a)(1), shall be labeled "Attorney Advertising" on the first page, or on the home page in the case of a website.  In the case of electronic mail, the subject line shall contain the notation "ATTORNEY ADVERTISING."

Both the text message and the landing page are barren of the terms "ATTORNEY ADVERTISING". Plaintiffs' attorneys violated a fourth rule of the promulgated New York Rules of Ethics, particularly Rule 7.1(h) which states that "All advertisements shall include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered."  This rule has also been violated.

Where Plaintiff's counsel, in writing and by voice message had sought to have defendant's employees join the pending lawsuit, took matters into their own hands and violated the ethical rules that apply in this district by soliciting potential plaintiffs by telephone, sanctions are warranted. *Shibetti v. Z Rest., Diner & Lounge, Inc.*, No. 18-cv-00856 (BMC), 2021 WL 1738315, at *2 (E.D.N.Y. May 3, 2021).

Even though the Court has already entered an order which granted conditional approval for a collective action and ordered the Plaintiff to proceed by mailing the Notice of Pendency to all potential employees of a collective class, Plaintiffs' counsel took it upon themselves to violate both that Court Order and the NY Rules of Professional Conduct by calling a potential Plaintiff and improperly text messaging all others.

New York Rules of Professional Conduct bar the solicitation of business in person or by telephone. See N.Y.R Prof Conduct 7.3(a)(1).  This rule tracks the ABA's Model Rule 7.3.  Here the call to Dagmara Huk and the telephone text messages to another 9 alleged potential employees of the collective class run afoul.  This type of erroneous conduct is inconsistent with the legal profession's ideal of the attorney client privilege and poses significant harm to the potential client. *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 454 (1978).  Telephone solicitation is "rife with possibilities of overreaching, invasion of privacy, the exercise of undue influence and outright fraud*.  Zauderer v. Off. Of Disciplinary Couns. Of Supreme Court of Ohio,* 471 U.S. 626, 641 (1985).

Once the court grants conditional approval for a collective action, the court "takes the reins of the notice process" and sets all of the parameters of that process. *Ruggles v. Wellpoint, Inc*. 591 F. Supp 2d 150, 164 (N.D.N.Y. 2008).  The Rules of Professional Conduct do not carve out an exception for FLSA cases or collective actions.  "To bring order and efficiency to the notice process, the court controlled mechanism should trump any attorney driven notice…….. *id.*

The Court has the power to disqualify at attorney from its "inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream*, 409 F3d 127, 132 (2d Cir. 2005).

Plaintiffs' counsel took it upon themselves to completely ignore the Rules of Professional Conduct of our profession.  This behavior should not be condoned.  As such, Defendants respectfully request this Court to disqualify Plaintiffs' counsel or in the alternative for sanctions.

                                                   Respectfully submitted,
                                                   /S/ Mitchell Segal

                                               _____
                                                 Mitchell Segal
                                               Law Offices of Mitchell S. Segal, P.C.
                                               1129 Northern Boulevard, Ste 404
                                               Manhasset, New York 11030
                                               (Ph) (516)-415-0100
                                               Email – msegal@segallegal.com