# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

April 3, 2023

**VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Martinenko v. 212 Steakhouse, Inc.
       No. 22 CV 518

Dear Judge Lehrburger:

  We represent the Plaintiff in the above-referenced action. I write in response to Defendants' April 3, 2023 letter seeking a pre-motion conference for an anticipated motion to disqualify and sanction Plaintiffs' counsel. Defendants' anticipated motion is entirely frivolous, as Plaintiffs' counsel have not engaged in any improper communications, advertising or solicitation.

  Motions to disqualify opposing counsel are disfavored:

  Given that, as a rule, parties should have the right to counsel of their choice, and that disqualification in the midst of litigation can have a profoundly disruptive impact, a party's burden in seeking to disqualify opposing counsel is high, and the court tasked with resolving such a motion must proceed with care. The risk that a motion to disqualify is misused as a tactical device requires that such motions be subject to particularly strict scrutiny.

*Berkley Custom Ins. Managers v. N.Y. Risk Servs. Grp.*, No. 18 CV 09297, 2020 U.S. Dist. LEXIS 196600, at *5 (S.D.N.Y. Oct. 22, 2020) (internal citations and quotation marks omitted). The tactical nature of Defendants' letter – filed a day before a hearing on Plaintiffs' motion seeking sanctions against Defendants – is evident from its timing. Even worse, however, is that Defendants accuse Plaintiffs' counsel of engaging in improper solicitation based on Plaintiffs' counsel compliance with a Court order.

1

The Court's order granting Plaintiff's motion for conditional collective certification (attached hereto as Ex. 1), explicitly granted Plaintiff's request to disseminate notice to potential opt-in plaintiffs via text message: "Plaintiff has made a sufficient showing for the Court to authorize notice by first-class mail, email, and text message." (Ex. 1 at 13.) Accordingly, Defendants' accusation that Plaintiffs' counsel violated the New York Rules of Professional Conduct by sending the text messages that the Court authorized them to send is completely groundless.

Nor does Opt-In Plaintiff Dagmara Huk's deposition testimony establish any ethical violations. Ms. Huk testified that she learned about this lawsuit by being contacted by counsel. She did not testify that counsel called her, and Defendants' counsel did not ask her the method by which she was contacted. In reality, counsel "contacted" Ms. Huk in the same way that it "contacted" all potential opt-in plaintiffs: by disseminating the Court-approved notice via mail and text message.

For the foregoing reasons, Defendants' motion should be denied. Should Defendants proceed with making a motion on notice, Plaintiff will seek costs in light of the frivolous nature of such a motion. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)