UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINO MARTINENKO, on behalf of herself and others similarly situated, et. al.,

                Plaintiffs,

-against-

212 STEAKHOUSE INC. and NIKOLAY VOLPER,

                Defendants.

1:22-cv-00518 (JLR) (RWL)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On January 20, 2022, Plaintiff Nino Martinenko ("Martinenko") commenced this action against Defendants 212 Steakhouse, Inc. and Nikolay Volper (together, "Defendants"). *See generally* ECF No. 1 ("Complaint"). The Complaint asserts violations of the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id*. On December 9, 2022, Plaintiff Martinenko and opt-in Plaintiff Dagmara Huk ("Huk" and, together with Martinenko, "Plaintiffs") moved for class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23 with respect to the NYLL claims. *See* ECF No. 70. Plaintiffs also seek appointment of Martinenko and Huk as class representatives, appointment of Plaintiffs' attorneys as class counsel, an order requiring Defendants to produce a class list, and authorization to mail a proposed class notice.

Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation on April 12, 2023 addressing Plaintiffs' motion for class certification (the "Class Certification Report"). *See* ECF No. 87. Also on April 12, 2023, Magistrate Judge Lehrburger issued a Report and Recommendation addressing Plaintiffs' motion for sanctions (the "Sanctions Report") (*see* ECF No. 88), which the Court adopts by separate order today. The Class Certification Report

recommends that the Court grant Plaintiffs' motion for class certification.  *See* Class Certification Report at 1, 23.  The Class Certification Report warns, in bold letters, that failure to timely object within 14 days would result in waiver of the right to object and preclude appellate review.  *Id*. at 23-24.  Neither party has filed any objections to the Class Certification Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition."  Rule 72(b)(2).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record.").  A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object."  *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Class Certification Report passed on April 26, 2023 and no party has filed any objection.  The Court has therefore reviewed the Class Certification Report for clear error.  *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436.  The Court finds that the Class Certification Report's reasoning is sound, grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the Class Certification Report in its entirety.  The Court GRANTS Plaintiffs' motion for class certification and HEREBY ORDERS that:

1) A class is certified and defined as follows: "all tipped employees – servers, runners, bussers, and bartenders – who worked for Defendants at any time on or after January 20, 2016 at 212 Steakhouse";

2) Plaintiffs Nino Martinenko and Dagmara Huk are appointed class representatives;

3) Joseph & Kirschenbaum LLP is appointed Class Counsel;

4) Defendants are required to produce a complete class list to the extent they are in possession, custody, or control of information to compile that list; and

5) The class notice presented as Exhibit 1 to the Declaration of Michael DiGiulio, filed December 9, 2022 at ECF No. 72 is approved and authorized to issue.

The lack of any timely objections, in light of the clear notice provided in the Class Certification Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to terminate ECF No. 70.

Dated: April 27, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge