UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINO MARTINENKO, on behalf of herself
and others similarly situated, et. al.,

                      Plaintiffs,

-against-

212 STEAKHOUSE INC. and NIKOLAY
VOLPER,

                      Defendants.

1:22-cv-00518 (JLR) (RWL)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On January 20, 2022, Plaintiff Nino Martinenko ("Plaintiff" or "Martinenko") commenced this action against Defendants 212 Steakhouse, Inc. ("212") and Nikolay Volper ("Volper" and, together with 212, "Defendants"). *See generally* ECF No. 1 ("Complaint"). The Complaint asserts violations of the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id*. On November 11, 2022, Plaintiff moved for sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37, asserting that Defendants and their counsel breached their discovery obligations in this case. ECF No. 61. Defendants filed a perfunctory seven-page opposition brief on November 15, 2022, and an unsigned and conclusory affidavit in support of their opposition. *See* ECF Nos. 65, 65-1. Plaintiff filed a reply brief on November 22, 2022. ECF No. 68. Magistrate Judge Robert W. Lehrburger held a sanctions hearing on April 4, 2023, and Defendant Volper testified under oath at the hearing.

      In his sanctions motion, Plaintiff seeks (1) factual findings directly related to documents and information allegedly withheld by Defendants in violation of the Court's orders; (2) a finding that Defendants are in contempt and imposition of a coercive fine until they produce outstanding records; (3) payment of a court reporter's fee incurred when Defendant 212 failed to

appear for its deposition on the first date for which it was noticed; and (4) payment of Plaintiff's attorney's fees incurred in connection with the instant motion and the subject discovery violations.  *See* ECF No. 62 at 1-2.

Magistrate Judge Lehrburger issued a Report and Recommendation on April 12, 2023 addressing Plaintiffs' motion for sanctions (the "Sanctions Report").  *See* ECF No. 88.  Magistrate Judge Lehrburger also issued a Report and Recommendation on April 12, 2023 addressing Plaintiffs' motion for class certification (the "Class Certification Report") (*see* ECF No. 87), which the Court adopts by separate order today.  The Sanctions Report recommends that the Court grant in part and deny in part Plaintiff's motion for sanctions.  *See* Sanctions Report at 2, 35-37.  The Sanctions Report warns, in bold letters, that failure to timely object within 14 days would result in waiver of the right to object and preclude appellate review.  *Id*. at 37.  Neither party has filed any objections to the Sanctions Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition."  Rule 72(b)(2).  Where no party timely files an objection, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record.").  A party's "failure to object timely to a report waives any further judicial review of the report" so long as

the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, Magistrate Judge Lehrburger issued the Sanctions Report on April 12, 2023 and the deadline to object passed on April 26, 2023. No party has filed any objection. Because there are no timely objections, the Court has reviewed the Sanctions Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court concludes that the thorough Sanctions Report correctly applies the law to the facts, and that it is not clearly erroneous.

Accordingly, the Court adopts the Sanctions Report in its entirety, and the Court GRANTS in part and DENIES in part Plaintiff's motion for sanctions as follows:

First, the Court deems established the following facts: (i) 212's gross annual revenue in 2021 and 2022 exceeded $500,000; (ii) Defendant Volper was the sole owner of 212 in 2021 and 2022; (iii) all front-of-house employees who clocked in and out on the restaurant's point-of-sale system were paid the applicable New York tip credit minimum wage for the hours for which they were clocked in; (iv) Defendants paid putative class members their regular rate for overtime hours (rather than time-and-a-half); and (v) Defendants did not pay putative class members a spread-of-hours premium.

Second, the Court finds Defendants in contempt for failing to comply with the Court's order requiring production of all tip sheets and time records for the putative class, and imposes coercive sanctions as follows: (i) Defendants are given **14 days from the date of this Order** to produce all tip sheets and time records for the putative class that are within Defendants' possession, custody or control, along with a sworn affidavit from Defendants attesting that Defendants have produced all such documents found after a reasonable search and explaining

what they have done to search for and collect them; (2) that, starting **15 days from the date of this Order**, to the extent that the contempt still has not been purged, coercive sanctions be imposed, payable to the Clerk of Court, at the rate of $100 per day of continued non-compliance until the contempt is purged; and (3) if Defendants still have not purged the contempt after a total of **30 days from the date of this Order**, the coercive sanctions increase to a daily amount of $250.

Third, the Court orders Defendants' attorney Mitchell Segal to pay Plaintiff for the $313 court reporter fee incurred when Defendant 212 failed to appear for its deposition on the first day for which it was noticed; and

Fourth, the Court orders Defendants to pay reasonable attorney's fees and costs in the amount of $28,805, which were incurred in connection with the instant motion and the subject discovery violations.

Additionally, Plaintiff's request to find numerosity established is denied as moot, and Plaintiff's motion is denied in all other respects.

The lack of any timely objections, in light of the clear notice provided in the Sanctions Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to terminate ECF No. 61.

Dated: April 27, 2023
      New York, New York

                                                      SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge