

jg@coburngreenbaum.com
Direct: 202.744.5003

August 18, 2023

**VIA ECF FILING**

Honorable Magistrate Judge Robert Lehrburger
United States District Court
  Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:    **Martinenko et al. v. 212 Steakhouse, Inc. et al.**
             **Case No.:  1:22-cv-00518-JLR-RWL**

Dear Judge Lehrburger:

      We now represent Defendants in the above-referenced action.  We request a pre motion conference regarding our contemplated Motion to Decertify the Rule 23 Class Action, as well as a Decertification and dismissal of the Wage Notice and Wage Statement claims.  The following is a summary of the contemplated motion.  We would also request leave to amend Defendants Answer to assert a counterclaim against named Plaintiff on an individual basis only.

      The court certified the class on April 12, 2023.  Thereafter, Plaintiff disseminated notice to the class, which triggered the individual class members ability to opt-out by notifying counsel for the class if they wished to be excluded from the lawsuit.  Counsel for Plaintiffs notified undersigned counsel of the opt-out's as of August 5, 2023 - - the final day for the class to mail in opt-out notices.  Defendant has received notice from Plaintiffs counsel that twelve (12) individuals have opted out of the class.  Defendant had requested on several occasions an update from Plaintiff as to the status of the mailings, and in particular how many undeliverable notices were returned by the Postal Service.  On Tuesday August 22nd, Plaintiffs counsel did inform us that there were six (6) undelivered mailings.[1]  Such information is important since

---

[1] In addition to these, there are individuals on the list that Defendant had no information on or addresses, and Defendant is not sure of their positions at the restaurant and if they should be included in the class. We also believe Plaintiff sent notice to two deceased individuals, one of which appears to have come back undelivered.

1710 Rhode Island Avenue, NW · 2nd Floor · Washington DC 20036
202.657.4490 · fax 866.561.9712 · coburngreenbaum.com

the numerosity of the class, with number of opt-outs, appears to be too small to meet the numerosity request. See *Zimmerman v. Portfolio Recovery Assoc., LLC* 2013 U.S. Dist. LEXIS 43744 (S.D.N.Y March 27, 2013) (The size of the class must be judged by the size of the class to whom the notices were sent reduced by the number of class members who affirmatively elected not to participate or whose notices were returned undelivered). We anticipate filing a motion to decertify the class based on the significant number of opt-out notices received and the undelivered mailings, as well as whether the overtime Class can proceed given that the remaining class members worked no or de-minimus overtime during the class period.

In addition, the Court certified a class with respect to Plaintiffs Wage Notice and Wage Statement Violations. Plaintiffs motion for class certification asserted that "Class Members are entitled the 'statutory damages' authorized under N.Y. Lab. Law § 198(1-b)." Pl. Memo for class cert. at 9. However, these claims cannot be recognized by a federal court. The wage notice and wage statement claims carry a monetary penalty per day and up to $5,000 per employee. As to the named Plaintiff, she lacks standing because the remedies she seeks - - statutory penalties - - are not injuries that can be recognized by a federal court. "Technical statutory violations that do not lead to either a tangible injury or something akin to a traditional cause of action" cannot sustain Article III standing in federal court. *Garrido v. House of Salads One LLC,* 2022 U.S. Dist. LEXIS 58496 (E.D.N.Y. March 30, 2022); *Francisco v. N.Y. Tea Care Inc.,* 2022 U.S. Dist. LEXIS 55633 (E.D.N.Y. March 28, 2022); *Wang v. XBB, Inc., 2022 U.S. Dist. LEXIS 57481(E.D.N.Y. March 29, 2022)* ("Although the evidence establishes that Defendants failed to provide Plaintiff with required notices under the NYLL, Plaintiff lacks standing to recover on those claims.").[2] Thus, neither Plaintiff's individual Wage Notice and Wage Statement claims can survive nor can the Wage Notice and Wage Statement Class be sustained.[3]

Defendant would also seek to amend its answer to include a Faithless Employee Doctrine counterclaim and/or defense (see e.g., *Yukos Cap. S.A.R.L. v. Feldman,* 977 F.3d 216, 229 (2nd Cr. 2020); *You Qing Wang,* supra 2022 U.S. Dist. LEXIS 57481, and for forfeiture of certain wages from the name Plaintiff, Martinenko. It appears that Defendant originally

---

[2] With respect to a class of employees subject to wage note and wage statement violation seeking the statutory penalties, such a class is not recognized under New York law. Section 901(b) of the New York Civil Practice Law and Rules prohibit class wide claims seeking statutory penalties. Thus, Plaintiff can only maintain an individual claim for a Wage Notice and Wage Statement claim in a New York Court on an individual basis.

[3] We note that neither party referenced the above-referenced cases in their Memoranda for or in opposition to class certification. The line of cases has been applied in subsequent Wage Notice and Wage Statement claims in this Court. See, e.g., *Sanchez v. Ms. Wine Shop, Inc.,* 2022 U.S. Dist. LEXIS 208268(E.D.N.Y. November 18, 2022) *Hwangbo v. Kimganae, Inc.,* 2023 U.S. Dist. LEXIS 55614 ( EDNY). Undersigned counsel for Defendants is new to the case and has only recently received the files from prior counsel. This is an issue of subject matter which can be raised at any time.

asserted a counter claim against Martinenko for negligence, but this appears to have been abandoned with the First Amended Answer.[4] It also appears that Defendant tried to illicit testimony on this issue at Plaintiff's deposition, but it was objected to, and Plaintiff was instructed not to answer. The particulars of this assertion would be that Martinenko knowingly came to work at the restaurant unvaccinated and with Covid in violation of New York law. As a result, the restaurant had to close for several days causing damages not only to the restaurant, but to the employees, including class members. Plaintiff has been aware that this has been an issue and, as such, it would not be prejudiced by raising it now.

Based on the foregoing, there are three issues we would address in a motion and/or a conference.

Respectfully submitted,

/s/
Jonathan W. Greenbaum
Natalie Nehls
COBURN & GREENBAUM, PLLC
Second Floor
1710 Rhode Island Avenue, NW
Washington, DC  20036
Telephone No.:  202.744.5003
Facsimile No.:  866.561.9712
Email:  jg@coburngreenbaum.com

cc:   All Counsel via ECF

---

[4] This defense has nothing to do with negligence and prior counsel's inclusion and subsequent withdrawal of a counterclaim and, thus, should not affect Defendant's ability to assert this contemplated counterclaim, which would seek forfeiture of pay for the affected period.

3