# Joseph & Kirschenbaum LLP
## Attorneys At Law

August 25, 2023

**VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    Martinenko v. 212 Steakhouse, Inc.
                 No. 22 CV 518

Dear Judge Lehrburger:

      We represent the Plaintiff in the above-referenced action. I write in response to Defendants' August 22, 2023 pre-motion letter. Defendants' anticipated motions, seemingly an attempt to delay Plaintiff's inevitable summary judgment motion, should be denied. The class is sufficiently numerous, the class members have standing to pursue their N.Y. Lab. L. § 195 claims, and Defendants' request to amend is both untimely and futile. Finally, Defendants should be required pay $13,500 in sanctions per the Court's April 28, 2023 sanctions Order.

      The class should not be decertified, as numerosity is satisfied. On June 5, 2023, Defendants provided a class list that provided the names, addresses, and positions of 35 individuals and the names only of seven individuals. Defendants separately identified two class members who are deceased.[1] The class list did not include the Named and Opt-In Plaintiffs, who are also class members. Defendants subsequently stated that one person on the class list was not employed in a covered position. After producing the class list, Defendants also identified one person on the list – whose name and address they provided – who they asserted never actually worked for Defendants. However, this person contends that she *did* work for Defendants. Thus, before notice was disseminated there were 45 identified class members.

      Defendants' suggestion that individuals whose notices were returned as undeliverable be excluded is plainly wrong, and the one authority Defendants cite for this proposition is not on point. *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 Civ. 4602, 2013 U.S. Dist. LEXIS 43744 (S.D.N.Y. Mar. 27, 2013), merely notes that there was no evidence that any class notices were returned as undeliverable but does not hold that class members whose notices are undeliverable are excluded. *Id*. at *12-13 n.10. Moreover, Rule 23 does not require that actual notice be provided to every class member. Rather, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Moukengeshcaie v. Eltman*, No. 14 CV 7539, 2019 U.S. Dist. LEXIS 182337, at *25 (E.D.N.Y. Oct. 15, 2019) ("Notice need not be perfect, but must be the best notice practicable under the

---

[1] New York Labor Law claims survive a plaintiff's or class member's death. *See, e.g.*, *Low v. Tian Yu Inc.*, No. 12 Civ. 7237, 2015 U.S. Dist. LEXIS 28823, at *5-6 (S.D.N.Y. Mar. 9, 2015).

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential Class Members."). Here, the notice requirement of Rule 23 was satisfied by mailing the notice to class members' last known addresses as provided by Defendants[2], and all class members except for those who timely opted out remain class members. After excluding opt outs, there are 33 class members. As this Court previously noted, classes of between 28 and 38 members often satisfy numerosity. Dkt. No. 87 at 12-13. As such, numerosity is satisfied, and the class should not be decertified.

Plaintiff is also concerned that Defendants may have improperly influenced class members to opt out of the class. It appears that every class member who is a current employee (eight individuals) opted out of the class, and they did so using a virtually identical form dated June 30, 2023, *see* Ex. 1 (addresses redacted), even though they were mailed on July 1, 10, 11, 12, 17, and 18. Seven current employees sent their opt outs in the same type of non-standard envelope via certified mail, return receipt requested, and five of those were sent from 212 Steakhouse's zip code of 10022.[3] *See* Ex. 2. Three of the four former employees who opted out previously provided affidavits in support of Defendants' motion to sanction Plaintiff's counsel, indicating that Defendants are in contact with them. If Defendants engaged in improper communications or other tactics, they should not be rewarded by decertifying the class.

Plaintiff and the class also have standing to pursue their N.Y. Lab. L. § 195 claims.[4] Several courts in this Circuit have held that allegations of "downstream injuries" resulting from N.Y. Lab. L. § 195(1), (3) violations are not necessary to establish standing. *E.g.*, *Bueno v. Buzinover*, No. 22 Civ. 2216, 2023 U.S. Dist. LEXIS 38154, at *5 (S.D.N.Y. Mar. 7, 2023); *Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22 CV 6136, 2023 U.S. Dist. LEXIS 124589, at *14, 16-17 (E.D.N.Y. July 18, 2023). Instead, the failure to provide the statutorily required notices and wage statements is "a concrete and particularized injury sufficient to confer standing[.]" *Bueno*, 2023 U.S. Dist. LEXIS 38154, at *5.

Moreover, Defendants' violations of N.Y. Lab. L. § 195 *did* cause class members "downstream injuries." Defendants' violations of N.Y. Lab. L. § 195(1), (3) actually caused class members to be underpaid, a quintessential "monetary harm" that confers standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Plaintiff alleges that Defendants violated N.Y. Lab. L. § 195(1) by failing to provide any wage notices to class members. Compl. ¶ 30. An employer may not use a tip credit unless it has provided written notice of the tip credit to an employee. 12 NYCRR §§ 146-1.3, 146-2.2; *e.g.*, *Chichinadze v. BG Bar, Inc.*, No. 18 Civ. 8069, 2021 U.S. Dist. LEXIS 23594, at *26 (S.D.N.Y. Feb. 8, 2021). A valid NYLL § 195(1) notice would have included notice of the tip credit. Because Defendants did not provide class members with wage notices, their payment to class members of the tip credit minimum wage was an underpayment.

---

[2] Plaintiff's counsel identified a few additional addresses through public records searches and mailed notices to those addresses as well.

[3] Samuel Garcia, who mailed an opt out from zip code 10022 on July 17, had previously mailed an opt out to class counsel via regular mail on July 11, 2023.

[4] Defendants' argument that Plaintiff may not recover penalties on a classwide basis under CPLR 901(b) is wrong; CPLR 901(b) does not apply in federal court. *Shady Grove Orthopedics, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).

# Joseph & Kirschenbaum LLP
## Attorneys At Law

When Defendants issued wage statements (paystubs) to class members, the wage statements did not identify overtime hours or the overtime rate, in violation of N.Y. Lab. L. § 195(3). Compl. ¶ 31; *see* Ex. 3. Instead, they reflected payment for all hours at the tip credit minimum wage. Ex. 3. Employees, including the Named Plaintiff, handwrote paychecks to class members based on the net amounts listed on each wage statement. Thus, because the wage statements did not comply with N.Y. Lab. L. § 195(3)'s requirement to identify the overtime pay rate, class members were underpaid for their overtime hours.

Finally, for part of the liability period, Defendants did not provide class members with any wage statements.[5] *See* Ex. 4 (highlighted portions). By failing to provide wage statements, Defendants prevented class members from knowing the number of hours they were being paid for and determining whether they were being underpaid. Ex. 5 (highlighted portions). This type of informational injury is also sufficient to establish standing. *E.g.*, *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022); *Almon v. Conduent Bus. Servs., LLC*, No. 19 CV 1075, 2022 U.S. Dist. LEXIS 55025, at *49-53 (W.D. Tex. Mar. 25, 2022).

Defendants should not be permitted to amend their answer to a new counterclaim. The case management plan set a deadline of May 6, 2022 to amend pleadings. Dkt. No. 26. To prevail on a motion to amend their answer, Defendants would have to establish first that good cause exists under Fed. R. Civ. P. 16 to modify the scheduling order and then that Fed. R. Civ. P. 15 is satisfied. *Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Defendants have not articulated any reason why good cause exists, and they have not acted diligently in seeking to amend. Accordingly, their motion fails under Rule 16. Even under Rule 15, the proposed amendment would be futile. Faithless servant claims are "'limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.'" *Ebel v. G/O Media, Inc.*, No. 20 Civ. 7483, 2021 U.S. Dist. LEXIS 96922, at *13 (S.D.N.Y. May 21, 2021). Defendants' allegation that Plaintiff came to work when she had Covid does not come close to meeting this standard. There is also no subject matter jurisdiction over the proposed counterclaim. There is no original jurisdiction because all parties are citizens of New York. 28 U.S.C. § 1332. There is no supplemental jurisdiction because it does not arise out of the same operative facts as Plaintiff's claims. *Thomas v. Eony LLC*, No. 13 CV8512, 2015 U.S. Dist. LEXIS 52290, at *13 (S.D.N.Y. April 21, 2015). In accordance with the Court's Individual Practices III.D., Defendants' motion to amend the answer should be deemed made and denied.

Finally, Plaintiff notes that Defendants did not come into full compliance with the Court's April 28, 2023 sanctions Order until July 13, 2023, when they provided the affidavit required under that Order. Dkt. No. 96. Pursuant to the Order, Defendants should be assessed a total coercive sanction of $13,500 ($150 per day from May 14 to 28 and $250 per day from May 29 to July 12). We thank the Court for its attention to this matter.

---

[5] The earliest paystub that Defendants have produced is from August 30, 2020.

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548

# Joseph & Kirschenbaum LLP
## Attorneys At Law

                                              Respectfully submitted,

                                              /s/ Denise A. Schulman
                                              Denise A. Schulman

cc: All counsel (via ECF)