JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

September 1, 2023

**VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **Martinenko v. 212 Steakhouse, Inc.**
              **No. 22 CV 518**

Dear Judge Lehrburger:

      We are class counsel in the above-referenced action. In accordance with Your Honor's Individual Practices, I submit this letter to respectfully request that the September 14, 2023 premotion conference also serve as a premotion conference for Plaintiff's anticipated summary judgment motion. As all material facts are undisputed, summary judgment is plainly appropriate.

      The complaint in this action alleges the following claims on behalf of a class of restaurant service workers: (1) unpaid overtime compensation under the FLSA and New York law; (2) unpaid minimum wage compensation under New York law based on Defendants' use of the tip credit; (3) unpaid spread of hours compensation; and (4) failure to provide the wage notices and wage statements required under N.Y. Lab. L. § 195. Plaintiff intends to seek summary judgment as to liability and damages on all claims with respect to all class members for whom Defendants have produced time records (the "Moving Class Members"). Defendants have produced time records for all class members except for one. Plaintiff will also seek summary judgment on Defendant Nikolay Volper's individual liability under the FLSA and New York law.

      Several facts have been deemed established in this action as a discovery sanction and are therefore undisputed. These include: (1) Defendants paid all class members who clocked in and out on the restaurant's POS system the New York tip credit minimum wage for their clocked in hours; (2) Defendants paid all class members their regular rate for overtime hours worked; and (3) Defendants did not pay class members a spread of hours premium. Dkt. No. 93 at 3. Facts (2) and (3) establish Defendants' liability on the overtime and spread of hours claims. Fact (1) – which establishes the Moving Class Members' pay rate – will enable a precise calculation of damages

for the overtime and spread of hours claims based on the time records Defendants produced, which reflect how much overtime and how many spread of hours shifts each Moving Class Member worked. Thus, the Moving Class Members are entitled to summary judgment on liability and damages.

The Moving Class Members are also entitled to full summary judgment on their New York minimum wage claim. Fact (1) above establishes that all Moving Class Members were paid the tip credit minimum wage. The undisputed facts show that this was unlawful. A restaurant employer may pay employees pursuant to a tip credit only if it provides adequate written notice of its intent to do so. 12 NYCRR §§ 146-1.3, 146-2.2; *see also*, *e.g.*, *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18 CV 7342, 2022 U.S. Dist. LEXIS 34090, at *23-27 (S.D.N.Y. Feb. 25, 2022). Defendants did not provide the required notice. The Named and Opt-In Plaintiff have testified that they never received a written wage notice, and Defendants admitted in their discovery responses that they do not have a single wage notice that they contend was provided to any Moving Class Member. Volper's vague and self-serving assertions at deposition that he provided a wage notice to some employees, possibly not until 2022, are utterly insufficient to establish that proper notice was provided. *Chang v. Louis Amsterdam, Inc.*, No. 19 CV 3056, 2022 U.S. Dist. LEXIS 177606, at *21-28 (E.D.N.Y. Sept. 29, 2022) (granting summary judgment on minimum wage claim to employee paid pursuant to a tip credit where defendants produced no written notices and finding that defendants' mere assertion that notice was provided is insufficient to establish entitlement to tip credit). Thus, Defendants' use of the tip credit was unlawful. As with the overtime and spread of hours claims, the Moving Class Members' time records will enable a calculation of damages on the minimum wage claim.

The Moving Class Members are also entitled to summary judgment ordering liquidated damages on their overtime, spread of hours, and minimum wage claims. Under the FLSA and NYLL, an employer will be liable for liquidated damages equal to the amount of unpaid wages unless it had a good faith belief that it was complying with the law. 29 U.S.C. §§ 216(b), 260; N.Y. Lab. L. § 663(a). "'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception." *Inclan v. N.Y. Hospitality Group, Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015). Defendants cannot satisfy this burden. Defendant Volper testified that he never consulted with anyone or sought advice as to whether the restaurant's pay practices complied with the law. Even after Defendants were sued by a front of house employee in 2018 for failure to pay overtime, spread of hours, and minimum wage compensation, Defendants did not correct their practices. Instead, they paid straight time for overtime, they paid the tip credit minimum wage without providing adequate notice, and they did not pay spread of hours compensation. Accordingly, the Moving Class Members are entitled to liquidated damages.

The Moving Class Members are entitled to summary judgment on their N.Y. Lab. L. § 195(1), (3) claims. N.Y. Lab. L. § 195(1), (3) require employers to provide certain wage notices and wage statements. As noted *supra*, Defendants never provided Moving Class Members with any wage notices, thus establishing their liability as to N.Y. Lab. L. § 195(1). Prior to 2019 or

2020, Defendants did not give Moving Class Members any wage statements, establishing their liability under N.Y. Lab. L. § 195(3). Once Defendants began issuing wage statements, they still did not comply with N.Y. Lab. L. § 195(3) because the statements did not identify (1) the overtime hours worked and rate paid; (2) the amount of the tip credit claimed; or (3) the employer's phone number. N.Y. Lab. L. § 195(3). *See Galvez v. 800 Ginza Sushi, Inc.*, No. 19 CV 8549, 2022 U.S. Dist. LEXIS 43523, at *45-49 (S.D.N.Y. Mar. 11, 2022) (granting summary judgment for plaintiffs on N.Y. Lab. L. § 195(1), (3) claims); *Garcia v. Saigon Mkt. LLC*, No. 15 CV 9433, 2019 U.S. Dist. LEXIS 163259, at *12-18 (S.D.N.Y. Sept. 4, 2019) (same). Damages for the N.Y. Lab. L. § 195 violations, which are calculated based on workdays, can be calculated based on Moving Class Members' time records. N.Y. Lab. L. § 198(1-b), (1-d).

Finally, the undisputed facts establish that Defendant Volper was the Moving Class Members' employer under the FLSA and NYLL, and they are entitled to summary judgment as to his individual liability. To determine whether an individual is an employer who can be held liable under the FLSA and NYLL, courts consider, *inter alia*, whether he "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013); *Flanigan v. Vulcan Power Group, LLC*, 642 Fed. App'x 46, 51 (2d Cir. 2016). Courts also consider whether the alleged employer has operational control over employees. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry*, 722 F.3d at 110. Under this standard, it is clear that Defendant Volper was an employer.

Defendant Volper is the founder and owner of 212 Steakhouse. He testified at deposition that he hired, fired, promoted, and disciplined employees. He also set employee salaries and has approved employees' requests for time off of work. Defendant Volper further testified that he is the ultimate decisionmaker at 212 Steakhouse. These facts establish that Defendant Volper had the authority to (1) hire and fire employees; (2) supervise and control schedules and conditions of employment; and (3) determine the rates of payment. This alone is sufficient to warrant summary judgment with respect to his individual liability under the FLSA and NYLL. *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194, at *12-13 (E.D.N.Y. July 24, 2014), *adopted by* 2014 U.S. Dist. LEXIS 116171 (Aug. 19, 2014) (granting summary judgment on individual liability). In addition, the facts concerning Volper's ownership and role as ultimate decisionmaker show that he had operational control over 212 Steakhouse.

For the foregoing reasons, the Moving Class Members are entitled to summary judgment. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)