COBURN &
GreenBaum
PLLC

jg@coburngreenbaum.com
Direct: 202.744.5003

September 6, 2023

**Via ECF FILING**
Honorable Magistrate Judge Robert Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    **RE:**    **Martinenko et al v. 212 Steakhouse, Inc. et al.**
             **Case No.: 1:22-cv-00518-JLR-RWL**
             **Response to Plaintiff's September 1, 2023 Letter**

Dear Judge Lehrburger:

    We submit this letter in response to Plaintiff's September 1, 2023, letter in which they requested that the September 14, 2023, premotion conference also serve as a premotion conference for Plaintiff's anticipated summary judgment motion. While we disagree that summary judgment is appropriate at this stage, we agree that this issue may be addressed on the 14th.

    First, we agree with Plaintiff that it is undisputed that Defendant paid all class members the New York tip credit minimum wage for their clocked hours. Plaintiff and all class members, however, were never paid less than the non-tip credit minimum wage, when their tip income is factored in. Thus, the minimum wage violations they claim are "technical" violations of which this Court does not have standing to entertain the New York minimum wage assertions. As to the federal minimum wage claim, which Plaintiff has not indicated it will move for summary judgment on, Defendant did provide notice to Plaintiff and class members of the tip credit by posting the appropriate posters at the workplace. The FLSA, unlike New York law, does not require that the tip credit notice be given in writing. *Mogollan v. La Abundancia Bakery & Rest., Inc.*, No. 1:18-cv-03202 (GBD) (SDA), 2020 U.S. Dist. LEXIS 183436, at *17 (S.D.N.Y. Sep. 30, 2020). Thus, summary judgment on this issue would be inappropriate. Further, whether an employee was given notice of a tip credit policy is a question of fact, which is also inappropriate for summary judgment. *Id.* at 19.

1710 Rhode Island Ave. NW, 2nd Floor Washington DC 20036
202.657.4490.   fax 866.561.9712   coburnandgreenbaum.com

Second, Plaintiff's allegations with respect to the Wage Notice and Wage Statement Violations are not sufficient to show Article III standing to pursue such claims in Federal Court. Plaintiff has not alleged any injury-in-fact that resulted from any lack of notice. *See Bueno v. Buzinover*, 2023 U.S. Dist. LEXIS 38154, at *5 (S.D.N.Y. Mar. 7, 2023); *Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929 (KAM)(RML), 2023 U.S. Dist. LEXIS 31177, at *11 (E.D.N.Y. Feb. 24, 2023)(denying standing on the basis that the fact that Plaintiff did not link any injury-in-fact that he personally experienced to Defendant's failure to provide statutory notices under the NYLL); *Neor v. Acacia Network, Inc.*, No. 22-cv-4814 (ER), 2023 U.S. Dist. LEXIS 20754, at *13 (S.D.N.Y. Feb. 7, 2023).

There are two distinct issues here, one pertains to the New York wage notice statutory penalties for failure to provide the notices, i.e. $50 a day up to $5,000. Plaintiff does not address this and it is clear they have not even claimed any injury based on the failure to provide the N.Y notice. Thus, they do not have standing. At a minimum, the issue of injury as to the failure to provide notice cannot be determined on a class wide basis. *See Francisco v. NY Tex. Care, Inc.*, No. 19-CV-1649 (PKC) (ST), 2022 U.S. Dist. LEXIS 55633, at *17 (E.D.N.Y. Mar. 28, 2022)(finding the claims of lack of wage and hour notices were insufficient to maintain a class action, as even if the unlawful policies were applied to all class members, not all class members suffered the same injury); *Beh v. Cmty. Care Companions Inc.*, No. 1:19-CV-01417- JLS (MJR), 2022 U.S. Dist. LEXIS 178794, at *20 (W.D.N.Y. Sep. 29, 2022); *Ramirez v. Urion Constr. LLC*, No. 22-CV-3342 (LGS) (RWL), 2023 U.S. Dist. LEXIS 75664, at *20 (S.D.N.Y. Apr. 28, 2023)(Plaintiffs cannot be awarded damages for technical violations where there is no traceable injury to the violations, as they do not have standing).

The second issue is the claim of failure to pay the full minimum wage rather than a tip credit. Here, the failure to provide notice under the New York law was a technical violation where not one class member sustained injury as their full income did not fall below minimum wage for all hours worked. *Francisco v. NY Tex. Care, Inc.*, 2022 U.S. Dist. LEXIS 55633, at *17 (noting that technical, statutory violations alone without a tangible injury do not constitute an injury recognized by federal courts). This demonstrates that a class action under Rule 23 is not the superior method to adjudicate the statutory claims here, especially as it relates to penalties as Plaintiff has even failed to allege any harm from any lack of notice. Defendants contend that Plaintiff and any class members were paid minimum wage and were paid more than the regular minimum wage with tip credit, regardless. The proportionality of potential statutory damages to actual damage caused is a significant factor to be considered under Rule 23 (b)(3). *Ratner v. Chem. Bank N.Y. Tr. Co.*, 54 F.R.D. 412, 414 (S.D.N.Y. 1972).[1]

---

[1] As we noted in our pre motion letter regarding decertification, New York law does not even recognize class actions claiming penalties. Federal Class Actions seeking class wide penalties are also disfavored. *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003)(aggregation in a class action of large number of statutory damage claims distorts the purpose of both statutory damages and class actions); *Ratner v. Chem. Bank N.Y. Tr. Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003)(noting that economic harm be required for superiority when the defendant's potential liability would be completely out of proportion to any harm suffered by the plaintiff).

2

Additionally, as records demonstrate, the claims for overtime violations do not apply to the whole class. The majority of the class, after taking out the opt outs and those individuals who did not receive the class notice, did not work overtime or had de-minimus overtime.[2] Even if Plaintiff alleges she worked overtime, such a claim is not appropriate for adjudication on a class basis. *Chang v. Loui Amsterdam, Inc.*, No. 19-CV-3056 (RER), 2022 U.S. Dist. LEXIS 177606, at *28 (E.D.N.Y. Sep. 29, 2022)(when genuine disputes of material fact exists in regards to the number of hours worked, a factfinder must determine any damages owed).

Further, there exists a genuine dispute of material fact as to liquidated damages. When an employer can demonstrate that they acted in good faith under the FLSA and NYLL, the decision to impose liquidated damages is discretionary. *Cardenas v. Edita's Bar & Rest., Inc.*, No. 17-CV-5150 (RPK) (RML), 2020 U.S. Dist. LEXIS 258547, at *38 (E.D.N.Y. Sep. 30, 2020). A Plaintiff also cannot recover liquidated damages under the NYLL and FLSA for the same course of conduct. *Id.* As Defendant contends he acted in good faith to comply with the FLSA and NYLL, and any alleged violations were not willful. All employees were effectively paid more than minimum wage at all times, and applicable wage and labor law posters with such were placed at the workplace for the relevant time periods. In addition, while the majority of the class members did not have overtime hours, those that did have such hours they were de-minimus and attributed to non-compensable time for meal breaks. Summary judgment on this issue is inappropriate at this time.

As an alternative, Defendant would be amenable to class discovery to flesh out these issues rather than motion practice at this time.

Based on the foregoing, these are the issues we would address at the pre-motion conference.

Respectfully,

Coburn & Greenbaum, PLLC
By: /s/ Jonathan Greenbaum
Jonathan W. Greenbaum, Esq.
Natalie Nehls, Esq.
1710 Rhode Island Ave, NW, 2nd Floor
Washington, D.C. 20036
Telephone: (202) 657-5006

---

[2] Once the meal break is factored in such employees would not have any overtime hours. Whether the employees took a meal break would be an individualized question of fact, again not suitable for class wide evidence. The various pay stubs for the three purported class members listed in Plaintiff's exhibit in support of her motion for class certification have each opted out of the class action.

3

Facisimile: (866) 561-9712
jg@coburngreenbaum.com
natalie@coburngreenbaumn.com
*Attorneys for 212 Steakhouse Inc.*