## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINO MARTINENKO, on behalf of herself and others similarly situated, | Case No.: 22-CV-518 (JLR) (RWL) |
| Plaintiff, | **DECLARATION OF JONATHAN GREENBAUM** |
| -against- | |
| 212 STEAKHOUSE, INC., and NIKOLAY VOLPER, | |
| Defendants. | |

I, Jonathan W. Greenbaum, hereby declare as follows under penalty of perjury.

1. I represent Defendants in this action. I am a member of Coburn & Greenbaum, PLLC and am licensed to practice in this Court.

2. As counsel for Defendants, counsel for Plaintiffs sent us twelve (12) opt-out notices they received from prospective class members indicating their desire to be excluded from this case. Attached hereto as Exhibit 1 is a class list as annotated by the opt-outs undelivered notices and those on the original list who did not meet the class definition.

3. On August 22, 2023 I received an e-mail from Denise Shulman, counsel for Plaintiffs, that the following class notices were returned as undeliverable: Gabriel Charles, Haley Melendez, Keya Rocaverte, Lychezar Lazarov, Noel Lora and Tristian Collazo. Lychezar Lazarov was not on our class list as he passed away subsequent to his employment at 212 Steakhouse. Plaintiff sent him a notice at the last known address we provided, but it was returned to Plaintiffs as undelivered.

4.      In the same e-mail, counsel for Plaintiffs informed us that the notices were send via the US Postal Service first class mail. They also stated there are no receipt confirmations. As such, we have no information whether the notices were actually received by the intended recipients. Nor do we know if Plaintiffs use of alternate addresses are accurate. The notices could have been delivered to an address where the intended recipient no longer lives. Despite our requests for some type of confirmation, there are none.

5.      Plaintiffs also believed that certain additional employees should be included in the class, but on further investigation the individuals either did not work during the class period or they were not tipped employees. This is further set forth in the Volper Declaration.

6.      Based on the number of opt-outs, undeliverable notices and individuals initially on Defendants class list who should not have been identified on the list (See Volper Declaration), there are at most 24 individuals who would comprise of the class.

7.      Defendants have also reviewed the clock in and clock out times for the class members (excluding the opt-outs, those who did not receive notices, and those who do not meet the class definition) and the remaining individuals have either no overtime hours during their employment, or extremely limited overtime, which would be attributed to their not signing out for breaks. Fourteen current class members had no overtime hours. Exh. 2 attached hereto.

8.      Named Plaintiff Martinenko and the lone FLSA opt-in Huk have limited overtime hours, but that could be attributed to their failure to clock out during the meal break and/or any other 30 minute or more break. See Volper Declaration.

9.      Plaintiff testified in her deposition that she left Defendants restaurant in 2018 and returned in March of 2021. Exh. 3 (Martinenko Deposition). Martinenko testified that during the time between leaving Defendants restaurant in 2018 and returning in 2021 she worked as a server

2

at Nusr-et Steakhuse. Nusr-et Steakhouse was named as a defendant in a wage-hour class action which encompassed the time period Martinenko claims to have worked at that restaurant. The class comprised of front of the house tipped employees (i.e. servers) and raised the same claims as those in this case, including tip credit minimum wage and wage notice and wage statement claims. Case No. 19-cv-429 (S.D.N.Y.). A notice of class settlement was disseminated to that class and Martinenko was not in the list of opt-out employees to that class (Dk. No. 73, 19-cv-429). A copy of the notice of class settlement is attached hereto as Exhibit 4. The notice explains the claims (i.e. "failing to pay the proper minimum wages due to their taking of an invalid tip credit").

10. Attached hereto as Exhibit 5 is a true and correct copy of Huk's deposition in this proceeding.

I Declare and affirm that they foregoing is true and correct under penalty of perjury.

_____
Jonathan W. Greenbaum, Dated
November 14, 2023

3