**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSTAFA FTEJA,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

v.

NUSRET NEW YORK LLC d/b/a Nusr-et
Steakhouse and NUSRET GÖKÇE a/k/a
"The Salt Bae," *jointly and severally,*

                Defendants.

Case No.: 19-cv-429

**NOTICE OF PROPOSED
CLASS ACTION SETTLEMENT**

---

**PURSUANT TO THE CONTEMPLATED CLASS AND COLLECTIVE SETTLEMENT
DESCRIBED IN THIS NOTICE, YOUR ESTIMATED AWARD WILL BE
APPROXIMATELY $[_____] FOR EACH WEEK THAT YOU WERE EMPLOYED.
PLEASE READ THIS NOTICE CAREFULLY TO LEARN ABOUT YOUR RIGHTS**

---

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you were employed at the Nusr-et Steakhouse in New York City as an hourly, front-of-house, tipped employee at any time between October 1, 2017 and October 31, 2019, please read this Notice:

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

Introduction

This notice pertains to any individual who was employed by Defendants as an hourly, front-of-house, tipped employee at their Nusr-et Steakhouse restaurant located at 60 West 53rd Street, New York, New York 10019 from October 1, 2017 to October 31, 2019.

A former employee of Defendants, Mustafa Fteja, filed a lawsuit for allegedly unpaid minimum wages due to an allegedly invalid tip credit and overtime premiums and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Fteja v. Nusret New York LLC, et al.* The person who filed the lawsuit is called the "Plaintiff." Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and other employees the proper minimum and overtime wages, and unlawfully retained certain tips from them, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Defendants deny the Plaintiff's allegations. It is Defendants' position that they properly compensated Plaintiff and other employees.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees in order to avoid the uncertainties and expense of litigation. Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay $300,000 to cover the claims of all of the employees in this case as well as expenses such as attorneys' fees and administration fees.

Under the allocation formula, if the Court approves the settlement, and you do not exclude yourself, you will receive a payment based on the number of weeks you worked for Defendants during the relevant period of time, 50% of which shall be reported as W-2 wages and 50% of which shall be reported as 1099 earnings. Based on initial estimates, which are subject to change, Class Members will receive $[_____] for each week they were employed.

Neither Class Counsel nor Defendants makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 12 below. |

2

**OBJECT**  If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely opt-out. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement.

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for their Nusret Steakhouse restaurant in New York City at sometime between from October 1, 2017 and October 31, 2019. The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are heard, payments will be mailed to class members who do not exclude themselves.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Fteja v. Nusret New York LLC et al.*, No. 19-cv-00429.

The individual who filed this lawsuit is called the "Plaintiff." Nusret New York LLC and Nusret Gökçe are called the "Defendants."

### 2. What is this lawsuit about?

This lawsuit involves claims brought by the Plaintiff alleging that Defendants violated the FLSA and NYLL by failing to pay the proper minimum wages due to their taking of an invalid tip credit, which also resulted in unpaid overtime premiums, withholding tips, and other alleged violations. Defendants deny that they did anything wrong and deny they underpaid employees. In fact, Defendants contend that they properly paid all employees correctly at all times, and believe their documentation shows proper payments, notices, and wage statements.

### 3. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Katharine H. Parker, United States Magistrate Judge of the United States District Court for the Southern District of New York is presiding over this class action. Magistrate Judge Parker has not made any determination about who is right or wrong in this lawsuit.

### 4. Why is there a settlement?

The Court did not decide in favor of either the Plaintiff or Defendants. Instead, after extensive negotiations and with the help of a neutral mediator, the parties agreed to settle. While both Plaintiff and Defendants believe they would have prevailed, by settling they avoid the costs or a trial, the risk of losing, and the delay of litigating the case and of potential appeals. Plaintiff and his attorneys believe that the settlement is fair and reasonable, and in the best interests of all Class Members. The settlement does not mean Defendants did anything wrong or violated the law.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the settlement provide?

Defendants have agreed to deposit $300,000 into a fund to be divided among current and former employees who are covered by the settlement. The settlement fund shall cover payments to the Administrator for administering the settlement, estimated to be approximately $15,000, the Class Representative, Plaintiff Fteja, estimated to be approximately $15,000, and Plaintiff's counsel for attorneys' fees and costs, estimated at $100,000, plus costs not to exceed $5,000. The remaining amount, after such fees and costs have been deducted, shall be divided among Class Members based on the number of weeks they worked for Defendants during the relevant liability period.

### 6. How much will my payment be?

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive an estimated award of $[_____] for each week that you were employed, which shall be reported as 50% W-2 wages and 50% 1099 earnings. Based on your calculated weeks worked during the class period of [INSERT] weeks, your estimated class settlement payment is $[INSERT]. The allocation formula takes into account the number of weeks you worked during the relevant liability period. The Settlement Agreement contains the exact allocation formula.

You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 22, below.

# HOW YOU GET A PAYMENT

### 7. How can I get my payment?

If you do nothing, you will automatically be deemed to be part of the class settlement and will be paid a share of the Settlement Fund. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted. If you choose to exclude yourself, then you will not receive a payment.

### 8. When will I get my payment?

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Paragraph 19. If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 9. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case and arising under New York wage and hour laws. It also means that all of the Court's orders will apply to you and legally bind you. In addition, if you cash your settlement check, you will also specifically opt-into the litigation and cannot sue, continue to sue, or be part of on any claims against Defendants arising under the federal wage and hour laws (i.e. the Fair Labor Standards Act).

Class Members will be paid based on a formula taking into account weeks worked for Defendants during the period October 1, 2017 to October 31, 2019.

Based on Defendants' employment records, you are a Class Member and will be paid based on the number of weeks you worked during the class period. Based on your calculated weeks worked during the class period of [INSERT] weeks, your estimated class settlement payment is $[INSERT].

If you would like additional information about your claims and the method of allocation of your payment, you may contact the Settlement Administrator.

Any unclaimed funds shall be applied to a *cy pres* charitable donation to a charitable organization or school devoted to the care of mentally disabled individuals determined by the parties.

### 10. Payment to Class Representatives

The Settlement proposes that named Plaintiff Mustafa Fteja, who took a lead role in this litigation and assisted in its resolution will receive an individual service payment in the amount of $15,000. These service payments will serve as compensation for the his efforts as the Class Representative

to take a leading role in this litigation, and for his significant involvement and time spent in discovery for the benefit of the Class Members.

| 11. | Procedures |

If you do nothing, you will automatically participate in the class settlement. If you want to exclude yourself, please refer to Paragraph 12 hereto.

If the Court grants final approval of the Settlement, this action will end, and Class Members who do not opt out will release Defendants from October 1, 2017 through October 31, 2019 from all claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding wage claims pursuant to the New York Labor Law, although you may still retain certain federal Fair Labor Standards Act claims if you do not execute and deposit any settlement check you receive in this matter. It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

(i) **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted, for the period October 1, 2017 to October 31, 2019 and**

(ii) **With respect to claims under the federal Fair Labor Standards Act, you are releasing all of your wage and hour claims that could have been asserted, for the period October 1, 2017 to October 31, 2019 if and when you execute and deposit any settlement check you receive in this matter.**

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal Fair Labor Standard Act claims.**

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to release any potential claims against Defendants, and also agree to not receive a payment from this settlement, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as opting out of the settlement Class.

| 12. | How do I exclude myself from the settlement? |

If you do not want to participate in the class settlement, you must take steps to exclude yourself from this case.

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Nusret Steakhouse wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out

Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by [the Bar Date].

> *Nusret Steakhouse* Settlement Administrator
> c/o Rust Consulting, Inc.
> PO Box 54
> Minneapolis, MN 55440-0054

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 17 below.

**13. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?**

No. By participating in the settlement, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.

**14. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The law firm of Lee Litigation Group, PLLC, 148 West 24th Street, Eighth floor, New York, New York 10011, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How will the Plaintiff's attorney and service providers be paid?**

Class Counsel will ask the Court to approve payment of up to $100,000 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses up to $5,000. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $15,000 as fees to Rust Consulting, Inc. to administer the settlement.

7

# OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement in *Fteja v. Nusret New York LLC, et al.* Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone number.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below. Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [Bar Date].

> *Nusret Steakhouse* Settlement Administrator
> c/o Rust Consulting, Inc.
> PO Box 54
> Minneapolis, MN 55440-0054

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

# THE COURT'S FAIRNESS HEARING

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ a.m./p.m. on _____, 2020, in Courtroom 17-D South, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I speak at the hearing?

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 17, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

### 23. How do I get more information?

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

C.K. Lee, Esq.
Lee Litigation Group PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Telephone: (212) 465-1180


DATED: [_____], 20___

*Fteja v. Nusret New York LLC, et al.*, No. 19-cv-00429

# CHANGE OF ADDRESS FORM

# To [Name]

We need to be sure we can contact you. If your address is different than the address to which the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Notice") was mailed or is expected to change prior to the mailing of the settlement payment as described in the Notice, please complete this form and send it to the Claims Administrator at the address at the bottom of this form.

NAME: _____

ADDRESS: _____

CITY: _____

STATE: _____ ZIP: _____

ALTERNATE CONTACT INFORMATION OF A FAMILY MEMBER OR FRIEND (IN CASE WE CANNOT REACH YOU):

NAME: _____ RELATIONSHIP: _____

ADDRESS: _____

CITY: _____

STATE: _____ ZIP: _____

Please return this sheet to the Claims Administrator at the following address:

> *Nusret Steakhouse* Settlement Administrator
> c/o Rust Consulting, Inc.
> PO Box 54
> Minneapolis, MN 55440-0054