**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**NINO MARTINENKO, on behalf of herself and others**      **Civil Action No.: 22 CV 518**
**similarly situated,**

**Plaintiff,**

**-against-**

**212 STEAKHOUSE, INC., and NIKOLAY VOLPER**

**Defendants.**
-------------------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION FOR SUMMARY JUDGMENT**


D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)


*Attorneys for Plaintiff, Opt-In Plaintiffs, and Class*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................1

II.  STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY.........................2

III. SUMMARY JUDGMENT STANDARD ....................................................................5

IV.  ARGUMENT ..........................................................................................................6

   A.   Defendants Violated New York's Minimum Wage Law By Paying Class Members
      Pursuant To A Tip Credit Without Providing The Required Notice ................................... 6

   B.   Defendants Violated The FLSA And New York Law By Failing To Pay Class Members
      An Overtime Premium And New York Law By Failing To Pay Class Members The
      Spread Of Hours Premium ................................................................................. 9

   C.   Defendants Are Liable For Liquidated Damages Under The FLSA And NYLL.............. 10

   D.   Defendants Violated N.Y. Lab. Law § 195(1) And (3) By Failing To Provide Class
      Members With Wage Notices And Adequate Paystubs ..................................... 12

     i.   N.Y. Lab. Law § 195(1) ..................................................................... 12

     ii.  N.Y. Lab. Law § 195(3) ..................................................................... 12

   E.   The Class Members Are Entitled To Summary Judgment As To Damages..................... 14

   F.   Defendants Are Liable For Prejudgment Interest Under The NYLL ................................ 18

   G.   Defendant Volper Is Individually Liable As An Employer For FLSA And
      NYLL Claims............................................................................................... 19

V.   CONCLUSION.......................................................................................................20

**TABLE OF AUTHORITIES**

**Cases**

*Ametepe v. Peak Time Parking, Corp.*, Case No. 18 Civ. 5384,
    2021 U.S. Dist. LEXIS 59567 (S.D.N.Y. March 29, 2021) ........................... 13

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................. 5, 6

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ...................................... 15

*Celotx Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................. 5

*Chang v. Louis Amsterdam, Inc.*, No. 19 CV 3056,
    2022 U.S. Dist. LEXIS 177606, (E.D.N.Y. Sept. 29, 2022)........................... 8, 10

*Chen-Oster v. Goldman, Sachs & Co.*, Case No. 10 Civ. 6950,
    2022 U.S. Dist. LEXIS 150548 (S.D.N.Y. Aug. 22, 2022) ........................... 1

*Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240 (S.D.N.Y. 2021) ........................... 11

*Choudhury v. Hamza Express Food Corp.*, 666 Fed. App'x 59 (2d Cir. 2016) .......... 16

*Conway v. Ichan & Co.*, 16 F.2d 504 (2d Cir. 1994)...................................... 17

*Cousin v. White Castle System, Inc*., No. 06-CV-6335,
    2009 U.S. Dist. LEXIS 57079, at *4 (E.D.N.Y. July 6, 2009) ....................... 6

*Estrell v. P.R. Painting Corp.*, 356 F. App'x 495 (2d Cir. 2009) ................................. 10

*Flanigan v. Vulcan Power Group*, LLC, 642 Fed. App'x 46 (2d Cir. 2016) ............. 18

*Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423 (2d Cir. 2001) ............................... 6

*Galvez v. 800 Ginza Sushi, Inc.*, Case No. 19 Civ. 8549,
    2022 U.S. Dist. LEXIS 43523 (S.D.N.Y. March 11, 2022) ........................... 8, 11, 15

*Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481 (S.D.N.Y. 2017) ...................... 17, 18

*Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000,
    2014 U.S. Dist. LEXIS 117194, (E.D.N.Y. July 24, 2014) ........................... 19

*Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE),
    2016 U.S. Dist. LEXIS 75430 (S.D.N.Y. June 9, 2016)................................ 7

*Holcomb v. Iona Coll.*, 521 F.3d 130 (2d Cir. 2008)................................... 5

*Hyunhuy Nam v. Permanent Mission of the Korea to the UN*, Case No. 21-cv-06165,
   2023 U.S. Dist. LEXIS 28600 (S.D.N.Y. Feb. 21, 2023)................................15

*Inclan v. N.Y. Hospitality Group, Inc.*, 95 F. Supp. 3d 490 (S.D.N.Y. 2015) .............10, 14

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ...................................18, 19, 20

*Kliger v. Liberty Saverite Supermarket*, No. 17 CV 2520,
   2018 U.S. Dist. LEXIS 159540 (E.D.N.Y. Sept. 17, 2018)...........................17

*Lopez v. MNAF Pizzeria, Inc.*, No. 18 CV 6033,
   2021 U.S. Dist. LEXIS 57260 (S.D.N.Y. Mar. 25, 2021) ..............................7

*Marin v. Apple-Metro, Inc.*, No. 12 CV 5274 (ENV) (CLP),
   2017 U.S. Dist. LEXIS 165568 (E.D.N.Y. Oct. 4, 2017)...............................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)..................5

*Pest v. Bridal Works of N.Y., Inc.*, 268 F. Supp. 3d 413 (E.D.N.Y. 2017) .................15

*Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442 (S.D.N.Y. 2015) ......................7

*Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540 (S.D.N.Y. 2017).............7

*Solano v. Andiamo Café Corp.*, Case No. 19-CV-03264,
   2020 U.S. Dist. LEXIS 214754 (S.D.N.Y. Nov. 17, 2020) ...........................19

*Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18 CV 7342,
   2022 U.S. Dist. LEXIS 34090 (S.D.N.Y. Feb. 25, 2022)...............................7

*Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665 (S.D.N.Y. 2017) ...........7

*Villanueva v. 179 Third Ave. Rest. Inc.*,
   500 F. Supp. 3d 219 (S.D.N.Y. Sept. 3, 2020) ................................................7, 10

*William v. Miracle Mile Props. 2 LLC*, Case No. CV-3127,
   2022 U.S. Dist. LEXIS 19826 (E.D.N.Y. Feb. 1, 2022).................................14

*Zambrano v. Jermyn Contr. Corp.*, Case No. 22 Civ. 3131,
   2023 U.S. Dist. LEXIS 139224 (S.D.N.Y. Aug. 9, 2023) ..............................12, 13

## **Statutes and Rules**

29 U.S.C. § 207(a)(1)...............................................................................................9

29 U.S.C. § 216(b) ..................................................................................................10

29 U.S.C. § 260 ................................................................................................ 10

Fed. R. Civ. Pro. 56(a) ...................................................................................... 5

Fed. R. Civ. Pro. 23(c)(1)(C) ............................................................................ 1

N.Y. C.P.L.R. § 5004 ....................................................................................... 17

N.Y. Lab. L. § 195(1)(a) .................................................................................. 12

N.Y. Lab. L. § 195(3) ...................................................................................... 12

N.Y. Lab. L. § 195(4) ...................................................................................... 14

N.Y. Lab. L. § 196-a ....................................................................................... 14

N.Y. Lab. L. § 198(1-a) ............................................................................. 10, 17

N.Y. Lab. L. § 198(1-b) ................................................................................... 17

N.Y. Lab. L. § 198 (1-d) .................................................................................. 17

N.Y. Lab. L. § 663(a) ...................................................................................... 10

N.Y. Lab. L. § 663(1) ...................................................................................... 17

N.Y. Lab. L. § 652 ............................................................................................ 6

N.Y.C.R.R., tit. 12, § 146-1.2 .......................................................................... 16

N.Y.C.R.R., tit. 12, § 146-1.3 ..................................................................... 6, 16

N.Y.C.R.R., tit. 12, § 146-1.4 ............................................................................ 9

N.Y.C.R.R., tit. 12 § 146-1.6. ........................................................................... 9

N.Y.C.R.R., tit. 12, § 146-2.2 ....................................................................... 6, 7

## I. PRELIMINARY STATEMENT

Class Representatives Nino Martinenko and Dagmara Huk (collectively, "Plaintiffs") submit this memorandum of law in support of their motion for summary judgment against Defendants 212 Steakhouse Inc. ("212 Steakhouse") and Nikolay Volper (collectively "Defendants") as to liability and damages on all claims for all Class Members.[1] Specifically, Plaintiffs move for summary judgment on all Class Members' claims for: (1) overtime violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); (2) NYLL minimum wage violations under the NYLL based on Defendants' unlawful use of the tip credit; (3) failure to pay New York's spread of hours premium; and (4) failure to provide the wage notices and wage statements as required under NYLL § 195.[2]

The record in this case is clear and entitles the Class Members to summary judgment for liability and damages on all of their claims. Importantly, the Court has already determined that Defendants (1) paid all Class Members pursuant to New York's tip credit; (2) paid Class Members their regular rate of pay for all overtime hours that they worked; and (3) failed to pay Class

---

[1] Plaintiffs move for summary judgment on behalf of the entire Class, which consists of 33 undisputed tipped employees ("Class Members"). Defendants dispute the inclusion of one additional individual – Barbara Laluz – in the Class, even though they originally identified her as a Class Member, because Defendants contend that she never actually worked for them. DiGiulio Decl. ¶¶ 17-22. To be sure, Defendants have provided no discovery for Ms. Laluz as they maintain she never worked there. As the record currently stands, even if Ms. Laluz did in fact work for Defendants, Plaintiffs cannot prosecute her claims together with the Class, because they do not have any records relating to her employment with Defendants and she is thus not similarly situated to any of the Class Members.   In light of Defendants' position that Ms. Laluz is not a Class Member, the Court should either deem Ms. Laluz not a Class Member (this would not preclude Ms. Laluz from proceeding in her own action against Defendants should she choose to) or, in the alternative, alter the Class Certification Order under FRCP 23(c)(1)(C) to clarify that that the Class includes all 33 current Class Members and does not include Ms. Laluz, as her claims are not sufficiently similar to those of the Class Members for her to be a Class Member. *See* F.R.C.P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *see e.g., Chen-Oster v. Goldman, Sachs & Co.*, Case No. 10 Civ. 6950, 2022 U.S. Dist. LEXIS 150548, at *10-16 (S.D.N.Y. Aug. 22, 2022) (redefining class under FRCP 23(c)(1)(C) to ensure that the entire class has standing). For purposes of this motion, Plaintiffs move with respect to the 33 Class Members that are undisputed, and not for Ms. Laluz. DiGiulio Decl. ¶¶ 20-22.

[2] In support of their motion Plaintiffs submit their FRCP 56.1 Statement of Undisputed Facts ("SMF"); the November 16, 2023 Declaration of Michael DiGiulio ("DiGiulio Decl.") and exhibits annexed thereto ("DiGiulio Ex. __"); the November 16, 2023 Declaration of Denise Schulman ("Schulman Decl.") and exhibits annexed thereto ("Schulman Ex. __"); and the November 16, 2023 Declaration of Nino Martinenko.

Members the spread of hours premium on any days when their workday lasted more than ten hours. That is, the Court has already held that Defendants violated the FLSA and NYLL for the overtime and spread of hours claims. Furthermore, there is no dispute that Defendants did not provide any of the Class Members with written notice of the tip credit. As such, Defendants were not entitled to pay the Class Members pursuant to the New York tip credit and are liable for New York minimum wage violations. In addition, Defendants did not provide any wage notices to Class Members and either failed to provide wage statements at all or failed to provide wage statements that complied with the requirements of N.Y. Lab. L. § 195(3).

Class Members are entitled to liquidated damages on their overtime, spread of hours, and minimum wage claims because Defendants cannot satisfy their burden that they took active steps to comply with the law. It is also undisputed that Defendant Volper was all Class Members' employer and is liable under the FLSA and NYLL. Finally, because Plaintiffs seek damages based solely on Defendants' own undisputed payroll records, the Class Members are entitled to judgment as to damages.

## II.  STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

On January 20, 2022, Named Plaintiff Nino Martinenko, a former server at Defendants' 212 Steakhouse restaurant, commenced this class and collective action on behalf of herself and others similarly situated against Defendants 212 Steakhouse Inc., and its owner, Nikolay Volper. Dkt. No. 1. The complaint alleged that Defendants violated the FLSA and/or New York law by (1) paying tipped employees pursuant to a tip credit without providing the notice required under New York law; (2) failing to pay tipped employees an overtime premium; (3) failing to pay tipped employees a spread of hours premium; and (4) failing to provide tipped employees with the wage

notices and wage statements required under New York law.[3] Dkt. No. 1 at ¶¶ 33-52.

On April 26, 2022, the Court granted the Named Plaintiff's motion for conditional collective certification of her FLSA claim, authorizing the Named Plaintiff to send notice of the FLSA claim to all tipped employees employed by Defendants on or after January 20, 2019. Dkt. No. 26. One person, Dagmara Huk, a former bartender at 212 Steakhouse, joined this action as an Opt-In Plaintiff. Dkt. No. 32. On April 27, 2023, the Court certified a Rule 23 class consisting of "all tipped employees – servers, runner, bussers, and bartenders – who worked for Defendants at any time on or after January 20, 2016 at 212 Steakhouse." Dkt. No. 92. The Court further appointed Plaintiffs Nino Martinenko and Dagmara Huk as class representatives. *Id.* Pursuant to the Court's order, Plaintiffs distributed the class notice, and following the opt-out period, there are 33 undisputed Class Members. DiGiulio Decl. ¶¶ 17-22.

On November 1, 2022, Plaintiff moved, under FRCP 37, for sanctions against Defendants for various discovery deficiencies. Dkt No. 61. On April 28, 2023, the Court granted Plaintiff's motion and levied sanctions against Defendants. Dkt. No 93. The Court deemed established the following relevant facts: "212's gross annual revenue in 2021 and 2022 exceeded $500,000"; "all front-of-house employees who clocked in and out on the restaurant's point-of-sale system were paid the applicable New York tip credit minimum wage for hours for which they were clocked in"; "Defendants paid …class members their regular rate for overtime hours (rather than time-and-a-half)"; and "Defendants did not pay… class members a spread-of-hours premium." Dkt. No 93 at 3.

In this litigation, Defendants produced time records that show the clock in and out dates

---

[3] The complaint originally asserted overtime, spread of hours, wage notice, and wage statement claims on behalf of both front of house and back of house employees. A class of front of house employees only was subsequently certified, and claims on behalf of back of house employees are no longer being pursued in this action.

and times of all the Class Members. SMF ¶¶ 15, 20-22. These time records establish the number of hours that each Class Member worked, including regular hours, overtime hours, and spread of hours shifts. SMF ¶¶ 15, 20-22.

Defendants never provided written wage notices or written notice of the tip credit to any Class Member. SMF ¶¶ 25-27. Plaintiff Martinenko and Opt-In Plaintiff Huk testified that they did not receive any written wage notices from Defendants, let alone a notice that contained a notification of the tip credit. DiGiulio Ex. 9 at 13; Ex. 10 at 4. In addition, Defendants have not produced a single wage notice in this litigation, and they admitted in their discovery responses that they have no wage notices that they contend were provided to any Class Member. SMF ¶ 26. Moreover, it is undisputed that Defendants did not furnish any of the Class Members a single wage statement until some time in 2019 or 2020. SMF ¶¶ 29-32, 36. Even once Defendants began providing wage statements to the Class Members, those wage statements did not identify the overtime hours worked or the amount of the tip credit that Defendants were claiming. SMF ¶ 33.

There is no dispute that Defendants were on notice of the requirements of the FLSA and NYLL and took no steps to ensure their compliance with the law. SMF ¶¶ 38-43. Specifically, Defendants took no affirmative steps to determine the requirements of the wage and hour laws. SMF ¶¶ 38-39. Even after Defendants were sued in 2018 and 2020 for the exact same wage and hour violations as those alleged in this action, Defendants took no additional steps to determine whether the pay practices at 212 Steakhouse complied with the law and instead continued to pay employees pursuant to a tip credit without providing written notice, pay the regular rate for overtime hours, and fail to pay a spread of hours premium. SMF ¶¶ 40-43. There is no dispute that Defendants did not make a good faith attempt to comply with the law.

Finally, there is no dispute that Defendant Volper is the ultimate decisionmaker at 212

Steakhouse. SMF ¶¶ 1, 6, 11. Defendant Volper is the founder and sole owner of Defendant 212 Steakhouse, and he has the plenary authority to hire, fire, discipline, and set the rate of pay of all the Class Members. SMF ¶¶ 6-14. Defendant Volper also has operational control over 212 Steakhouse and the Class Members' terms and conditions of their employment such that Defendant Volper is the Class Members' employer under the FLSA and NYLL. SMF ¶¶ 11-12.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting former Fed. R. Civ. P. 56(c))). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to present "evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323).

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505

(1986). Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586 (citations omitted), and she "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted). *see also Anderson*, 477 U.S. at 249-50 (summary judgment "may be granted" if the opposing evidence is "merely colorable" or "not significantly probative"). The "opposing party must set forth 'concrete particulars' showing that a trial is needed." *Cousin v. White Castle System, Inc*., No. 06-CV-6335, 2009 U.S. Dist. LEXIS 57079, 2009 WL 1955555, at *4 (E.D.N.Y. July 6, 2009) (quoting *Anderson*, 477 U.S. at 252).

## IV.  ARGUMENT

### A. Defendants Violated New York's Minimum Wage Law By Paying Class Members Pursuant To A Tip Credit Without Providing The Required Notice

Defendants violated New York's minimum wage requirements by paying Class Members pursuant to a tip credit without providing the required written notice.  The NYLL sets a minimum hourly required rate of pay for all employees. *See* NYLL § 652.  New York permits employers to deviate from the statutory minimum wage for "tipped employees" and pay less than the minimum wage by taking a "tip credit" only it certain prerequisites are satisfied. N.Y. Comp. Codes R. & Regs ("N.Y.C.R.R."), tit. 12, § 146-1.3.  Under New York law, "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2" of the Hospitality Industry Wage Order (the "Hospitality Wage Order").  *Id.*

Section 146-2.2 of the Hospitality Industry Wage Order is titled "Written notice of pay rate, tip credit and pay day."  N.Y.C.R.R., tit. 12, § 146-2.2.  It states that

an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday.  The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate.

*Id.* § 146-2.2(a).  Such written notice is required "prior to the start of employment" and "prior to any change in the employee's hourly rates of pay."  *Id.* § 146-2.2(a), (b).  The employer bears the burden of proving compliance with this notice requirement.  *Id*. § 146-2.2(d).  *Marin v. Apple-Metro, Inc.*, No. 12 CV 5274 (ENV) (CLP), 2017 U.S. Dist. LEXIS 165568, at *98 (E.D.N.Y. Oct. 4, 2017) ("It is defendants' burden to demonstrate that the prerequisites for a tip credit have been met."); *Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 673 (S.D.N.Y. 2017); *Salustio v. 106 Columbia Deli Corp*., 264 F. Supp. 3d 540, 554 (S.D.N.Y. 2017). "An employer who fails to provide the required notice is liable for the difference between the full minimum wage rate and what the employee was actually paid."  *Salustio v. 106 Columbia Deli Corp*., 264 F. Supp. 3d 540, 554 (S.D.N.Y. 2017) (citations omitted). The law requires the employer to "obtain from the employee a signed and dated written acknowledgment… of receipt of this notice, which the employer *shall preserve and maintain for six years*." N.Y.C.R.R.. tit. 12, § 146-2.2(c) (emphasis added); *see Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18 CV 7342, 2022 U.S. Dist. LEXIS 34090, at *24 (S.D.N.Y. Feb. 25, 2022).

If an employer fails to provide the written notice as described in § 146-2.2, it may not pay tipped employees pursuant to a tip credit. *E.g.*, *Tecocoatzi-Ortiz*, 2022 U.S. Dist. LEXIS 34090, at *23-27; *Lopez v. MNAF Pizzeria, Inc.*, No. 18 CV 6033, 2021 U.S. Dist. LEXIS 57260, at *21-24 (S.D.N.Y. Mar. 25, 2021); *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 234-35 (S.D.N.Y. Sept. 3, 2020) (Lehrburger, J.); *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, at *81 (S.D.N.Y. June 9, 2016) ("Notice of the tip credit under the

NYLL . . . must be written."); *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 466 (S.D.N.Y. 2015) ("Under the current regulations, an employer may not take a tip credit unless the employer has given the employee written notice […]"). The undisputed facts show that Defendants paid Class Members pursuant to a tip credit even though they did not provide written notice of the tip credit, in violation of New York law.

It is an established fact that Defendants paid all the Class Members the tip credit minimum wage for every hour for which they were clocked in on Defendants' timekeeping system. SMF ¶¶ 15-16. It is also undisputed, as described *supra* at 4, that Defendants did not provide the Class Members with the required written notice of the tip credit. SMF ¶¶ 25-27. In fact, they never provided Class Members with *any* written wage notices. SMF ¶ 27.

Defendant Volper admitted in his deposition that Defendants did not provide wage notices to the Class Members. *See* DiGiulio Ex. 1 at 115:20-116:18, 118:9-11. While during his deposition Defendant Volper made vague and self-serving assertions that he provided a wage notice to some employees, possibly not until 2022, this is insufficient to create a dispute of fact that legally adequate notice was provided. DiGiulio Ex. 1 at 115:20-119:5; *see Chang v. Louis Amsterdamn, Inc.*, No. 19 CV 3056, 2022 U.S. Dist. LEXIS 177606, at *21-28 (E.D.N.Y. Sept. 29, 2022) (granting summary judgment on minimum wage claim to employee paid pursuant to a tip credit where defendants produced no written notices and finding that defendants' mere assertion that notice was provided is insufficient to establish entitlement tip credit). Moreover, considering that Defendants are required to retain copies of these wage records for at least six years, *see* N.Y. Lab. L. § 195(1)(a), and Defendants' admission that they do not have these documents, SMF ¶¶ 25-26, Defendant Volper's self-serving testimony is simply inadequate to sustain Defendants' evidentiary burden. *See Galvez v. 800 Ginza Sushi, Inc.*, Case No. 19 Civ. 8549, 2022 U.S. Dist. LEXIS 43523,

at *27-28 (S.D.N.Y. March 11, 2022) (granting summary judgment to plaintiffs' tip credit minimum wage claims when defendant failed to produce any wage notices for employees and generally testified that written notice was provided).

Therefore, it is undisputed that Defendants' use of the tip credit was unlawful, and Defendants were required to pay the Class Members the full New York minimum wage. Defendants' undisputed failure to do so subjects them to liability under the NYLL.

**B. Defendants Violated The FLSA And New York Law By Failing To Pay Class Members An Overtime Premium And New York Law By Failing To Pay Class Members The Spread Of Hours Premium**

The FLSA and New York law both require employers to pay employees an overtime wage of one and one-half times the regular rate for each hour worked in excess of forty per work week. 29 U.S.C. § 207(a)(1)[4]; N.Y.C.R.R., tit. 12, § 146-1.4. Under New York law, an employer must also pay "one hour's pay at the basic minimum wage hourly wage rate, in addition to the minimum wage required… for any day in which… the spread of hours exceeds 10 hours." N.Y.C.R.R., tit. 12 § 146-1.6. New York law defines "[s]pread of hours" as "the interval between the beginning and end of an employee's workday." *Id*.

It is undisputed that Defendants are liable for the Class Members' overtime and spread of hours claims. This Court has already deemed established several material facts that are central to these claims as a discovery sanction against Defendants. Specifically, this Court has determined that: (1) Defendants paid all Class Members their regular rate for overtime hours worked, (SMF ¶ 18; Dkt. No. 93 at 3); (2) Defendants did not pay any class members a spread of hours premium, (SMF ¶ 19; Dkt. No. 93 at 3). Moreover, Class Members' time records show that Class Members

---

[4] It is undisputed that Defendant 212 Steakhouse Inc.'s gross annual revenue from 2016 through 2022 exceeded $500,000. SMF ¶ 2. As such, the FLSA applies to Defendant 212 Steakhouse Inc. because it is undisputed that it is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1)(A).

worked over 40 hours in a week (and were thus entitled to overtime pay) and worked days on which their spread of hours was over 10 (and were thus entitled to spread of hours pay). SMF ¶¶ 20-22.

These facts alone are sufficient to hold Defendants liable for the Class Members' FLSA and NYLL overtime and NYLL spread of hours violations. *See Chang*, 2022 U.S. Dist. LEXIS 177606, at *28-37 (granting summary judgement on liability for plaintiffs where there was no dispute of fact that defendants failed to pay overtime and spread of hours premium). Therefore, as to liability, summary judgment on these claims is plainly appropriate. *See e.g., Estrell v. P.R. Painting Corp.*, 356 F. App'x 495, 497 (2d Cir. 2009) (noting that if an employer "failed to compensate [employees] properly for even one hour of overtime, liability is established[,] [and] [a]nything else relates only to damages").

### C.  Defendants Are Liable For Liquidated Damages Under The FLSA And NYLL

Moving Class Members are entitled to summary judgment on their claims for liquidated damages on their overtime, spread of hours, and minimum wage claims. Under the FLSA and NYLL, an employer will be liable for liquidated damages equal to the amount of unpaid wages unless it had a good faith belief that it was complying with the law. 29 U.S.C. §§ 216(b), 260; N.Y. Lab. L. §§ 198(1-a), 663(a); *Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 235 (S.D.N.Y. 2020) ("Both the FLSA and the NYLL provide for liquidated damages."). Under the FLSA, "[l]iquidated damages are mandatory unless the employer demonstrates that they acted in good faith, in which case the decision to impose liquidated damages is discretionary." *Id.* at 239 (citing 29 U.S.C. § 260). The standard for liquidated damages under the NYLL is similar. *Id.* "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception." *Inclan v. N.Y.*

*Hospitality Group, Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015). To avoid mandatory liquidated damages under the FLSA and NYLL an employer must prove that it "took active steps to ascertain the dictates of the [law] and then act[ed] to comply with them," and "that its good-faith actions were objectively reasonable." *Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240, 258 (S.D.N.Y. 2021) (internal citations omitted).

Here, Defendants cannot satisfy their burden to produce evidence sufficient to create a dispute of fact as to whether Defendants attempted to comply with the wage and hour laws in good faith. Defendant Volper admitted that he never consulted with anyone or sought advice as to whether the restaurant's pay practices complied with the law. SMF ¶¶ 38-39. *See e.g., Chichinadze*, 517 F. Supp. 3d at 258 (granting summary judgment on liquidated damages when employer testified that he "had not consulted with a lawyer or any other professional before deciding on [Restaurant's] payroll practices"). Moreover, even after Defendants were sued by a front of house employee in 2018 for failure to pay overtime, spread of hours, and minimum wage compensation – putting Defendants on notice that their practices may be unlawful – Defendants did not correct their payroll practices. SMF ¶¶ 40-41. *See e.g., Galvez*, 2022 U.S. Dist. LEXIS 43523, at *55 (finding that failure to take steps correct unlawful payroll practices after prior lawsuits "reveal a lack of reasonable efforts to comply with the law"). Instead, Defendants continued to pay straight time for overtime, to pay tip credit minimum wage without providing adequate notice, and to not pay the spread of hours premium. SMF ¶¶ 41-42; *supra* at 6-10. Defendants were sued again in 2020 for similar violations, and again Defendants did nothing to correct their unlawful pay practices. SMF ¶ 43. There is simply no evidence in the record to support a finding that Defendants made a good faith attempt to comply with the FLSA and NYLL, and, thus, the Class Members are entitled to liquidated damages in an amount equal to the compensatory damages awarded. *See infra*

at 16-18.

### D.   Defendants Violated N.Y. Lab. Law § 195(1) And (3) By Failing To Provide Class Members With Wage Notices And Adequate Paystubs

Under N.Y. Lab. Law § 195(1) and (3), employers are required to furnish their employees

with wage notices and wage statements containing information specified by statute. Defendants

did not do so, and the Class Members are entitled to summary judgment on these claims.

### i.   N.Y. Lab. Law § 195(1)

Defendants were required to give the Class Members "at the time of hiring" a notice written

in English and each Class Member's primary language stating:

> the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; [and] the telephone number of the employer[.]

N.Y. Lab. L. § 195(1)(a).

As outlined above, Defendants never provided *any* written notices to *any* of the Class

Members. *See* SMF ¶¶ 25-27, *supra* at 4, 6-9.  Accordingly, Defendants are liable under N.Y. Lab.

Law § 195(1), and the Class Members are entitled to recover the statutory damages authorized

under N.Y. Lab. Law § 198(1-b). *See e.g., Zambrano v. Jermyn Contr. Corp.*, Case No. 22 Civ.

3131, 2023 U.S. Dist. LEXIS 139224, at *9 (S.D.N.Y. Aug. 9, 2023) (holding that failure to

provide written notice of wage notice violates NYLL § 195(1)).

### ii.   N.Y. Lab. Law § 195(3)

Defendants were also required to furnish the Class Members with written statements

accompanying every payment of wages listing:

the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; *deductions; allowances, if any*, claimed as part of the minimum wage; and net wages. [. . .]

N.Y. Lab. L. § 195(3) (emphasis added).

Prior to 2019, it is undisputed that Defendants did not *give* Class Members any wage statements. SMF ¶¶ 29-33, 36. While Defendant Volper testified, generally, that during this time period Defendants had Class Members sign a document showing their hours, tips, and meal deductions when they received their pay, this is insufficient to comply with N.Y. Lab. L. § 195(3) for two reasons.[5] *See* DiGiulio Ex. 1 at 115:20-119:5; Ex. 13. First, under NYLL 195(3) "an employer is required to give a copy of the wage statements to its employees, either in hard copy or electronically; securing their signature on it does not suffice." *Ametepe v. Peak Time Parking, Corp.*, Case No. 18 Civ. 5384, 2021 U.S. Dist. LEXIS 59567, at *20 (S.D.N.Y. March 29, 2021) (granting summary judgment to plaintiff on NYLL 195(3) claims when it was undisputed that Defendants did not "furnish" wage statements to plaintiffs and claim only that plaintiff's signed wage statements). It is undisputed that Defendants did not actually give a copy of these documents to the Class Members. SMF ¶ 36. Second, even if Defendants did give this document to Class Members, this document did not contain, *inter alia*, the respective Class Members' pay rate, overtime hours worked, amount of tip credit taken, gross wages, and net wages. SMF ¶ 36; DiGiulio Ex. 13. Without this information, these documents do not qualifty as wage statements. *See Ametepe v*, 2021 U.S. Dist. LEXIS 59567, at *19-20 (holding that "payroll documents fall short of qualifying as wage statements" when they do not contain all of the required information

---

[5] Plaintiffs deny that Class Member signed such documents during the period when Defendants did not provide paystubs. However, even accepting Defendants' contention as true on this motion, those documents do not satisfy the wage statement requirements of N.Y. Lab. L. § 195(3).

delineate in NYLL 195(3)). Therefore, there is no dispute that Defendants violated N.Y. Lab. L. § 195(3) during this time period. *See e.g., Zambrano*, 2023 U.S. Dist. LEXIS 139224, at *9 (holding that failure to furnish wage statements violates N.Y. Lab. L. § 195(3)).

Even once Defendants began issuing wage statements (paystubs) to front of house employees, they still did not comply with N.Y. Lab. L. § 195(3) because the statements did not identify the overtime hours worked or the amount of the tip credit claimed. SMF ¶ 33, *see William v. Miracle Mile Props. 2 LLC*, Case No. CV-3127, 2022 U.S. Dist. LEXIS 19826, at *29-20 (E.D.N.Y. Feb. 1, 2022) (holding that wage statements that fail to accurately reflect overtime wages owed violates NYLL 195(3)); *Inclan*, 95 F. Supp. 3d at 502 ("[T]hese pay statements do not state the amount of the tip credit allowance. Thus, those pay statements were not in compliance with the WTPA."). Thus, Defendants are liable under N.Y. Lab. Law § 195(3), and the Class Members are entitled to recover the statutory damages authorized under N.Y. Lab. Law § 198(1-d).

### E. The Class Members Are Entitled To Summary Judgment As To Damages

#### i.    The Class Members' time records are undisputed

Plaintiffs seek summary judgment as to damages based on the undisputed time records produced by Defendants. It is undisputed that the time records produced by Defendants are the only time records they maintained. Further, these records reflect the amount of time that Class Members worked for Defendants, which is the amount of time for which Defendants' paid Class Members. SMF ¶¶ 15-18, 20-22. That is, the time records reflect the undisputed compensable work time for the Class. SMF ¶¶ 15-6, 20-22.

To the extent that Defendants challenge the veracity of the time records (*i.e.*, argue that the time records do not reflect the amount of time that Class Members worked for Defendants), they are admitting to failing to maintain accurate time records in violation of the FLSA and NYLL, *see*

29 C.F.R. § 516.2; N.Y. Lab. L. § 661; N.Y.C.R.R. tit. 12, § 146-2.1, and the FLSA and NYLL

burden shifting evidentiary frameworks apply.

Under the FLSA, where an employer fails to maintain accurate records,

An employee has carried out his burden [of establishing damages] if he proves that he has in fact performed work for which he was improperly compensated and if he produced sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946). Under the NYLL, "where

an employer fails 'to keep adequate records . . . the employer in violation shall bear the burden of

proving that the complaining worker was paid 'wages, benefits and wage supplements.'" *Pest v.*

*Bridal Works of N.Y., Inc.*, 268 F. Supp. 3d 413, 423 (E.D.N.Y. 2017) (quoting N.Y. Lab. Law §§

196-a, 195(4)). The NYLL "does not permit an employer to discharge this burden by undermining

the reasonableness of an employee's evidence that he was underpaid. . . . An employer must

demonstrate that it in fact paid its employees" everything that is owed to them under the law.

*Galvez*, 2022 U.S. Dist. LEXIS 43523, at *20. This burden requires more than vague and general

testimony, it requires that "the employer come forward with evidence of the hours worked."

*Hyunhuy Nam v. Permanent Mission of the Korea to the UN*, Case No. 21-cv-06165, 2023 U.S.

Dist. LEXIS 28600, at *42 (S.D.N.Y. Feb. 21, 2023).

To be clear, Defendants produced all of the time records for all the Class Members in their

possession, and that production does not contain a single pay or time record showing that any Class

Member did not work during the time they were clocked in. SMF ¶¶ 15-17, 20-21. As such, if

Defendants take the position that their own time records do not accurately reflect the amount of

time Class Members worked for Defendants, the burden should shift to them to produce evidence

of what they contend is the correct hours worked by the Class Members. Because Defendants failed to produce any other contemporaneous records of the Class Members work time, Defendants will be unable to meet this burden. *See Hyunhuy Nam*, 2023 U.S. Dist. LEXIS 28600, at *45 (applying burden shifting and noting Defendants' failure to submit contemporaneous time and pay records). Thus, the Class Members' time records as undisputed reflections of the amount of time Class Members worked for Defendants. SMF ¶¶ 15-17, 20-21.

ii.    **The Class Members' damages**

The Class Members' compensatory and liquidated damages for their minimum wage, overtime, and spread of hours claims and their damages for N.Y. Lab. L. § 195 violations are set forth in the spreadsheets submitted as Schulman Exs. 1 to 8. These damages are calculated based on the time records produced by Defendants and submitted with this motion in Schulman Exs. 9 and 10. At all relevant times Defendants had at least 11 employees. SMF ¶ 5. Thus, the following wage rates were used in the damage calculation.

| Year | NY minimum wage | NY tip credit rate | Hourly tip credit taken | Overtime premium (half of minimum wage) |
|------|-----------------|--------------------|-------------------------|------------------------------------------|
| 2016 | $9 | $7.50 | $2.50 | $4.50 |
| 2017 | $11 | $7.50 | $3.50 | $5.50 |
| 2018 | $13 | $8.65 | $4.35 | $6.50 |
| 2019 | $15 | $10 | $5 | $7.50 |
| 2020 | $15 | $10 | $5 | $7.50 |
| 2021 | $15 | $10 | $5 | $7.50 |
| 2022 | $15 | $10 | $5 | $7.50 |

*See* N.Y.C.R.R., tit. 12, §§ 146-1.2, 146-1.3; DiGuilio Ex. 8 (excerpts from 2016 version of HWO showing 2016 rates).

Unpaid tip credit/minimum wage damages were calculated by multiplying each Class

Member's clocked in hours by the applicable hourly tip credit taken[6]. Unpaid overtime damages were calculated by multiplying each Class Member's clocked in overtime hours by the applicable overtime premium. Unpaid spread of hours damages were calculated by applying one hour of the applicable New York minimum wage to each workday that spanned more than 10 hours based on the time records. Schulman Decl. ¶¶ 11-15. The Class Members' unpaid tip credit/minimum wage damages total $97,315.85, their unpaid overtime damages total $2,632.00, and their unpaid spread of hours damages total $2,418.00, for total compensatory damages of $102,365.85. (Schulman Ex. 1.) Class Members are entitled to an equal amount as liquidated damages, which should be awarded pursuant to the NYLL so that they may also recover prejudgment interest. *See Choudhury v. Hamza Express Food Corp.*, 666 Fed. App'x 59, 60-61 (2d Cir. 2016).

N.Y. Lab. L. § 198 provides that penalties for violations of N.Y. Lab. L. § 195(1), (3) accrue on a workday basis. The penalty for violations of N.Y. Lab. L. § 195(1) is $50 per workday, up to a maximum of $5,000, and the penalty for violations of N.Y. Lab. L. § 195(3) is $250 per workday, up to a maximum of $5,000. N.Y. Lab. L. § 198(1-b), (1-d). Thus, an employee reaches the maximum N.Y. Lab. L. § 195(1) penalty at 100 workdays, and the maximum N.Y. Lab. L. § 195(3) penalty at 20 workdays. Plaintiffs' damage calculation for the N.Y. Lab. L. § 195(1), (3) claims first identified the Class Members whose time records showed they clocked in for at least 100 days and applied the maximum N.Y. Lab. L. § 195(1), (3) penalties for those individuals. Because Martinenko had two periods of employment, in each of which she worked at least 100 days, she is entitled to the maximum N.Y. Lab. L. § 195(1) penalty for each period, for a total of $10,000. *See*, *e.g.*, *Kliger v. Liberty Saverite Supermarket*, No. 17 CV 2520, 2018 U.S. Dist. LEXIS 159540, *18 n.4 (E.D.N.Y. Sept. 17, 2018). Plaintiffs' damage calculation then identified

---

[6] As described in the Schulman Decl., Plaintiffs omitted from their calculation weeks in which a Class Member failed to clock out or had duplicate time entries. Schulman Decl. ¶¶ 8-10.

the clocked in days for all other Class Members and applied the applicable statutory penalties.

In summary, the Class Members' total undisputed compensatory damages, liquidated damages, and statutory penalties are:

- Compensatory Damages: $102,365.85

- Liquidated Damages: $102,365.85

- Statutory Penalties for N.Y. Lab. L. § 195(1) violations: $110,900

- Statutory Penalties for N.Y. Lab. L. § 195(3) violations: $145,000

- Total Damages: $460,631.70

(Schulman Ex. 1). Because these damages are based solely on Defendants own undisputed time records, the Class Members are entitled to summary judgment for damages in the amounts detailed above.

**F.  Defendants Are Liable For Prejudgment Interest Under The NYLL**

The NYLL provides for prejudgment interest on a plaintiff's compensatory damages. *See* N.Y. Lab. L. §§ 198(1-a), 663(1); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017). The prejudgment interest rate is nine percent, and the date at which interest starts to accrue is "the earliest ascertainable date the cause of action existed." *Conway v. Ichan & Co.*, 16 F.2d 504, 512 (2d Cir. 1994); N.Y. C.P.L.R. § 5004. When a plaintiff suffered damages at various times, courts "often choose the midpoint of the plaintiff's employment within the limitations period" for the date that interest starts to accrue. *Gamero* 272 F. Supp. 3d at 515. Accordingly, the Court should find Defendants liable for pre-judgment interest in a rate of nine percent on the Class Members' compensatory damages stemming from their NYLL claims (*i.e.*, overtime, spread of hours, and minimum wage damages). *See supra* at 16-18. Class Members' compensatory damages for their minimum wage, overtime, and spread of hours claims total

$102,365.85. Thus, the daily interest rate is $25.24 ($102,365.85 * 9% / 365 days). The midpoint of the Class Members' damages is June 18, 2019. SMF ¶ 37; Schulman Decl. ¶ 19. Accordingly, the Court should calculate prejudgment interest as $25.24 per day between June 18, 2019 and the date that judgment is entered.

### G. Defendant Volper Is Individually Liable As An Employer For FLSA And NYLL Claims

Finally, the undisputed facts establish that Defendant Volper was the Class Members' employer under the FLSA and NYLL, and they are entitled to summary judgment as to his individual liability. To determine whether an individual is an employer who can be held liable under the FLSA and NYLL, courts consider, *inter alia*, whether he "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013); *Flanigan v. Vulcan Power Group*, LLC, 642 Fed. App'x 46, 51 (2d Cir. 2016). Courts also consider whether the alleged employer has operational control over employees. "A person exercises operational control over employees if his…role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry*, 722 F.3d at 110. Under this standard, it is clear that Defendant Volper was an employer.

Defendant Volper is the founder and sole owner of 212 Steakhouse. (SMF ¶ 6). Defendant Volper has the authority to, and in fact did, hire, fire, promote and discipline employees that worked at 212 Steakhouse. (SMF ¶¶ 7-14). It is undisputed that Defendant Volper was the "ultimate decisionmaker" at 212 Steakhouse. (SMF ¶ 11). These undisputed facts establish that Volper had the authority to (1) hire and fire employees; (2) supervise and control schedules and conditions of employment; and (3) determine the rates of payment for the employees. *See Irizarry*,

19

722 F.3d at 104. This is sufficient to grant summary judgment with respect to Defendant Volper's individual liability for the Class Members' claims under the FLSA and NYLL. *See Solano v. Andiamo Café Corp.*, Case No. 19-CV-03264, 2020 U.S. Dist. LEXIS 214754, at *6-8 (S.D.N.Y. Nov. 17, 2020) (granting summary judgment to plaintiff on individual liability for FLSA and NYLL claims); *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194, at *12-13 (E.D.N.Y. July 24, 2014), *adopted by* 2014 U.S. Dist. LEXIS 11617 (Aug. 19, 2014) (granting summary judgment on individual liability). In addition, it is undisputed that as the sole owner and ultimate decisionmaker, Defendant Volper had operational control over 212 Steakhouse. *See Irizarry*, 722 F.3d at 110. Thus, the Court should find Defendant Volper individually liable for the Class Members' claims under the FLSA and NYLL.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for summary judgment for liability and damages on behalf of the Class Members. Following entry of such a judgment, Plaintiffs will make an application for an award of attorneys' fees under the FLSA and NYLL.

Dated: New York, New York
      November 16, 2023

**JOSEPH & KIRSCHENBAUM LLP**

/s/ *Michael DiGiulio*
Denise Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs and the Class*