# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
NINO MARTINENKO, on behalf of      CASE NO. 22 CV 518 (LJL)
herself and others similarly situated,

          **Plaintiff,**

   v.

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,

          **Defendants.**
-------------------------------------------------x

### DEFENDANTS' RESPONSES & OBJECTIONS TO THE PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

**TO:  PLAINTIFF NINO MARTINENKO**:

**PLEASE TAKE NOTICE,** that the Defendants' 212 STEAKHOUSE, INC., and NIKOLAY VOLPER ("Defendants"), by and through the undersigned counsel, hereby respond to Plaintiff (the "Plaintiff") First Request for the Production of Documents ("Request") in accordance with the numbered Responses and Objections below ("Responses").

    The Responses herein reflect the knowledge of the Defendants as of the date of the Responses, and Defendants' Responses involve an ongoing investigation into the Plaintiff's Requests. Defendants' responses are made subject to each of the General Objections, Comments and Qualifications listed below, and such other objections as may be stated in the individual responses. Defendants reserve their right to amend or supplement these Responses pursuant to Federal Rule 26(e)(1) as becomes necessary and appropriate.

### REQUESTS FOR PRODUCTION

**Request for Production 1:**

    Each Plaintiff's complete employment/personnel file, including but not limited to applications for employment, hire forms, payroll reports, payroll information, paystubs, clock-in

1

reports and/or chits, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, employment contracts, and/or training materials.

 Please see attached.  More to follow.

**Request for Production 2:**

 All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Plaintiff was scheduled to work at the Restaurants.

 None.  Schedule were communicated orally daily.

**Request for Production 3:**

 All documents concerning or reflecting each Plaintiff's actual hours worked at the Restaurant.

 Please see attached.  Additional documents forthcoming.

**Request for Production 4:**

 All documents concerning Plaintiff's job duties at the Restaurant, including but not limited to documents concerning the nature of Plaintiff's duties and the amount of time she spent performing each duty.

 No documents.  This was communicated orally.

**Request for Production 5:**

 All documents concerning sidework performed by Plaintiff, including but not limited to documents concerning the type of sidework Plaintiff performed and the amount of time she spent performing sidework.

 None.  No restaurant would have documentation as to sidework.

**Request for Production 6:**

 All wage notices that Defendants contend they provided to each Plaintiff.

 None.

**Request for Production 7:**

 All wage statements that Defendants contend they provided to each Plaintiff.

 Please see attached.  Additional documents forthcoming.

**Request for Production 8:**

For each Plaintiff, all payroll records, paychecks, and/or paystubs, including but not limited to records sufficient to show the number of hours for which each Plaintiff was paid each week and the rate(s) that Defendants paid Plaintiff in the Liability Period.

Please see attached.  Additional documents forthcoming.

**Request for Production 9:**

For each Plaintiff, all W-2 and/or 1099 forms issued by Defendants.

This information if forthcoming from a third party accountant.

**Request for Production 10:**

All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Class Member was scheduled to work at the Restaurants.

None.  Schedules were communicated orally daily.

**Request for Production 11:**

All documents concerning or reflecting Class Members' actual hours worked at the Restaurants.

This is forthcoming.

**Request for Production 12:**

All documents concerning the job duties of Class Members who were paid pursuant to a tip credit, including but not limited to documents concerning the nature of their duties and the amount of time they spent performing each duty.

None.  This was communicated orally.

**Request for Production 13:**

All documents concerning sidework performed by Class Members who were paid pursuant to a tip credit, including but not limited to documents concerning the type of sidework they performed and the amount of time she spent performing sidework.

None.  This was communicated orally.

**Request for Production 14:**

All wage notices that Defendants contend they provided to Class Members.

None.

**Request for Production 15:**

All wage statements that Defendants contend they provided to Class Members.

This information if forthcoming from a third party accountant.

**Request for Production 16:**

For each Class Member, all payroll records, paychecks, and/or paystubs, including but not limited to records sufficient to show the number of hours for which each Class Member was paid each week in the Liability Period.

This information is attached and additional information is forthcoming.

**Request for Production 17:**

Documents sufficient to show the total number of Class Members.

This information has already been provided.

**Request for Production 18:**

Documents sufficient to show the Individual Defendant's ownership interest in 212 Steakhouse Inc.

See attached tax returns.

**Request for Production 19:**

All documents concerning the Individual Defendant's duties and/or responsibilities with respect to 212 Steakhouse Inc. and/or the Restaurant, including but not limited to his duties and/or responsibilities with respect to hiring, firing, disciplining, and paying employees of 212 Steakhouse Inc. and/or the Restaurants; establishing policies and/or procedures for 212 Steakhouse Inc. and/or the Restaurants; budgeting and purchasing; and general management.

None.

**Request for Production 20:**

All documents concerning policies, practices, and/or procedures regarding employee

4

scheduling at the Restaurants.

None.

**Request for Production 21:**

All documents concerning the operation of Defendants' employee timekeeping system(s) that were used at the Restaurants at any time during the Liability Period.

A POS system was used where employees had to clock in and out.

**Request for Production 22:**

All instruction manuals and settings for any timekeeping and/or POS systems that were used at the Restaurants during the Liability Period.

None.

**Request for Production 23:**

For each timekeeping system that was used at the Restaurant during the Liability Period, documents sufficient to show when such timekeeping system was used.

Please see attached and additional documentation to follow.

**Request for Production 24:**

All documents concerning or reflecting 212 Steakhouse Inc. and/or the Restaurant's gross annual sales for the entire Liability Period, including but not limited to receipts, ledgers, and tax returns.

Please see attached tax returns.

**Request for Production 25:**

All bank statements from all banks used by 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

Please see attached payroll and check information.

**Request for Production 26:**

All records of cash payments made to 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

None.

**Request for Production 27:**

All documents reflecting the prices of goods sold and/or services rendered by 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

Please see tax returns attached.

**Request for Production 28:**

All documents concerning goods sold and/or services rendered by 212 Steakhouse, Inc. and/or the Restaurant during the Liability Period.

Please see tax returns attached.

**Request for Production 29:**

All documents reflecting the amount of tips paid by the Restaurant's customers during the Liability Period.

The third party accountant will be providing this information shortly.

**Request for Production 30:**

All documents concerning the annual expenses of 212 Steakhouse, Inc. and/or the Restaurant for the entire Liability Period, including but not limited to rent; utilities; employee, independent contractor, executive, and consultant compensation; taxes; professional services; and other goods and/or services.

Please see tax returns attached.

**Request for Production 31:**

All documents concerning or reflecting the COVID-19 vaccination status of all of Defendants' employees, contractors, and/or owners who entered the Restaurant on or after August 16, 2021.

Plaintiff is in possession of this information and has refused to supply this information to the Defendants.

**Request for Production 32:**

All documents concerning Defendants' allegation that Plaintiff refused to wear a mask at the Restaurant.

None.

**Request for Production 33:**

All documents concerning Defendants' allegation that Plaintiff violated Restaurant protocols.

Please see attached N.Y.S./N.Y.C.- Covid-Hospitality Related Orders NYC laws requiring vaccination for hospitality employees.

**Request for Production 34:**

All documents concerning Defendants' allegation that Plaintiff lied about her COVID-19 vaccination status.

None.

**Request for Production 35:**

All documents concerning Defendants' allegation in paragraph 85 of the Answer that "[a]s a result of [Plaintiff's] negligent and intentional fraudulent actions, several employees came down with the Covid virus[,]" including but not limited to documents identifying the employees who had COVID-19, when those employees contracted COVID-19, and how those employees contracted COVID-19.

None.

**Request for Production 36:**

All documents concerning the negligent actions Defendants contend Plaintiff engaged in.

None. Negligently not obtaining a vaccine in violation of the attached N.Y.S./N.Y.C.-

Covid-Hospitality Related Orders.

**Request for Production 37:**

All documents concerning the fraudulent actions Defendants contend Plaintiff engaged in.

None.

**Request for Production 38:**

For each individual identified in response to Interrogatory No. 4, all documents concerning their activities in the two weeks prior to testing positive for COVID-19.

None.

**Request for Production 39:**

All customer receipts from the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

This information is being compiled and will be provided shortly.

**Request for Production 40:**

All documents concerning or reflecting the Restaurant's reservations during the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

This information is being complied and will be provided shortly.

**Request for Production 41:**

All employee schedules for the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

None.  Defendants are compiling the information and will provide time sheets shortly.

**Request for Production 42:**

All records of employees' hours worked for the two weeks prior to when each individual identified in response to Interrogatory No. 4 contracted and/or tested positive for COVID-19.

Defendants are compiling the information and will provide time sheets shortly.

**Request for Production 43:**

All documents concerning or reflecting Defendants' actions taken in response to employees contracting and/or testing positive for COVID-19 at any time in 2021.

None.

**Request for Production 44:**

All documents concerning the Restaurant's COVID-19-related protocols, policies, and procedures in place from August 2021 to January 2022.

Please see attached N.Y.S./N.Y.C.- Covid-Hospitality Related Orders.

**Request for Production 45:**

All documents concerning Defendants' allegation that as a result of Plaintiff's actions, the Restaurant had to close over a holiday weekend.

Please see POS Sales Report which will be provided shortly.

**Request for Production 46:**

All documents concerning Defendants' allegation that as a result of the Restaurant closure referenced in paragraph 86 of the Answer, Defendants lost over $50,000 in revenue, including but not limited to documents reflecting the revenue that Defendants received for the corresponding time period in 2020.

Please see POS Sales Report which will be provided shortly.

**Request for Production 47:**

All documents concerning the termination of Plaintiff's employment with Defendants.

None.

**Request for Production 48:**

All governmental laws, statutes, rules, regulations, orders, or other mandates that Defendants contend Plaintiff violated.

Please see attached N.Y.S./N.Y.C.- Covid-Hospitality Related Orders.

---

**Request for Production 49:**

All settlement agreements that Defendants contend released wage and hour claims for each Class Member identified in response to Interrogatory No. 2.

Please see NYS Dept of Labor case and settlement.

**Request for Production 50:**

All deposition transcripts from actions in which an employee of Defendants alleged that Defendants failed to pay required minimum wage, overtime, or spread of hours compensation; failed to provide required wage notices and/or wage statements; or improperly paid an employee pursuant to a tip credit.

None.

**Request for Production 51:**

All insurance policies applicable to this litigation.

None.

**Request for Production 52:**

All written or recorded statements, either under oath or otherwise, concerning the subject matter of this litigation.

None.

**Request for Production 53:**

All non-privileged statements or admissions concerning the allegations in the Complaint and/or Answer in this Action.

None.

**Request for Production 54:**

All documents concerning any affirmative defenses raised in Defendants' Answer in this Action.

This has already been provided in prior statements.

**Request for Production 55:**

All documents and communications concerning Defendants' policies, practices, procedures, systems, or criteria concerning the creation, amendment, revision, retention, or destruction of documents.

None.

**Request for Production 56:**

All documents identified in Defendants' Initial Disclosures in this Action.

N/A.

**Request for Production 57:**

All documents concerning wage and hour investigations and or audits of Defendants or any other entity in which any Defendant has an ownership interest by the United States or New York Department of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiff and/or Class Members, and checks offered to and/or accepted by the United States or New

10

York Departments of Labor on Plaintiff's or Class Members' behalf. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

    Please see attached.

**Request for Production 58:**

All documents concerning rulings, decisions, or opinions rendered by any federal or state court or administrative or governmental agency regarding whether Defendants' wage and hour policies conform to the requirements of federal and/or New York law. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

    Please see attached.

**Request for Production 59:**

All documents concerning or reflecting all actions Defendants took prior to the filing of the Action to determine whether its compensation policies and practices, including but not limited to policies and practices relating to the payment of overtime and spread of hour compensation and the use of the tip credit complied with federal and/or New York law. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

    None.

**Request for Production 60:**

All documents upon which Defendants relied in determining the legality of its compensation policies, practices, and procedures, including but not limited to policies and practices relating to the payment of overtime and spread of hour compensation and the use of the tip credit complied with the federal and/or New York law. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

    Please see attached document.

**Request for Production 61:**

All non-privileged documents concerning wage and hour claims asserted against any Defendant by any current or former employee.

    Already provided and public information.

**Request for Production 62:**

All documents not otherwise requested that relate to the claims, counterclaims, and

11

defenses in this Action.

    None.

Dated:  Manhasset, New York
          July 12, 2022

                          LAW OFFICE OF MITCHELL S. SEGAL, P.C.

                              s/   Mitchell Segal
                        _____

                        By: Mitchell Segal, Esq.
                        Attorney for Defendants
                        1129 Northern Boulevard, Suite 404
                        Manhasset, N.Y. 11030
                        Telephone: (516) 415-0100
                        Facsimile:  (516) 706-6631