# Exhibit 12

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK



**SUMMONS**
Basis for Venue:
CPLR 503- Defendant Place of Business

JULIO DE LA LUZ FLORES

                        Plaintiff

Against

212 STEAKHOUSE, INC (DBA 212 STEAKHOUSE), and

NIKOLAY VOLPER

_____

To the Above-Named Defendants:

212 STEAKHOUSE INC (DBA 212 STEAKHOUSE)
NIKOLAY VOLPER
316 East 53rd street
New York, New York 10022

YOU ARE HEREBY SUMMONED and required to serve upon plaintiffs' attorneys a verified answer to the verified complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 30, 2020

                                                  LINA STILLMAN
                                                  ATTORNEY FOR PLAINTIFF
                                                  BY: Lina Stillman 42
                                                  Broadway, 12th Floor
                                                  New York, NY 10004
                                                  800-933-5620

SUPREME COURT OF THE STATE OF NEW YORK

NEW YORK COUNTY

-----------------------------------------------

JULIO DE LA LUZ FLORES

                Plaintiff

Against

212 STEAKHOUSE, INC (DBA 212 STEAKHOUSE), and

NIKOLAY VOLPER

                Defendants

-----------------------------------------------

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

**Plaintiff** Julio De La Luz Flores ("Plaintiff") by attorneys Stillman Legal P.C. and as for its complaint respectfully alleges as follows, upon knowledge as to itself and its conduct, and upon information and believe as to all other matters:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, at all relevant times herein, was and is a resident of the State of New York.
2. The Defendants, at all relevant times herein, were and still are residents of the State of New York.
3. This Court has personal jurisdiction over the Defendants in that all Defendants are the citizens and residents of the State of New York, and County of New York, and venue is proper because a substantial part of the events took place in New York City-New York County.
4. This Court is proper venue for this action, pursuant to, among other grounds, CPLR 503(a), because events giving rise to Plaintiff's claims and most recent events occurred in his County.

## JURY DEMAND

5. Plaintiff demands a trial by jury of all issues triable in this action.

## FACTUAL BACKGROUND

6. 212 STEAKHOUSE INC. (DBA 212 STEAKHOUSE) is located at 316 East 53rd street, New York, New York 10022.

7. On February 28, 2016, Plaintiff was hired by 212 STEAKHOUSE INC. (DBA 212 STEAKHOUSE), which required Plaintiff to perform services as a dishwasher, and salad maker. Plaintiff understood that he would work a full-time schedule.

8. Upon hiring Plaintiff, Defendants agreed to pay Plaintiff $9.00 per hour.

9. Plaintiff received $9.00 per hour until 2018, when Defendant's increased Plaintiff's pay to $12.00 per hour.

10. In 2020, Defendants increased Plaintiff's pay to $13.76 per hour.

11. Throughout his employment with Defendants, Plaintiff Flores regularly worked in excess of forty (40) hours per week.

12. Plaintiff worked on or around sixty- five (65) to eighty (80) hours every week.

13. Defendant also had an unlawful policy of deducting an exorbitant amount of money from Plaintiff's pay for food per week.

14. Plaintiff is non-exempt under the NYLL. Among other things, Plaintiff Flores did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor.

15. Defendants paid Plaintiff $9.00 per hour from 2016 – 2018, $12.00 per hour from 2018 – 2020, and $13.76 beginning in 2020. From 2016-2020 Plaintiff received the same amount of pay, no matter how many hours he worked, which was always in excess of forty (40) hours per week.

16. In 2020, Plaintiff made only $17.00 per hour in overtime, which is under the lawful pay of time and a half for any hours worked over forty (40) at $13.76 per hour.

17. Defendants did not provide Plaintiff Flores with each payment an accurate statement of wages, as required by NYLL 195(3).

18. Defendants never provided Plaintiff Flores with a written notice, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

19. Plaintiff is a person covered by, and or intend to benefit from, the provisions of New York Labor Law, in respect to the work he provides for the Defendants.

20. Plaintiff regularly worked in excess of 40 hours per week but was never properly paid for all the hours he worked, or paid the proper overtime rate under New York State law and the wage orders promulgated thereunder.

***Facts Related to Defendants Breach of Contract and of the Wage and Hour Laws.***

21. Plaintiff is a person covered by, and or intend to benefit from, the provisions of the New York Labor Law in respect to her Employment with Defendants.
22. Plaintiff was an employee at 212 Steakhouse.
23. Plaintiff was never properly compensated when he worked over forty (40) hours.
24. Both Defendants have control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.
25. Defendants willingly and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein.
26. Defendants intentionally deprived Plaintiff of the legal and proper wages and overtime wages to which Plaintiff is entitled from Defendants.
27. Defendants were unjustly enriched by such intentional and illegal activity and as a result Defendants are liable for Plaintiff's claims herein.
28. The various actions taken by Defendants consisted of, among other things, failing to make proper and necessary social security, worker's compensation, tax withholding and disability contributions for Plaintiff.
29. As a matter of economic reality, both Defendants are joint employers of Plaintiff; and, as a result, both Defendants, individually and collectively are severally liable for call claims made herein.
30. Plaintiff then brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorney's fees under the New York Minimum Wage Act (New York State Labor Law Articles 9 and 10) ("New York Labor Law", the common law of the State of New York and various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R 137-143).

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

31. Plaintiff repeats and reallges each and every allegation as previously set forth.
32. Plaintiff agreed to perform work and services as a dishwasher and salad maker, and was entitled to wages he rightfully earned while working for Defendants.
33. Plaintiff supplied labor, as an employee, in connection with an in furtherance of the required by the Defendants and did not breach the agreement.
34. Defendants knowingly and willfully failed or refused to pay Plaintiff for regular and overtime hours of work performed by Plaintiff for the Defendants.

35. Defendant's failure or refusal to pay Plaintiff all wages constitutes a material breach of Defendant's contract with Plaintiff.

36. By virtue of the foregoing breach of contract by the Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount the Plaintiff should have been paid, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements and attorney's fees.

## SECOND CLAIM FOR RELIEF
### (New York Labor Laws NYLL 170, 191, 198)

37. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

39. Defendants, knowingly or otherwise, paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

40. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

41. Pursuant to New York Labor Law, Labor Law Article 6 and 19, Labor Law §198 and the Wages Orders issued under New York Labor Law at 12 NYCRR §§ 137-143, Plaintiff was entitled to certain minimum wages, overtime wages, and other wages, all of which the Defendants intentionally failed to pay in violation of such laws.

42. Wherefore Plaintiff seeks a judgment against Defendants for all wages, which should have been paid, but were not paid, to Plaintiff pursuant to New York Labor Laws and Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys fees, interest and costs provided under New York Labor Law and Labor Law §198 and 663.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW NYLL § 190, 191, 193, 195, 198)

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
44. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
45. Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorney's fees. Wherefore Plaintiff seeks a judgment against Defendants for all wages, which should have been paid, but were not paid, to Plaintiff pursuant to New York Labor Laws and Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorney's fees, interest and costs provided under New York Labor Law and Labor Law §198 and 663.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

46. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.
47. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

## FOURTH CLAIM FOR RELIEF
### (Labor Law Article 19-C)

48. Plaintiff repeats each and every allegation previously made herein.
49. Plaintiff regularly worked in excess of 40 hours per week for Defendants but did not receive the proper wages and overtime wages to which he was entitled for all hours worked.
50. Plaintiff has worked holidays, and on his designated days off, and did not receive the proper wages and overtime wages for which he was entitled.

51. Accordingly, Plaintiff seeks a judgment for unpaid regular, and overtime wages, and unpaid overtime holiday wages such sums to be determined at trial and upon and accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of liquidated damages, interest, attorney's fees, and costs, as provided under New York Labor Laws.

### FIFTH CLAIM FOR RELIEF
### (Quantum Meruit)

52. Plaintiff repeats each and every allegation previously made herein.
53. Plaintiff performed work and services as a cook for Defendants.
54. Plaintiff had reasonable expectations of payment for the hours he worked for Defendants, but Defendants failed to remunerate Plaintiff for all the hours he worked.
55. Plaintiff was entitled to payment for the unpaid hours he worked for Defendants at a rate which constitutes the reasonable value of his services, less amounts actually paid to Plaintiff, together with an award of interest, costs and disbursements, and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a)   Compensatory damages in an amount to be determined at trial, together with interest;
(b)   Liquidated damages pursuant to New York Labor Law;
(c)   Punitive damages in an amount to be determined at trial;
(d)   Pre-Judgment interest;
(e)   Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL.
(f)   Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff
(g)   Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees;
(h)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and
(i)   All such other and further relief as the Court deems just and proper.

Dated: New York,

                                              LINA STILLMAN, ESQ.
                                              ATTORNEY FOR PLAINTIFF

                                                      BY: /s/Lina Stillman
                                                      42 Broadway, 12th Floor
                                                      New York, NY 10004
                                                      800-933-5620

**VERIFICATION BY ATTORNEY**

                              LINA STILLMAN, being duly sworn, deposes and says:

That she is the attorney for the Plaintiff Julio De La Luz Flores in the above entitled action with offices located at 42 Broadway, City of New York, County of New York, State of New York; that she has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to her knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why deponent instead of Plaintiff makes this verification is because Plaintiff is not within the County of New York which is the county where the deponent has her office.

Deponent further says that the grounds of her belief as to all matters in the COMPLAINT not stated to be upon her knowledge are based upon conversations with the plaintiff, other witnesses and a review of writings relevant to this action.

                                                      Lina Stillman Lina
                                                      Stillman, ESQ.
                                                      Attorney for Plaintiff