`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
NINO MARTINENKO, on behalf of　　　　　　CASE NO. 22 CV 518
herself and others similarly situated,

        **Plaintiff,**

   v.

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,

        **Defendants.**
----------------------------------------------------x

# DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am a partner with Joseph & Kirschenbaum LLP ("JK"), class counsel in this action. I am familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Plaintiffs' motion for Summary Judgment under Federal Rule of Civil Procedure 56.

3. I prepared the damages spreadsheets attached hereto as Exhibits 1 to 8. Exhibit 1 is a summary of the total damages Plaintiffs seek on this motion. Exhibits 2 to 8 are the underlying detailed damages calculations.

4. True and correct copies of all the time records Defendants produced in this action, with blank pages omitted, are attached hereto as Exhibits 9 and 10. All of the documents referenced in the damage calculations for Class Members other than the Named and Opt-In Plaintiffs are included in Exhibit 9, and all of the documents referenced in the damage calculations for the Named and Opt-In Plaintiffs are included in Exhibit 10.

5. Exhibit 2 shows the calculation of the Named and Opt-In Plaintiffs' (Martinenko and Huk) unpaid tip credit/minimum wage compensation. The time records that Defendants produced for these two Plaintiffs showed year-end totals of the hours for which they were clocked in at 212 Steakhouse. For each year except for 2016, I multiplied the total clocked in hours by the applicable tip credit to calculate the tip credit/minimum wage damages. For Martinenko in 2016, I performed the same calculation after subtracting the clocked in hours from prior to January 21, 2016.

6. Exhibit 3 shows the calculation of the Named and Opt-In Plaintiffs' unpaid spread of hours compensation. To calculate these damages, I identified every workday in Defendants' time records that spanned more than 10 hours and applied one hour at the applicable New York minimum wage to that day.

7. Exhibit 4 shows the calculation of the Named and Opt-In Plaintiffs' unpaid overtime compensation. To calculate these damages, I identified every workweek in which the Plaintiffs were clocked in for more than 40 hours. Because the tip credit damages for all regular and overtime hours are accounted for in Exhibit 2, I calculated the overtime damages by multiplying the number of overtime hours (hours over 40 in a workweek) by half of the full New York minimum wage.

8. Defendants produced Class Members' time records in two formats. They produced some time records in a format that could be easily converted from PDF to Excel ("Group 1," 212SH118-128, 139-143, 149-163, 168, 171, 184-189, 197-212, 216-218, 232-234, 263, 281-284, 286, 313-314) and the remaining time records in a format that had to be entered by hand into an Excel spreadsheet ("Group 2," 212SH28-32, 75-78, 87, 97-102, 113-117). For both Group 1 and 2, I manually identified spread of hours shifts and then used

Microsoft Access to generate reports that totaled the clocked in hours for each Class Member in each workweek.

9. In Group 1, there were two days on which the time records reflected multiple overlapping time entries for a Class Member – June 10, 2017 for Miguel Torress, and January 24, 2016 for Juan Deluna. Accordingly, I omitted from the calculation the week ending June 11, 2017 for Torres and the week ending January 24, 2015 for Deluna.

10. From Group 2, the following time entries reflected overnight shifts of 16.25 or more hours and thus clearly indicated that the Class Member had forgotten to clock out. Accordingly, I omitted from the calculation the weeks encompassing these time entries.

| Bates number | Class Member | Clock in date | Total hours clocked in | Week end date |
|---|---|---|---|---|
| 212SH00097 | Juan Aguilar | 5/10/19 | 23.63333333 | 5/12/19 |
| 212SH00078 | Tristian Collazo | 9/15/17 | 23.93333333 | 9/17/17 |
| 212SH00115 | Lytchez Lazarov | 1/24/20 | 16.25 | 1/26/20 |
| 212SH000115 | Lytchez Lazarov | 2/26/20 | 23.16666667 | 3/1/20 |
| 212SH000115 | Lytchez Lazarov | 4/9/19 | 28.46666667 | 4/14/19 |
| 212SH000115 | Lytchez Lazarov | 4/18/20 | 21.8 | 4/19/20 |
| 212SH000115 | Lytchez Lazarov | 4/27/20 | 23.88333333 | 5/3/20 |
| 212SH000115 | Lytchez Lazarov | 4/28/20 | 29.98333333 | 5/3/20 |
| 212SH000115 | Lytchez Lazarov | 11/27/18 | 52.46666667 | 12/2/18 |
| 212SH000115 | Lytchez Lazarov | 12/4/18 | 52.31666667 | 12/9/18 |
| 212SH000117 | Lytchez Lazarov | 12/6/19 | 23.95 | 12/8/19 |

11. Exhibit 5 shows the unpaid tip credit/minimum wage, overtime, and spread of hours compensation for the Class Members in Group 1, and Exhibit 6 shows the unpaid tip credit/minimum wage, overtime, and spread of hours compensation for the Class Members in Group 2.

12. As reflected in Exhibits 5 and 6, once the overnight or duplicate time entries were deleted from Groups 1 and 2, I calculated tip credit/minimum wage damages for each Class

Member on a weekly basis by multiplying his or her total weekly hours by the applicable tip credit amount.

13. I then calculated the unpaid overtime premium for each Class Member by multiplying his or her total weekly overtime hours by one half of the applicable full New York minimum wage.

14. I then calculated the unpaid spread of hours compensation for each Class Member by applying one hour at the full New York minimum wage to each shift.

15. Exhibits 5 and 6 also show each Class Member's total unpaid tip credit/minimum wage, overtime, and spread of hours compensation owed.

16. Exhibit 7 shows the Class Members who worked more than 100 days, based on Defendants' time records. These Class Members are entitled to the maximum damages permitted under N.Y. Lab. L. § 195(1) ($50 per workday, up to a maximum of $5,000) and N.Y. Lab. L. § 195(3) ($250 per workday, up to a maximum of $5,000). Because Nino Martinenko had two separate periods of employment, she is entitled to the maximum statutory damages for each period of employment, for a total of $10,000.

17. For the class members who worked fewer than 100 days, Exhibit 8 shows the dates on which they clocked in to work. I then calculated the number of days each person worked and applied the damages identified in the previous paragraph to that number of days.

18. Exhibit 1 is a summary spreadsheet that shows, based on Exhibits 2 to 8, each Class Member's compensatory, liquidated damages, and penalty for each claim for which Plaintiff seeks summary judgment. This exhibit also shows each person's total damages, classwide totals for each category of damages, and total overall damages.

19. Finally, the earliest Class Member clock-in date within the statute of limitations is January 21, 2016 (*see*, *e.g.*, 212SH185), and the last Class Member clock-in date is November 13, 2022 (*see* 212SH314). Accordingly, the damages midpoint for the purpose of calculating prejudgment interest is June 18, 2019.

Dated: New York, New York
      November 16, 20223                /s/ Denise A. Schulman
                                           Denise A. Schulman