UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINO MARTINENKO, on behalf of herself and others similarly situated,

        Plaintiff,

v.

212 STEAKHOUSE, INC., and NIKOLAY VOLPER,

        Defendants.

22-cv-518

## PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1[1]

Pursuant to Rule 56.1 of the Local Rules of this Court, Plaintiff Nino Martinenko and Opt-in Plaintiff Dagmara Huk (collectively, "Plaintiffs"), on behalf of the Federal Rule of Civil Procedure Rule 23 Class (*see* Dkt. No. 92), submit the following undisputed facts in support of their motion for summary judgment[2] on behalf of the Class Members.[3]

1. Defendant 212 Steakhouse Inc., owns and operates a steakhouse restaurant located at 316, East 53rd Street, New York, NY 10022 ("212 Steakhouse"). (DiGiulio Ex. 1 at 16:3-11, 18:19-25) (Amended Answer ¶ 3, Dkt. No. 31).

2. 212 Steakhouse's gross annual revenue from 2016-2022 exceeded $500,000. (DiGiulio Ex. 1 at 128:13-24, 133:15-17, 134:24-135:5, 136:16-20, 138:9-17) (Dkt. No. 93 at 3).

---

[1] The facts herein are deemed undisputed only for purpose of Plaintiff's accompanying Motion for Summary Judgment. Plaintiffs' reserve the right to dispute these assertions of fact should this action proceed to trial.

[2] In support of their Local Rule 56.1 Statement, Plaintiffs cite to the November 16, 2023 Declaration of Michael DiGiulio in Support of Plaintiffs' Motion for Partial Summary Judgment ("DiGiulio Decl.") and exhibits annexed thereto which are cited herein as "DiGiulio Ex. __"; November 16, 2023 Declaration of Denise Schulman in Support of Plaintiffs' Motion for Partial Summary Judgment ("Schulman Decl.") and exhibits annexed thereto which are cited herein as "Schulman Ex. __"; and the November 16, 2023 Declaration of Nino Martinenko ("Martinenko Decl. __").

[3] The "Class Members" are the 33 people identified in Schulman Ex. 1 who worked for Defendants as tipped employees – servers, runners, bussers, and bartenders – on or after January 20, 2016 at 212 Steakhouse who have not opted out of the Class.

3. Plaintiff Martinenko worked at 212 Steakhouse as a server from 2016 through December 2018, and then again from March 2021 through December 2021. (DiGiulio Ex. 9 at ¶ 3) (Schulman Ex. 10, Bates Nos. D1216-D1236).

4. Opt-In Plaintiff Huk worked at 212 Steakhouse as a bartender from August 2020 through September 2021. (DiGiulio Ex. 10 at ¶ 3) (Schulman Ex. 10, Bates Nos. D1212-D1215).

5. Defendants have had at least 11 employees throughout the time period covered by the Class Members' claims. (DiGiulio Ex. 1 at 53:25-5, 58:4-59:4, 60:3-7, 62:4-11, 63:21-65:4; Martineko Decl. ¶¶ 3-4) (Schulman Ex. 9, Ex. 10).

6. Defendant Volper is the found of 212 Steakhouse and has been the sole owner of 212 Steakhouse from 2016 to the present. (DiGiulio Ex. 1 16:18-19, 131:14-16, 134:3-7, 135:14-16, 138:25-139:8) (Dkt. No. 93 at 3).

7. Defendant Volper had, and exercised, the authority to hire 212 Steakhouse employees, including Class Members. (DiGiulio Ex. 1 at 34:3-21).

8. Defendant Volper had, and exercised, the authority to fire 212 Steakhouse employees including Class Members. For example, he fired Plaintiff Nino Martinenko. (DiGiulio Ex. 1 at 34:22-35:2).

9. Defendant Volper had, and exercised, the authority to promote 212 Steakhouse employees including Class Members. For example, he promoted a server to a captain position. (DiGiulio Ex. 1 at 36:2-25).

10. Defendant Volper had, and exercised, the authority to discipline 212 Steakhouse employees including Class Members. For example, Volper demoted an employee who he believed was acting inappropriately with a female employee. (DiGiulio Ex. 1 at 35:23-25, 37:2-38:2).

11. Defendant Volper was the ultimate decision maker at 212 Steakhouse. (DiGiulio Ex. 1 at 33:24-34:2).

12. Defendant Volper had, and exercised, control over the conditions of employment for 212 Steakhouse employees, including Class Members. For example, employees had to follow Volper's work-related instructions. (DiGiulio Ex. 1 at 33:24-40:9).

13. Defendant Volper had, and exercised, control over the work schedules for 212 Steakhouse employees, including Class Members. For example, Volper had the authority to approve employees' requests for time off and did in fact do so. (DiGiulio Ex. 1 at 39:18-22).

14. Defendant Volper had, and exercised, control over the rate of pay for 212 Steakhouse employees, including Class Members. (DiGiulio Ex. 1 at 38:3-17, 39:6-13).

15. Defendants required all Class Members to clock in and out on 212 Steakhouse's point of sale ("POS") system. The POS system's records are the only time records that Defendants maintained for Class Members, and Defendants paid Class Members based on these records. (DiGiulio Ex. 1 at 41:7-14) (Dkt. No. 93 at 3) (Schulman Ex. 9, Ex. 10).

16. Specifically, Defendants paid all front-of-house employees who clocked in and out on 212 Steakhouse's POS system the applicable New York tip credit minimum wage for the hours for which they were clocked in. (Dkt. No. 93 at 3).

17. To the extent that Class Members took breaks, Defendants did not require Class Members to clock out for breaks. (DiGiulio Ex. 1 at 74:9-13; Ex. 2 at 85:9-12).

18. Defendants paid all Class Members their regular rate of pay, *i.e.*, the tip credit minimum wage, for all overtime hours that they worked (rather than time-and-a-half). (Dkt. No. 93 at 3) (DiGiulio Ex. 6, 7).

19. Defendants did not pay Class Members a spread-of-hours premium when their workdays lasted more than 10 hours. (Dkt. No. 93 at 3).

20. In this Action, Defendants have produced all POS system time records in their possession for all front of house employees (*i.e.*, servers, runners, bussers, and bartenders) from the time period covered by this lawsuit. (Dkt. No. 96 at ¶¶ 2-4).

21. These time records show the clock in and out dates and times of all 33 Class Members. (Schulman Decl. ¶¶ 2-15, Ex. 2, Ex. 5, Ex. 6, Ex. 9, Ex. 10)

22. These time records establish the number of hours that each Class Member worked, including regular hours, overtime hours, and spread of hours shifts. (Schulman Decl. ¶¶ 2-15, Ex. 2, Ex. 5, Ex. 6, Ex. 9, Ex.10).

23. In discovery in this Action, Plaintiffs served document requests ("Document Requests") on all Defendants (the "Requests"). (DiGiulio Ex. 4).

24. Defendants responded to Plaintiff's Document Requests. (DiGiulio Ex. 5)

25. As part of the Document Requests, Plaintiffs sought the production of any and all written notices of pay rates that Defendants contended they provided to any Class Member. (DiGiulio Ex. 4 at Requests 6 and 14).

26. In response to these Requests, Defendants stated that they had no such documents, and they did not produce any written wage notices for any Class Member. (DiGiulio Ex. 5 at Responses 6 and 14).

27. Defendants did not provide any Class Member with any type of written wage notice, including one that informed them of their hourly pay rate, overtime hourly pay rate, and the amount of tip credit that was being taken from their wages. (DiGiulio Ex. 1 at 115:20-116:18, 118:18-11; Ex. 5 at Responses 6 and 14; Ex. 9 at ¶ 13; Ex. 10 at ¶ 4).

28. Defendants paid Class Members by handwritten checks. (DiGiulio Ex. 1 at 46:4-8).

29. Defendants did not start providing Class Members with paystubs with their wage payments until they began using an accounting company called Crow. Defendants began using Crow before the Covid-19 pandemic in March 2020 but no earlier than 2019. (DiGiulio Ex. 1 at 99:12-101:5; Ex. 2 at 52:15-24; Ex. 9 at ¶ 7).

30. As part of the Document Requests, Plaintiffs also sought the production of any and all wage statements that Defendants provided to any Class Member since January 20, 2016. (DiGiulio Ex. 4 at Requests 7 and 15).

31. Defendants did not produce any paystubs or wage statements for any Class Members other than for Plaintiff Martinenko and Opt-In Plaintiff Huk. (DiGiulio Decl. ¶ 16).

32. The earliest paystub that Defendants produced in this action was dated August 24, 2020. (DiGiulio Decl. ¶ 9; Ex. 1 at 101:2-5; Ex. 2 at 52:15-24; Ex. 3 at 35:6-36:6, Ex. 6, Ex. 7, Ex. 9 ¶¶ 7, 14).

33. Once Defendants began issuing paystubs, all Class Members' paystubs contained the same categories of information and were in the exact same format as those issued to Plaintiff Martinenko and Opt-In Plaintiff Huk. None of them stated the amount of the tip credit taken or overtime hours worked. (DiGiulio Ex. 1 at 106:16-20; Ex. 6, Ex. 7).

34. Defendants created the wage statements prior to writing the pay checks to the Class Members. (DiGiulio Ex. 9 at ¶ 8; Ex. 10 at ¶ 5).

35. The pay checks for each Class Member were then written to reflect the amount that was indicated on his or her respective wage statements. (DiGiulio Ex. 9 at ¶ 8; Ex. 10 at ¶ 5).

36. Before Defendants began issuing paystubs, they did not furnish Class Members with any wage statements with their payment of wages, including but not limited to a statement of pay rate, overtime hours worked, amount of tip credit taken, gross wages, or net wages. (DiGiulio Ex. 1 at 105:20-107:13 (discussing Ex. 13 at Plaintiff0025-Plaintiff0026)).

37. The midpoint of the Class Members' damages is June 18, 2019. (Schulman Decl. ¶ 19, Exs. 5, 6, 9, 10).

38. Defendants took no affirmative steps to determine the requirements of the wage and hour laws. (DiGiulio Ex. 1 at 190:7-191:4).

39. Defendants did not consult with anyone to determine whether the payroll practices at 212 Steakhouse complied with the law. (DiGiulio Ex. 1 at 191:5-8, 9-13).

40. In 2018, Defendants were sued for the same wage and hour violations as those asserted in this litigation. (DiGiulio Ex. 1 at 195:7-196:10; Ex. 11).

41. Subsequent to being sued in 2018, Defendants did not change their payroll practices. (DiGiulio Ex. 1 at 196:9-198:4).

42. In 2020, Defendants were again sued for, *inter alia*, failing to pay minimum wage and overtime compensation. (DiGiulio Ex. 1 at 199:20-200:11; Ex. 12).

43. Subsequent to being sued in 2020, Defendants did not change their payroll practices. (DiGiulio Ex. 1 at 199:20-200).

Dated: New York, New York
      November 16, 2023                                   **JOSEPH & KIRSCHENBAUM LLP**

                                                          /s/ *Michael DiGiulio*
                                                          Denise Schulman
                                                          Michael DiGiulio
                                                          32 Broadway, Suite 601
                                                          New York, NY 10004
                                                          (212) 688-5640;

*Attorneys for Plaintiffs and Class Members*