UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NINO MARTINENKO, on behalf of herself and others similarly situated,

                          Plaintiff,

-against-

212 STEAKHOUSE, INC., and NIKOLAY VOLPER,

                          Defendants.

Case No.: 22-CV-518 (JLR) (RWL)

**DECLARATION OF NIKOLAY VOLPER IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT**

---

**NIKOLAY VOLPER**, being duly sworn, deposes and declares under penalty of perjury and states as follows:

1.     I am an individual defendant in this action.

2.     I am submitting this declaration on behalf of myself and as the corporate representative of 212 Steakhouse. I have personal and first hand knowledge and information of the facts and statements herein and I can personally attest to the authenticity of the exhibits attached to this Declaration.

3.     Plaintiffs have submitted a Damages Summary in their Motion for Summary Judgment in which they claim to the Class consists of 33 tipped employees. Plaintiff's list, however, includes six (6) individuals whose notices were returned as undeliverable. It also includes two deceased individuals who passed away prior to the commencement of this lawsuit. One of the individuals, Lychezer Lazarou, had a returned undeliverable notice. The other deceased individual on the list is Danny Birlandeau. These two deceased individuals were not on the 212 Class list.

4.  Adrian Pizarro is on Plaintiffs damages list, and Plaintiffs include him as a Class Member. However, we had notified Plaintiffs that he was a non-tipped employee as he worked as a back of the house employee (dishwasher). I have attached hereto as Exhibit 1 to this declaration Pizzaro's Time In/Out Report. The clock in and clock hours listed for him, clocking in at 2:00 pm show him to be a back of the house kitchen employee. Exh. 1, attached hereto.

5.  212 Steakhouse ("212" or "Restaurant") is a small restaurant in New York City. On any given shift only tipped 3-4 employees work. Tipped employees include servers, bussers and bartenders. On weekends that number could increase to 7, but that depends on the time of year. See Exhibit 2, attached hereto (sampling of tip sheets).

6.  The employees set their own schedules without any management involvement.

7.  There is no on-site manager directing the employees during their shifts. In fact, the Restaurant has no day to day manager. The kitchen staff, typically the Chef, opens the Restaurant each day a front of the house employee closes the Restaurant at night. Most of the employees have keys to the Restaurant. Servers are relieved from work when their last guest check is closed. This includes Plaintiff Martinenko. Martinenko was considered off duty after her last check closed. At that time she should have clocked out.

8.  The Restaurant employees' clock in at the start of their shift and clock out at the conclusion of the shift. Again, this should be when their last guest check is closed. The bussers are responsible for clearing the tables when the last check is closed. Employees are provided with a meal break of at least 30 minutes. They are paid for the time they are clocked in to when they clock out. Front of the house employees are provided with a minimum 30 minute meal break. The kitchen prepares a family style meal for them each shift, usually around 4:00 pm.

9.      While the employees do not clock out for the meal break, breaks of 30 minutes or more are not considered work time. Again, the employees police themselves as to these breaks and their work hours, of course they are guided by the hours of operation. The employees create their own schedules, again by the hours of operation. The servers are relieved from work when their last check (table) is closed. At that point the busser cleans the table and then sets the table for the next day. The servers stayed after their last check closed to wait for a full accounting of the days tips. That way they could take their cash tips with them that night. The time after the servers last check closing is not work time. The servers should have clocked out at this time as they were relieved from all duties and could leave the Restaurant. The did not clock out, however. My review of the time records is that they do not clock out during this time, which is not work time. For example, I reviewed Plaintiff Martinenko's December 21, 2021, time and when her last check closed. (Exh. 3, is attached hereto).[1] For that month, December 2021, there was 20 hours of non work time after the close of her shift of which she remained clocked in.

10.     Since there is no on-site manager directing the front of the house employees, those employees' manage their own work. In fact, if there are not enough customers in the restaurant, the employees among themselves can decide if someone wants to leave early. It is also up to the employees to clock out when their duties conclude. I am not there to police their clock in and clock out times and it is their responsibility to clock out when their work duties ended.

11.     I expect the front of the house employees to take a full 30 to 40 minute meal break. No one has ever complained to me that they are being interrupted during their meal break. I have never interrupted an employee during their meal break. Because the kitchen prepares the family style meal for employees, I have no reason to believe they are not taking their full meal break.

---

[1] Exhibit 3 consists of three parts: a is the compilation, document b is Martinenko's time in and out for 2021 and document c is the Martinenko' last check and the time it was entered.

3

12. I am not present in the Restaurant most of the time.

13. Both Nino Martinenko and Dagmara Huk assisted with payroll, as did other employees. They, and other employees, including the Chef wrote the payroll checks. Neither Martinenko nor Huk had prepared the paychecks each week, that job was spread over several different employees. Each employee had full access to the restaurants office and the Point Of Sale System. Martinenko held the same level of security access as me, level 3, which was the highest level. With that level she could review the payroll records of all employees, download them, and even change her records (and those of other employees).

14. Starting in 2019 the Restaurant used a payroll service to process checks and provide wage statements. When we started issuing wage statements with the checks, the statements contained the necessary information for each employee including pay rate and lawful deductions. Prior to 2019 we did provide statements to the employees containing their reported tips, time in and out and the meal credit as well as the employee's acknowledgment that they were paid.

15. Martinenko regularly stayed in the restaurant after her shift ended. A review of her time in and time out records shows that she did not clock out when her shift ended, She was not required to remain at the restaurant after her last guest left, i.e. the last guest's check clocked out. There were no work duties for her to perform at that time. The busser was responsible for clearing the tables. Martinenko sometimes sat at the bar after her last guest left. She also waited for her cash tips to be distributed and stayed in the Restaurant for the full accounting of the tips to ensure herself that she got her full allotment of the tip pool. I think she also waited for her boyfriend's shift to be over (he was another Restaurant employee, busser who had to stay to clean the tables). This too is not considered work time for Plaintiff. I have attached hereto a listing of the period between Martinenko's last check cleared and the time she actually clocked out for a one month

period (12/1/21 – 12/31/21). This non-work time counts to over 20 hours for the month of December 2021, which doesn't even include the 2.5 hrs. a week of meal break time. Exh 3, attached hereto. If this analysis is extended throughout her employment, the overtime and spread of hours would be completely wiped out, and the minimum wage/tip credit damages would be significantly adjusted downward/or completely a wash.

16. Plaintiffs also claim that they took phone calls for the Restaurant when they weren't performing their server duties. While they may have taken sporadic phone calls from time to time, this was not a substantial or significant amount of time. The Restaurant's host was in charge of making and answering phone calls for the Restaurant. The host is a non-tipped position, and the host typically had the same hours as the other front of the house employees.

17. The employees administered their own tip pool and came up with the percentages each would receive. The Restaurant had no role in the administration of the employees tip pool.

18. Tips come in the form of credit card tips and cash tips. I now understand that neither Martinenko nor Huk declared their cash tips to the restaurant.

19. I did not review the payroll or the time in and time out information. This was passed on to the accountant, who calculated the payroll for each employee and payroll taxes. The payment also included reported tips. During the course of this litigation, I have reviewed the time records.

20. I relied on my accountant to ensure the employees were properly paid and for compliance with the wage-hour laws. 212 was my first, and only Restaurant experience. I also relied on the more experienced workers, such as Martinenko to operate the Restaurant. Martinenko started at the Restaurant in 2015. It appears from Plaintiff damages calculation that she is seeking a penalty related to the Restaurant's failure to provide her with certain information at the start of her employment in 2015. However, 2015 is beyond the limitations period of this action.

21. I do not believe the front of the house employees worked overtime, i.e. over 40 hours in a workweek. The Restaurant's hours don't call for it. Also, the overtime and spread of hours sought in this case is attributable to non-compensable time in which an employee remained clocked in – such as his/her meal break and the time spent in the Restaurant after their shift ended without clocking out.

22. A review of the time in/time out records for the Class shows that employees did not clock out for meal breaks. Exh 4, attached hereto.

23. No employee complained or notified me that they were working overtime and not getting pay an overtime rate. No employee complained to me or notified me that they were not getting a full meal break. The Restaurant charged a meal credit for the family meal served to them each shift. I had no knowledge that any employee was working overtime or working through their breaks of 30 minutes or more.

24. The Restaurant did have two prior lawsuits one in 2018 and one in 2020. The one in 2020 involved a dishworker, which is a non-tipped position. We resolved that case early in the process. I did not believe we owed the employee any money, but I made a business decision to resolve the case without expending funds on litigation. The first case was in 2018 and we also settled that case as a business decision. After that case we hired the payroll service to prepare detailed pay statements for employees. I don't recall whether the case had anything to do with that charge, but it was around the same time the case concluded. Plaintiffs also refer to a New York State Department of Labor investigation. That investigation had nothing to do with wage-hour issues but was a routine unemployment insurance audit.

25. I have always thought we paid time employees appropriately and in accordance with the laws. I relied on my accountant to apprise me of the relevant payroll laws, and he never

told me the Restaurant was out of compliance. No employee notified me that they were not paid properly. We had all the relevant wage and hour notices posted in a place where employees could see them. I always posted the most recent version of the posters. The posters set forth the overtime requirements as well as the tip credit requirements. Each of our tipped employees earn sufficient tips so that their hourly wage for all hours worked equals the regular minimum wage.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 2 0, 2023

_____
Nikolay Volper