UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
NINO MARTINENKO, on behalf of herself   CASE NO. 22 CV 518
and others similarly situated,

    **Plaintiff,**

 v.

212 STEAKHOUSE, INC., and NIKOLAY
VOLPER,

    **Defendants.**
------------------------------------------------------x

# DECLARATION OF MICHAEL DIGIULIO

Michael DiGiulio declares under penalty of perjury pursuant to 28 U.S.C.§ 1745 that:

1. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motions to Decertify the Class and to Dismiss Pursuant to Rule 12(c).

2. I am an attorney with Joseph & Kirschenbaum LLP ("JK"), class counsel in this action.

3. I am familiar with the facts and circumstances set forth herein.

4. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the transcript of the October 6, 2022 deposition of Defendant Nikolay Volper, who was testifying on behalf of himself and on behalf of Defendant 212 Steakhouse, Inc., under Federal Rule of Civil Procedure 30(b)(6) in the above captioned case.

5. Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' Responses & Objections to the Plaintiff's First Request for the Production of Documents to All Defendants served on Plaintiff on July 12, 2022.

6. Attached hereto as **Exhibit 3** are true and correct copies of the completed opt-out forms from the eight current employees of 212 Steakhouse – Samuel Garcia Velez, Luis

Fenandez, Alexander Rynkovsky, Bonifacio J. Ramos, Everardo Perez, Javier Clemente, Jose Raul Roque Blass, and Oscar Morales.

7. Attached hereto as **Exhibit 4** are true and correct copies of the envelopes that the seven of the eight current employees of 212 Steakhouse used to submit their opt-out forms – Bonifacio J. Ramos, Everardo Perez, Javier Clemente, Samuel Garcia Velez, Oscar Morales, Jose Raul Roque Blass, and Alexander Rynkovsky.

8. Attached hereto as **Exhibit 5** are true and correct copies of examples of a wage statements/paystub for Plaintiff Martinenko and for Plaintiff Huk. Plaintiff Huk's wage statement, dated August 24, 2020, is the earliest wage statement that Defendants have produced in this litigation. These documents bear Bates numbers D883, D907, D948.

9. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff Martinenko's W-2 from 212 Steakhouse in 2021 that Defendants produced in this litigation.

10. Defendants did not produce any wage statements for any Class Members other than for Plaintiff Martinenko and Opt-In Plaintiff Huk.

11. Defendants did not produce a single wage notice for any Class Member in this litigation.

12. Defendants produced Plaintiffs' time records in discovery, and in May 2023 Defendants produced time records for an additional 43 Class Members.

13. Defendants subsequently confirmed that they did not include two deceased Class Members – Danny Birladeanu and Lytchez Lazarov – on the Class list, although they produced those two individuals' time records.

14. Plaintiffs included Birladeanu and Lazarov in the notice distribution.

15. Defendants provided Lazarov's last known address to Plaintiff's counsel following conditional certification of the FLSA collective. Plaintiffs' counsel identified Birladeanu's surviving spouse via public records search and a GoFundMe established after his

death and mailed the notice to her last known address as obtained from a public records search.

16. Defendants confirmed via email that Michelle Marquez, whose time records they produced but whom they omitted from the class list because they did not have any contact information for her, is a Class Member.

17. Plaintiffs' counsel identified Birladeanu's surviving spouse via public records search and a GoFundMe established after his death and mailed the notice to her last known address as obtained from a public records search.

18. Defendants subsequently stated that three individuals who were included on the Class List were either not employed in covered positions (Assel Ivanskaya and Adrian Pizarro) or not employed at all (Barbara Laluz).

19. Defendants produced time records for Pizarro and have never provided any evidence showing that Pizarro was not employed in a covered position and that he should not be included in the Class.

20. After Plaintiffs distributed the class notice to Class Members' last known addresses as provided by Defendants or located by Class Counsel, 12 individuals opted-out of the class.

21. At the close of the Class notice period, there are 33 Class Members, including Pizarro.

22. Every Class Member who is a current employee (eight individuals) opted out of the Class, and they did so using a virtually identical form dated June 30, 2023, even though the opt-outs were mailed on July 1, 10, 11, 12, 17, and 18.

23. Defendants never provided Plaintiffs with evidentiary or witness disclosures under Federal Rule of Civil Procedure 26(a).

24. Defendants produced time records for all Class Members, which show the clock in and out dates and times of all the Class Members.

25. Defendants time records establish the number of hours that each Class Member worked, including regular hours, overtime hours, and spread of hours shifts.

26. During discovery, Defendants did not produce any copy or image of the poster depicted in Dkt. No. 112-13.

Dated: New York, New York
December 21, 2023

JOSEPH & KIRSCHENBAUM LLP

By: <u>*/s/ Michael DiGiulio*</u>
Michael DiGiulio
32 Broadway, Suite 601
New York, New York 10022
(212) 688-5640

*Attorneys for Plaintiffs and Class*