UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NINO MARTINENKO, on behalf of herself and others     Civil Action No.: 22 CV 518
similarly situated,

                                 **Plaintiff,**

        -against-

212 STEAKHOUSE, INC., and NIKOLAY VOLPER

                               **Defendants.**
------------------------------------------------------------------------X

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff, Opt-In Plaintiffs, and Class*

# TABLE OF CONTENTS

I. ARGUMENT .................................................................................................................. 1

    A.   Defendants Do Not Oppose Most of Plaintiffs' Motion ....................................... 1

    B.   Unsupported And Improperly Supported Assertions In The CSF Should Be Disregarded 2

    C.   Damages Should Be Calculated Based On Defendants' Time Records .............. 3

        i.   All time reflected in the time records is compensable ...................................... 4

        ii.   If the time records are inaccurate, Defendants cannot meet their burden of establishing Class Members' compensable hours ................. 7

    D.   There is No Dispute As To The Composition Of The Class .............................. 8

    E.   Plaintiffs And The Class Have Standing To Pursue Their NYLL § 195 Claims ................ 9

    F.   Martinenko Is Entitled To NYLL § 195(1) Damages For Each Period Of Her Employment ....................................................................... 11

    G.   The Class Is Entitled To Liquidated Damages ................................................. 11

II. CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs.*,
 No. 06 Civ. 2142, 2007 U.S. Dist. LEXIS 90144 (S.D.N.Y. Dec. 7, 2007)...............3

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ...................................7

*Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19 Civ. 7476,
 2022 U.S. Dist. LEXIS 179375 (S.D.N.Y. Sept. 30, 2022) .......................5

*Bridgeforth v. City of New York*, No. 16 CV 273,
 2018 U.S. Dist. LEXIS 108315 (S.D.N.Y. June 28, 2018) ........................3

*Campbell v. City of New York*, No. 16 CV 8719,
 2021 U.S. Dist. LEXIS 40933 (S.D.N.Y. Mar. 4, 2021)............................12

*Cardenas v. Edita's Bar & Rest., Inc.*, No. 17 CV 5150,
 2020 U.S. Dist. LEXIS 258547 (E.D.N.Y. Sept. 30, 2021) .......................12

*Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235 (S.D.N.Y. 2012) .......................2

*Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240 (S.D.N.Y. 2021) .......................12

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) .....................12

*Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91 (2d Cir. 2007) ...........10

*Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624 (S.D.N.Y. 2015) .......................1

*Danzer v. Norden Sys.*, 151 F.3d 50 (2d Cir. 1998)...................................3

*Davis v. City of Syracuse*, No. 12 CV 0276,
 2015 U.S. Dist. LEXIS 38888 (N.D.N.Y. Mar. 27, 2015) ........................3

*Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006) ....................................9

*Dudley v. Hanzon Homecare Servs.*, No. 15 CV 8821,
 2018 U.S. Dist. LEXIS 8112 (S.D.N.Y. Jan. 17, 2018) ............................12

*Ferdman v. CBS Interactive, Inc.*, 342 F. Supp. 3d 515 (S.D.N.Y. 2018)..............................6

*Galvez v. 800 Ginza Suchi, Inc.*, No. 19 CV 8549,
 2022 U.S. Dist. LEXIS 43523 (S.D.N.Y. Mar. 11, 2022) ..........................7

*Garcia v. JonJon Deli Grocery Corp.*, No. 13 Civ. 8835,
    2015 U.S. Dist. LEXIS 108264 (S.D.N.Y. Aug. 11, 2015) ....................................... 12

*Goldstick v. The Hartford, Inc.*, No. 00 CV 8577,
    2002 U.S. Dist. LEXIS 15247 (S.D.N.Y. Aug. 19, 2002) ........................................... 2

*Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62 (2d Cir. 2001) ...................................................... 2

*Hwangbo v. Kimganae, Inc.*, No. 19 CV 6356,
    2023 U.S. Dist. LEXIS 55614 (E.D.N.Y. Mar. 30, 2023) ......................................... 11

*Hyunhuy Nam v. Permanent Mission of the Korea to the UN*,
    657 F. Supp. 3d 382 (S.D.N.Y. 2023) ...................................................................... 8

*In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16 CV 740,
    2023 U.S. Dist. LEXIS 110070 (S.D.N.Y. June 22, 2023) ......................................... 8

*Jean v. Acme Bus Corp.*, No. CV 08-4885,
    2012 U.S. Dist. LEXIS 134127 (E.D.N.Y. Sept. 19, 2012) ....................................... 6

*Jones v. C&D Techs., Inc.*, 8 F. Supp. 3d 1054 (S.D. Ind. 2014) ............................................. 5

*Lipstein v. 20X Hosp. LLC*, No. 22 CV 04812,
    2023 U.S. Dist. LEXIS 167615 (S.D.N.Y. Sept. 19, 2023) ....................................... 10

*Liu v. Matsuya Quality Japanese Inc.*, No. 16 CV 3624,
    2018 U.S. Dist. LEXIS 109328 (E.D.N.Y. June 29, 2018) ....................................... 5

*Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290 (2d Cir. 2008) ............... 2

*Mascol v. E&L Transp., Inc.*, 387 F. Supp. 2d 87 (E.D.N.Y. 2005) ....................................... 7

*Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740,
    2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022) ........................................ 10

*Omnipoint Commc'ns, Inc. v. City of White Plains*,
    175 F. Supp. 2d 697 (S.D.N.Y. 2001) ................................................................. 1, 2

*Owens v. Centene Corp.*, No. 20 CV 118,
    2021 U.S. Dist. LEXIS 44409 (E.D.N.Y. Mar. 9, 2021) ........................................... 9

*Patterson v. County of Oneida*, 375 F.3d 206 (2d Cir. 2004) ............................................. 2, 6

*Platt v. Michaan*, No. 19 CV 4234,
    2023 U.S. Dist. LEXIS 172418 (S.D.N.Y. Sept. 27, 2023) ....................................... 7

*Rannis v. Recchia*, 380 F. App'x 646 (9th Cir. 2010) ..............................................................8

*Robinson v. Concentra Health Servs.*, 781 F.3d 42 (2d Cir. 2015) .........................................4

*Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 Civ. 7787,
    2018 U.S. Dist. LEXIS 219941 (S.D.N.Y. Dec. 4, 2018) ........................................5

*Strauch v. Computer Scis. Corp.*, No. 14 CV 956,
    2019 U.S. Dist. LEXIS 225463 (D. Conn. Aug. 6, 2019) .........................................9

**Statutes, Rules, and Regulations**

12 NYCRR § 146-1.2 .................................................................................................................2

29 C.F.R. 778.320 .....................................................................................................................5

29 U.S.C. § 211 .....................................................................................................................5, 7

Fed. R. Civ. P. 26......................................................................................................................5

Fed. R. Civ. P. 37...................................................................................................................5, 6

Fed. R. Civ. P. 56......................................................................................................................2

Fed. R. Evid. 803 ......................................................................................................................6

Local Civil Rule 56.1............................................................................................................2, 3

N.Y. Lab. L. § 195..........................................................................................................*passim*

N.Y. Lab. L. § 198..................................................................................................................11

Plaintiffs submit this Reply Memorandum of Law in further support of their motion for summary judgment.[1]

I.   ARGUMENT

A. Defendants Do Not Oppose Most of Plaintiffs' Motion

Defendants do not oppose most of Plaintiffs' summary judgment motion. Specifically, Defendants do not argue in their MOL and do not or, as discussed *infra*, cannot adequately contest, that they (1) did not provide the requisite notice of the tip credit, CSF ¶ 27; (2) did not pay a spread of hours premium, CSF ¶ 19; (3) did not pay an overtime premium, CSF ¶¶ 16, 18; (4) failed to provide the wage notices and wage statements required under N.Y. Lab. L. § 195, CSF ¶¶ 27-33;[2] and (5) at all relevant times had at least 11 employees, CSF ¶ 5.[3] They further do not contest that (1) Defendants' failure to provide written notice of the tip credit made their use of the tip credit unlawful, Ps' MOL at 6-9; (2) Defendant Volper is individually liable as an employer under the FLSA and NYLL, Ps' MOL at 19-20; (3) Class Members are entitled to prejudgment interest on their NYLL claims for unpaid wages, calculated from the midpoint of June 18, 2019, Ps' MOL at 18-19; and (4) Plaintiffs have accurately summarized the Class Member time records produced by Defendants, Schulman Decl. ¶¶ 4-12 (Dkt. 116), Exs. 5, 6, 8, 9 (Dkts. 116-5, 116-6, 116-8, 116-9). As such, the Court should accept Plaintiffs' assertions as to these elements of their motion, enter

---

[1] As used herein, "CSF" refers to Defendants' counter-statement of disputed facts, Dkt. 119-1; "Ds' MOL" refers to Defendants' brief opposing this motion, Dkt. 119; "SMF" refers to Plaintiff's 56.1 Statement, Dkt. 118; "Ps' MOL" refers to Plaintiffs' moving brief on this motion, Dkt. 114; "Volper Decl." refers to the December 20, 2023 declaration of Nikolay Volper, Dkt. 119-2; "Volper Tr." refers to the Volper deposition transcript, Dkt. 115-1; "Ps' Opp. MOL" refers to Plaintiffs' brief opposing Defendants' motion to decertify the class and dismiss Count 5 of the Complaint, Dkt. 120; and "DiGiulio Decl" refers to the January 12, 2024 declaration of Michael DiGiulio submitted herewith.
[2] Defendants admit that before they issued wage statements they did not give Class Members all of the information required by NYLL § 195(3). *See* CSF ¶ 36. Defendants' assertion that wage statements provided to Class Members contained the overtime rate or the amount of the tip credit is not supported by record citation and must be disregarded. *See* CSF ¶ 33; *Omnipoint Commc'ns, Inc. v. City of White Plains*, 175 F. Supp. 2d 697, 700 (S.D.N.Y. 2001).
[3] The number of Defendants' front of house employees is irrelevant to this motion. *See* CSF ¶ 4. The number of Defendants' *total* employees determines the applicable minimum wage rate. 12 NYCRR § 146-1.2. Defendants do not dispute that they had at least 11 total employees at any given time during the statutory time period. CSF ¶ 4.

judgment as to liability on all claims against all Defendants, deem the minimum wage rates for "large employers" set forth in 12 NYCRR § 146-1.2 the applicable minimum wage rates in this action, and deem Plaintiffs' time record summaries true and accurate. *See e.g., Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624, 645 (S.D.N.Y. 2015); *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 264 (S.D.N.Y. 2012).

### B. Unsupported And Improperly Supported Assertions In The CSF Should Be Disregarded

Defendants' CSF contains denials and assertions that are not supported by citation to relevant, admissible evidence. *See* SMF/CSF ¶¶ 5, 12, 13, 17, 18, 19, 21, 22, 25, 28, 33, 36, 39, 41, 42. This Court should disregard all such statements and deem Plaintiffs' corresponding facts admitted. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001); *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008). Local Civil Rule 56.1 requires the responding party to specifically dispute the material facts set forth in an opposing party's statement with citations to evidence would be admissible at trial. Local Civil Rule 56.1(b)-(d). The purpose of this rule is "to supply the Courts with an accurate factual record" and "to prohibit parties from taking…misleading and unfair 'shortcuts' (*i.e.*, unsupported denials)." *Omnipoint Commc'ns, Inc.*, 175 F. Supp. 2d at 700. A response under Local Civil Rule 56.1(b)-(d) should not contain argument or narrative in an effort to "spin" the impact of the party's admissions. *Goldstick v. The Hartford, Inc.*, No. 00 CV 8577, 2002 U.S. Dist. LEXIS 15247, at *3 (S.D.N.Y. Aug. 19, 2002).

In particular, the Court should disregard the assertions in the Volper Decl. that are not based on personal knowledge. Under Fed. R. Civ. P. 56(c), a " declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." *See also*, *e.g.*, *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). Defendant Volper stated at his

deposition and *in the declaration itself* that he was not present at the Restaurant to observe Class Members' work hours, work activities, or breaks. Volper Decl. ¶¶ 7 ("There is no on-site manager directing the employees during their shifts. In fact, the Restaurant has no day to day manager."), 10 ("I am not there to police [front of house employees'] clock in and clock out times[.]"), 12 ("I am not present in the Restaurant most of the time."); Volper Tr. 73:14-20. His testimony as it relates to any day-to-day operations should be disregarded as it is not based on his personal knowledge, and any disputes of fact for which Defendants rely on this testimony for should be deemed admitted.[4] *See e.g., Danzer v. Norden Sys.*, 151 F.3d 50, 57 n.7 (2d Cir. 1998); *Davis v. City of Syracuse*, No. 12 CV 0276, 2015 U.S. Dist. LEXIS 38888, at *3-4 (N.D.N.Y. Mar. 27, 2015).

In addition, Defendants make repeated assertions in their CSF without citing any record evidence at all. To the extent Defendants make these assertions in an attempt to deny facts in Plaintiffs' SMF or propound additional facts beyond those in Plaintiffs' SMF, Defendants' unsupported assertions must be disregarded and Plaintiffs' facts deemed admitted. *See* CSF ¶¶ 16, 18, 20, 27, 31, 33, 35, 42. *See Bridgeforth v. City of New York*, No. 16 CV 273, 2018 U.S. Dist. LEXIS 108315, at *10 (S.D.N.Y. June 28, 2018).

Finally, Defendants make unsupported statements related to the certain facts without admitting or denying the underlying fact. *See, e.g.*, CSF ¶¶ 10, 14, 15, 26, 27, 34, 37. The Court should deem all such facts admitted. *See AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs.*, No. 06 Civ. 2142, 2007 U.S. Dist. LEXIS 90144, at *16 (S.D.N.Y. Dec. 7, 2007) (Rule 56.1 statements admitted "unless *specifically controverted* by a correspondingly numbered paragraph in the opposing party's 56.1 statement and followed by citation to evidence").

### C. Damages Should Be Calculated Based On Defendants' Time Records

---

[4] Specifically, the Court should disregard Volper Decl. ¶¶ 4, 7-9. 11, 13-16, 18, 21, 23, 25 and deem admitted CMF ¶¶ 12, 13, 15, 19, 22, 26, 28, 36.

3

Plaintiffs seek summary judgment as to damages based on Defendants' own time records. Defendants have attempted to create a material dispute by asserting that some of the time for which Class Members were clocked in as reflected in the time records is noncompensable. This attempt fails for two reasons. First, Defendants have failed to show a genuine dispute as to the accuracy of the time records. Second, even if there were such a dispute, Defendants cannot satisfy their burden of producing evidence of the specific amount of time that Class Members worked.

### i. All time reflected in the time records is compensable

Defendants have not submitted any admissible evidence that casts doubt on whether the time records accurately reflect Class Members' compensable time. Their only "evidence" concerning breaks is Volper's declaration, which is not based on personal knowledge and cannot be considered, *see supra* at 3. Volper has no personal knowledge of whether Class Members took breaks and, if so, the length of the breaks. Volper also asserts that "[t]he employees set their own schedules without any management involvement." Volper Decl. ¶ 6. That he "expect[s] the front of house employees to take a full 30 to 40 minute meal break" is irrelevant. Volper Decl. ¶ 11. He never states that he communicated this "expectation" to any employees. In short, Defendants' evidence does no more than raise a "metaphysical doubt as to the material facts," which is cannot defeat summary judgment. *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015).

Of course, even if Class Members did take breaks, Volper testified at deposition that he did not believe he required front of hours employees to clock out for breaks, and Defendants paid Class Members for all clocked in time. Volper Tr. 74:9-16; *see also* Volper Decl. ¶ 9.[5] In other words, Defendants treated breaks as compensable time. As such, even breaks that would otherwise be noncompensable bona fide meal breaks properly count as hours worked because Defendants

---

[5] Volper now does "not remember" if there was a policy requiring employees to clock out for breaks. CMF ¶ 17.

had an established practice of paying all Class Members for this time. 29 C.F.R. 778.320(b) (noncompensable time is counted as hours worked if an "agreement or established practice indicates that the parties have treated the time as hours worked"); *Jones v. C&D Techs., Inc.*, 8 F. Supp. 3d 1054 (S.D. Ind. 2014) (bona fide meal breaks were compensable hours worked); *see also Liu v. Matsuya Quality Japanese Inc.*, No. 16 CV 3624, 2018 U.S. Dist. LEXIS 109328, at *17-18 (E.D.N.Y. June 29, 2018). As one court explained in including paid breaks as compensable time,

> Defendants cannot treat meal breaks as compensable time during Plaintiffs' employment, then claim *ex post facto* that they may offset their liability using the same. . . . [H]olding otherwise creates a condition in which neither the employer nor employee has an incentive to monitor and record the use of that time, or to take timely and appropriate action to enforce the employer's policy.

*Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 Civ. 7787, 2018 U.S. Dist. LEXIS 219941, at *22-23 (S.D.N.Y. Dec. 4, 2018) (cleaned up).[6]

Similarly, there is no admissible evidence supporting Defendants' assertion that Class Members, specifically Martinenko, stopped working before they clocked out. Volper has no personal knowledge of this as discussed *supra*. The document that Volper characterizes as "Martinenko' [*sic*] last check and the time it was entered" (Volper Decl. ¶ 9 n.1, Ex. 3 document c "Ex. 3."), is inadmissible and cannot be considered because it (1) was not produced in discovery or identified in initial disclosures;[7] and (2) is hearsay. DiGiluio Decl. ¶ 4 (re: lack of production).

Fed. R. Civ. P. 37(c)(1) provides, "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, . . . unless the failure was substantially justified or is harmless." Defendants' failure to

---

[6] Defendants had a non-delegable duty under the law is to maintain accurate time records that reflect the hours that their employees worked. *See* 29 U.S.C. § 211(c); N.Y. Lab. Law § 195(4). As such, Defendants' attempts to blame on Class Members for the inaccuracy of the time records should be disregarded. *See Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19 Civ. 7476, 2022 U.S. Dist. LEXIS 179375, at *30 n.17 (S.D.N.Y. Sept. 30, 2022).
[7] In fact, Defendants did not provide initial disclosures at all in this action. DiGiulio Decl. ¶ 5.

produce this document was not substantially justified or harmless.[8] Even after being sanctioned for gross noncompliance with their discovery obligations, Defendants never produced this document. Defendants have offered no argument as to why this delay is justified. Nor is Defendants' failure to produce this document harmless, as they now seek to use it to sandbag Plaintiffs and create a genuine issue of material fact where none exists. *See Ferdman v. CBS Interactive, Inc.*, 342 F. Supp. 3d 515, 524-530 (S.D.N.Y. 2018).

Substantively, Ex. 3 is inadmissible hearsay. The only conceivable hearsay exception that could apply to Ex. 3 is the business records exception. *See* Fed. R. Evid. 803(6). However, none of the requirements for this exception are satisfied, as Volper does not explain (1) what the document is; (2) how it was created; (3) whether it is a record kept in the course of a regularly conducted activity; or (4) whether making that type of record was a regular practice of the regularly conducted activity. *See Jean v. Acme Bus Corp.*, No. CV 08-4885, 2012 U.S. Dist. LEXIS 134127, at *17-18 (E.D.N.Y. Sept. 19, 2012). The document also has indicia of untrustworthiness because it is heavily redacted, and Defendants have not explained how or why the redactions were made. Volper's declaration does not even assert that Ex. 3 document reflects all of Martinenko's checks from the time period in the document, and there is no basis to conclude that it does. Accordingly, even if Fed. R. Civ. P. 37(c)(1) did not preclude consideration of this document, the hearsay rules would. *See Patterson*, 375 F.3d at 219.

Volper's assertions and conclusions in his declaration that are based on Ex. 3 – such as his contention that Martinenko clocked out after "the close of her shift[,]" Volper Decl. ¶ 9 – are likewise inadmissible hearsay and, nevertheless, not based on personal knowledge. *See supra* at 3. "Because one part of the statement" – the times listed on Ex. 3 – "is inadmissible hearsay, the

---

[8] If this document is relevant to Martinenko's hours worked it is responsive to Plaintiff's RFP No. 3, Dkt. Nos. 115-4.

entire statement is inadmissible hearsay." *Platt v. Michaan*, No. 19 CV 4234, 2023 U.S. Dist. LEXIS 172418, at *41 (S.D.N.Y. Sept. 27, 2023). Accordingly, Defendants have not created a genuine dispute as to whether the time records accurately reflect Class Members' compensable hours worked, and all clocked in time is properly considered as work time in calculating damages.

>        ii. **If the time records are inaccurate, Defendants cannot meet their burden of establishing Class Members' compensable hours**

If Defendants' time records were inaccurate, then Defendants failed to maintain the records required under the FLSA and NYLL. *See* 29 U.S.C. § 211(c); N.Y. Lab. Law § 195(4). "[W]here the employer's records are inaccurate" an employee satisfies her burden of proof under both statutes if she proves she "has in fact performed work for which [s]he was improperly compensated and if [s]he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). "The burden then shifts to the employer to come forward with evidence of *the precise amount of work performed* or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. Under the NYLL an employer may not meet its burden by undermining the reasonableness of the employee's evidence. *See Galvez v. 800 Ginza Sushi, Inc.*, No. 19 CV 8549, 2022 U.S. Dist. LEXIS 43523, at *20 (S.D.N.Y. Mar. 11, 2022).

Plaintiffs have carried their burden of producing evidence that they were underpaid by relying on Defendants' time records, the only available record of Class Members' hours worked. *See Mascol v. E&L Transp, Inc.*, 387 F. Supp. 2d 87, 94 (E.D.N.Y. 2005). If these records were inaccurate, the burden would then shift to Defendants to provide evidence of *the precise amount of work* that Plaintiffs and the Class performed. *See Anderson*, 328 U.S. at 687-688; *Galvez*, 2022 U.S. Dist. LEXIS 43523, at *20. Defendants' showing does not meet this standard because, as described above, they have not provided *any admissible evidence* that Class Members worked

7

something other than what is reflected in the time records and, even if the Court considered this evidence, it is too general and speculative to meet the standard required under *Anderson*. *See*, *e.g.*, *Hyunhuy Nam v. Permanent Mission of the Korea to the UN*, 657 F. Supp. 3d 382, 410-11 (S.D.N.Y. 2023). For the foregoing reasons, the Court can and should enter judgment as to damages based on Defendants' time records. *Id*. at 415-19.

### D. There is No Dispute As To The Composition Of The Class

Plaintiffs' motion applies the appropriate Class definition. As set forth in Pls' Opp. MOL, deceased Class Members and Class Members whose notices were returned as undeliverable are properly included in the Class. Ps' Opp. MOL at 7-12; *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16 CV 740, 2023 U.S. Dist. LEXIS 110070, at *7-8 (S.D.N.Y. June 22, 2023) (deceased class members); *Rannis v. Recchia,* 380 F. App'x 646, 650-52 (9th Cir. 2010) (returned notices).

Defendants' contention that Adrian Pizarro is not a Class Member is not supported by admissible evidence, and Defendants should be estopped from excluding him from the Class at this late juncture. Defendants were ordered by the Court to produce all time records *for only* the Class Members. Dkt. No. 93. Defendants included Pizarro's time records in this produced. DiGiulio Decl. ¶ 6. Defendants were also ordered to provide a Class List of *only those individuals* who worked in tipped positions. Dkt. No. 92. Defendants identified Pizarro on this list. DiGiulio Decl. ¶ 7. When Defendants produced the Class List, they identified four individuals whose time records they previously produced but stated that these individuals were not on the Class List because they were not tipped employees. DiGiulio Decl. ¶ 8, Ex. A. Defendants did not identify Pizarro as an individual whose time records were incorrectly produced and instead put him on the Class List. DiGiulio Decl. ¶ 8, Ex. A. Per the Court's Order, notice was sent to all Class Members, including Pizarro. DiGiulio Decl. ¶ 9. On September 12, 2023, after the notice period ended,

Defendants for the first time took the position that Pizarro was a back of house employee and not a Class Member. DiGiulio Decl. ¶ 10. However, Defendants have not set forth a single piece of documentary evidence to support their assertion that Pizarro is a back of house employee. DiGiulio Decl. ¶ 11 (explaining lack of evidence). Instead, they rely on Defendant Volper's unsupported self-serving declaration which, as noted above, is not based on personal knowledge, contradicts Defendants' previous inclusion of Pizarro on the Class List and production of his time records, and should be disregarded. *See e.g. Owens v. Centene Corp.*, No. 20 CV 118, 2021 U.S. Dist. LEXIS 44409, at *17-18 (E.D.N.Y. Mar. 9, 2021). In addition, according to their position on this motion, Defendants violated the Court's order twice by producing an incorrect Class list and non-responsive time records. Discovery closed over a year ago, and Plaintiffs would be prejudiced by allowing Defendants' continual and repeated failures to comply with the Court's orders to create a dispute of fact as to the inclusion of Class Members at this extremely late juncture in the case. As such, they should be estopped from disputing their own Class list, and Pizarro should be included in the Class.[9] *See, e.g., Strauch v. Computer Scis. Corp.*, No. 14 CV 956, 2019 U.S. Dist. LEXIS 225463, at *10-11 (D. Conn. Aug. 6, 2019) (estopping defendants from arguing that class members should be excluded because of defendants' delay and non-compliance with discovery).

### E. Plaintiffs And The Class Have Standing To Pursue Their NYLL § 195 Claims

As explained in detail in Ps' Opp. MOL, Plaintiffs and the Class have standing to assert claims for statutory damages under NYLL § 195. *See* Ps' Opp. MOL at 17-25. As to class standing, the law is clear: "[o]nce it is ascertained that there is a named plaintiff with requisite standing, there is no requirement that the members of the class also proffer such evidence." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-264 (2d Cir. 2006). As described herein and in Plaintiffs'

---

[9] If the Court finds that there is a dispute of fact as to the inclusion of Pizarro in the Class, the Court should grant summary judgment for the other Class Members and proceed to trial on the issue of whether Pizarro is a Class Member.

prior submissions, Plaintiffs have suffered injuries that confer standing to bring NYLL § 195 claims on behalf of the class. Moreover, these injuries – monetary and informational – are "the same injur[ies] shared by all members of the class." *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 101 (2d Cir. 2007).

It is undisputed that Defendants violated NYLL § 195(1) by, in part, failing to provide written notice of the tip credit. This injured each Class Member by making Defendants' payment of the tip credit minimum wage less than what Class Members were legally owed. SMF ¶ 27; Ps' Opp. MOL at 20-22. Further, it is undisputed that when Defendants issued wage statements, because Class Members' paychecks were written based on those statements, Defendants' failure to designate overtime hours and the overtime rate in the wage statements caused Plaintiffs and Class Members to be underpaid. SMF ¶¶ 28-36; Ps' MOL at 22-24. Thus, these violations caused monetary injuries to Plaintiffs and Class Members. *See Mateer v. Peloton Interactive, Inc.,* No. 22 Civ. 740, 2022 U.S. Dist. LEXIS 125017, at *4-5 (S.D.N.Y. July 14, 2022).

It is also undisputed that Plaintiffs and all Class Members were injured by Defendants' wholesale failure to provide wage notices statements. SMF ¶¶ 25-36; Ps' Opp. MOL at 22-25. This violation prevented all Class Members from knowing the number of hours they were being paid for and their pay rate, thereby impairing their ability to determine whether and how they were being underpaid. SMF ¶¶ 29-31; Ps' Opp. MOL at 22-25. This deprivation of statutorily required information is a cognizable injury, suffered by the entire Class. *See e.g., Lipstein v. 20X Hosp. LLC,* No. 22 CV 04812, 2023 U.S. Dist. LEXIS 167615, at *26 (S.D.N.Y. Sept. 19, 2023) (Rochon, J.). Volper's assertion that before issuing wage statements Defendants provided the Class with information related to their pay – reported tips, time in and out, and the meal credit – is not based on personal knowledge or supported by admissible documentary evidence. *See supra* at 2-

5. Regardless, this information allegedly provided to Class Members would not remedy the informational harm suffered because, without knowing their hourly and overtime rates and amounts of any tax withholdings, Class Members could not determine whether they were being paid correctly. In short, Plaintiffs have put forth evidence that Defendants' NYLL § 195 violations caused all Class Members monetary and informational harms, and Defendants have not proffered admissible evidence to dispute this.

Finally, the statutory penalties for NYLL § 195 violations are not disproportionate to any harm. *See* Ds' MOL at 12. Defendants do not cite to a single case, and Plaintiffs are not aware of any cases, holding that the penalties required under NYLL § 195 violate the due process clause or that such modest statutory penalties constitute an unfair windfall. *See also* Ps' Opp. MOL at 17.

### F. Martinenko Is Entitled To NYLL § 195(1) Damages For Each Period Of Her Employment

Defendants' argument that Plaintiff Martinenko is not entitled to damages for NYLL § 195(1) violations for her first period of employment because she was hired in 2015, outside the statute of limitations, is wrong as a matter of law. "Section 195(1)(a) became effective April 9, 2011 and § 198(1-b) permits recovery for continuing violations." *Hwangbo v. Kimganae, Inc.*, No. 19 CV 6356, 2023 U.S. Dist. LEXIS 55614, *29 (E.D.N.Y. Mar. 30, 2023). Accordingly, courts can and do award damages for NYLL § 195(1) violations that began before the statute of limitations period but continued into the 6 years prior to the filing of a complaint. *Id*. at *30. It is undisputed that Defendants did not give Plaintiff Martinenko a wage notice when she was first hired. CSF ¶¶ 25-27. They never rectified this violation, which continued into the statute of limitations period and Martinenko is entitled to damages for this continuing violation.

### G. The Class Is Entitled To Liquidated Damages

The Class Members are entitled to liquidated damages. To avoid mandatory liquidated

damages an employer must prove that it "took active steps to ascertain the dictates of the [law] and then act[ed] to comply with them," and "that its good-faith actions were objectively reasonable." *Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240, 258 (S.D.N.Y. 2021) (internal citations omitted). Defendants did not take any such "active steps," much less act in accordance with them. Volper's declaration shows that Defendants were entirely passive in this regard: "I relied on my accountant to apprise me of the relevant payroll laws, and he never told me the Restaurant was out of compliance." Volper Decl. ¶ 25. Similarly, at deposition Volper denied receiving any information from his accountant about the FLSA or NYLL. Volper Tr. 212:25-213:14. This type of "reliance plainly does not qualify as an *active* step to ascertain the dictates of the law and then act to comply with them[,]" *Chichinadze*, 517 F. Supp. 3d at 258 (emphasis in original, cleaned up), and courts have granted summary judgment in virtually identical circumstances. *E.g.*, *Dudley v. Hanzon Homecare Servs.*, No. 15 CV 8821, 2018 U.S. Dist. LEXIS 8112, at *15 (S.D.N.Y. 2018). Where, as here, defendants "point to no advice that the accountant with whom [they] consulted gave them that would have led them to think that [their wage violations] were legal[,]" they have not proved the requisite good faith and cannot escape liquidated damages.[10] *Copantitla* v. *Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 288 (S.D.N.Y. 2011); *see also Garcia v. JonJon Deli Grocery Corp.*, No. 13 Civ. 8835, 2015 U.S. Dist. LEXIS 108264, at *15-16 (S.D.N.Y. 2015).

II. **CONCLUSION**

For the reasons stated herein and in Plaintiffs' moving papers, the Court should grant Plaintiffs' motion for summary judgment.

---

[10] *Cardenas v. Edita's Bar & Rest., Inc.*, No. 17 CV 5150, 2020 U.S. Dist. LEXIS 258547 (E.D.N.Y. Sept. 30, 2021), cited by Defendants, is inapposite. There, the defendant appears to have taken some active steps by conducting internet research. *Id*. at *39. *Campbell v. City of New York*, No. 16 CV 8719, 2021 U.S. Dist. LEXIS 40933 (S.D.N.Y. Mar. 4, 2021), also cited by Defendants, does not identify any facts relating to liquidated damages and is thus irrelevant to this motion. *Id*. at *33-35.

Dated: New York, New York
January 12, 2024

**JOSEPH & KIRSCHENBAUM LLP**

/s/ *Michael DiGiulio*
Denise Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs and the Class*