## Joseph & Kirschenbaum LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

January 16, 2024

**VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:     **Martinenko v. 212 Steakhouse, Inc.**
>          **No. 22 CV 518**

Dear Judge Lehrburger:

We are class counsel in the above-referenced action. I write to respectfully request leave to file a sur-reply in further opposition to Defendants' motion to decertify the Class and dismiss the N.Y. Lab. L. § 195 claims or, in the alternative, for the Court to accept this letter as the sur-reply. We seek a sur-reply to address a legal argument that Defendants improperly made for the first time on reply.

Specifically, on reply Defendants argue for the first time that the claims of two deceased Class Members are barred by the statute of limitations. Defendants state without citation that both Class Members died in 2019. Defendants base their statute of limitations argument on NY CPLR § 210(a), which states that "[w]here a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his representative within one year after his death." In other words, Defendants argue that NY CPLR § 210(a) can operate to shorten the New York Labor Law's six year statue of limitations. Defendants' position is wrong under clearly established law. New York courts universally hold that "CPLR is designed to extend periods of limitation that would otherwise expire shortly after a plaintiff's death. It does not operate to reduce statutory periods that would otherwise have more than one year to run." *Gordon v. Gordon*, 110 A.D.2d 623, 624 (N.Y. App. Div. 2d Dep't 1985); *see also*, *e.g.*, *Barnes v. County of Onondaga*, 103 A.D.2d 624, 630 (N.Y. App. Div. 4th Dep't 1984); *Gelpi v. N.Y.C. Health & Hosps. Corp.*, 90 A.D.2d 503, 504 (2d Dep't 1982); *Ruping v. Great Atlantic & Pacific Tea Co.*, 279 A.D. 322, 323 (3d Dep't 1952 (discussing Civil Practice Act § 20). As the deceased Class Members' claims are within the New York Labor Law's six year statute of limitations, they are timely.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)