**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x
**NINO MARTINENKO, on behalf of herself and others similarly situated,**

        **Plaintiff,**

   v.

**212 STEAKHOUSE, INC., and NIKOLAY VOLPER,**

        **Defendants.**
-------------------------------------------------x

**CASE NO. 22 CV 518**


**PLAINTIFFS' OBJECTIONS TO THE AUGUST 13, 2024**
**REPORT AND RECOMMENDATION**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff, Opt-In Plaintiff,*
*and the Class*

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. BACKGROUND ...................................................................................................................... 2

III. ARGUMENT ............................................................................................................................ 4

    A. Standard Of Review .......................................................................................................... 4

    B. Both Plaintiffs And The Class Are Entitled To Summary Judgment On Their NYLL § 195 Claims ................................................................................................................................ 5

        i. Defendants' failure to provide wage notices and failure to identify overtime hours and rates on wage statements directly caused Class Members to be underpaid .................... 6

        ii. Defendants' NYLL § 195(1) and NYLL § 195(3) violations hindered Class Members' ability to identify and remedy Defendants' wage and hour violations ......................... 10

IV. CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v Catrett*, 477 U.S. 317 (1986) ................................................................. 5

*Chichinadze v. BG Bar, Inc.*, 517 F. Supp. 3d 240 (S.D.N.Y. 2021) ............................... 6

*Freeland v. Finlay's Tall Timbers Distrib. Ctr., LLC*, No. 22 CV 6415,
    2024 U.S. Dist. LEXIS 93470 (W.D.N.Y. May 24, 2024) ................................... 8

*Isayeva v. Braces*, No. 22 Civ. 4575,
    2024 U.S. Dist. LEXIS 41769 (S.D.N.Y. Mar. 11, 2024) ................................. 6,8,10,12

*Jackson v. ProAmpac LLC*, 694 F. Supp. 3d 352 (S.D.N.Y. 2023) ................................. 9

*Lipstein v. 20X Hosp. LLC*, No. 22 CV 04812,
    2023 U.S. Dist. LEXIS 167615 (S.D.N.Y. Sept. 19, 2023) ................................. 2,5,8,10

*Lopez v. MNAF Pizzeria, Inc.*, No. 18 CV 6033,
    2021 U.S. Dist. LEXIS 57260 (S.D.N.Y. Mar. 25, 2021) ................................... 7

*Lubinski v. Johnson Controls, Inc.*, No. 23 CV 2825,
    2024 U.S. Dist. LEXIS 119705 (S.D.N.Y. July 9, 2024) ................................... 10,11

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 4th 58 (2d Cir. 2021) .......................... 5

*Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740,
    2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022) ................................. 6,8,9

*Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19 Civ. 10104,
    2023 U.S. Dist. LEXIS 54340 (S.D.N.Y. Mar. 29, 2023) ................................... 11

*Quieju v. La Jugueria Inc.*, No. 23 CV 264,
    2023 U.S. Dist. LEXIS 72050 (E.D.N.Y. Apr. 25, 2023) ................................... 9

*Rathod v. Willington Physical Therapy & Acupuncture PLLC*, No. 23 CV 3276,
    2024 U.S. Dist. ELXIS 106217 (S.D.N.Y. June 13, 2024) ................................ 12

*Santamaria v. Vee Techs., Inc.*, No. 22 CV 4472,
    2024 U.S. Dist. LEXIS 51588 (S.D.N.Y. Mar. 21, 2024) ................................. 10,12

*Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, No. 16 CV 6276,
    2021 U.S. Dist. LEXIS 196226 (S.D.N.Y. Oct. 12, 2021) ................................. 5

*Sprague v. T.C. Inn*, No. 19 CV 1263,
    2021 U.S. Dist. LEXIS 153528 (N.D.N.Y. Aug. 16, 2021) ................................7

*Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18 CV 7343,
    2022 U.S. Dist. LEXIS 34090 (S.D.N.Y. Feb. 25, 2022) ...................................6

*Thompson v. Elev8 Ctr. N.Y., LLC*, No. 20 CV 9581,
    2023 U.S. Dist. LEXIS 122504 (S.D.N.Y. July 17, 2023) ................................10

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ......................................................5,6

*Wonzer v. Hernandez*, No. 20 CV 10836,
    2023 U.S. Dist. LEXIS 131224 (S.D.N.Y. July 28, 2023) ..................................9

**Statutes, Rules, and Regulations**

12 NYCRR § 146-1.2 ........................................................................................................3

12 NYCRR § 146-1.3 ...................................................................................................3,6,12

12 NYCRR § 146-1.4 ........................................................................................................3

12 NYCRR § 146-1.6 ........................................................................................................3

12 NYCRR § 146-2.2 ......................................................................................................3,6

28 U.S.C. § 636 ..............................................................................................................1,4,5

Art. III, U.S. Const. ..........................................................................................................1,5

Fed. R. Civ. P. 23 ..............................................................................................................1,2

Fed. R. Civ. P. 56 ................................................................................................................5

Fed. R. Civ. P. 72 ..............................................................................................................1,5

N.Y. Lab. L. § 195 .......................................................................................................*passim*

I. **PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b), Plaintiffs submit their objections to Magistrate Judge Lehrburger's August 13, 2024 Report & Recommendation (the "R&R," Dkt. No. 132) denying in part and granting in part Defendants' motion to decertify the Rule 23 class and dismiss Plaintiffs' NYLL § 195 claims and granting in part and denying in part Plaintiffs' motion for summary judgment. Plaintiffs object solely to the R&R's recommendations concerning the NYLL § 195 claims in this action. Specifically, the R&R recommended (1) dismissing Opt-In Plaintiff Huk's NYLL § 195 claims for lack of Article III standing and (2) denying Plaintiffs' motion for summary judgment on the NYLL § 195 claims as to Plaintiff Martinenko and the absent Class Members due to purported factual disputes concerning their Article III standing.

Defendants admittedly did not give Class Members proper wage notices and statements required by NYLL § 195(1), (3). Defendants never gave Class Members any wage notices, and until at least 2019 Defendants admittedly did not provide Class Members with any wage statements. After that time, Defendants provided Class Members wage statements that did not include the required information, such as identifying overtime hours worked, the correct overtime rate of pay, and the amount of the tip credit that Defendants were claiming against Class Members wages. The R&R ultimately found that Defendants violated the relevant minimum wage, overtime laws, and spread of hours laws as to all Class Members by failing to pay them the full minimum wage, overtime, and spread of hours rates. The information Defendants were required to and failed to give Class Members (notice of the tip credit, the fact they were being paid pursuant to the tip credit and their correct hourly rates and hours worked) under N.Y. Lab. L. § 195(1), (3) both directly caused the illegal underpayments all Class Members suffered and hindered their ability to identify the fact that they were being underpaid and take remedial action. Under similar

circumstances this Court has found Article III standing satisfied. *Lipstein v. 20X Hosp. LLC*, No. 22 CV 04812, 2023 U.S. Dist. LEXIS 167615, at *24-27 (S.D.N.Y. Sept. 19, 2023) (Rochon, J.). Accordingly, this Court should modify the R&R and enter summary judgment in the Class's favor on all NYLL § 195 claims.

## II. BACKGROUND

This is a wage and hour class and collective against 212 Steakhouse restaurant and its owner, Nikolay Volper. (Dkt. No. 1.) In addition to Named Plaintiff Nino Martinenko, one person, Dagmara Huk joined this action as an Opt-In Plaintiff (Martinenko and Huk are referred to herein collectively as "Plaintiffs"). (Dkt. No. 32.) Martinenko worked at 212 Steakhouse as a server from 2016 to December 2018 and March 2021 to December 2021, and Huk worked at 212 Steakhouse as a bartender from August 2020 to September 2021. (Dkt. No. 118 ¶¶ 3, 4.) A Rule 23(b)(3) class has been certified consisting of tipped employees who worked at 212 Steakhouse on or after January 20, 2016. (Dkt. No. 92.)

Plaintiffs allege that Defendants (1) violated the FLSA by failing to pay them an overtime premium for overtime hours worked; (2) violated the NYLL by paying all Class Members pursuant to a tip credit without providing the requisite written notice; (3) violated New York law by failing to pay Class Members an overtime premium for overtime hours worked; (4) violated New York law by failing to pay Class Members a spread of hours premium when their shifts lasted longer than 10 hours; (5) violated NYLL § 195(1) by failing to provide any written wage notices to Class Members; and (6) violated NYLL § 195(3) by failing to provide any wage statements to Class Members until 2019 and thereafter providing wage statements that failed to include all of the information required by the statute. (Dkt. No. 1.)

Defendants paid all Class Members pursuant to a tip credit and thus paid them an hourly

rate that was less than the full New York minimum wage. (Dkt. No. 118 ¶ 16.) 12 NYCRR §§ 146-1.2, 146-1.3. New York permits the use of a tip credit only if an employer provides written notice of the same. 12 NYCRR §§ 146-1.3, 146-2.2. However, Defendants did not provide any such written notice to Class Members. To be sure, Defendants never provided *any* written wage notices to *any* Class Members even though NYLL § 195(1) requires that employers provide employees with written wage notices upon hire that state, *inter alia*, the amount of any tip credit claimed by the employer. (Dkt. No. 118 ¶¶ 25-27.) Defendants also paid Class Members for their overtime hours worked at their regular rate rather than adding an overtime premium and did not pay Class Members an additional hour at the full New York minimum wage when their shifts lasted longer than 10 hours, in violation of New York law. (Dkt. No. 93 at 3.) 12 NYCRR ¶¶ 146-1.4, 146-1.6.

At all relevant times, Defendants paid Class Members by handwritten checks. (Dkt. No. 118 ¶ 28.) Until at least 2019, Defendants did not provide Class Members with wage statements with their pay even though NYLL § 195(3) requires employers to give employees wage statements with each payment of wages that contain specified information. (Dkt. No. 118 ¶¶ 29-32.) Before that time, Defendants contend that they provided Class Members with a document showing "reported tips, time in and out and the meal credit as well as the employee's acknowledgement that they were paid." (Dkt. No. 119-2.) However, Defendants did not submit any such documents in motion practice. (Dkt. Nos. 111-112, 119, 128.) Once Defendants did begin to provide wage statements, those wage statements did not comply with NYLL § 195(3) because they did not list the tip credit taken, overtime hours worked, or overtime rate. Instead, they simply listed a regular rate of $10 and identified all hours worked as regular hours. (Dkt. Nos. 118 ¶ 33, 115-6, 115-7.) When Defendants issued wage statements, employees at the restaurant (including, at times,

3

Plaintiffs) handwrote Class Members' checks based on those wage statements. Specifically, the designated employee would receive Class Members' wage statements and handwrite paychecks for the net amount listed on each Class Member's wage statement. (Dkt. Nos. 118 ¶¶ 28, 34, 35.)

Following discovery, Plaintiffs moved for summary judgment as to liability and damages on all claims, and Defendants moved to decertify the class and dismiss the NYLL § 195 claims for lack of standing. (Dkt. Nos. 111, 113.) As is relevant to this motion, the R&R denied Defendants' motion for decertification, found that it was undisputed that Defendants violated the FLSA's overtime requirements as to Plaintiffs and New York's minimum wage, overtime, and spread of hours requirements as to all Class Members, and recommended that Plaintiffs' motion be granted as to those claims. (R&R at 1-2.)

The R&R also found that it was undisputed that Defendants violated NYLL § 195(1) because they never provided wage notices to any Class Members and NYLL 195(3) because they either did not provide wage statements at all or provided deficient wage statements. (R&R at 59-61.) However, Judge Lehrburger concluded that Plaintiff Huk did not have Article III standing for her NYLL § 195 claims, and there were issues of fact concerning standing for Plaintiff Martinenko and the other Class Members. Accordingly, he recommended dismissing Huk's NYLL § 195 claims and denying Plaintiffs' summary judgment motion on those claims as to the rest of the Class. (R&R at 63-70.) As discussed below, both Plaintiffs and the Class have standing for the NYLL § 195 claims, and they are entitled to summary judgment on those claims.

### III. ARGUMENT

#### A. Standard Of Review

Where, as here, a District Judge has referred a motion to a Magistrate Judge for a Report and Recommendation, a party may file written objections to the Report and Recommendation. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A District Judge must review *de novo* any portion of a Report and Recommendation to which a written objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, No. 16 CV 6276, 2021 U.S. Dist. LEXIS 196226, at *3 (S.D.N.Y. Oct. 12, 2021) (Nathan, J.). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Both Plaintiffs And The Class Are Entitled To Summary Judgment On Their NYLL § 195 Claims

As discussed above, Judge Lehrburger correctly found that it is undisputed that Defendants violated the wage notice requirements of NYLL § 195(1) and the wage statement requirements of NYLL § 195(3) as to both Plaintiffs and all Class Members. (R&R at 59-61.) However, each Class Member may recover for these claims only if she or he has Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). "To establish standing, a plaintiff must demonstrate (1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Lipstein*, 2023 U.S. Dist. LEXIS 167615 (internal quotation marks omitted; quoting *Maddox v. Bank of N.Y. Mellon Tr. Co, N.A.*, 19 F.4th 58, 62 (2d Cir. 2021)).

Judge Lehrburger erred in concluding Plaintiff Huk does not have standing and that there are issues of fact concerning whether Plaintiff Martinenko and the absent Class Members have standing. As described below, both Plaintiffs and all Class Members have standing for these claims because the NYLL § 195 violations directly caused them to be underpaid and/or the NYLL § 195 violations hindered Class Members' ability to identify and remedy Defendants' underpayment of wages. Accordingly, the Class is entitled to summary judgment on these claims.

5

### i. Defendants' failure to provide wage notices and failure to identify overtime hours and rates on wage statements directly caused Class Members to be underpaid

There is no question that a monetary harm is an injury in fact for Article III standing purposes. *TransUnion LLC*, 141 S. Ct. at 2204. Accordingly, a plaintiff has standing to pursue an NYLL § 195 claim where the NYLL § 195 violation was a cause of an underpayment of wages. *E.g.*, *Isayeva v. Braces*, No. 22 Civ. 4575, 2024 U.S. Dist. LEXIS 41769, at *48 (S.D.N.Y. Mar. 11, 2024); *Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740, 2022 U.S. Dist. LEXIS 125017, at *4-5 (S.D.N.Y. July 14, 2022). Defendants' failure to provide wage notices plainly caused all Class Members to be underpaid because it was this lack of notice that made Defendants' use of the tip credit an unlawful underpayment. Defendants' failure to identify overtime hours and rates on wage statements caused Class Members – including both Plaintiffs – to be underpaid for their overtime hours because Class Members' paychecks were and/or would have been issued based on those wage statements.

Defendants paid all Class Members the tip credit minimum wage rather than the full New York minimum wage. (Dkt. No. 118 ¶ 6.) It is undisputed that Defendants violated NYLL § 195(1) by failing to provide any wage notices to any Class Member. (R&R at 59-60.) One of the requirements of NYLL § 195(1) is that the wage notice state the amount of any tip credit the employer intends to take against the minimum wage. Because Defendants did not provide *any* written wage notices, they also did not provide written notice to Class Members of the tip credit that they in fact took. Under New York law, an employer may not use a tip credit unless it has provided written notice of the tip credit to an employee. 12 NYCRR §§ 146-1.3, 146-2.2; *e.g.*, *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18 CV 7343, 2022 U.S. Dist. LEXIS 34090, at *23-27 (S.D.N.Y. Feb. 25, 2022); *Chichinadze v. BG Bar, Inc.*, 517 F. Supp. 3d 240, 254 (S.D.N.Y. 2021);

*Lopez v. MNAF Pizzeria, Inc.*, No. 18 CV 6033, 2021 U.S. Dist. LEXIS 57260, at *21-24 (S.D.N.Y. Mar. 25, 2021). This NYLL § 195(1) violation is the very thing that made Defendants payment of the tip credit minimum wage to all Class Members an unlawful underpayment. *See Sprague v. T.C. Inn*, No. 19 CV 1263, 2021 U.S. Dist. LEXIS 153528, at *15-19 (N.D.N.Y. Aug. 16, 2021) (finding that because the employer failed to provide any NYLL § 195(1) notice, its use of the tip credit was an unlawful underpayment). To be sure, the R&R properly found that Defendants' payment of the tip credit minimum wage to all Class Members was an unlawful underpayment because of the lack of written notice. (R&R at 38-42.)

Defendants NYLL § 195(3) violations – failure to give proper wage statements – also directly caused Class Members to be underpaid. Once Defendants began issuing wage statements in or after 2019, those wage statements did not comply with NYLL § 195(3)'s requirement that they identify the number of overtime hours worked and the overtime rate. Instead, the wage statements listed all hours as regular hours to be paid at the same rate. (Dkt. Nos. 118 ¶ 33, 115-6, 115-7.) Because the amounts of Class Members' paychecks were taken from the wage statements, the wage statements' failure to identify overtime hours and the overtime rate resulted in the actual underpayment of overtime to Class Members, including both Plaintiffs.

Until 2019, Defendants issued no wage statements at all. Had Defendants issued NYLL § 195(3)-compliant wage statements in that period, the wage statements would have identified Class Members' overtime hours worked and the overtime rate. Just as the inclusion of that information post-2019 would have resulted in Class Members being paid more for their overtime hours, so would it have done if Defendants issued valid wage statements prior to that time. Thus, because Defendants violated NYLL 195(3), Class Members who worked overtime throughout the statute of limitations period were underpaid.

Judge Lehrburger erred in rejecting the argument that Plaintiffs and the Class Members have standing for their NYLL § 195 claims because the above-referenced violations caused an underpayment of wages. (R&R at 64-65.) He concluded that the monetary harm Plaintiffs identified was "not distinct from the harm resulting from Defendants' violations of the other labor law provisions[,]" and therefore that harm was "not fairly traceable" to the NYLL § 195(1), (3) violations. (*Id*. at 64.) However, this Court has previously found that to establish standing for a NYLL § 195 claim, it is not necessary for a plaintiff to "allege a harm that is greater than Defendants' minimum wage, overtime and spread of hours wage violations as some courts have suggested." *Lipstein*, 2023 U.S. Dist. LEXIS 167615, at *27. Other courts have likewise found standing for NYLL § 195 claims where the NYLL § 195 violations contributed to the underpayment of minimum wage or overtime compensation. For example, in *Isayeva v. Braces*, the plaintiffs alleged, *inter alia*, that their employer violated the overtime requirements of the FLSA and NYLL and straight-time pay requirements of the NYLL by failing to pay them for certain compensable or untaken breaks. 2024 U.S. Dist. LEXIS 41769, at *1-3. They alleged that their wage statements did not comply with NYLL § 195(3) because they did not list their actual hours worked but instead listed the lesser amount of hours for which they were paid. *Id*. at *47. The court found that the plaintiffs had standing for this claim because the underreporting of hours worked on plaintiffs' wage statements "enabl[ed] the actual underpayment of their wages[.]" *Id*. at *48. *Mateer v. Peloton Interactive, Inc.* likewise found standing for NYLL § 195 claims where the plaintiffs alleged that the NYLL § 195 violations "'resulted in the underpayment of wages[.]'" 2022 U.S. Dist. LEXIS 125017, at *4. The *Mateer* court rejected the defendant's argument that the underpayments were caused solely by "timekeeping practices and purported misclassification of employees," recognizing that the alleged NYLL § 195 violations may have "contributed to the

8

underpayment as well." *Id*. at *5. This holding is consistent with black letter law that the same injury can have multiple legal causes. *E.g.*, *Wonzer v. Hernandez*, No. 20 CV 10836, 2023 U.S. Dist. LEXIS 131224, at *14-15 (S.D.N.Y. July 28, 2023) ("That is, a defendant's action needs not be 'the' proximate cause of the injury, but 'a' proximate cause.").

The cases relied on by the R&R fail to acknowledge the reality that an injury may have multiple causes. (R&R at 64-65 (citing *Freeland v. Findlay's Tall Timbers Distrib. Ctr., LLC*, No. 22 CV 6415, 2024 U.S. Dist. LEXIS 93470 (W.D.N.Y. May 24, 2024)[1]; *Jackson v. ProAmpac LLC*, 694 F. Supp. 3d 352 (S.D.N.Y. 2023); *Quieju v. La Jugueria Inc.*, No. 23 CV 264, 2023 U.S. Dist. LEXIS 72050 (E.D.N.Y. Apr. 25, 2023).) Moreover, the *Jackson* court found a lack of causation because the plaintiff did not show "how an accurate notice would have . . . prevented the monetary harm." 694 F. Supp. 3d at 363-64. That is not the case here. As discussed above, if Defendants had provided Plaintiffs and the Class Members with NYLL § 195(1)-compliant wage notices, their use of the tip credit would have been lawful, and Class Members would not have been underpaid for their non-overtime hours. Similarly, if Defendants provided Class Members with wage statements that properly identified Class Members' overtime hours and rates, Class Members would have been paid more. Because they suffered underpayments as the direct result of these violations, the entire Class is entitled to entry of summary judgment as to liability and damages on the NYLL § 195(1) claim, and all Class Members who worked overtime[2] are entitled to entry of summary judgment as to liability and damages on the NYLL § 195(3) claim.[3] (Dkt.

---

[1] The *Freeland* court expressly declined to follow this Court's standing analysis in *Lipstein*. *Freeland*, 2024 U.S. Dist. LEXIS 93470, at *9.

[2] The Class Members who worked overtime are Plaintiffs Martinenko and Huk, Angel Hernandez, Charles Gabriel, Damian Zabrodin, Danny Birlandeau, Hector Conoz, Jake Willis, Jamie Tovar, Juan Aguilar, Juan Deluna, Kelsey Foley, Lytchez Lazarov, Miguel Torress, Noel Lora, Stefana Manzano, and Tristan Collazo. (Dkt. No. 116-1.)

[3] The NYLL § 195(1) damages for the Class total $110,050. (Dkt. No. 116-1.) This does not include damages on Dkt. No. 116-1 for Adrian Pizarro, who Judge Lehrburger found is not a Class Member. (R&R at 20.) The NYLL § 195(3) damages for the Class Members who worked overtime total $85,000. (Dkt. No. 116-1.)

9

Nos. 116-1, 116-4, 116-5 at 21, 116-6 at 24, 27-35, 50.)

> ii. **Defendants' NYLL § 195(1) and NYLL § 195(3) violations hindered Class Members' ability to identify and remedy Defendants' wage and hour violations**

This Court has held that an employee has standing to pursue NYLL § 195 claims where the employer's failure to provide the statutorily required information "hindered [the employee's] ability to contest the wage and hour deficiencies to which he was subjected by [the] employer." *Lipstein*, 2023 U.S. Dist. LEXIS 167615, at *26; *see also Lubinski v. Johnson Controls, Inc.*, No. 23 CV 2825, 2024 U.S. Dist. LEXIS 119705, at *3-4 (S.D.N.Y. July 9, 2024) (Rochon, J.); *see also, e.g., Santamaria v. Vee Techs., Inc.*, No. 22 CV 4472, 2024 U.S. Dist. LEXIS 51588 (S.D.N.Y. Mar. 21, 2024); *Isayeva*, 2024 U.S. Dist. LEXIS 41769, at *47; *Thompson v. Elev8 Ctr. N.Y., LLC*, No. 20 CV 9581, 2023 U.S. Dist. LEXIS 122504, at *21-22 (S.D.N.Y. July 17, 2023). Class Members here demonstrably suffered precisely this harm. Defendants' failure to provide any wage notices, failure to provide any wage statements prior to at least 2019, and failure to identify overtime hours and the tip credit taken in the wage statements provided after 2019 all hindered Class Members' ability to remedy the undisputed wage underpayments to which they were subjected. Accordingly, both Plaintiffs and all Class Members have standing and are entitled to summary judgment on these claims.

Defendants' failure to provide Class Members with wage notices at any time or wage statements until at least 2019 made it impossible for Class Members to identify that they were being paid less than the minimum wage and were not being paid the overtime or spread of hours premiums. As Defendants in fact underpaid these categories of wages, all Class Members suffered a concrete harm because of Defendants' NYLL § 195 violations and have standing. Defendants contend that before wage statements were provided, they gave employees a document "containing

their reported tips, time in and out and the meal credit as well as the employee's acknowledgment that they were paid." (Dkt. No. 119-2 ¶ 14.) While Plaintiffs dispute this contention (and Defendants did not submit any such documents in support of their motion to dismiss or in opposition to Plaintiffs' summary judgment motion), even if true it would not affect the standing analysis because by Defendants' own account, the alleged documents did not state Class Members' regular and overtime rates of pay, overtime hours worked, tip credit taken, gross pay, net pay, or tax withholdings or other deductions.[4] Because the amounts of Class Members' paychecks were a combination of hourly wages, tips, and any withholdings or deductions taken, it was impossible for Class Members to determine based on their checks and the information allegedly included in the additional document the hourly rate at which they were actually paid and whether they were receiving spread of hours or overtime compensation. This prevented them from identifying that they were in fact being underpaid. *Cf. Lubinski*, 2024 U.S. Dist. LEXIS 119705, at *3-4 (plaintiffs adequately alleged standing where "Defendant's failure to provide Plaintiffs with the required wage statements and notices of pay rate and paydays 'harmed them by denying them the information necessary to determine whether they were being paid in accordance with the applicable prevailing wage rates . . . , whether they were being paid overtime premium pay at the applicable prevailing wage rates, and whether they were being paid the supplemental benefits they were entitled to"); *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19 Civ. 10104, 2023 U.S. Dist. LEXIS 54340, at *16 (S.D.N.Y. Mar. 29, 2023) ("Plaintiffs here actually received inaccurate wage notices, which did not include a tabulation of hours and overtime, and which thereby prevented them from knowing whether, and to what extent, they had been underpaid during the nine-month period.").

---

[4] All of these categories of information are required to be in wage statements, and the regular rate, overtime rate, and tip credit taken must also be identified in wage notices. NYLL § 195(1), (3).

11

Both before and after Defendants began providing wage statements, Defendants further obscured the fact that Class Members were entitled to overtime compensation by failing to provide wage notices (which would have included an overtime rate) and failing to provide wage statements that identified overtime hours and the overtime rate. This also contributed to the actual underpayment of wages to all Class Members who worked overtime. *See Santamaria*, 2024 U.S. Dist. LEXIS 51588, at *22-23 ("[Plaintiff] claims that she suffered an injury because she was misclassified and therefore underpaid. So, according to [Plaintiff], the informational harm – the fact that she wasn't advised that she was due overtime if she worked overtime hours – led to a concrete injury here.").

Finally, throughout the statute of limitations period Defendants' failure to inform Class Members of the tip credit they were using hid the fact that all Class Members were entitled to be paid the full New York minimum wage and enabled the wage underpayments to continue. *Rathod v. Willington Physical Therapy & Acupuncture PLLC*, No. 23 CV 3276, 2024 U.S. Dist. LEXIS 106217, at *3 (S.D.N.Y. June 13, 2024) (denying motion to dismiss on standing grounds where plaintiff alleged that "[b]y failing to provide adequate wage statements and notice, . . . Defendants delayed her realization that Defendants were stealing wages from her"). The FLSA poster that Defendants claim was posted in the restaurant actually worsened this harm. The poster states that employees may be paid an hourly rate of as little as $2.13. (Dkt. No. 112-13.) As that is less than the New York tip credit rate that Class Members were actually paid, 12 NYCRR § 146-1.3, without the context of an accurate wage notice the poster gave the false impression that Class Members were being *more* than was legally required, when in fact they were paid less. *Cf. Isayeva*, 2024 U.S. Dist. LEXIS 41769, at *49 (noting that providing a wage notice with an incorrect payment schedule "would have given [plaintiff] the mistaken impression that she was not entitled to weekly

12

compensation, hindering her ability to seek payment on the schedule to which she was allegedly entitled").

As described above, all Class Members have standing to pursue NYLL § 195 claims because all of Defendants NYLL § 195 violations hindered all Class Members' ability to identify and remedy the fact that they were being underpaid. Accordingly, the Class is entitled to summary judgment on the NYLL § 195(1), (3) claims.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court should enter summary judgment in favor of the Class on their NYLL § 195 claims.

Dated: New York, New York
August 30, 2024

**JOSEPH & KIRSCHENBAUM LLP**

By: /s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff, Opt-In Plaintiff, and the Class*

---

[5] The total Class-wide damages for NYLL § 195(3) violations are $140,750, excluding the damages identified for Adrian Pizarro. (Dkt. No. 116-1.)

13