JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

October 15, 2024

**VIA U.S. MAIL**

Hon. Jennifer L. Rochon
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    Martinenko v. 212 Steakhouse, Inc.
              No. 22 CV 518 (JLR) (RWL)

Dear Judge Rochon:

      We are Class Counsel in the above-referenced action. Pursuant to the Court's summary judgment Order, the parties have conferred about how to proceed with the remaining NYLL § 195 claims in this action but have been unable to reach an agreement. Accordingly, we submit this letter to respectfully request that that Court dismiss all remaining NYLL § 195 claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and Fed. R. Civ. P. 23(e).[1] Defendants have not proposed an alternate course of action but have not consented to the dismissal.

      Class Counsel believes that dismissal of the NYLL § 195 claims without prejudice is in the best interest of the Class, as it will enable all Class Members who want to pursue their NYLL § 195 claims to do so in state court without the need to establish Article III standing. As this Court's summary judgment Order indicates, as a practical matter, there may not be common proof in this case that will establish *all* Class Members' standing, or lack thereof. Thus, any process to adjudicate the standing question for Class Members in this Court would likely require individual Class Members to appear and provide testimony or other evidence to prove their standing, and Defendants would presumably provide contrary testimony or other evidence. This would be extremely time consuming, and the claims of any Class Members who could not establish standing would ultimately be dismissed without prejudice. *See Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 121 (2d Cir 2017) ("[W]here a case is dismissed for lack of Article III standing, . . . that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*.") (emphasis in original). However, as there is no question that Defendants did violate NYLL § 195 as to all Class Members, those claims could be quickly adjudicated in state court for any Class

---

[1] As a dismissal without prejudice will not bind Class Members, the procedural requirements of Fed. R. Civ. P. 23(e)(2) are not applicable.

Member who wishes to pursue them. Accordingly, dismissal of the NYLL § 195 claims now without prejudice provides the most efficient path to adjudication of these claims on the merits. In the event that the Court believes notice should be issued to the Class Members regarding the dismissal of the NYLL § 195 claims, a proposed notice is attached hereto as Exhibit 1.

      Attached hereto as Exhibit 2 for the Court's consideration is a proposed judgment. NYLL §§ 198(4), 663(4) provide that any portion of a judgment that "remain[s] unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, . . . shall automatically increase by fifteen percent." Accordingly, the proposed judgment incorporates this provision. *See Caputi-Richards*, 2023 U.S. Dist. LEXIS 62954, at *17; *Pena*, 2021 U.S. Dist. LEXIS 211935, at *11-12. Exhibit A to the proposed judgment shows the per-Class Member breakdown of the $251,269.84 judgment previously entered by the Court. To derive each Class Member's total share, we added their total compensatory and liquidated damages for the minimum wage, overtime, and spread of hours claims, and then applied the $48,215.64 prejudgment interest amount proportionately based on each Class Member's individual share of the total compensatory damages. In accordance with the Court's October 2, 2024 Order, Plaintiffs will file their motion for attorneys' fees and costs no later than November 8, 2024.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)