

jg@coburngreenbaum.com
Direct: 202.744.5003

October 16, 2024

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, NY. 10007

    Re:  Martinenko v. 212 Steakhouse, Inc., et.al.; No.: 22-cv-518 (JLR) (RWL)

Dear Judge Rochon:

    We represent Defendants in the above-referenced action. Plaintiffs seek to dismiss the remaining NYLL Section 195 claims, without prejudice under Fed. R. Civ. P. 41(a)(2) and Fed. R. Civ. P. 23(e). Rule 41(a)(1) states that an "action" may be dismissed at the Plaintiffs request only by court order, on terms the Court considers proper. While we understand the case law that when a "case" is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts the power to dismiss [the] 'case' *with* prejudice," this case, however, is not being dismissed. The issue here is the remaining claims. *Kate v. Donna Karan Co., Store, LLC,* 872 F.3d 114, 121 (2nd Cir 2017), quoting *Hernandez v. Conriv Realty, Assoc.,* 182 F.3d 121, 123 (2nd Cir. 1999). Courts are divided as to whether Rule 41(a) allows for dismissal of individual claims. See *Alix v. McKinsey & Co.,* 470 F. Supp. 3d 310 (S.D.N.Y 2020); *CBX Res. LLC v. Ace Am. Ins. Co.,* 959 F.3d 175,177 (5th Cir. 2020) (41(a) not available to dismiss some claims); *Taylor v. Brown* 787 F.3d 851, 857 (7th Cir. 2015) ("since we give the Federal Rules of Civil Procedure their plain meaning, Rule 41(a) should be limited to dismissal of an entire action."). Because Rule 41(a) by its plain terms only allows for the dismissal of the entire case, it is not available to dismiss these NYLL Section 195 claims as proposed by Plaintiffs in their motion.

    Besides the applicability of Rule 41(a), Plaintiffs' proposal for a dismissal of their class claims raises a number of issues. First, should the Court dismiss the remaining state law claims without prejudice, there will be no final judgment, since dismissals without prejudice are not an adjudication on the merits. *Perry v. Schumaker Group of La.* 891 F.3d 954 (11th Cir. 2018).

1710 Rhode Island Avenue, NW · 2nd Floor · Washington DC 20036
202.630.2844 · fax 866.561.9712 · coburngreenbaum.com

Since these claims do not comprise of the entire case, we request that the Section 195 claims be dismissed "with prejudice." At a minimum class representative and named Plaintiff Martinenko's claim should be dismissed with prejudice. This case was filed in 2022, and the Section 195 claims were heavily litigated. Defendants have repeatedly taken the position that individual claims and damages predominate making class action treatment inferior. Plaintiffs now appear to accept this and the class representative, despite declaring under oath that she would "vigorously pursue" the claims of her co-workers has now abandoned them. Defendant has expended significant resources defending the claims, including the class assertions. For Plaintiffs to cavalierly request that they be dismissed, without prejudice, so the claims could be "quickly adjudicated in state court" (Pl. letter at 1) begs the question why Plaintiffs filed a class action in the first place, given their position that state court is now the preferable forum, and them apparent lack of interest from any class members, during this entire litigation calling into question the predominance issues and the ability to maintain a class action.

The class must now be decertified in that there is a conflict between the class representative and the absent class members, and whether the representative party is fairly and adequately representing the class as well as well as the other issues raised in our decertification motion.[1] Moreover, Plaintiffs proposal would result in a de-facto decertification of the class by informing the class members that they "may pursue such claims in a separate lawsuit," acknowledging that the maintenance of the class is no longer feasible. The Notice proposed by Plaintiffs also fails to clearly inform the class that any subsequent lawsuit in state court under NYLL Section 195 seeking statutory penalties must be an individual action, since New York law prohibits class actions in cases seeking statutory penalties. Plaintiff now acknowledges that in order to maintain a class action the "individual members would have to appear and testify…". This is an indication of the risk of maintaining the class action through trial. Indeed, not one class member other than Martinenko and Huk (whose Section 195 class has been dismissed) have come forward in this action, including the FLSA opt-in collective action. The better result here would be to provide Notice to the absent class members of the decertification as we outlined in our prior decertification motion.[2] With one class representative, Huk already dismissed for lack of standing, the class certification was already on thin ice. *NEI Contr. & Eng'g, Inc. b. Hanson Aggregates Pac. Sev., Inc.* 926 F.3d 528 (9th Cir. 2019) (A class must be decertified when the class representative is found to lack standing as to her individual claim). Now the other class representative has essentially acknowledged that the class cannot be maintained through trial, and her declaration that she cannot fairly and adequately represent the class calls into question her class representative status. We now know

---

[1] A decertification can be ordered at any time before final judgment, including after a merits determination at summary judgment or trial. Fed. R. Civ. P. 23(c)(l); *Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons, Inc.,* 502 F2d 91, 104 n.9 (2nd Cir. 2007); *Mazzei v. Money Store,* 829 F.3d 260 (2nd Cir. 2016).

[2] The absent class members rights would be protected pursuant to *Crown Cork & Seal o. v. Parker,* 402 U.S. 345, 353-4 (1983).

that a class could not have been maintained as to any of the claims in this action, including the claims subject to the summary judgment as it calls into question the appropriateness of relying on representative evidence solely from the two representatives.[3]

As such, we move that the remaining claims be dismissed with prejudice and/or the class decertified. The decertified class can then be provided notice of the decertification and an explanation of their rights going forward. Of course, we would be available should the Court deem a conference would be of assistance with these issues.

Very truly yours,

*jonathan greenbaum*

Jonathan W. Greenbaum

JWG:pb

CC: All Counsel via ECF

---

[3] As we noted previously, these two class representatives assisted with payroll for Defendant and class representative Martinenko not only had the highest level security with access to Defendants financial records, which she did access remotely *after* her employment ended, but also admittedly checked on her co-workers clock in – out times on behalf of the Restaurant when Defendants suspected an employee was not clocking out. Dk No. 122 at paragraph 11 (Martinenko Declaration). According to Defendant, Martinenko adjusted such time records on behalf of the Restaurant.