JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

October 28, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: Martinenko v. 212 Steakhouse, Inc.
       No. 22 CV 518 (JLR) (RWL)

Dear Judge Rochon:

  We are Class Counsel in the above-referenced action. Pursuant to the Court's October 23, 2024 Order, I write in response to Defendants' letter filed on October 21, 2024, in which Defendants made several arguments that they did not raise during the meet and confer process. Contrary to the argument Defendants have now made, the Court can and should dismiss the remaining NYLL § 195 claims without prejudice and enter judgment on the wage claims consistent with its summary judgment Order.

  The Court may dismiss the remaining NYLL § 195 claims without prejudice pursuant to either Rule 41(a)(2) or Rule 15. Defendants conveniently omitted from their letter the fact that the weight of authority in this Circuit holds that Rule 41 permits the dismissal of fewer than all claims in an action. *E.g.*, *Jones v. Brookhaven Sci. Assocs., LLC*, No. 23 CV 4194, 2024 U.S. Dist. LEXIS 163020, at *12-13 n.3 (E.D.N.Y. Sept. 10, 2024); *HOV Servs. v. ASG Techs. Grp., Inc.*, No. 18 CV 9780, 2021 U.S. Dist. LEXIS 19777, at *4-5 (Feb. 2, 2021); *Burgos v. City of New York*, No. 18 CV 1150, 2019 U.S. Dist. LEXIS 47074, at *6 n.4 (S.D.N.Y. Mar. 21, 2019); *Azkour v. Haouzi*, No. 11 Civ. 5780, 2013 U.S. Dist. LEXIS 109008, at *9-12 (S.D.N.Y. Aug. 1, 2013) (Sullivan, J.); *Blaize-Sampeur v. McDowell*, No. 05 CV 4275, 2007 U.S. Dist. LEXIS 47408, at *6-9 (E.D.N.Y. June 29, 2007) (collecting cases). Thus, Rule 41(a)(2) is the proper procedural mechanism to dismiss the NYLL § 195 claims. Alternatively, the Court may dismiss the remaining NYLL § 195 claims pursuant to Rule 15, under which the standard is identical to the Rule 41(a) standard. *See Wakefield v. Northern Telecom*, 769 F.2d 109, 114 & n.4 (2d Cir. 1985).

  "There is a general presumption that motions to dismiss claims without prejudice should be granted." *P3 v. Hilton Cent. Sch. Dist.*, No. 21 CV 6546, 2024 U.S. Dist. LEXIS 190805, at *4

(W.D.N.Y. Oct. 21, 2024) (cleaned up). "Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Camili v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The second line considers the so-called *Zagano* factors:

> (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Kwan v. Schlein*, 634 F.3d 224, 231 (2d Cir. 2011). Under either line of authority, dismissal without prejudice is appropriate. Defendants have not identified any way in which they would be prejudiced by the dismissal of the NYLL § 195 claims, and indeed they would not suffer any prejudice. As noted in Plaintiffs' October 15, 2024 letter, if the parties proceed to trial in this forum on the NYLL § 195 claims, Class Members will either establish standing and prevail on their NYLL § 195 claims or fail to establish standing and have their claims dismissed without prejudice. A dismissal without prejudice now gives Defendants their best possible outcome at trial while saving them the time and resources needed to go to trial. Defendants' new claim that the Court *cannot* dismiss the claims without prejudice is particularly puzzling considering that had Defendants prevailed on their motion for summary judgment regarding lack of standing, that is precisely what would have happened: the claims would have been dismissed without prejudice. *See Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 121 (2d Cir 2017).

Moreover, Plaintiffs have acted diligently in seeking dismissal of the NYLL § 195 claims once it became clear in the Court's summary judgment Order that trial of these claims would require individualized evidence regarding standing, and therefore it was not in the best interest of the Class to continue litigating those claims in this forum.[1] *See Kwan*, 634 F.3d at 231 (finding that party who sought dismissal without prejudice following a summary judgment decision acted diligently). Notably, Defendants did not raise any objection to standing for the NYLL § 195 claims until after both classwide discovery and class certification motion practice were complete. (*See* Dkt. No. 97 (raising standing issue for the first time in an August 22, 2023 letter).) Accordingly, the reason the standing issue was not resolved sooner was that Defendants failed to raise it in a timely manner. For the same reasons, Plaintiffs have not acted vexatiously. On the contrary, for the reasons set forth in Plaintiffs' summary judgment papers, until this Court entered its summary judgment Order Plaintiffs had a good faith belief that standing could be established for all Class Members without the need for individualized inquiries or trial.[2] Defendants have not asserted that they have spent any time or money preparing for trial on the NYLL § 195 claims. The risk of duplicative expense of relitigation is higher if the NYLL § 195 proceed to trial before this Court,

---

[1] Notably, the summary judgment Order adopted the Report & Recommendation that affirmed that the question of liability on the NYLL § 195 claims is common as to all Class Members. (Dkt. No. 132 at 60-61.)

[2] If the Court dismisses the NYLL § 195 claims under Rule 15 rather than Rule 41 and therefore considers Rule 16 in addition to Rule 15, there is good cause to permit the dismissal. *See Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). We have acted diligently in seeking to dismiss the NYLL § 195 claims once the Court's summary judgment decision made clear the individualized nature of any trial on the NYLL § 195 claims and before the parties spent time and resources on trial preparation. As discussed above, Defendants will not be prejudiced by the dismissal.

as the claims of any Class Members who fail to establish standing would be dismissed without prejudice after the time and expense of trial is incurred, only to be relitigated in state court.

Finally, Plaintiffs have shown that it is in the best interest of the Class to dismiss the NYLL § 195 claims without prejudice. Not only will dismissal without prejudice of the NYLL § 195 claims allow for a more efficient resolution of those claims in state court for any Class Member who wishes to pursue them, but it will also allow for immediate entry of an enforceable final judgment, as all claims in this action will be resolved. This latter point is extremely important, because any delay in entry of judgment creates serious risks to the Class's ability to enforce their judgment. 212 Steakhouse, Inc. is currently a defendant in four state court actions filed this year where the plaintiffs collectively seek approximately $924,152. (*See* Ex. 1 (complaints and petition).) Three of those cases are for breach of contracts for the purchase of future receipts and name both 212 Steakhouse, Inc. and Nikolay Volper as defendants, and the fourth case is an action for nonpayment of rent brought by 212 Steakhouse's landlord. Summary judgment motions filed by the plaintiffs are pending in two of the state court actions against Defendants – *Webfund LLC v. 212 Steakhouse, Inc.*, No. 607984/2024 (N.Y. Sup. Ct. Nassau County) and *River Capital Partners LLC v. 212 Steakhouse Incorporated*, No. 509623/2023 (N.Y. Sup. Ct. Kings County) – with return dates of November 20, 2024 and January 16, 2025, respectively. (*See* Exs. 2 (NYSCEF dockets showing filed summary judgment motions), 3 (printouts from New York eCourts showing upcoming appearances).) Dismissal of the NYLL § 195 claims and entry of a final judgment now serves the best interests of all Class Members by allowing them to enforce the judgment now. Accordingly, the remaining NYLL § 195 claims should be dismissed without prejudice, and a final judgment should be entered.[3] In order to ensure that the judgment is indeed a final judgment, the remaining NYLL § 195 claims should be dismissed without prejudice and without leave to replead in this action. The law is clear in this Circuit that such a dismissal does not interfere with the finality of the judgment. *European Cmty. v. RJR Nabisco, Inc.*, 355 F.3d 123, 139 (2d Cir. 2004) ("[T]he denial [of leave to replead] had the effect of rendering the judgment final as to all claims[.]"). An updated proposed judgment that reflects this change is attached as Exhibit 4.

Defendants' attempt to use Plaintiffs' request for dismissal – to which they raised no substantive objections during the meet and confer process – as an excuse to decertify a class which the Court has repeatedly held is properly maintained and undo a summary judgment Order is pure gamesmanship. Both Plaintiffs and Class Counsel have vigorously represented the interests of the Class throughout this litigation, including making good faith arguments in support of entry of judgment in favor of the Class on the NYLL § 195 claims and ultimately obtaining a judgment of more than $250,000 on the wage claims. For the reasons described above, Plaintiffs and Class Counsel are continuing to advocate for the best interests of the Class now by requesting dismissal without prejudice of the NYLL § 195 claims in light of the Court's summary judgment order. To be sure, Rule 23(e) explicitly contemplates the dismissal of individual claims or issues in a class action, stating that "[t]he claims, issues, or defenses of a certified class . . . may be . . . voluntarily

---

[3] Defendants' contention that because the NYLL § 195 claims "do not comprise of the entire case" they should be "dismissed 'with prejudice'" is frivolous and lacking in any legal support. (Defs.' Ltr. at 2.) The only reason Plaintiffs seek to dismiss the NYLL § 195 claims is because of the likelihood that some or all Class Members' NYLL § 195 claims would be dismissed for lack of standing after trial, and claims dismissed for lack of standing are dismissed without prejudice. *Katz*, 872 F.3d at 121.

dismissed . . . only with the court's approval."[4]  In short, nothing about Plaintiffs' request for a dismissal of the NYLL § 195 claims calls into question the propriety of the Class or the entry of summary judgment in its favor on the wage claims.

   For the foregoing reasons and for the reasons set forth in our October 15, 2024 letter, we respectfully request that the Court dismiss the remaining NYLL § 195 claims without prejudice and enter the proposed judgment submitted with this letter.  We thank the Court for its attention to this matter.

                   Respectfully submitted,

                   /s/ Denise A. Schulman
                   Denise A. Schulman

cc: All counsel (via ECF)

---

[4] Similarly, courts routinely dismiss some but not all claims without prejudice pursuant to Rule 12(b)(1).