UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
**NINO MARTINENKO, on behalf of**          **CASE NO. 22 CV 518**
**herself and others similarly situated,**

        **Plaintiff,**

    v.

**212 STEAKHOUSE, INC., and**
**NIKOLAY VOLPER,**

        **Defendants.**
-------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Class Counsel*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................1

II. BACKGROUND ...............................................................................................................1

III. ARGUMENT .....................................................................................................................3

   A. Under the FLSA and NYLL, Plaintiffs are Entitled to an Award of Attorneys' Fees to be Paid by Defendants .........................................................................................................3

      i. Class Counsel's Hourly Rates are Reasonable ..............................................4

         a. Counsel's Experience, Historical Rates, and the Prevailing Market Rates in this District Support the Rates Sought................................................................5

         b. The Paralegal/Administrative Assistants Rates Sought Are Reasonable .................10

      ii. Class Counsel's Hours Are Reasonable........................................................10

   B. The Class Should Be Awarded $4,150.78 In Expenses....................................................12

IV. CONCLUSION................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*,
    522 F.3d 182 (2d Cir. 2008)..................................................................................4, 5

*Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 CV 3061,
    2014 U.S. Dist. LEXIS 79869 (S.D.N.Y. May 19, 2014) .......................................8, 9

*Champagne v. Colum. Dental, P.C.*, No. 18 CV 1390,
    2022 U.S. Dist. LEXIS 58037 (D. Conn. Mar. 30, 2022)..........................................7

*Chen v. Patel*, No. 16 Civ. 1130,
    2020 U.S. Dist. LEXIS 56666 (S.D.N.Y. Mar. 31, 2020) ........................................8

*Dougherty v. 2With Deli Corp.*, No. 23 CV 3496,
    2023 U.S. Dist. LEXIS 215998 (S.D.N.Y. Dec. 5, 2023) ........................................7, 10

*Espinosa v. Perez*, No. 18 CV 8855,
    2020 U.S. Dist. LEXIS 14075 (S.D.N.Y. Mar. 9, 2020) .........................................9

*Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012) ...................................................8

*Hernandez v. JRPAC Inc.*, No. 14 CV 4176,
    2017 U.S. Dist. LEXIS 1988 (S.D.N.Y. Jan. 6, 2017) ............................................8

*Lin v. La Vie En Schezuan Rest. Corp.*, No. 15 CV 9507,
    2020 U.S. Dist. LEXIS 63446 (S.D.N.Y. Apr. 9, 2020)..........................................8

*Local 3621, EMS Officers Union*, No. 18 CV 4476,
    2022 U.S. Dist. LEXIS 50226 (S.D.N.Y. Mar. 21, 2022) .......................................4

*J.S. Nicol, Inc. v. Peking Handcraft, Inc.*, No. 03 Civ. 1548,
    2008 U.S. Dist. LEXIS 82085 (S.D.N.Y. Oct. 17, 2008) ........................................11

*Marquez v. Erenlar, Inc.*, No. 12 CV 8580,
    2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014).......................................10, 12

*McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 682 (S.D.N.Y. 2015)............................4

*Millea v. Metro-North R.R.*, 658 F.3d 154 (2d Cir. 2011)......................................................4

*Muehe v. City of Boston*, No. 21-11080,
    2021 U.S. Dist. LEXIS 211316 (D. Mass. Nov. 2, 2021) ........................................9

*Mugavero v. Arms Acres, Inc.*, No. 03 CV 5724,
    2010 U.S. Dist. LEXIS 11210 (S.D.N.Y. Feb. 9, 2010)............................................12

*Murphy v. Lajaunie*, No. 13 CV 6503,
    2018 U.S. Dist. LEXIS 221462 (S.D.N.Y. Feb. 2, 2018)..........................................5

*Rodriguez v. 3551 Realty Co.*, No. 17 CV 6553,
    2017 U.S. Dist. LEXIS 182017 (S.D.N.Y. Nov. 2, 2017).........................................9

*Shanfa Li v. Chinatown Take-Out Inc.*, No., 16 CV 7787,
    2019 U.S. Dist. LEXIS 132731 (S.D.N.Y. Aug. 7, 2019).........................................8

*Shnyra v. State St. Bank & Tr. Co.*, No. 19 CV 2420,
    2021 U.S. Dist. LEXIS 206488 (S.D.N.Y. Oct. 25, 2021).......................................8

*Solano v. Andiamo Café Corp.*, No. 19 CV 3264,
    2021 U.S. Dist. LEXIS 102767 (S.D.N.Y. June 1, 2021).........................................3

*Tiro v. Public House Invs., LLC*, Nos. 11 Civ. 7679, 11 Civ. 8249,
    2013 U.S. Dist. LEXIS 129258 (S.D.N.Y. Sept. 10, 2013).......................................12

*Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316,
    2012 U.S. Dist. LEXIS 127890 (S.D.N.Y. Aug. 6, 2012).........................................10

*Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 CV 6094,
    2014 U.S. Dist. LEXIS 132186 (S.D.N.Y. Sept. 19, 2014).......................................8

*Wen Bin Gao v. Lucky Brother Inc.*, No. 17 CV 8159,
    2020 U.S. Dist. LEXIS 100811 (S.D.N.Y. June 9, 2020).........................................9

*Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018) ........................................5

**Statutes**

29 U.S.C. § 216................................................................................................................3, 12

N.Y. Lab. L. § 195 .......................................................................................................2, 3, 11

N.Y. Lab. L. § 198 ........................................................................................................3, 12

N.Y. Lab. L. § 663 ........................................................................................................3, 12

I.   **PRELIMINARY STATEMENT**

Plaintiffs submit this memorandum of law in support of their motion for attorneys' fees and costs.[1] As the prevailing parties in this action, Plaintiffs and the Class are entitled to recover reasonable attorneys' fees and costs from Defendants under the fee-shifting provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The amount of attorneys' fees to be awarded to Plaintiffs under the FLSA and NYLL requires the Court to calculate the "presumptively reasonable fee" by reference to a "reasonable hourly rate" for the attorneys who staffed this case multiplied by a "reasonable number of hours" of work required to litigate this case. As further set forth below, the "presumptively reasonable fee" Plaintiffs are entitled to recover from Defendants at least $211,415 in attorney and paralegal fees, and $4,150.78 in costs.[2]

II.   **BACKGROUND**

On January 20, 2022, Named Plaintiff Nino Martinenko, a former server at Defendants' 212 Steakhouse restaurant, commenced this class and collective action on behalf of herself and others similarly situated against Defendants 212 Steakhouse Inc., and its owner, Nikolay Volper. Dkt. No. 1. The complaint alleged that Defendants violated the FLSA and/or New York law by (1) paying tipped employees pursuant to a tip credit without providing the notice required under New York law; (2) failing to pay tipped employees an overtime premium; (3) failing to pay tipped employees a spread of hours premium; and (4) failing to provide tipped employees with the wage notices and wage statements required under New York law. Dkt. No. 1 at ¶¶ 33-52.

On April 26, 2022, the Court granted the Named Plaintiff's motion for conditional

---

[1] In support of this motion, Plaintiffs submit the November 8, 2024 declaration of Michael DiGiulio ("DiGiulio Decl.") and exhibits thereto ("DiGiulio Ex. [NUMBER]").
[2] Because Plaintiffs seek attorneys' fees and costs associated with this fee application, including Plaintiffs' reply brief, Plaintiffs will update the final amount of fees requested in Plaintiffs' reply brief.

1

collective certification of her FLSA claim, authorizing the Named Plaintiff to send notice of the FLSA claim to all tipped employees employed by Defendants on or after January 20, 2019. Dkt. No. 26. One person, Dagmara Huk, a former bartender at 212 Steakhouse, joined this action as an Opt-In Plaintiff. Dkt. No. 32.

On November 1, 2022, Plaintiff moved, under FRCP 37, for sanctions against Defendants for various discovery deficiencies. Dkt No. 61. On April 28, 2023, the Court granted Plaintiff's motion and levied sanctions against Defendants, which included an award of attorneys' fees to Plaintiffs. Dkt. No 93.

On April 27, 2023, the Court certified a Rule 23 class consisting of "all tipped employees – servers, runner, bussers, and bartenders – who worked for Defendants at any time on or after January 20, 2016 at 212 Steakhouse." Dkt. No. 92. The Court further appointed Plaintiffs Nino Martinenko and Dagmara Huk as class representatives. *Id.*

On November 16, 2024, Plaintiff filed a motion for summary judgment on liability and damages for all of the Class Members' claims. *See* Dkt Nos. 113-118. On the same day, Defendants moved to decertify the Class and to dismiss the NYLL § 195 claims. *See* Dkt. Nos. 111-112. On August 13, 2024, the Honorable Judge Lerhburger issued a Report and Recommendation ("R&R") that recommended granting summary judgment, in part, and granting Defendants' motion to dismiss, in part, and denying Defendants' motion to decertify the class. Dkt. No. 132. Specifically, the R&R recommended granting the Class Members summary judgment on their minimum wage claims, overtime claims, and spread of hours claims, and recommended awarding a specific amount in damages and pre-judgment interest. *See* Dkt. No. 132 at 72-73. The R&R recommended dismissing Plaintiff Huk's NYLL § 195 claims and recommended denying both Plaintiff's motion and Defendants' motion as it pertains Plaintiff

2

Martinenko's and the Class's NYLL § 195 claims because there was a dispute of fact as to whether Plaintiff Martinenko and the Class suffered an injury-in-fact sufficient for standing to bring these claims in Federal Court. *See* Dkt. No. 132 at 61-70.

On August 30, 2024, both parties objected to portions of the Report and Recommendation. *See* Dkt. Nos. 135, 136. On September 24, 2024, this Court adopted the Report and Recommendation in its entirety. Dkt No. 141. The Court ordered Defendants to pay to the Class $101,527.10 in compensatory damages, $101,527.10 in liquidated damages, and prejudgment interest from June 18, 2019, at a rate of 9%. Dkt No. 141 at 26-27. As such, on September 25, 2024, the Clerk of the Court issued a judgment on behalf of the Class in a total of amount of $251,269.84. Dkt. No. 142 ("the Judgment").

On October 1, 2024, Plaintiffs sought and received an extension of the deadline, until November 8, 2024, to file a motion for attorneys' fees and costs related to the Judgment. Plaintiffs now file this application for reasonable attorneys' fees and costs associated with obtaining the Judgment in this action.

### III.     ARGUMENT

#### A. Under the FLSA and NYLL, Plaintiffs are Entitled to an Award of Attorneys' Fees to be Paid by Defendants

The NYLL and FLSA requires the award of attorneys' and costs to prevailing employees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). Because the Court found that Defendants violated the FLSA and NYLL, and Plaintiffs obtained a judgment on behalf of the Class, Plaintiffs are entitled to reasonable attorneys' fees and costs in addition to the judgment already entered in their favor. *See* Dkt. No. 141, 142. *See, e.g.*, *Solano v. Andiamo Café Corp.*, No. 19 CV 3264, 2021 U.S. Dist. LEXIS 102767, at *1-6 (S.D.N.Y. June 1, 2021) (awarding fees and costs to Plaintiffs for obtaining summary judgment on FLSA and NYLL claims).

3

The Second Circuit's approach to determining appropriate attorneys' fees under fee-shifting statutes requires the Court to calculate a "presumptively reasonable fee" by finding: (1) a reasonable hourly rate for the attorneys' work; and (2) a reasonable number of hours of work required by the case. *See Millea v. Metro-North R.R.*, 658 F.3d 154, 166-67 (2d Cir. 2011). A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). This is referred to as the "presumptively reasonable fee approach" or the "lodestar" approach. *McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 682, 584 (S.D.N.Y. 2015).

Here, both the hourly rates sought by Plaintiffs for the attorneys who worked on this case as well as the number of hours worked by those attorneys are reasonable. Notably, in the Court's previous sanction order (Dkt. Nos. 88, 93) this Court has already determined that the hourly rates sought for Class Counsel are reasonable. As of this filing, Class Counsel's lodestar is $211,415.

      **i.   Class Counsel's Hourly Rates are Reasonable**

"The reasonable hourly rate is the prevailing market rate, *i.e.*, the rate prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Local 3621, EMS Officers Union v. City of N.Y.*, No. 18 CV 4476, 2022 U.S. Dist. LEXIS 50226, at *12 (S.D.N.Y. March 21, 2022) (internal quotation marks omitted). In determining the reasonable rate, courts consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case;

4

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n.3, 190.

Plaintiffs seek the following hourly rates for the attorneys and support staff who worked on this case:

| Biller | Hourly Rate |
|---|---|
| D. Maimon Kirschenbaum | $500.00 |
| Denise A. Schulman | $500.00 |
| Michael DiGiulio | $350.00 |
| Paralegals/administrative assistants | $125.00 |

The reasonableness of these requested rates is fully supported by the following considerations, which are discussed below: (1) the attorneys' professional backgrounds and experience; (2) the rates previously approved for these attorneys by courts in this Circuit, including by this Court; (3) natural increases to the attorneys' rates to reflect inflation and professional growth; (4) the rates approved for comparable wage and hour/employment litigators in this District; and (5) evidence of the current prevailing market rates for employment and labor litigators in the New York City area.

### a. Counsel's Experience, Historical Rates, and the Prevailing Market Rates in this District Support the Rates Sought

Class Counsel are attorneys with considerable experience litigating wage and hour class actions in this district. *See, e.g.*, *Murphy v. Lajaunie*, No. 13 CV 6503, 2018 U.S. Dist. LEXIS 221462, at *36 (S.D.N.Y. Feb. 2, 2018) (describing Joseph & Kirschenbaum as "a reputable law firm with substantial experience litigating wage and hour class actions"); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 74 (S.D.N.Y. 2018) (Woods, J.) ("[T]he attorneys of Joseph & Kirschenbaum have substantial experience as lead or co-lead counsel in wage an hour actions in this District."); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008, at 20:1-3

5

(S.D.N.Y. Dec. 22, 2015) (Sullivan, *J.*) ("I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work.") (DiGiulio Decl., Ex. 4 at 20:1-3); *see also* DiGiulio Decl. ¶¶ 4-5, 9, 15-17. The firm's attorneys have recovered over $100 million for thousands of food service workers in New York City and have litigated cases that have changed the landscape of wage and hour class and collective litigation in the food service industry. DiGiulio Decl. ¶¶ 16-17 (citing cases).

D. Maimon Kirschenbaum is the managing partner of Joseph & Kirschenbaum LLP ("JK"), a plaintiffs'-side employment law firm. Since graduating Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at JK. As a result of his accomplishments representing food service workers throughout New York City, Mr. Kirschenbaum became a member/partner of the firm in May of 2007. DiGiulio Decl. ¶ 6.

Ms. Schulman received her J.D. from NYU School of Law, *cum laude*, in 2008 and joined JK in January 2009. She was an associate at JK until February 2017, when she became a partner. Her practice at JK has consisted almost entirely of representing employees in their claims against employers. She has litigated dozens of wage and hour cases against restaurants or other hospitality employers. Many of these cases have been certified as collective and/or class actions. DiGiulio Decl. ¶ 7. Courts have repeatedly recognized her skill and expertise in wage and hour litigation. *E.g.*, *Orlando v. Liberty Ashes, Inc.*, No. 15 CV 9434, at 10:18-20 (S.D.N.Y. Sept. 4, 2020) (DiGiulio Ex. 3) ("[I]n my entire experience with [Schulman] in this case, and a lot of others, she's always been among the very best lawyers in this case."); *Lola*, No. 13 CV 5008, at 20:1-3 (S.D.N.Y. Dec. 22, 2015) (DiGiulio Ex. 4) (stating, "I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work"). Ms. Schulman

has also spoken on several panels about substantive and procedural wage and hour matters. DiGiulio Decl. ¶ 7.

Mr. DiGiulio graduated from Vermont Law School in 2014 and joined JK as an associate in 2020. Prior to joining JK, he clerked on the United States Court of Appeals for the Second Circuit and litigated environmental law cases as an associate attorney for Super Law Group. Since joining JK, Mr. DiGiulio has exclusively represented employees with wage and hour, discrimination, and retaliation claims. DiGiulio Decl. ¶ 8.

Here, Plaintiffs seek hourly rates for their experienced litigators – $500 partner rates for Kirschenbaum and Schulman and a $350 associate rate for DiGiulio – that have been repeatedly approved in this District.[3] *E.g.*, *Dougherty v. 2With Deli Corp.*, No. 23 CV 3496, 2023 U.S. Dist. LEXIS 215998, at *6 (S.D.N.Y. Dec. 5, 2023) (finding that a $500 rate for Kirschenbaum and Schulman was reasonable); *Zivkovic*, No. 17 Civ. 553 (S.D.N.Y. June 15, 2022) (DiGiulio Ex. 5 at 16:16-19, 17:11-12, 21-22). In fact, this Court has already awarded these rates to DiGiulio and Schulman in this case, when the Court awarded Plaintiffs attorneys' fees as a sanction for Defendants' discovery violations. *See* Dkt. No. 88 at 31-34 (report and recommendation finding rates of $500 for Schulman and $350 for DiGiulio reasonable); Dkt. No. 93 (adopting report and recommendation and awarding fees).

Judge Woods engaged in a detailed analysis in approving Kirschenbaum and Schulman's hourly rates more than two years ago in *Zivkovic v. Laura Christy LLC*. Judge Woods acknowledged that a $500 rate is higher than that awarded in many cases but found the rate appropriate because "the use of precedent anchors rates in the past." DiGiulio Ex. 5, 15:22-23. *See also Champagne v. Colum. Dental, P.C.*, No. 18 CV 1390, 2022 U.S. Dist. LEXIS 58037, at

---

[3] In calculating the lodestar, a half rate is applied to travel and waiting time. DiGiulio Decl. ¶ 22, Ex. 1.

7

\*13-14 (D. Conn. Mar. 30, 2022) (discussing the appropriateness of increasing attorneys' hourly rates over time). *Shnyra v. State St. Bank & Tr. Co.*, No. 19 CV 2420, 2021 U.S. Dist. LEXIS 206488 (S.D.N.Y. Oct. 25, 2021), cited in *Local 3621* and which approved a $450 rate for a senior partner, exemplifies this. *Shnyra* cited *Chen v. Patel*, No. 16 Civ. 1130, 2020 U.S. Dist. LEXIS 56666 (S.D.N.Y. Mar. 31, 2020) for the proposition that hourly rates for experienced employment litigators range from $250 to $450. *Shnyra*, 2021 U.S. Dist. LEXIS 206488, at \*9. But *Chen* derived its $250-450 range from a decision issued in 2012. *See Chen*, 2020 U.S. Dist. LEXIS 56666, at \*8 (citing *Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012)). The *Gurung* case, in turn, based its conclusion that "the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450" on cases decided between 2007 and 2011. *See Gurung*, 851 F. Supp. 2d at 587 (citing cases). Similarly, the *Lin* case cited in *Shnyra* for the proposition that reasonable rates for "senior attorneys handling wage-and-hour cases" were "from $300 to $400," *see Shnrya*, 2021 U.S. Dist. LEXIS 206488, at \*10, derived that range from a 2019 decision, *see Lin v. La Vie En Schezuan Rest. Corp.*, No. 15 CV 9507, 2020 U.S. Dist. LEXIS 63446, at \*7 (S.D.N.Y. Apr. 9, 2020) (citing *Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 CV 7787, 2019 U.S. Dist. LEXIS 132731, at \*16 (S.D.N.Y. Aug. 7, 2019)). That 2019 case derived its range from a 2017 decision,[4] which got that range from a 2014 decision,[5] which cited to an earlier 2014 decision that,[6] in turn, derived the $300-400 range from a series of cases decided

---

[4] *See Shanfa Li*, 2019 U.S. Dist. LEXIS 132731, at \*16 (citing *Hernandez v. JRPAC Inc.*, No. 14 CV 4176, 2017 U.S. Dist. LEXIS 1988, at \*8 (S.D.N.Y. Jan. 6, 2017)).
[5] *See Hernandez*, 2017 U.S. Dist. LEXIS 1988, at \*8 (citing *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 CV 6094, 2014 U.S. Dist. LEXIS 132186, at \*25 (S.D.N.Y. Sept. 19, 2014)).
[6] *See Trinidad*, 2014 U.S. Dist. LEXIS 132186, at \*25 (finding that the "norm" for "wage-and-hour cases in this District, appears to be between $300 and $400" (citing *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 CV 3061, 2014 U.S. Dist. LEXIS 79869, at \*19 (S.D.N.Y. May 19, 2014), adopted by 2014 U.S. Dist. LEXIS 79037, (S.D.N.Y. June 9, 2014)).

8

between 2004 and 2011.[7]

Judge Woods further found an hourly rate of $500 for Kirschenbaum and Schulman supported by "aggregate data . . . regarding prevailing hourly rates in New York for employment litigators." DiGiulio Ex. 5 at 15:23-25. That "aggregate data" was the Wolters Kluwer 2021 Real Rate Report, a survey of attorney billing rates taken from invoice data, which numerous courts have relied upon to determine prevailing market rates. *E.g.*, *Espinosa v. Perez*, No. 18 CV 8855, 2020 U.S. Dist. LEXIS 14075, at *10-11 (S.D.N.Y. Mar. 9, 2020); *Muehe v. City of Boston*, No. 21-11080, 2021 U.S. Dist. LEXIS 211316, at *12 (D. Mass. Nov. 2, 2021) (collecting cases and observing that "[s]everal courts have relied on [the Real Rate Reports] because of their large sample size and accurate reflection of market rates"). As relevant here, the 2021 Real Rate Report found that the median 2021 rate for employment and labor partners in New York City was $673. *See* DiGiulio Ex. 6 at 119. Notably, this report is three years old, and the underlying information in the report is likely already stale as attorney rates in this District have continued to increase over the past three years. For all of these reasons, $500 is a reasonable hourly rate for Mr. Kirschenbaum and Ms. Schulman. *See* Dkt. Nos. 88 at 31-34; 93 at 4.

Mr. DiGiulio's rate of $350 per hour is also reasonable. According to the 2021 Real Rate Report, the median 2021 rate for employment and labor associates in New York City was $376. *See* DiGiulio Ex. 6 at 119. In addition, courts in this District, including this one, have found an associate rate of $350 per hour to be reasonable. *See* Dkt. Nos. 88 at 31-34; 93 at 4; *E.g.*, *Wen Bin Gao v. Lucky Brother Inc.*, No. 17 CV 8159, 2020 U.S. Dist. LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020); *Rodriguez v. 3551 Realty Co.*, No. 17 CV 6553, 2017 U.S. Dist. LEXIS 182017, at *6 (S.D.N.Y. Nov. 2, 2017).

---

[7] *See Castellanos*, 2014 U.S. Dist. LEXIS 79869, at *19 ("In labor and employment cases, courts in this district have approved hourly rates of $300-400 for partners." (citing cases from 2004 through 2011)).

### b.      *The Paralegal/Administrative Assistants Rates Sought Are Reasonable*

Plaintiffs seek an hourly rate of $125 for the paralegals and administrative assistants who staffed this case at various times over the past three years since Plaintiff initiated the action. *See* DiGiulio Decl. ¶¶ 10-14 (listing the paralegals' and administrative assistants' qualifications and experience). This rate is routinely found to be reasonable in this district, including for Plaintiffs' counsel's own staff. *See*, *e.g.*, *Dougherty*, 2023 U.S. Dist. 215998, at *6-7; *Zivkovic*, No. 17 Civ. 553 (S.D.N.Y. June 15, 2022) (DiGiulio Ex. 5 at 16:25-17:8, 23-24); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2012 U.S. Dist. LEXIS 127890, at *14 (S.D.N.Y. Aug. 6, 2012).

### ii.     **Class Counsel's Hours Are Reasonable**

"To determine a reasonable number of hours of work for a particular case, courts first look for documentation in the form of contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Marquez v. Erenler, Inc.*, No. 12 CV 8580, 2014 U.S. Dist. LEXIS 159128, at *7 (S.D.N.Y. Nov. 10, 2014) (quotation marks omitted). Next, courts "look to their own familiarity with the case and experience generally. Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." *Id.* at *7-8 (cleaned up). "Finally, billing judgment must be factored into the equation." *Id.* at *8 (quotation omitted).

Here, this Court is aware of Plaintiffs' success in litigating the class wide claims in this case over the course of almost three years. To date, the time for which Plaintiffs now seek reimbursement amounts to 453.9 hours of attorney time and 112.4 hours of paralegal/administrative assistant time since the inception of this case in January 2022, all of which was reasonable and attributable to successfully litigating this matter to its conclusion.

10

Among other things, Class Counsel took or defended 3 depositions; fully briefed a successful motion for FLSA collective certification; fully briefed a successful motion for Rule 23 class certification; completed discovery on a class wide basis; attended a settlement conference and engaged in additional settlement efforts; reviewed hundreds of pages of documents produced by Defendants; successfully opposed Defendants' motion to decertify the class; fully briefed a motion for summary judgment; and obtained a class wide judgment for minimum wage, overtime, and spread of hours violations. *See* DiGiulio Decl. ¶¶ 18-23.

Class Counsel have submitted a compilation of their contemporaneous time records for the Court's consideration and have included a chart breaking down the hours and requested rates for each person at the firm who worked on this matter.[8] *See* DiGiulio Decl. ¶¶ 18-23 & Ex. 1. Those records have been edited to remove more than 50 hours of time that relate solely to Plaintiffs' and the Class's standing on the NYLL § 195 claims as well as any duplicative, vague, or otherwise excludable entries. DiGiulio Decl. ¶ 19. In addition, Plaintiffs have removed all time entries for which the Court previously awarded fees in connection with the sanctions motion. DiGiulio Decl. ¶ 20. *See* Dkt Nos. 88, 93. Exhibit 1 includes time records for work performed by Class Counsel on this fee application because such time is recoverable. *See J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03 Civ. 1548, 2008 U.S. Dist. LEXIS 82085, at *51 (S.D.N.Y. Oct. 17, 2008) (finding plaintiff was "entitled to legal fees for the preparation of its fee application").

A review of Class Counsel's time records demonstrates that Class Counsel staffed this case leanly and effectively. This efficient staffing had demonstrable results: in litigating this case from inception through discovery, class certification, and then a class action summary judgment, Class Counsel expended less than 450 attorney hours. This is extremely efficient compared to the

---

[8] This chart also delineates the travel and waiting times for which Plaintiffs have applied a half rate.

hours expended in comparably sized class actions. *See, e.g.*, *Tiro v. Public House Invs., LLC*, Nos. 11 Civ. 7679, 11 Civ. 8249, 2013 U.S. Dist. LEXIS 129258, at *5-11, 38 (S.D.N.Y. Sept. 10, 2013) (counsel "expended more than 1,300 hours" over the course of less than two years found "reasonable" in a restaurant wage and hour class action that involved initial discovery, class certification, mediation and settlement). The Court should find that all of JK hours submitted on this motion were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

### B. The Class Should Be Awarded $4,150.78 In Expenses

As the prevailing party, Plaintiffs are entitled to recover costs as well as attorneys' fees. *See* 29 U.S.C. 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). Costs are defined as "compensation for those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Mugavero v. Arms Acres, Inc.*, No. 03 CV 05724, 2010 U.S. Dist. LEXIS 11210, at *37-38 (S.D.N.Y. Feb. 9, 2010) (quotation marks omitted). An itemized list of expenses incurred by Class Counsel in the DiGiulio Declaration at paragraph 25 and documented receipts and invoices for those costs are submitted in Exhibit 2. Plaintiffs request reimbursement for $4,150.78 for court filings, process servers, depositions, mailings, and court transcript orders. DiGiulio ¶ 24, Ex. 2. These costs are all reasonable and have been allowed in similar cases. *See Marquez*, 2014 U.S. Dist. LEXIS 159128, at *8-9 (reimbursement for court filings, transcript fees, process service fees, deposition fees, and interpreter fees).

### IV.    CONCLUSION

For all the above reasons, the Court should order Defendants to pay at least **$211,415** in attorneys' fees and **$4,150.78** in costs pursuant to the fee-shifting provisions of the FLSA and NYLL. Plaintiffs intend to update the final amount of attorneys' fees they seek in their reply brief.

Dated: New York, New York
       November 8, 2024                       **JOSEPH & KIRSCHENBAUM LLP**

                                                   s/ *Michael DiGiulio*
                                            D. Maimon Kirschenbaum
                                            Denise Schulman
                                            Michael DiGiulio
                                            32 Broadway, Suite 601
                                            New York, NY 10004
                                            212-688-5640

                                            *Class Counsel*