UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
NINO MARTINENKO, on behalf of          CASE NO. 22 CV 518
herself and others similarly situated,

            Plaintiff,

    v.

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER,

            Defendants.
-----------------------------------------------------x

## DECLARATION OF MICHAEL DIGIULIO

I, Michael DiGiulio, under penalty of perjury, affirm as follows:

1. My name is Michael DiGiulio, and I am an associate attorney with Joseph & Kirschenbaum LLP ("JK"), Plaintiffs' counsel in the above-captioned matter. I am familiar with the facts and circumstances set forth herein.

2. I am admitted to practice law in the State of New York.

3. I submit this declaration in support of Plaintiffs' motion for attorneys' fees and costs.

4. JK is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters.

5. JK has done substantial work identifying, investigating, prosecuting, and litigating Plaintiffs and the Class's claims. Among other things, JK has successfully obtained summary judgment in this action on a class wide basis.

6. D. Maimon Kirschenbaum is the managing partner of the firm. Since graduating Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at JK. As a result of

1

his accomplishments representing food service workers throughout New York City, Mr. Kirschenbaum became a member/partner of the firm in May of 2007.

7. Ms. Schulman received her J.D. from NYU School of Law, *cum laude*, in 2008 and joined JK in January 2009. She was an associate at JK until February 2017, when she became a partner. Her practice at JK has consisted almost entirely of representing employees in their claims against employers. She has litigated dozens of wage and hour cases against restaurants or other hospitality employers. Many of these cases have been certified as collective and/or class actions. Ms. Schulman has also spoken on several panels about substantive and procedural wage and hour matters.

8. I graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, I clerked on the United States Court of Appeals for the Second Circuit and practiced as an associate attorney for Super Law Group. Since joining JK, I have exclusively represented employees with wage and hour, discrimination, and retaliation claims

9. I have served with Mr. Kirschenbaum and Ms. Schulman as co-lead counsel on many cases that have been certified as collective and/or class actions.

10. Ileana Gomez Albuquerque was a paralegal at JK from approximately February 2022 to January 2023. She had approximately five years of paralegal experience before joining JK, and she was a JD student at Elisabeth Haub School of Law at Pace University while employed by JK.

11. Evelyn Velesaca joined JK as an administrative assistant in February 2022 and became a paralegal at the firm in January 2023. She received her B.A. from Hunter College in 2022. Before joining JK, Ms. Velesaca interned at Kramer Levin Naftalis & Frankel, the New York City Department of Social Services, and Volunteers of Legal Service.

12. Jorge Aguirre was an administrative assistant at JK from approximately February 2023 to November 2023. Before joining JK, Mr. Aguirre had over four years of experience working for the Maricopa County Superior Court, including as a judicial clerk, courtroom bailiff, and judicial assistant.

13. Mariela Lini has been a paralegal at JK since January 2024. She received her B.A. from John Jay College of Criminal Justice in 2019. Before joining JK, she had nearly five years of experience as a legal assistant/paralegal.

14. Andy Pichardo has been an administrative assistant at JK since December 2023. He received his BA from The City College of New York in June 2023.

15. JK has been appointed lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in actions in numerous federal and state courts. *E.g.*, *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011) (affirming district court's certification of Rule 23 class of restaurant servers with JK as class counsel); *Jodie Lomeli v. Falkirk Management Corp.*, Index No. EF001580-2016, at 1 (N.Y. Supr. Ct. Cty. Orange, Oct. 13, 2021); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 74 (S.D.N.Y. 2018) ("…the attorneys of Joseph & Kirschenbaum have substantial experience as lead or co-lead class counsel in wage and hour actions in this District."); *Argudo v. Parea Grp. LLC,* No. 18 CV 0678, U.S. Dist. LEXIS 163249 at *17 (S.D.N.Y. Sept. 24, 2019); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018); *Murphy v. Lajaunie*, No. 13 CV 6503, 2015 U.S. Dist. LEXIS 97531 (S.D.N.Y. July 24, 2015); *Megason v. Starjem Rest. Corp.*, No. 12 Civ. 1299, 2014 U.S. Dist. LEXIS 3910 (S.D.N.Y. Jan. 13, 2014); *Schear v. Food Scope Am, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010); *Kato v. Masa NY, LLC*, Index No. 09-104578 (S. Ct., N.Y.

County Jan. 28, 2010);*Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007).

16. As a result of these lawsuits, JK has recovered over a hundred million dollars for thousands of workers. *E.g.*, *Gordon v. Bluetriton Brands, Inc.*, No. 616877/2022 (N.Y. Sup. Ct. Nassau County Oct. 24, 2023) (granting final approval of $8.4 million settlement); *Capsolas v. Pasta Resources, Inc.*, No. 10 Civ. 5595, 2012 U.S. Dist. LEXIS 144651 (S.D.N.Y. Oct. 5, 2012) (granting final approval of $5,250,000 settlement); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012) (granting final approval of $8.5 million settlement); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 0520, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012) (granting final approval of $4,750,000 settlement); *Alderman v. 21 Club Inc.*, No. 09 Civ. 2418 (S.D.N.Y. Jan. 27, 2012) (granting final approval of $2,000,000 settlement); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (granting final approval of $1,975,000 settlement); *Braunstein v. Hudson Hall LLC*, No. 19 Civ. 7983 (S.D.N.Y. May 14, 2021) (approving $950,000 settlement); *Ahad v. BLT Steak LLC*, No. 08 Civ. 5528 (S.D.N.Y. Aug. 13, 2010) (approving $925,000 settlement); *Brinker v. Planet Hollywood N.Y., L.P.*, No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613 (S.D.N.Y. Aug. 13, 2009) (granting final approval of $900,000 settlement); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of $2,500,000 settlement).

17. Several of JK's cases have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically. *See, e.g.*, *Shahriar*, 659 F.3d 234 (affirming class certification and holding that in FLSA actions

pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class basis under Fed. R. Civ. P. 23); *Spicer*, 249 F.R.D. 321 (holding that the New York Court of Appeals' decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim).

18. The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in the case.

19. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' counsel's contemporaneous time records for which it seeks attorneys' fees on this fee application. Plaintiffs' counsel exercised billing judgment to exclude over 50 hours of entries that were duplicative, vague, or otherwise excludable or solely related to Plaintiffs' and the Class's NYLL § 195 claims.

20. In addition, **Exhibit 1** does not include time entries for which the Court previously awarded fee in connection with the sanctions motion in this action.

21. In **Exhibit 1**, Plaintiffs' counsel applied a half rate for all attorney time for travel or waiting. This half rate is incorporated in the chart below.

22. Below is a chart summarizing Class Counsel's specific attorneys' hourly rates, and their time worked on this matter, including total paralegal time and rates, to date. On reply, we will submit updated totals that accounts for Plaintiffs' counsel's time responding to Defendants' opposition to this motion.

| Individual | Rate | Total Hours | Total |
|---|---|---|---|
| D. Maimon Kirschenbaum | $500 | 17.0 | $8,500 |
| Denise Schulman | $500 | 241 | $120,500 |
| Denise Schulman (travel and waiting time) | $250 | 2 | $500 |
| Michael DiGiulio | $350 | 193.9 | $67,865 |

5

| | | | |
|---|---|---|---|
| Paralegals/administrative assistants | $125 | 112.4 | $14,050 |
| | **Total:** | **566.3** | **$211,415** |

23. As indicated by the time records in **Exhibit 1**, among other things, in this litigation, Plaintiffs' Counsel took or defended 3 depositions; fully briefed a successful motion for FLSA collective certification; fully briefed a successful motion for Rule 23 class certification; obtained an FLSA collective and Rule 23 class; completed discovery on a class wide basis; attended a settlement conference, and engaged in additional settlement efforts; reviewed hundreds of pages of documents produced by Defendants; successfully opposed Defendants' motion to decertify the class; fully briefed a motion for summary judgment; and obtained a class wide judgment for minimum wage, overtime, and spread of hours violations.

24. Attached hereto as **Exhibit 2** are copies of the invoices and receipts for the costs that Plaintiffs' counsel incurred and for which they are seeking reimbursement in this case.[1] Plaintiffs' Counsel incurred the following costs in litigating this case[2]:

| **Description of cost** | **Total costs** |
|---|---|
| Filing Fee | $402.00 |
| Service of Process | $155.50 |
| Court Transcripts | $216.48 |
| Deposition Fees | $3,284.40 |
| Mailing Expenses | $92.40 |
| **Total:** | **$4,150.78** |

25. Attached hereto as **Exhibit 3** is a true and correct copy of the transcript of *Orlando v. Liberty Ashes, Inc.*, No. 15 CV 9434 (S.D.N.Y. Sept. 4, 2020).

---

[1] Plaintiffs' Counsel is only seeking $25.20 of the costs reflected on the June 13, 2023 postage receipt because this amount reflects the cost of postage for mailing the notice of the Class's certification while the other costs on the receipt are for postage for Plaintiffs' Counsel's general office use. *See* **Exhibit 2** at 12.
[2] These costs do not include the $313 fee for Defendants' no-show deposition, for which the Court awarded costs on the sanctions motion.

26. Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008 (S.D.N.Y. Dec. 22, 2015).

27. Attached hereto as **Exhibit 5** is a true and correct copy of the transcript of *Zivkovic v. Laura Christy LLC*, No. 17 Civ. 553 (S.D.N.Y. June 15, 2022).

28. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the Wolters Kluwer 2021 Real Rate Report.

Dated: New York, New York
November 8, 2024

/s/ Michael DiGiulio
Michael DiGiulio