UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINO MARTINENKO, on behalf of herself
and others similarly situated, and DAGMARA
MAJA HUK,

                       Plaintiffs,

-against-

212 STEAKHOUSE, INC., and NIKOLAY
VOLPER,

                       Defendants.

Case No. 1:22-cv-00518 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Named Plaintiff Nino Martinenko, individually and on behalf of others similarly situated, brings this wage-and-hour action against 212 Steakhouse, Inc., and Nikolay Volper (together, "Defendants"). Dkt. 1. Plaintiff Dagmara Maja Huk ("Opt-in Plaintiff Huk" and, together with Named Plaintiff Martinenko, "Plaintiffs") opted in to the suit on May 16, 2022. Dkt. 32. On August 13, 2024, Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation on Defendants' motion to decertify, and on Plaintiffs' and Defendants' cross-motions for summary judgment. Dkt. 132. On September 24, 2024, this Court adopted Magistrate Judge Lehrburger's Report and Recommendation in its entirety. Dkt. 141 ("Order"). As a result, the Court denied Defendants' motion to decertify and granted summary judgment in Plaintiffs' favor on Named Plaintiff Martinenko's and Opt-in Plaintiff Huk's Fair Labor Standards Act ("FLSA") overtime claims, and on all Class Members' NYLL minimum-wage, overtime, and spread-of-hours claims. *Id.* at 2. However, the Court dismissed Opt-in Plaintiff Huk's New York Labor Law ("NYLL") Section 195 claims for lack of standing. *Id.* The only remaining claims are therefore Named Plaintiff Martinenko's and the unnamed Class Members' NYLL Section 195

wage-notice and wage-statement claims, which the Court allowed to proceed for further fact finding on standing. *Id.*

Plaintiffs now move to voluntarily dismiss the remaining NYLL Section 195 claims without prejudice. Dkt. 145 ("Mot."); Dkt. 149 ("Reply"). Defendants in turn seek to have the NYLL Section 195 claims dismissed with prejudice and move once more to decertify the Class. Dkt. 147 ("Opp."). For the reasons set forth below, Plaintiffs' motion to dismiss the NYLL Section 195 claims without prejudice is GRANTED, and Defendants' motion to decertify the class is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 41(a) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Seidman v. Chobani, LLC*, No. 14-cv-04050 (PGG), 2016 WL 1271066, at *1 (S.D.N.Y. Mar. 29, 2016) (quoting Fed. R. Civ. P. 41(a)(2)). Moreover, under Rule 23(e), the claims of a certified class may be voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e).

"'The Second Circuit has not resolved the issue of whether the proper vehicle' for a plaintiff's voluntary dismissal of *some* claims, instead of the entire action, 'is Rule 15 or Rule 41(a).'" *Thorpe v. City of New York*, No. 19-cv-05995 (CM) (RWL), 2022 WL 3112125, at *1 (S.D.N.Y. Aug. 4, 2022) (quoting *Seidman*, 2016 WL 1271066, at *2). However, the Second Circuit has stated that the "district court may permit withdrawal of a claim under Rule

2

15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Id*. (quoting *Wakefield v. N. Telecom, Inc*., 769 F.2d 109, 114 n.4 (2d Cir. 1985)); *see also* G-*I Holdings, Inc. v. Baron & Budd*, No. 01-cv-00216 (RWS), 2004 WL 374453, at *1 (S.D.N.Y. Feb. 27, 2004) ("The same considerations are relevant to dropping a claim regardless of which rule [41(a) or 15(a)] is invoked." (alterations omitted)). "Accordingly, 'although a motion to eliminate only certain claims may actually be a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two.'" *Seidman*, 2016 WL 1271066, at *2 (alterations omitted) (quoting *Machne Menachem, Inc. v. Hershkop*, No. 97-cv-02550 (ILG), 2003 WL 1193528, at *2 (E.D.N.Y. Jan. 31, 2003).

Whether the motion to withdraw a claim is fashioned as a motion to amend under Rule 15 or a voluntary dismissal under Rule 41, the Court has "considerable discretion in deciding whether to allow withdrawal of a claim without prejudice." *Wakefield*, 762 F.2d at 114. "In general, the court may allow such a dismissal if the defendant will not be prejudiced thereby," *id.*, and "there is a general presumption that motions to dismiss claims without prejudice should be granted," *Benitez v. Hitachi Metals Am., Ltd*., No. 11-cv-06816 (NRB), 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012).

"The Second Circuit has identified 'two lines of authority' to guide district courts" when considering contested motions to withdraw a claim without prejudice. *SEC. v. Compania Internacional Financiera S.A*., No. 11-cv-04904 (JPO), 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)); *accord Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-cv-05393 (KMW), 2018 WL 1115517, at *2 (S.D.N.Y. Feb. 26, 2018). Under one test, courts weigh five factors, which the Court will refer to as the *Zagano* factors: (1) "the plaintiff's diligence in bringing the motion";

3

(2) "any 'undue vexatiousness' on plaintiff's part"; (3) the stage of the litigation, including whether defendant has expended effort and expense to prepare for trial; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Other courts permit withdrawal of claims without prejudice unless "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Compania Internacional*, 2012 WL 1856491, at *2 (quoting *Camilli*, 436 F.3d at 123).

## DISCUSSION

**I.     Dismissal of the Remaining NYLL Section 195 Claims**

Plaintiffs move to dismiss the remaining NYLL Section 195 claims without prejudice, pursuant to Rule 41(a)(2) and Rule 23(e). The Court finds that under either the *Zagano* factors or the legal-prejudice test, dismissal of Plaintiffs' NYLL Section 195 claims without prejudice is warranted.

First, Plaintiffs were not dilatory in bringing their motion, instead moving promptly after the Court's entry of its summary judgment Order. The Court's Order made clear that, post-*Guthrie*, the NYLL Section 195 claims would require individualized evidence of standing. Order at 18; *see, e.g.*, *Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300, 309 (2d Cir. 2024) (addressing standing for NYLL Section 195 claims and holding that plaintiff-employee cannot "assume" harm "without analysis" or "rely on 'speculation and conjecture'" (quoting *Quieju v. La Jugueria Inc.*, No. 23-cv-00264 (BMC), 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023))). The *Guthrie* decision – which was the first time that the Second Circuit squarely addressed the informational harm necessary to establish standing for a NYLL Section 195 claim, 113 F.4th at 305 – was rendered only after Magistrate Judge Lehrburger's Report and

Recommendation. Plaintiffs therefore moved for dismissal shortly after this Court's Order was issued discussing *Guthrie*. *C.f., e.g.*, *Kwan v. Schlein*, 634 F.3d 224, 231-32 (2d Cir. 2011) (granting voluntary dismissal of counterclaims without prejudice even though defendants moved for dismissal after the completion of discovery and the denial of their motions for summary judgment).[1]

Second, there is no evidence of undue vexatiousness on Plaintiffs' behalf in bringing their motion to voluntarily dismiss the NYLL claims. "Courts define 'undue vexatiousness' to mean 'that the plaintiff acted with "ill motive" in bringing or maintaining its claims.'" *Compania Internacional*, 2012 WL 1856491, at *5 (quoting *SEC v. Chakrapani*, Nos. 09-cv-00325 (RJS) and 09-cv-1043 (RJS), 2010 WL 2605819, at *3 (S.D.N.Y. June 29, 2010)). There is no suggestion in the record that Plaintiffs either have brought, or are moving to, dismiss the outstanding NYLL Section 195 claims for any improper purpose. Rather, Plaintiffs appear to be acting out of the best interests of the Class following the Court's Order, which relied upon the Second Circuit's recent decision in *Guthrie*. Realizing that trial on the NYLL Section 195 claims may be "extremely time consuming," Mot. at 1, Plaintiffs seek "the most efficient path to adjudication of these claims on the merits" that is, through litigation in state court, *id.* at 2.

With respect to the procedural posture of the case, the parties have moved past discovery and summary judgment, which would ordinarily weigh against granting dismissal without

---

[1] Without reaching the issue of whether Rule 15 or Rule 41 is the appropriate procedural vehicle for voluntarily dismissing Plaintiffs' NYLL claims, the Court finds that, for the same reasons, there is "good cause" under Rule 16(b) to allow amendment of the Complaint after the pleading deadline. Plaintiffs moved diligently after the Court's summary judgment Order holding that Class Members would need to submit individualized proof of standing. *See Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) ("[W]ith respect to the Rule 16(b) standard, '"good cause" depends on the diligence of the moving party.'" (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000))).

prejudice. *See Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-cv-02237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013) ("The standard for concluding that a suit has progressed far enough to weigh against dismissal . . . is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred."). However, as Plaintiffs note, Defendants only objected to standing for the NYLL claims after class-wide discovery and class certification motion practice were complete. *See* Dkt. 97 (August 2023 letter raising standing issue for the first time). It would make little sense for this Court to require dismissal with prejudice when, if the NYLL claims were to proceed to trial and *then* be dismissed for a lack of Article III standing, the Court would necessarily dismiss them without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing . . . that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*.").

For the same reason, the fourth factor – the potential for the duplicative expense of relitigating – likewise weighs in favor of granting Plaintiffs' motion. As noted above, if these claims were to proceed to trial and thereafter be dismissed without prejudice for a lack of standing, the Class Members would be entitled to reassert those claims in state court, *after* the parties had already incurred the time and expense of trial preparation and trial. Plaintiffs' motion therefore lessens the prospect of duplicative expenses and efforts by both parties.

Finally, the Court credits Plaintiffs' explanation for moving to voluntarily dismiss their NYLL Section 195 claims. Plaintiffs assert that they seek to withdraw these claims in the interest of expediency and to allow the Class Members to proceed in state court where Article III standing will not pose a barrier to recovery. Plaintiffs argue that this will in turn allow immediate entry of an enforceable judgment in this matter, which is important given that there

are various state court actions pending against Defendants, and therefore "any delay in entry of judgment creates serious risks to the Class's ability to enforce their judgment." Reply at 3. The Court deems these sufficient justifications for granting dismissal without prejudice.

Given the balance of the *Zagano* factors, Defendants have not demonstrated legal prejudice sufficient to bar Plaintiff's motion for a voluntary dismissal of the Section 195 claims. Defendants' only theory of prejudice is that they have already "expended significant resources defending the claims, including the class assertions." Opp. at 2. That does not translate to sufficient legal prejudice. *See, e.g., Pelaez*, 2018 WL 1115517, at *3 ("[T]he prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw." (quoting *Brown v. Nat'l R.R. Passenger Corp.*, 293 F.R.D. 128 (E.D.N.Y. 2013))); S*tinson v. City Univ. of N.Y.*, No. 18-cv-05963 (RA), 2020 WL 2133368, at *2 (S.D.N.Y. May 4, 2020) ("The mere prospect of a second lawsuit or some tactical disadvantage is not sufficient legal prejudice to prevent a Rule 41(a)(2) dismissal." (quoting *Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996))).

The Court therefore finds that the *Zagano* factors and the legal-prejudice test both favor dismissal without prejudice of Plaintiffs' NYLL Section 195 claims.

## II.     Decertification of the Class

Separately, Defendants seek to construe Plaintiffs' voluntary dismissal of their NYLL Section 195 claims as an intervening event warranting decertification of the Class. Opp. at 2. The court disagrees.

As noted in the Court's summary judgment Order, a "defendant seeking to decertify a class bears a heavy burden to prove the necessity of the drastic step of decertification." Order at 4 (quoting *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09-cv-04602 (PGG), 2013 WL

1245552, at *2 (S.D.N.Y. Mar. 27, 2013)).  "[T]he Court may not disturb its prior [certification] findings absent 'some significant intervening event,' or 'a showing of compelling reasons to reexamine the question.'"  *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011) (second alteration in original) (quoting *Doe v. Karadzic*, 192 F.R.D. 133, 136-37 (S.D.N.Y. 2000)).

The Court declines to revisit its decision on Defendants' decertification motion and finds that nothing about Plaintiffs' request for a dismissal of the NYLL Section 195 claims alters the Court's determination as to the propriety of the Class.  Defendants argue that a class action is no longer the appropriate vehicle for bringing this case because that there is a "conflict between the class representative and the absent class members" and a question as to "whether the representative party is fairly and adequately representing the class."  Opp. at 2.  The Court disagrees, and finds, for the reasons noted above, that the class representative and class counsel are seeking a resolution that would allow efficient resolution of the Class Members' NYLL claims on the merits.  Moreover, for the reasons set forth in its summary judgment Order, the Court finds that the Class still satisfies the numerosity, commonality, predominance, and superiority requirements for its minimum-wage, overtime, and spread-of-hours claims.  Fed. R. Civ. P. 23(a)(2); *see* Order at 4-13.  Any individualized-damages issues as to those claims are readily resolved through straightforward and mechanical calculations and therefore do not predominate over the Class's commonalities.  *Compare Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 126 (S.D.N.Y. 2014) (finding predominance requirement satisfied where individualized-damages issues involved "straightforward, mechanical" calculations), *with* Dkt. 145 at 2 (proposing proportional allocation of damages among class members).  Allowing Class Members to bring their NYLL Section 195 claims in state court does not in any way disturb the

Court's prior holding on class certification, which did not depend on the NYLL claims to find that common issues predominated across the Class. Therefore, having already entered judgment in favor of Plaintiffs and Class Members on their underpayment claims, the Court declines to disturb its previous Order by now decertifying the Class.

The Court therefore DENIES Defendants' motion for decertification and enters final judgment in favor of Plaintiffs on the minimum-wage, overtime, and spread-of-hours claims, consistent with the Court's summary judgment Order and Plaintiffs' proposed per–Class Member breakdown. Dkt. 145-2.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss the remaining NYLL Section 195 claims without prejudice is GRANTED, and Defendants' motion to decertify the class is DENIED. The Court will enter the proposed judgment at Dkt. 145-2 that includes the allocation among Class Members, and Plaintiffs are ordered to issue the notice to Class Members set forth at Dkt. 145-1.

Dated: November 13, 2024
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge