# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| NINO MARTINENKO, on behalf of herself and others similarly situated, : | Case No.: 22-CV-518 (JLR) (RWL) |
| Plaintiff, : | |
| -against- : | |
| 212 STEAKHOUSE, INC., and NIKOLAY VOLPER, : | |
| Defendants. : | |

---

## DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION
## FOR ATTORNEYS' FEES

Defendants hereby file objections to Plaintiffs Motion For Attorneys' Fees and Costs ("Fee Petition"). Defendants do not object to Plaintiffs costs, but take specific objections, set forth below, to the requested attorneys' fees.

As we have previously indicated, Defendant 212 Steakhouse is a small stand-alone restaurant employing few front of the house (tipped) employees at any given shift. Indeed, the case was filed by one former front of the house employee as a collective and class action, with state law labor law claims dominating the case. The case sought an FLSA collective action and Rule 23 class action on the New York State claims. Other than named Plaintiff, only one (former) employee opted-in to the case. A significant number of front of the house employees opted-out of the Rule 23 Class. In the Attorney-Fee Petition[1], Plaintiffs' counsel refers to *Tiro v. Public House*

---

[1] Pl. Memorandum in Support of Attorneys' fees at p. 12.

*Invs., LLC, et al.* Nos. 11 Civ. 7679, consolidated with 11 Civ. 8249 (S.D.N.Y.) as a "comparably sized class action," for its argument that Plaintiffs fees are reasonable.  In *Tiro*, the Court stated:

> To be sure, the number of individuals who opt-in may be a harbinger of what the Plaintiff classes will eventually recover if they succeed in establishing liability, it is some indication of the level of interest in the lawsuit by the members of the Plaintiff class (or at least those who received opt-in notice).

Dk. No. 93, Case No. 11-cv-07679 (S.D.N.Y.), 2013 U.S. Dist. LEXS 129252 (S.D.N.U. Sept. 10, 2013).  Here, despite an apparent lack of interest in the Class, counsel forged ahead with this class action on each claim asserted, only to jettison the state wage notice and wage statement claims after the Court dismissed lane opt-in Huk's claim for lack of standing and the denial of their summary judgment on such claims for the named Plaintiff and the Class.  The Court ultimately dismissed the NYLL Section 195 wage notice and wage statement claims for lack of standing.  Dk. No. 154 (Judgment).  These claims constituted a significant effort in this case and, clearly more than the modest reduction of 50 attorney hours reflected in the attorney affidavit in support of the fee petition.  Plaintiffs further claim that the 50 hour reduction also included "duplicative, vague, and otherwise excludable entries" in addition to the exclusion of all entries related to the NYLL Section 195 claims.   Pl. Mem. at 11, DiGuilio Decl. at ¶ 19.[2]

A comparison of *Tiro v. Public House,* supra which Plaintiffs have cited as a "comparable" case for purpose of this Fee Petition, is instructive.  That case involved multiple restaurants and Rule 23 classes consisting of approximately 719 members, including front of the house and back of the house employees.  The case settled with a common settlement fund of $1,300,000.00 and the attorneys were awarded one-third (1/3) of the settlement fund as attorneys' fees.

---

[2] In addition, as we will note, Plaintiff did not remove all of the entries from the previous sanctions' attorney fee awarded of $28,805.00, which was paid by Defendants.  Plaintiffs statement of contemporaneous fees in the sanction fee petition totaled 51 hours.  Dk. No. 63-15.

*Tiro* was not a comparable case to this one. It should be noted that courts favor the early resolution of class actions and *Tiro* involved a percentage of attorneys' fees in a common fund settlement. See *Wal-Mart Stores, Inc. v. Visa, USA, Inc,* 396 F.3d 96 (2nd Cir. 2005) (percentage of recovery the preferred method of calculating the award to class counsel). The loadstar method also has been found to discourage early settlement. *Facian v. Rapid Park Holding Corp.,* 2010 U.S. Dist. LEXIS 64382 (E.D.N.Y. June 29, 2010). This case is neither a settlement nor a common fund case. Moreover, it was far less complicated case than *Tiro,* and Plaintiffs here have recovered for less than what they sought. In approving a one-third (1/3) contingency fee to the Plaintiffs' attorneys, the court in *Tiro* noted that "class counsel interviewed numerous class members, obtained and analyzed over 12,000 pages of documents and obtained affidavits from numerous non-named Plaintiffs. Here, by contrast, affidavits were submitted for only the named plaintiff and one opt-in. There was no evidence submitted pertaining to any other employee of Defendant, other than payroll documents produced by Defendants. Here, there was little interest from the Class, which was extremely small in number. Magistrate Judge Lehrburger referred to this case as a "garden variety" wage-hour case. Dk. No. 88 at p 32. A significant portion of the case was voluntarily jettisoned by Plaintiffs' counsel and resulted in a dismissal of such claims in a manner which Plaintiffs were not a prevailing party.[3] As we stated in our letter to the Court on October 23, 2024 (Dk. No. 148), it is questionable why this case, and in particular the NYLL Section 195 claims, were filed as a class action given the predominance issues and lack of interest from class members. The litigation of the class issues pertaining to standing and the Section 195 penalty

---

[3] Judge Lehrburger also noted in his sanctions order that Plaintiffs' counsel hourly rates for garden variety wage hour cases were higher than those rates generally recognized as reasonable in the district. Dk. No. 88 at 37. He nevertheless deemed Plaintiffs counsel's rates acceptable as they had been approved by other judges in prior cases. We take no issue with the rates requested by Plaintiffs and the purpose at pointing this out is to note that this was a garden variety case and any comparison to the hours spent in a large class action involving multiple locations of employees in misplaced and taken out of context to the instant case.

claims in this court consumed much of the case.  As such, for the reasons set forth below, a significant reduction in the claimed attorney's fees is warranted.

1.      **That Plaintiffs Did Not Prevail On All Of Their Claims Warrants a Reduction of The Fees Sought By At Least Fifty Percent**

As recognized by the Second Circuit "the most critical factor in a district court's determination of what constitutes reasonable attorney's fees is the degree of success obtained by the Plaintiffs."  *Stanczyk v. City of New York,* 990 F. Supp. 2d 242 (E.D.N.Y. 2013), quoting *Barfield v. N.Y, City Health & Hosp. Corp.,* 537 F. 3d 132, 152 (2nd Cir. 2008).  Primary consideration when fixing fees is the amount of damages awarded as compared to the amount sought. *Stanczyk, supra; Farrar. V. Hobby,* 506 U.S. 103 (1992).  As such, attorney-fee awards for prevailing parties may be reduced where a Plaintiff achieves only partial success on their claims. *Coker v. Goldberg & Assoc. P.C.,* 2024 U.S. Dist. LEXIS 90218 (S.D.N.Y. May 20, 2024).  Where the work on successful claims is unrelated to work on the unsuccessful claims, the work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate results achieved.  Id., quoting *Holick v. Cellular Sales of N.Y., LLC,* 48 F. 4th 101, 106 (2nd Cir. 2022). Where, as here, a plaintiff who strategically decides to withdraw claims the fact remains that such claims were voluntarily withdrawn and therefore plaintiff did not prevail on them.  See *Green v. Torres,* 36 F.3d 96,100 (2nd Cir. 2004) (district court acted within its discretion in reducing fee award based on claims that plaintiff voluntarily dismissed before trial); *Cruz v. Space N.Y. 50th St. LLC,* 2019 U.S. Dist. LEXIS 147492 (S.D.N.Y. Aug. 28, 2019).

Here, Huk's wage statement and notice claims were dismissed based on Defendants motion for judgment.  Named Plaintiff Martinenko and the Class claims for wage statement and notice penalties were also dismissed as a result of Plaintiffs request for voluntary dismissal.  Dk. No. 154. Plaintiffs' attorney-fee petition attempts to downplay the significance of the wage statement and

notice claims. However, at each juncture whether by pleading, settlement demand, damage calculation, and court filing the wage notice and statement claims carried greater damages than the claims Plaintiff prevailed upon. Plaintiffs damage calculation, which was included in their summary judgment motion (Dk. No. 116-1)[4], for the dismissed wage statement and wage notice claims amounted to $255,900.00, while Plaintiffs minimum wage (tip credit) claim was $96,608.35, $2,530.75 for overtime violations and $2,388.00 for spread of hours violations.[5] From the time undersigned counsel entered the case on April 27, 2024, the wage statement and notice claims became the focus of the litigation. In every settlement discussion and conference with the court up to the dismissal of the New York Labor Law Section 195 claims, such claims drove the discussions. The subject of the 195 damages, including Plaintiff's standing and class standing, were briefed in the decertification motions as well as Plaintiffs summary judgment motions. Plaintiff even filed objections to the magistrates Report and Recommendation solely on the wage statement and notice claims. Dk. No. 136. Plaintiffs continued to believe that they had standing to bring such claims and continued to assert they were entitled to summary judgment on those claims.[6] As represented in Plaintiffs time records (Dk. No. 152-4 (October 1, 2024)), Plaintiffs indicated they were going to appeal the issue of standing. Clearly, the presence of such claims was an impediment to an early resolution of this case and a driving force in Plaintiffs seeking to pursue this case as a class action, all while knowing Defendant is a small restaurant that could not satisfy a large judgment, let alone a significant attorney fee award.[7] Plaintiffs also knew from *Transunion*

---

[4] The 255,900.00 figure consists of $110,900.00 for the § 195(1) penalties and $145,000.00 for the §195(3) penalties.
[5] Plaintiffs were also awarded liquated damages and pre-judgment interest, but the entire judgment (even with prejudgment interest) is less than what was sought for the NYLL Section 195 violations.
[6] While Defendants focused on standing, Defendants would ultimately have a defense at trial (or in state court) to the wage statement and notice claims as Plaintiffs admit they were paid the appropriate credit and their overall pay throughout their employment never fell below the applicable New York minimum wage. See *Ahmed v. Morgan's Hotel Group Mgmt., LLC*, 74 N.Y.S. 3d 546 (App. Div. 1st Dep't.)
[7] Plaintiffs also knew that they could not pursue a class action on the Section 195 claims in State Court, and Defendants pointed that out in its decertification motions and notice for judgment. Filing Section NYLL 195 penalty claims in

*LLC v. Ramirez,* 594 U.S. 413 that each class member would have to show actual damages to be eligible for the Section 195 damages. Yet their fee petition continues to include time spent on this issue, which they did not prevail on.

Plaintiffs appear to concede, as they must, in their attorney-fee petition that they did not prevail on the wage statement and notice claims. However, the time entries reflect time expended on these very claims.[8] Moreover, significant time was expended in Plaintiffs Oppositions to Defendants Motion for Judgment, motions for decertification letters to the Court on the 195 claims as well as Plaintiffs Summary Judgment motion on the Section 195 claims (as well as objections to the Magistrate's R & R). Of course, the Complaint, discovery requests, and deposition questions also addressed the Section 195 claims. Reductions should be made on entries related to work on these tasks. In addition, the damage calculations reflected in the time entries (Dk. No. 152-1) contain Section 195 damages for the Class. While Plaintiffs claim that they removed "more than 50 hours of time [out of 566.3 hours sought] that relate solely to Plaintiff's and the Class standing on the NYLL ¶ 195 claims '*as well as* any duplicative, vague, or otherwise excludable entries,'" such claim does not appear to be accurate. (Emphasis added). The NYLL 195 issues were fully briefed in the summary judgment motion and opposition to Defendants motions for decertification and motion for judgment, and in the Objections to the Magistrate's reports and recommendations. See, e.g., time entries between 11/2/23 and 1/12/24 (time spent on summary judgment and oppositions to Defendants motions). These entries contain generic descriptions such as draft summary judgment motion, draft opposition, review opposition to motion to dismiss, review

---

federal court without any evidence of actual harm carries risk of dismissal and such dismissal is separate and apart from underpayment claims, which carry different damages.

[8] For example, see entries 11/17/23 (review motion re: standing), 12/19/23 (Drafting opp. Brief to standing and decertify), 10/1/24, 10/8/24, 10/10/24, 10/14/24,10/15/24, 10/16/24, 10/21/24, 10/23/24, 10/27/24, 10/28/24, 11/1/24 Dk. No 152-1. Moreover, time reflected in opposition to Defendants motion for judgment and related briefs and letters to the court where the subject was the section 195 claims and, in particular, standing was the main focus.

briefs.  The wage notice and wage statement issues were addressed in the filing by Plaintiff.  The Section. 195 claims were factually and legally distinct from the overtime, minimum wage and spread of hours claims.  Indeed, the penalties imposed by NYLL Section 195 damages for wage statement and notice claims are distinct from damages available for minimum wage, overtime and spread of hours pay.  See *Coker v. Goldberg & Assoc., P.C.* supra, 2024 U.S. Dist. LEXIS 90218.  As noted by this Court in its Opinion and Order at Docket No. 141, there are differences in the notices for use of the tip credit with respect to minimum wage claims versus the information necessary to satisfy the wage notice and wage statement claims.  Dk. No. 141 at 24.  These claims sought penalties, not damages for underpayments.

The motion practice in this case reflects the Section 195 claims consumed approximately half of the time expended and the Section 195 claims comprise a large percentage of Plaintiffs and Class damage calculation.  Other than Plaintiffs Motion for discovery sanctions, in which they have already received an attorney fee award, besides the motions filed, this was not a heavily litigated case.  There were only three depositions taken.  Plaintiffs took one deposition of Defendant.  Defendant only deposed Martinenko and Huk.  There were no other depositions, and no other affidavits submitted by Plaintiffs from any other Class Members.  The majority of Plaintiffs case was established with the sanctions motion, as the court deemed the following facts established as a sanction:  1) 212's gross annual revenue in 2021 and 2022 exceed $500,000, 2) Volper was the sole owner of 212, 3) all front of the house employees who clocked in and out on the restaurants POS system were paid the applicable New York tip credit minimum wage for the hours for which they were clocked in, 4) Defendants paid putative class members their regular rate of pay for overtime hours (other than time and a half) and 5) Defendants did not pay putative class members a spread of hours premium.  Dk. No. 88 at p. 36.  The attorney time expended having

these facts established has already been paid for by Defendants. A significant amount of the outstanding issues were related to the withdrawn and dismissed claims, of which Plaintiffs did not prevail. Thus, the Court should reduce the fees sought by at least fifty (50%) percent. See, *Poulos v. City of New York,* 2018 U.S Dist. LEXIS 118364 (S.D.N.Y July 13, 2018), R&R adopted, 2018 U.S. Dist. LEXIS 132179 (S.D.N.Y. Aug 6, 2018) (applying 50% reduction where billing entries included a mix of recoverable and non-recoverable matters).[9]

2.  **Attorney-Fee Related To The Sanctions Motion Are Duplicative And Have Already Been Paid In Accordance With The Prior Fee Award.**

The Fee Petition also asserts that all time entries based on the Court's previously awarded fees in connection with its sanctions motion have been removed. Dk. No. 151 at p.11, DiGiulio Decl. at ¶ 20. This is not the case.

On April 12, 2023 the Magistrate Judge issued an Report and Recommendation on Plaintiffs Motion for Sanctions. Dk. No. 88. The Plaintiffs motion for sanctions was to compel compliance with discovery and sought costs and attorney's fees in bringing the Motion. The Court granted the Motion. Dk. No.88. In so doing, the Court awarded attorney's fees and costs in the amount of $28,805.00. Dk. No. 88 at p. 35. Defendants paid this sanction. Plaintiffs instant Fee Petition continues to contain time entries related to the sanctions and deficiency requests that comprised of the sanctions order. The $28,805 attorney fee award that has been satisfied. *See,* time entries 8/8/22 (Strategic meeting on sanction requests), 8/9/22, 8/10/22, 8/12/22 (discuss sanctions), 10/12/22 (sanctions call), 10/28/22 (meeting sanctions brief), 3/27/23 (sanctions

---

[9] A district court has authority to make across the board percentage cuts in hours, as opposed to an item by item approach, to arrive at reasonable hours expended. *Williams v. Epic Sec. Corp.,* 368 F. Supp 3d 651, 656-57 (S.D.N.Y. 2019). In making the determination of the percentage reduction, the courts are guided by "rough justice" principles, and may "take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Errant Gene Therapeutics, LLC v Sloan-Kettering Inst.,* 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018).

arguments, binder); 3/29/22 (review sanctions motion and sanctions hearing)[10], 3/30/23 (Preparation for sanctions hearing), 4/3/23 (preparation sanctions hearing), 4/4/23 (sanctions hearing-multiple attorneys), 4/17/23 (review sanctions decision). These time entries reflect time expended in with respect to the sanctions order and should not be included in this Fee Petition.

### 3. Plaintiffs Damage Calculations Included NYLL Section 195 Damages and Damage For Non Class Members

The attorney-fee petition also includes time for damage calculations, which included NYLL Section 195 damages as well as damages calculations for non-class members. As such, a reduction should be made as to the entries for the damage calculations. *See* entries 6/22/23, 8/1/23, 8/30/23. 10/1/23. 11/9/23 (damage calculations for summary judgment motion). Since the entries generically refer to "damage calculations," the Court may take percentage reduction. *See Coker,* supra. Time spent on damage calculations for the wage notice and statement claims are not compensable as such calculations were unrelated to the judgment damages. Rather than an entry by entry review, the court can make a reduction as unrelated administrative tasks and take a percentage reduction off the overall amount. *See* fn. 9 *supra*.

### CONCLUSION

WHEREFORE, the foregoing reasons Defendants request that reductions be made of at least fifty percent (50%) of the fees sought plus a reduction of the specific time entries objected to above.

Respectfully submitted,

---

[10] The sanctions motion and hearing related to the discovery sanctions and attorney fee award on the motion to compel. Prior counsel for Defendant did file a disqualification letter/motion but that issue was heard at the same time as the motion to compel. Based on the transcript from the hearing, which was held April 4, 2023, the disqualification motion was heard and decided immediately without much argument. Dk. No. 94 (Transcript of 4/4/23 hearing). It does not appear that Plaintiff filed a written response to the disqualification request.

_jonathan greenbaum_

Jonathan W. Greenbaum
COBURN GREENBAUM & EISENSTEIN, PLLC
Second Floor
1710 Rhode Island Avenue, NW
Washington, DC 20036
Telephone No.:  202.744.5003
Facsimile No.:   866.561.9712
Email:  jg@coburngreenbaum.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants Opposition To Plaintiffs

Motion For Attorneys' Fee Petition was filed via ecf this 22nd day of November 2024.

*jonathan greenbaum*
_____

Jonathan W. Greenbaum