**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

November 25, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    Martinenko v. 212 Steakhouse, Inc.
              No. 22 CV 518 (JLR) (RWL)

Dear Judge Rochon:

      We are Class Counsel in the above-referenced action. We write, pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), to request that the Court amend the final judgment to clarify that the NYLL § 195 claims that were dismissed without prejudice are dismissed without leave to replead in this action. Attached hereto, as Exhibit A, is a proposed amended judgment.

      As the Court is aware, on September 24, 2024, this Court denied Defendants' motion to decertify the class and granted summary judgment in Plaintiffs' and the Class's favor on their Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims, with the exception of the NYLL § 195 claims. *See* Dkt. No. 141. The Court dismissed without prejudice the NYLL § 195 claims for opt-in Plaintiff Huk for lack of standing and denied the motions as to the remaining NYLL § 195 claims. *See* Dkt. No. 141. As such, after this order, the only remaining disputed factual issue in the case was whether Plaintiff Martinenko and the Class had standing to assert the NYLL § 195 claims. Thereafter, Plaintiff moved to voluntarily dismiss the remaining NYLL § 195 claims without prejudice, *see* Dkt. Nos. 145, 149, and Defendants moved to dismiss these claims with prejudice and to, again, decertify the Class, Dkt. No. 147. On November 13, 2024, the Court granted Plaintiffs' request to dismiss the claims without prejudice and denied Defendants' motion in its entirety. Dkt. No. 153.

      In response to Defendants' argument that there would be no final judgment if the NYLL § 195 claims were dismissed without prejudice (Dkt. No. 147 at 1-2), Plaintiffs submitted with their October 28, 2024 letter (Dkt. No. 149) a revised proposed judgment that specifically clarified that the dismissal of these claims without prejudice could not be replead in this Court. *See* Dkt No. 149-4 (Ex. 4, Revised Proposed Judgment). Plaintiff sought this specific relief to ensure that the

1

judgment was indeed a final judgment. *See* Dkt. No. 149 at 3. That is, Plaintiffs argued that the remaining NYLL § 195 claims should be dismissed without prejudice and *without leave to replead in this action* because such a dismissal ensures the finality of the judgment for all purposes. *See e.g., European Cmty. v. RJR Nabisco, Inc.*, 355 F.3d 123, 139 (2d Cir. 2004) ("[T]he denial [of leave to replead] had the effect of rendering the judgment final as to all claims[.]"). However, the Court issued the original proposed judgment that Plaintiffs submitted, which did not clarify that the dismissal of the NYLL § 195 claims without prejudice also precluded repleading the claims in this action at a later date. *See* Dkt. Nos. 145-2, 154.

This Court has the authority to amend a judgment under Rule 59(e) when a party identifies "the need to correct a clear error or prevent manifest injustice." *Salamone v. Douglas Marine Corp.*, 111 F. 4th 221, 232 (2d Cir. 2024). Here, amending the judgment would correct a clear error. The Court granted Plaintiffs' motion to dismiss the remaining NYLL § 195 claims and entered a judgment in Plaintiffs' favor, in part, to allow Plaintiffs to begin collecting against Defendants. Dkt. No. 153 at 6-7. Amending the judgment to specify that the NYLL § 195 claims are dismissed without prejudice but without leave to replead would make certain the finality of the judgment and allow for collections to begin forthwith.

We respectfully thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael DiGiulio
Michael DiGiulio