UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINO MARTINENKO, on behalf of herself and others similarly situated., <br><br> Plaintiffs, <br><br> -against- <br><br> 212 STEAKHOUSE, INC., and NIKOLAY VOLPER <br><br> Defendants. | Case No. 1:22-cv-00518 <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On September 24, 2024, this Court denied Defendants' motion to decertify the class and granted summary judgment in Plaintiffs' and the Class's favor on their Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims, with the exception of the NYLL § 195 claims. Dkt. 141. The Court dismissed without prejudice the NYLL § 195 claims for opt-in Plaintiff Huk for lack of standing and denied the motions as to the remaining NYLL § 195 claims. Dkt. 141. Plaintiffs thereafter moved to voluntarily dismiss the remaining NYLL § 195 claims without prejudice. Dkts. 145, 149. Defendants in turn moved to dismiss these claims with prejudice and to decertify the Class. Dkt. 147. On November 13, 2024, the Court granted Plaintiffs' request to dismiss the claims without prejudice and denied Defendants' motion in its entirety, Dkt. 153, and on November 14, 2024, the Court entered final judgment, Dkt. 154.

Plaintiffs now request that the Court amend the final judgment to clarify that the NYLL § 195 claims that were dismissed without prejudice are dismissed without leave to replead in this action. Dkt. 158. Plaintiffs sought this relief in their October 28, 2024 letter and a revised proposed judgment attached thereto in order to ensure the finality of the judgment in this matter. Dkt. 149 at 3, 149-4. The Court, however, issued the original

1

proposed judgment that Plaintiffs submitted, which did not clarify that dismissal of the NYLL § 195 claims without prejudice also precluded repleading the claims in this action. *See* Dkt. Nos. 145-2, 154.

Under Federal Rule ("Rule") of Civil Procedure 59(e), a motion to alter or amend the judgment is justified when the moving party demonstrates the "need to correct a clear error or prevent manifest injustice." *Salamone v. Douglas Marine Corp.*, 111 F. 4th 221, 232 (2d Cir. 2024) (citation and quotation marks omitted). Under Local Rule 6.3, reconsideration is appropriate where there are "controlling law or factual matters put before the Court on the underlying motion that the movant believes the Court overlooked and that might reasonably be expected to alter the court's decision." *Beach v. City of N.Y.*, No. 21-cv-06737 (ALC), 2024 WL 4349137, at *2 (S.D.N.Y. Sept. 30, 2024); *see also Stollman v. Williams*, No. 20-cv-08937, 2024 WL 4354987, at *2 (S.D.N.Y. Sept. 30, 2024) ("[T]he legal standards governing motions for reconsideration under Local Rule 6.3 and motions under Rule 59(e) are the same."). "[W]hether to grant or deny a motion brought under Rule 59(e) or Local Rule 6.3 is within the sound discretion of the district court." *Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, No. 14-cv-01370 (ER), 2015 WL 5439217, at *3 (S.D.N.Y. Sept. 12, 2015) (citation and quotation marks omitted).

The Court does not find that the standard is satisfied here. The voluntary dismissal without prejudice of Plaintiffs' remaining NYLL § 195 claims had the effect of rendering a final judgment in this action. Indeed, the Second Circuit has construed the dismissal "without prejudice" of claims as a "[d]enial of [l]eave to [r]eplead" with the "the effect of rendering the judgment final as to all claims[.]" *Euroropean Cmty. v. RJR Nabisco, Inc.*, 355 F.3d 123, 139 (2d Cir. 2004), *cert. granted and judgment vacated on other grounds*, 544 U.S. 1012 (2005). The Court's judgment did not grant leave to replead or leave to amend. Moreover, the Court's

judgment closed this action; therefore, there was no opportunity for Plaintiffs to replead in this action. The Court's voluntary dismissal of the NYLL § 195 claims without prejudice is therefore a final judgment. *See, e.g., Walker v. Dep't of Veterans Affairs*, No. 94-cv-5591 (MBM), 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995) ("Although a voluntary dismissal without prejudice…does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action.").

Plaintiffs' request for an amendment of the final judgment in this action is therefore denied.

Dated: November 26, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3