UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
NINO MARTINENKO, on behalf of
herself and others similarly situated,

        CASE NO. 22 CV 518

        Plaintiff,

    v.

212 STEAKHOUSE, INC., and NIKOLAY
VOLPER,

        Defendants.
-----------------------------------------------------x

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff, Opt-In Plaintiff,*
*and the Class*

**TABLE OF CONTENTS**

I.    ARGUMENT ................................................................................................................. 1

   A.    Plaintiffs Are Entitled To  Attorneys' Fees For Nonseverable Time Spent On The NYLL § 195 Claims .............................................................................................................. 1

      i.    The NYLL § 195 claims were intertwined with Plaintiffs' claims for unpaid wages..... 1

      ii.    If the Court finds a percentage reduction in hours appropriate, the reduction should be limited to 10%................................................................................................................ 5

   B.    Plaintiffs Are Entitled To Attorneys' Fees For Uncompensated Time Related To Sanctions Proceedings .................................................................................................. 9

   C.    Plaintiffs Are Entitled To Additional Fees For Time Worked After Filing Their Moving Papers .......................................................................................................................... 10

II.   CONCLUSION ............................................................................................................ 10

**TABLE OF AUTHORITIES**

**Cases**

*Bond v. Welpak Corp.*, No. 15 CV 2403,
　　2017 U.S. Dist. LEXIS 158272 (E.D.N.Y. Sept. 26, 2017) .......................................2,5,6

*Cabrera v. Schafer*, No. CV 12-6323,
　　2017 U.S. Dist. LEXIS 45685 (E.D.N.Y. Mar. 27, 2017)............................................2

*Cabrera v. Schafer*, No. CV 12-6323,
　　2017 U.S. Dist. LEXIS 24606 (E.D.N.Y. Feb. 17, 2017) ........................................2,3,4

*Coker v. Goldberg & Assocs. P.C.*, No. 21 CV 1803,
　　2024 U.S. Dist. LEXIS 90218 (S.D.N.Y. May 20, 2024) .........................................3,5

*De Ping Song v. 47 Old Country, Inc.*, No. 09 CV 5566,
　　2015 U.S. Dist. LEXIS 177623 (E.D.N.Y. Oct. 1, 2015) .........................................9

*Espinosa v. Perez*, No. 18 CV 8855,
　　2020 U.S. Dist. LEXIS 14075 (S.D.N.Y. Jan. 27, 2020) .........................................8

*Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024)............................................6

*Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101 (2d Cir. 2022) ......................................2

*Najera v. Kurtishi*, No. 21 CV 8537,
　　2024 U.S. Dist. LEXIS 8537 (S.D.N.Y. Jan. 17, 2024) ............................................5

*Ortiz v. Regan*, 980 F.2d 138 (2d Cir. 1992) ..........................................................................9

*Poulos v. City of New York*, No. 14 CV 3023,
　　2018 U.S. Dist. LEXIS 118364 (S.D.N.Y. July 13, 2018)........................................9

*Sanchez v. I&A Rest. Corp.*, No. 14 CV 0726,
　　2017 U.S. Dist. LEXIS 81240 (S.D.N.Y. May 22, 2017) ........................................5

**Statutes, Rules, and Regulations**

12 NYCRR § 146-1.3 ...............................................................................................................4

12 NYCRR § 146-2.2 ...............................................................................................................4

Fed. R. Evid. 408 .....................................................................................................................8

N.Y. Lab. L. § 195....................................................................................................*passim*

Plaintiffs submit this reply memorandum of law in support of their motion for attorneys' fees and costs.[1]

## I.    ARGUMENT

### A. Plaintiffs Are Entitled To Attorneys' Fees For Nonseverable Time Spent On The NYLL § 195 Claims

#### i. The NYLL § 195 claims were intertwined with Plaintiffs' claims for unpaid wages

As noted in Plaintiffs' moving papers, Class Counsel has removed all time entries that were related *solely* to the NYLL § 195 claims, namely, entries that solely concerned Plaintiffs' objections to the summary judgment report and recommendation.[2]  (Pls.' Mem. at 11.) Thus, Plaintiffs do not seek fees for severable time spent on the NYLL § 195 claims.  Plaintiffs are, however, entitled to recover fees for nonseverable time spent on the NYLL § 195 claims under Second Circuit and this Court's precedent.

The Second Circuit has explained,

When a plaintiff succeeds on some claims but not others, courts must also consider whether the claims brought are based on different facts and legal theories, or if the claims involve a common core of facts or are based on related legal theories.  Where the work on successful claims is unrelated to work on the unsuccessful claims, the work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved.  But where there is a common core of facts, or related legal theories, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-

---

[1] With this memorandum, Plaintiffs submit the December 5, 2024 declaration of Denise A. Schulman and exhibits thereto ("Ex. [number]").  As used herein, "Pls.' Mem." refers to Dkt. No. 151, and "Defs.' Mem." refers to Dkt. No. 155.

[2] Specifically, Class Counsel removed time entries that solely concerned Plaintiffs' objections to the summary judgment report and recommendation.  (Schulman Decl. ¶ 8.)  Defendants' assertion that Class Counsel did not omit entries that solely related to the NYLL § 195 claims because the remaining time records include entries concerning Plaintiffs' summary judgment motion and Defendants' motion to decertify the class and dismiss the NYLL § 195 claims is false (Defs.' Mem. at 6), as work on those motions did not "solely" relate to the NYLL § 195 claims and is therefore not severable from work on the successful claims.

1

by-claim basis. In such cases, the successful and unsuccessful claims are intertwined, such that the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Thus, attorney's fees may be awarded for unsuccessful claims as well as successful ones where they are inextricably intertwined and involve a common core of facts or are based on related legal theories.

*Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (cleaned up). Here, the NYLL § 195 claims were "intertwined" with the successful minimum wage, overtime, and spread of hours claims. All of the claims arose out of Class Members' employment with Defendants and related to their hours worked and wages paid. (Schulman Decl. ¶ 2.) Indeed, Class Counsel are not aware of any case with claims for unpaid wages where wage statements were not relevant and subject to discovery. The content of wage statements is pertinent to determining liability and damages for alleged unpaid wages *and* to determining whether NYLL § 195(3) was violated. For example, in this case Defendants' wage statements did not separately identify overtime hours worked and the overtime rate, which both reflected substantive overtime violations and violated NYLL § 195(3). (*Id*. at ¶ 3.) Similarly, because the tip credit claim was based on whether or not Class Members received written notice of the tip credit, the existence and content of Defendants' wage notices were highly relevant to both the wage claims and the NYLL § 195(1) claim. (*Id*. at ¶ 4.) For these reasons, courts regularly find that wage notice/statement claims are intertwined with claims for unpaid wages. *E.g.*, *Bond v. Welpak Corp.*, No. 15 CV 2403, 2017 U.S. Dist. LEXIS 158272, at *17 (E.D.N.Y. Sept. 26, 2017) (cited with approval in *Holick*, 48 F.4th at 108); *Cabrera v. Schafer*, No. CV 12-6323, 2017 U.S. Dist. LEXIS 24606, at *29 (E.D.N.Y. Feb. 17, 2017), *adopted by* 2017 U.S. Dist. LEXIS 45685 (E.D.N.Y. Mar. 27, 2017) (same).

Moreover, Plaintiffs achieved a very high degree of success in this case, namely, a total victory on class certification and the class claims for unpaid wages, liquidated damages, interest, and individual liability resulting in a judgment of $251,269.84. (Dkt. Nos. 92, 141, 154.)

2

Defendants nonetheless appear to contend that because the NYLL § 195 *damages* represented slightly more than 50% of the total damages sought on summary judgment, Class Counsel's total compensable *hours* should be reduced by 50%.  This is preposterous and is not the correct framework for analyzing the degree of success.  To be sure, this Court has recognized that fees may be awarded *without any reduction for unsuccessful claims* where the successful and unsuccessful claims were sufficiently intertwined.  In *Coker v. Goldberg & Assocs. P.C.*, No. 21 CV 1803, 2024 U.S. Dist. LEXIS 90218 (S.D.N.Y. May 20, 2024) (Rochon, J.), the plaintiff initially alleged claims for unpaid overtime under the FLSA, claims for unpaid overtime and spread of hours compensation under the NYLL, and retaliation claims under the FLSA and NYLL.  *Id*. at *2.  Plaintiff subsequently withdrew her spread of hours and retaliation claims and moved for and won summary judgment on her summary judgment claim, winning a judgment of $4,986.14.  *Id*. This Court found that the unsuccessful NYLL overtime and spread of hours claims were "sufficiently intertwined with Plaintiff's successful FLSA unpaid-overtime claim, as the claims involved common factual and legal issues about the amount and nature of Plaintiff's work and her compensation for that work" and therefore did not reduce the requested fees at all based on the unsuccessful NYLL overtime and spread of hours claims.  *Id*. at *7-8; *see also*, *e.g.*, *Cabrera*, 2017 U.S. Dist. LEXIS 24606, at *31 ("[T]he Court declines to impose a blanket reduction to the lodestar based upon Plaintiff's ultimate lack of success on all but one of his wage and hour claims.").

Here, while Defendants complain that time spent drafting the complaint and on discovery related in part to the NYLL § 195 claims, in fact those areas of work serve to show how intertwined the NYLL § 195 claims were with the successful claims.  The complaint contains two factual paragraphs and one cause of action concerning the NYLL § 195 claims.  (Dkt. 1 ¶¶ 30-31, 51-52.)

3

These are extremely straightforward allegations and, read in context, were not remotely the focus of the complaint.  In short, including the NYLL § 195 claims in the complaint did not meaningfully add to the amount of time it took to draft the complaint.

In addition, discovery in the case would have been virtually – if not entirely – the same whether or not Plaintiff asserted NYLL § 195 claims.  Plaintiff would have been entitled to discovery concerning Defendants' wage notices even if there were no NYLL § 195(1) claim because the existence (or lack thereof) and content of wage notices was relevant to the claim that Defendants were not entitled to pay Class Members pursuant to a tip credit.[3]  *See* 12 NYCRR §§ 146-1.3, 146-2.2.  Similarly, Plaintiff would have been entitled to discovery of wage statements even if there were no NYLL § 195(3) claim because wage statements are relevant to determining the hours for which Class Members were paid and the rates at which they were paid, which in turn are key to the claims for unpaid minimum wage, overtime, and spread of hours compensation on which the Class prevailed.  Notably, Defendants have not identified any specific discovery that was taken in this case but would not have occurred if the NYLL § 195 claims had not been asserted.[4]  On the contrary, the claims for unpaid wages and NYLL § 195 violations are so intertwined here that "the discovery conducted would have logically merged given the relatedness of Plaintiff's claims when viewed against the factual backdrop of this case." *Cabrera*, 2017 U.S. Dist. LEXIS 24606, at *29.  Accordingly, no across the board deduction of hours is warranted here.

---

[3] While the Court observed that the notice requirements to use a tip credit set forth in 12 NYCRR § 146-2.2 are not identical to the requirements of NYLL § 195 (Dkt. No. 141 at 24), it is of course possible for an employer to provide employees with a single notice that satisfies all of the requirements of 12 NYCRR § 146-2.2 and NYLL § 195.

[4] Instead, Defendants assert without citation or example that "discovery requests[] and deposition questions also addressed the Section 195 claims."  (Defs.' Mem. at 6.)

4

### ii. If the Court finds a percentage reduction in hours appropriate, the reduction should be limited to 10%

Even when courts do make across the board reductions to account for unsuccessful claims, they rarely grant the 50% reduction Defendants seek here, even where the plaintiffs have been far less successful than the Plaintiffs and the Class have been here.  For example, while the Court found in *Coker* that the retaliation claims were not intertwined with the successful claim, it rejected the defendants' request to reduce the fees by 50% for the unsuccessful retaliation claim and instead reduced the fees by 15%.  2024 U.S. Dist. LEXIS 90218, at *9; *see also*, *e.g.*, *Sanchez v. I&A Rest. Corp.*, No. 14 CV 0726, 2017 U.S. Dist. LEXIS 81240, at *17-18, 19 (S.D.N.Y. May 22, 2017) (reducing fees by 15% where "all of Plaintiff's federal claims were dismissed, and, although Plaintiff still recovered state-law damages for unpaid overtime compensation, that recovery was less than one-seventh of the time frame for which such damages were sough, and, even as to that shorter period, the overtime hours demonstrated at trial were considerably fewer than what Plaintiff had alleged.").

In fact, even 25% reductions are warranted only when plaintiffs are far less successful than the Class was here.  For example, in *Najera v. Kurtishi*, No. 21 CV 8537, 2024 U.S. Dist. LEXIS 8537 (S.D.N.Y. Jan. 17, 2024), the plaintiff asserted various FLSA and NYLL claims.  Following a bench trial, the court found that the FLSA claims failed because defendant was not a covered employer under the FLSA, rejected plaintiff's contention that she worked more hours than reflected in the employer's payroll records, and ultimately awarded $4,594 in damages rather than the $78,029.50 she sought.  *Id*. at *2-3, 12.  In light of that lack of success, the court reduced plaintiff's counsel's hours by 25%.  The court in *Bond v. Welpak Corp.* likewise reduced plaintiffs' counsel's hours by 25% where two out of three claims were dismissed for all plaintiffs, and on the third claim, two plaintiffs lost because they were not covered by the FLSA and "the other three

[plaintiffs] were awarded damages totaling only $6,320, an amount far more modest than plaintiffs had originally sought." 2017 U.S. Dist. LEXIS 158272, at *17-19. In contrast to those cases, where the plaintiffs recovered very small awards and their factual allegations regarding their work hours were rejected, here the Class won a full recovery on all of their claims for unpaid wages and liquidated damages. Moreover, the Class did not lose their NYLL § 195 claims on the merits. Rather, Opt-In Plaintiff Huk's NYLL § 195 claims were dismissed for lack of standing and the class claims were dismissed by Plaintiffs because of individualized issues relating to standing, and the standing analysis itself shifted during the pendency of the litigation. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 306-10 (2d Cir. 2024) (discussing development of caselaw regarding standing for NYLL § 195 claims). (Dkt. Nos. 141, 153, 154.)

While it is true that Class Counsel's work opposing Defendants' motion to decertify the class and dismiss the NYLL § 195 claims, moving for summary judgment, and preparing a damage calculation related to both successful and unsuccessful claims, that in no way justifies a 50% reduction of the requested fee. Not only did Plaintiffs achieve a very high degree of success and the NYLL § 195 claims were intertwined with the successful claims, but Class Counsel's work on those motions pertained more to the ultimately successful claims than to the NYLL § 195 claims.

Plaintiffs' opposition to Defendants motion to decertify the class and dismiss the NYLL § 195 claim was roughly 25 pages long, which included one factual paragraph and just under 8 pages of argument regarding the NYLL § 195 claims. (Dkt. No. 120 at 4-5, 18-25.) Much more of the opposition was spent addressing Defendants' many arguments regarding the Rule 23 factors. (Dkt. No. 120 at 2-4, 6-17.) In addition, Plaintiffs' request to file a sur-reply related solely to the decertification portion of Defendants' motion. (Dkt. No. 129.)

A review of the summary judgment papers shows that most of the time spent on Plaintiffs'

6

motion and reply related to the successful claims.  Plaintiffs' summary judgment moving brief was nearly 20 pages long, out of which roughly three pages were about the NYLL § 195 claims.  (Dkt. No. 114 at 4, 12-14.)  The discussion of the NYLL § 195 claims was straightforward and factual and did not involve any complex legal issues.  (*Id*. at 12-14.)  The bulk of Plaintiffs' summary judgment reply dealt with Defendants' attempt to avoid an award of damages based on their own time records.  (Dkt. No. 126 at 4-8.)  The reply brief's discussion of standing for NYLL § 195 claims largely incorporated by reference and/or repeated arguments previously made in opposing Defendants' motion to decertify the class and dismiss the NYLL § 195 claims and therefore did not require substantial additional time.  (*Id*. at 9-11.)

In addition, the overwhelming majority of the time spent preparing the damage calculation related to the calculation of unpaid minimum wage, overtime, and spread of hours compensation, *i.e.*, the claims on which Plaintiffs prevailed.  This involved extensive data entry of time records that Defendants produced in a PDF format that could not be easily electronically converted to Excel, running Microsoft Access reports to compile each Class Member's weekly hours worked, and then adding the necessary formulas and formatting to calculate each Class Member's unpaid wages.  All of these steps were necessary in order to calculate the unpaid wages and would have been performed whether or not there were NYLL § 195 claims in the case.  (Schulman Decl. ¶ 9.)  In contrast, Class Counsel estimates that it took no more than an hour to prepare the much simpler calculation of NYLL § 195 damages.  (*Id*. at ¶¶ 11-15.)  Similarly, any time spent calculating damages for Adrian Pizarro, who was found not to be a class member, was *de minimis* in the context of the overall damage calculation.  Pizarro's time records part of the time records that were automatically converted from PDF to Excel, and his inclusion in the records did not increase the amount of time it took to run Access reports.  As he worked for Defendants in just four workweeks,

7

adding formulas and formatting to his records took a minimal amount of time.  (*Id*. at ¶ 10.)

In a misguided attempt to justify a 50% reduction, Defendants, whose current counsel did not appear in the case until after Judge Lehrburger issued reports and recommendations on the class certification and sanctions motions, assert without citation that the NYLL § 195 claims "drove the discussions" "[i]n every settlement discussion and conference with the court up to the dismissal of the New York Labor Law Section 195 claims[.]"  (Defs.' Mem. at 5.)  In fact that assertion is blatantly false.   The following Court conferences (not including a settlement conference) were held in this case, as reflected in the minute entries on the docket:

> April 6, 2022: Initial conference
> July 22, 2022: Conference regarding discovery dispute
> April 4, 2023: Sanctions hearing
> September 14, 2023: Pre-motion conference

The transcript from the July 22, 2022 conference shows that there was a brief discussion regarding pay records, including wage statements, and no discussion regarding wage notices.  (Dkt. No. 473:2-19, 4:10-14, 4:23-5:1, 5:14-6:24.)  The transcript from the April 4, 2023 sanctions hearing shows that the focus of that hearing was the steps Defendants took to comply with the Court's discovery orders and whether Defendants willfully violated those orders, such that sanctions were appropriate, and not the NYLL § 195 claims.  (*See generally* Dkt. No. 94.)  While there are no transcripts for the other conferences, the initial conference was focused on scheduling, and the September 14, 2023 premotion conference addressed the various issues in the parties' premotion letters for the dispositive motions, just one of which was standing for NYLL § 195 claims.  (Dkt. Nos. 97, 100, 105, 106; Schulman Decl. ¶¶ 5-7.)

Defendants' repeated references to settlement discussions (Defs.' Mem. at 5) are both unsupported by any evidentiary citation and completely "inappropriate[.]" *Espinosa v. Perez*, No. 18 CV 8855, 2020 U.S. Dist. LEXIS 14075, at *6 (S.D.N.Y. Jan. 27, 2020) (citing Fed. R. Evid.

8

408). In any event, it is well-settled that "[a] district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded." *Ortiz v. Regan*, 980 F.2d 138, 140 (2d Cir. 1992). Thus, "[a]bsent a showing of bad faith, a party's declining settlement offers should not operate to reduce an otherwise appropriate fee award." *Id*. at 141 (cleaned up). Defendants have not even suggested that Plaintiffs acted in bad faith here. Accordingly, any informal settlement discussions between the parties are irrelevant to Plaintiffs' fee application.

Finally, *Poulos v. City of New York*, No. 14 CV 3023, 2018 U.S. Dist. LEXIS 118364 (S.D.N.Y. July 13, 2018), cited by Defendants, is completely inapposite. (Defs.' Mem. at 8.) In *Poulos*, the plaintiff had reached a settlement with some of the defendants, which presumably involved payment of some attorneys' fees. Accordingly, the court found that the remaining defendant against whom the plaintiff sought fees should not bear full responsibility for all of the fees that related to the case as whole. *Id*. at *39. In addition, many of the attorney's time entry descriptions were excessively vague. *Id*. at *39-40. For both of these reasons, the court reduced the compensable hours by 50%. In contrast, all of the fees requested here relate to the Defendants, and Class Counsel's time entries are sufficiently detailed.

In light of the foregoing, Plaintiffs respectfully submit that no reduction in hours or, at most, a 10% reduction in hours, is warranted here. *See De Ping Song v. 47 Old Country, Inc.*, No. 09 CV 5566, 2015 U.S. Dist. LEXIS 177623, at *17 (E.D.N.Y. Oct. 1, 2015).

### B. Plaintiffs Are Entitled To Attorneys' Fees For Uncompensated Time Related To Sanctions Proceedings

Plaintiffs have omitted from the time records submitted on this motion time for which fees were previously awarded as a sanction, and Defendants do not actually argue to the contrary. (Pls.' Mem. at 11.) Instead, Defendants argue that certain time entries that they contend relate to

9

sanctions be excluded from any fee award even though Plaintiffs have not previously been awarded fees for those entries.  (Defs.' Mem. at 8-9.)   While it is not entirely clear which entries some of Defendants' citations refer to, they appear to include five entries from 2022 and a number of entries from 2023 relating to the sanctions hearing and decision.[5]  (*See* Ex. 1.)  Four of the 2022 entries relate to discovery in general (August 9 and 10) or a combination of sanctions and non-sanctions topics (August 8 and October 12).  (*Id*.)  As such, they were not necessarily compensable on the sanctions motion.  The October 28, 2022 entry does relate to the sanctions.  (*Id*.)  However, its omission from the sanctions motion fee application does not render it non-compensable now.

The time entries Defendants identify on March 27, 29, and 30, 2023 and April 3, 4, and 17, 2023 all relate to preparing for and attending the sanctions hearing and reviewing the sanctions decision.  All of these events happened after the sanctions motion was fully briefed, and therefore that work was not included in Plaintiffs' sanctions motion and fee request itself.  (Dkt. No. 68 (sanctions reply brief filed November 22, 2022).)  Accordingly, all of that time is now fully compensable.

### C.  Plaintiffs Are Entitled To Additional Fees For Time Worked After Filing Their Moving Papers

Finally, in addition to the $211,415 in fees sought in Plaintiffs' moving papers, Plaintiffs seek $8,392.50 for time worked by Class Counsel since the instant motion was filed, for a total requested fee award of $219,807.50.  (*See* Ex. 2 (supplemental time records).)

### II.    CONCLUSION

For the reasons set forth herein and in Plaintiffs' moving papers, the Court should award Plaintiffs $219,807.50 in attorneys' fees and $4,150.78 in costs.

---

[5] Defendants also cite a non-existent entry for August 12, 2022.  (Defs.' Mem. at 8.)

Dated:  New York, New York
        December 5, 2024                    **JOSEPH & KIRSCHENBAUM LLP**

                                            By: /s/ Denise A. Schulman
                                            D. Maimon Kirschenbaum
                                            Denise A. Schulman
                                            Michael DiGiulio
                                            32 Broadway, Suite 601
                                            New York, NY 10004
                                            (212) 688-5640
                                            (212) 981-9587 (fax)

                                            *Attorneys for Plaintiff, Opt-In Plaintiff,*
                                            *and the Class*

11