UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
NINO MARTINENKO, on behalf of                   CASE NO. 22 CV 518
herself and others similarly situated,

          **Plaintiff,**

    **v.**

212 STEAKHOUSE, INC., and NIKOLAY
VOLPER,

          **Defendants.**
-----------------------------------------------------x

### DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am a partner with Joseph & Kirschenbaum LLP ("JK"), Class Counsel in this action.  I am familiar with the facts and circumstances set forth herein.

2. All of the claims in this case – including the minimum wage, overtime, spread of hours, and NYLL § 195 claims – arose out of Class Members' employment with Defendants and related to their hours worked and wages paid.

3. I am not aware of any case with claims for unpaid wages where wage statements were not both relevant and subject to discovery.  The content of wage statements is typically pertinent to determining liability and damages for unpaid wages *and* to determining whether NYLL § 195(3) was violated.  For example, in this case Defendants' wage statements did not separately identify overtime hours worked and an overtime rate, which reflected both substantive overtime violations and violated NYLL § 195(3).

4. Similarly, because the tip credit (minimum wage) claim in this case was based on whether or not Class Members received written notice of the tip credit, the existence and contend

1

of Defendants' wage notices were highly relevant to both the wage claims and the NYLL § 195(1) claim.

5. I attended the April 6, 2022 initial conference and the September 14, 2023 pre-motion conference in this case.

6. I do not recall any substantive discussion of the NYLL § 195 claims at the initial conference.  I do recall that we discussed scheduling and Plaintiff's anticipated motion to dismiss the Defendants' counterclaims.  Defendants ultimately withdrew the counterclaims.

7. The September 14, 2023 premotion conference addressed the various issues in the parties' premotion letters regarding Plaintiffs' motion for summary judgment and Defendants' motion to decertify the class and dismiss the NYLL § 195 claims, just one of which was standing for the NYLL § 195 claims.

8. As noted in Plaintiffs' moving papers, we do not seek recovery of fees for time entries that relate *solely* to the NYLL § 195 claims.  The time entries that we removed for this reason before filing our motion for attorneys' fees and costs were time entries that solely related to Plaintiffs' objections to the summary judgment report and recommendation.

9. The overwhelming majority of the time spent preparing the classwide damage calculation in this case related to the calculation of unpaid minimum wage, overtime, and spread of hours compensation.  This involved extensive data entry of time records that Defendants produced in a PDF format that could not be easily electronically converted to Excel, running Microsoft Access reports to compile each Class Member's weekly hours worked, and then adding the necessary formulas and formatting to calculate each Class Member's

unpaid wages. All of these steps were necessary in order to calculate the unpaid wages and would have been performed whether or not there were NYLL § 195 claims in the case.

10. Any time spent calculating the unpaid wages for Adrian Pizarro, who was found not to be a class member, was *de minimis* in the context of the overall damage calculation. Pizarro's time records were part of the time records that were automatically converted from PDF to Excel, and his inclusion in the records did not increase the amount of time it took to run Access reports. As he worked for Defendants in just four workweeks (*see* Dkt. No. 116-5 at 1), adding formulas and formatting to his records took a minimal amount of time.

11. As I did not separately track the amount of time it took to prepare each part of the damage calculation, for this reply, I recreated the NYLL § 195 damage calculation for the absent class members. It took me 47 minutes to do this (we are not seeking compensation for that time in our fee application).

12. To recreate the NYLL § 195 damage calculation, I first ran two reports from Microsoft Access – one for each of the two groups described in our summary judgment papers (the two groups are for the time records that were converted from PDF to Excel automatically and the time records that had to be manually inputted into Excel). These reports list all of the clock in dates for each employee.

13. I then cleaned up the reports by deleting employees who opted out of the class and putting each remaining class member's entries in a separate column in Excel. I also combined the two reports into a single spreadsheet.

14. I then used Excel's advanced filter function to identify all unique days worked by each class member and then used one of Excel's counting functions to count the number of unique days worked by each class member.

15. Finally, I applied the applicable formulas for NYLL § 195(1) and NYLL § 195(3) violations to determine each class members' individual damages and totaled them.

16. While I did not recreate the NYLL § 195 calculations for the Named and Opt-In Plaintiffs, the time spent on those calculations at the summary judgment stage was *de minimis*, as each of them worked more than 100 days for Defendants and were therefore entitled to recover the maximum penalties.

17. In Defendants' opposition to Plaintiffs' motion for attorneys' fees and costs, Defendants refer to various time entries that they contend relate to Plaintiffs' motion for sanctions. (Dkt. No. 155 at 8-9.)  Attached hereto as **Exhibit 1** are the time entries that I understand Defendants to be referring to.

18. Attached hereto as **Exhibit 2** are JK's contemporaneous time records for time worked on this case since we filed the motion for attorneys' fees and costs.

Dated: New York, New York
December 5, 2024

/s/ Denise A. Schulman
Denise A. Schulman