UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NINO MARTINENKO, on behalf of herself and others similarly situated,

                Plaintiffs,

-against-

212 STEAKHOUSE, INC., and NIKOLAY VOLPER,

                Defendants.

Case No. 1:22-cv-00518 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

    Named Plaintiff Nino Martinenko ("Martinenko" or "Plaintiff"), individually and on behalf of others similarly situated, brought this action against Defendants 212 Steakhouse, Inc., and Nikolay Volper (together, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Dkt. 1 ("Compl."). Plaintiff Dagmara Maja Huk ("Opt-in Plaintiff Huk" and, together with Named Plaintiff Martinenko, "Plaintiffs") opted in to the suit on May 16, 2022. Dkt. 32. On September 24, 2024, this Court denied Defendants' motion to decertify the Rule 23 Class and granted summary judgment on Named Plaintiff Martinenko's and Opt-in Plaintiff Huk's FLSA claims, and on all Class Members' NYLL minimum-wage, overtime, and spread-of-hours claims. Dkt. 141. However, the Court dismissed Opt-in Plaintiff Huk's NYLL Section 195 claims for lack of standing. *Id.* On November 13, 2024, the Court granted Plaintiffs' request to voluntarily dismiss Named Plaintiff Martinenko's and Class Members' outstanding NYLL Section 195 wage notice and wage statement claims without prejudice and entered final judgment in Plaintiffs' favor. Dkt. 153 ("Opinion and Order"); Dkt. 154 (the "Judgment.").

    Plaintiffs now move for attorneys' fees and costs from Defendants under the fee-shifting provisions of the FLSA and NYLL in the amount of $223,958.28. For the reasons set

forth below, Plaintiffs' motion is GRANTED in part. The Court awards Plaintiffs $223,458.28 in fees and expenses.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts. Briefly stated, Martinenko and Huk were former employees at 212 Steakhouse, a small restaurant in midtown Manhattan. Dkt. 132 ("R&R") at 2-3. Martinenko commenced this class and collective action on January 20, 2022. *See generally* Compl. She asserted various violations of the NYLL and FLSA against Defendants, including: (1) paying employees pursuant to a tip credit without providing the notice required under New York law; (2) failing to pay overtime premiums; (3) failing to pay spread-of-hours premiums; and (4) failing to provide employees with wage notices and wage statements. Compl. ¶¶ 23-31.

On April 26, 2022, the Court granted Martinenko's motion for conditional class certification of her FLSA claim and on May 16, 2022, Huk joined the action as an opt-in plaintiff. Dkts. 30, 32. The Court subsequently certified a Rule 23 class consisting of "all tipped employees — servers, bussers, and bartenders — who worked for Defendants at any time on or after January 20, 2016 at 212 Steakhouse." Dkt. 92 at 3.

On November 1, 2022, Martinenko moved under Federal Rule of Civil Procedure ("Rule") 37 for sanctions against Defendants for various discovery deficiencies. Dkt. 61. On April 28, 2023, this Court granted Martinenko's motion and imposed sanctions against Defendants, including an award for attorneys' fees and costs in the amount of $28,805. Dkt. 93 at 3-4.

On November 16, 2024, Plaintiffs filed a motion for summary judgment on liability and damages as to all Class Members' claims. Dkts. 113-18. Defendants in turn moved to decertify the Rule 23 Class and to dismiss the NYLL Section 195 claims. Dkts. 111-12. On

August 13, 2024, Magistrate Judge Lehrburger issued a Report and Recommendation ("R&R") recommending that the Court grant summary judgment on the Class Members' minimum wage, overtime, and spread-of-hours claims. Dkt. 132 at 72-73. However, the R&R recommended dismissing Plaintiff Huk's NYLL Section 195 claims and denying both Plaintiffs' and Defendants' motions as they pertained to Plaintiff Martinenko's and the Class' NYLL Section 195 claims, finding that there was a factual dispute as to whether Martinenko and the Class had suffered an injury-in-fact for those claims. *Id.* at 61-70. On September 24, 2024, over objections from both parties, the Court adopted the R&R in its entirety. Dkt. 141 at 2. The Court therefore ordered Defendants to pay the Class $101,527.10 in compensatory damages, $101,527.10 in liquidated damages, and prejudgment interest from June 18, 2019, at a rate of 9 percent on the total unpaid wages of $101,527.10 to the entry of judgment, in the amount of $48,215.64. *Id.* at 26-27. The Clerk of Court accordingly entered judgment on behalf of the Class in the amount of $251,269.84. Dkt. 154.

On October 15, 2024, Plaintiffs moved pursuant to Federal Rules of Civil Procedure 41(a)(2) and 23(e) to voluntarily dismiss without prejudice the outstanding NYLL Section 195 claims. Dkt. 145. In response, Defendants moved for the claims to be dismissed with prejudice and renewed their motion to decertify the Class. Dkt. 147. On November 13, 2024, the Court granted Plaintiffs' request to voluntarily dismiss Plaintiff Martinenko's and Class Members' outstanding wage notice and wage statement claims without prejudice and denied Defendants' renewed motion to decertify the class. Dkt. 153 at 2.

On October 1, 2024, Plaintiffs sought and received an extension of the deadline to file a motion for attorneys' fees and costs related to the Judgment. Dkts. 143, 144. On November 8, 2024, Plaintiffs filed their motion for attorneys' fees and costs. Dkt. 151 ("Br."). On

3

November 22, 2024, Defendants filed their opposition, Dkt. 155 ("Opp.") and on December 5, 2024, Plaintiffs filed their reply, Dkt. 160 ("Reply").

## LEGAL STANDARD

"Under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), prevailing Plaintiffs are entitled to an award of reasonable attorney's fees and costs." *Solano v. Andiamo Café Corp.*, No. 19-cv-03264 (SN), 2021 WL 2201372, at *1 (S.D.N.Y. June 1, 2021); *see* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a) (McKinney 2024). "The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). But "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks and citation omitted), and a district court enjoys "considerable discretion in determining what constitutes reasonable attorney's fees in a given case . . . ." *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 105 (2d Cir. 2022) (citation omitted). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838.

## DISCUSSION

Because the Court found that Defendants violated the FLSA and the NYLL, and Plaintiffs obtained a judgment on behalf of the Class on their NYLL claims, Plaintiffs are entitled to reasonable attorneys' fees and costs. *See, e.g.*, *Solano*, 2021 WL 2201372, at *1-3 (granting reasonable attorneys' fees and costs where Plaintiffs prevailed on FLSA and NYLL claims). Plaintiffs seek $219,807.50 in attorney and paralegal fees, and $4,150.78 in costs. Br. at 1; Reply at 10.

The Court will first address Plaintiffs' request for attorney and paralegal fees and then the request for costs.

### I. Attorneys' Fees

The Second Circuit applies the lodestar analysis to determine whether the attorneys' fees sought are reasonable. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar method determines a "presumptively reasonable fee" that is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id*. (citation omitted). "Courts determine the 'presumptively reasonable fee' for an attorney's services by looking to 'what a reasonable, paying client would be willing to pay . . . who wishes to pay the least amount necessary to litigate the case effectively.'" *Solano*, 2021 WL 2201372, at *1 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2007)). "Requested fees must be supported 'with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done.'" *Id.* at *1 (quoting *Annuity, Welfare & Apprenticeship Skill Imp. & Safety Funds of Int'l Union of Operating Engr's, Local 15 v. Integrated Structures Corp.*, No. 12-cv-00436 (LGS) (KNF), 2013 WL 269644, at *7 (S.D.N.Y. June 13, 2013), *report and recommendation adopted*, 2013 WL 3684933 (S.D.N.Y. July 12, 2013)).

#### A. Reasonable Hourly Rate

The Court first evaluates the hourly rates charged by Plaintiffs' counsel. The Second Circuit's "forum rule" generally requires use of the "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (citation omitted). "A court may determine the reasonable hourly rate by relying both on 'its own knowledge of

comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (citation omitted) (first quoting *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2005); and then quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)). However, this analysis is ultimately "case-specific," and courts "consider a variety of factors in assessing the reasonableness of a rate, including what are known as the *Johnson* factors." *H.W. v. N.Y.C. Dep't of Educ.*, No. 21-cv-08604 (JLR), 2023 WL 5529932, at *4 (S.D.N.Y. Aug. 28, 2023). The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (quoting *Lilly v. City of New York*, 934 F. 3d 222, 228 (2d. Cir. 2019)). A court "need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *Id.* at *5 (citation omitted). The Court has considered all the *Johnson* factors here.

The law firm of Joseph & Kirschenbaum LLP represented Plaintiffs in this matter. Class Counsel has substantial experience litigating wage and hour disputes in this District, including as such disputes pertain to the food services industry. *See* Dkt. 152 ("DiGiulio Decl.") ¶¶15-17 (citing cases). Plaintiffs are seeking hourly rates of $500 per hour for Managing Partner D. Maimon Kirschenbaum and Partner Denise A. Schulman; $350 per hour for senior associate Michael DiGiulio, and $125 per hour for the paralegals and administrative assistants on the matter. Br. at 5. Defendants "take no issue with the rates requested by

6

Plaintiffs," Opp. at 3 n.3, and the Court deems the requested rates reasonable. That is consistent with the Court's previous ruling on Plaintiffs' motion for attorney fees in connection with the sanctions motion in this case. Dkt. 88 at 31-34 (report and recommendation finding rates of $500 per hour for Schulman and $350 per hour for DiGiulio reasonable); Dkt. 93 (adopting report and recommendation and awarding fees).

      Moreover, Courts in this District routinely grant comparable attorneys' fees, including in cases that involved Class Counsel. *See, e.g.*, *Dougherty v. 2With Deli Corp.*, No. 23-cv-03496 (ER), 2023 WL 8432866, at *2 (S.D.N.Y. Dec. 5, 2023) (finding hourly rate of $500 per hour for Kirschenbaum and Schulman reasonable). Admittedly, Class Counsel's requested rates are higher than those previously granted in routine wage and hour disputes such as this one, but the Court nevertheless finds $500 reasonable here, especially when accounting for inflation and increases in attorneys' hourly rates over time. *See, e.g.*, *Rodriguez v. 3551 Realty Co.*, No. 17-cv-06553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (finding that hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017]," but "not beyond the pale"); *see also Champagne v. Columbia Dental P.C.*, No. 18-cv-01390 (VLB), 2022 WL 951687, at *5-6 (D. Conn. Mar. 30, 2022) (discussing appropriateness of increasing attorneys' hourly rates due to lapse of time and cumulative increases in the cost of living). Indeed, in *Zivkovic v. Laura Christy LLC*, Judge Woods observed that a $500 rate was higher than the rate awarded in other wage and hour disputes, but nevertheless held that it was an appropriate rate for Kirschenbaum and Schulman given their significant employment law experience. Dkt. 152-5 at 15-16 (Transcript of Conference at 15:18-16:24, *Zivkovic*, No. 17-cv-00553 (June 15, 2022)). In so ruling, Judge Woods acknowledged that the use of case precedents in establishing appropriate rates for counsel has the effect of "anchor[ing] rates in the past," and

7

that an upward adjustment was therefore appropriate. *Id.* at 15-16 (Transcript of Conference at 16:20-17:8, *Zivkovic*, No. 17-cv-00553 (June 15, 2022)). This Court agrees with Judge Woods's reasoning.

With respect to DiGiulio, the Court holds that the rate of $350 per hour is also reasonable. Mr. DiGiulio graduated from law school in 2014 and joined Jospeh & Kirschenbaum LLP in 2020. DiGiulio Decl. ¶ 8. His requested rate is within the range approved by other courts for associates. *See, e.g.*, *Lopez v. Emerald Staffing, Inc.*, No. 18-cv-02788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that courts in this District generally award between $300 to $400 per hour for wage-and-hour attorneys); *Rodriguez*, 2017 WL 5054728, at *3 (approving hourly rate of $350 for associates).

Finally, with respect to support staff and paralegals, the Court finds the hourly rate of $125 reasonable. Indeed, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [D]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18-cv-04672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (citation omitted). Courts approve similar rates for legal assistants. *See, e.g.*, *Dougherty*, 2023 WL 8432866, at *2 (approving hourly rate of $125); *Ravina v. Columbia Univ.*, No. 16-cv-02137 (RA), 2020 WL 1080780, at *7 (S.D.N.Y. Mar. 6, 2020) (approving hourly rate of $150 for legal assistants).

### B. Reasonably Expended Hours

The Court next considers whether the hours expended by Class Counsel were reasonable. When evaluating the reasonableness of hours billed, courts must make a "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam)). "[T]he critical inquiry is 'whether, at the time the work was performed, a

reasonable attorney would have engaged in similar time expenditures.'" *Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded," and "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quotation marks and citation omitted). To make this determination, a court reviews "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

The Court has reviewed the time entries submitted by Class Counsel and deems them nonduplicative and reasonable. *See generally* Dkts. 152-1, 161-1, 161-2. Plaintiffs seek reimbursement for 470.6 hours of attorney time and 114.3 hours of paralegal/administrative assistant time since the commencement of this case in January 2022. *See* Dkts. 152, 161-2. In the nearly three years that this case has been pending, class counsel has taken and defended depositions; briefed a motion for FLSA collective certification; briefed a motion for Rule 23 class certification; completed discovery on a class-wide basis; engaged in settlement efforts; opposed a motion to decertify the Rule 23 Class and fully briefed a motion for summary judgment; and obtained a class-wide judgment on the minimum-wage, overtime, and spread-of-hours claims. Moreover, Class Counsel represents that they removed more than fifty hours of entries that related solely to Plaintiffs' and the Class's NYLL Section 195 claims (which Plaintiffs voluntarily dismissed) or that were otherwise duplicative, vague or excludable. DiGuilio Decl. ¶¶ 19; Br. at 11. Class Counsel further represents that they also removed time entries for which the Court previously awarded it fees in connection with the sanctions motion

in this case, and that a half rate was applied for travel time and wait times. DiGuilio Decl. ¶¶ 20-21.

Defendants raise three primary objections to Plaintiffs' request for attorneys' fees. Defendants contend that (1) the fees sought should be reduced by at least fifty percent to reflect that Plaintiffs did not prevail on their NYLL Section 195 claims; (2) to the extent the fees sought include time spent on damages calculations, the fees should be reduced for time spent on damages calculations for the NYLL Section 195 claims and on damages for non-Class members; and (3) the Court should exclude time expended on the sanctions motion in this case, for which Plaintiffs previously received an award of attorneys' fees. *See generally* Opp.

With respect to Plaintiffs' NYLL Section 195 claims, Defendants argue that those claims "constituted a significant effort in this case and, clearly more than the modest reduction of 50 attorney hours reflected in the attorney affidavit in support of the fee petition." Opp. at 2. Defendants assert that because Plaintiffs did not prevail on their wage notice and wage statement claims, and because those claims carried greater damages than the claims on which Plaintiffs prevailed, the attorneys' fees award should be reduced by at least 50 percent. Opp. at 4. Defendants point to the significant expenditures of time on the wage notice and wage statement claims throughout the course of this litigation, including in connection with the parties' cross-motions for summary judgment, Defendants' motion for decertification, and related briefs and letters; the drafting of the complaint; discovery requests; and deposition questions. *Id*. at 6. Plaintiffs maintain that they have removed all time entries that were related "solely" to the NYLL Section 195 claims, and that Plaintiffs are entitled to recover fees for non-severable time spent on those claims. Reply at 1-2. Plaintiffs further argue that a 50 percent reduction is, in any event, unwarranted, and that the Court should apply at most a

10 percent reduction. *Id.* at 5. In so arguing, Plaintiffs refute Defendants' characterization of the time expended on litigating the NYLL Section 195 claims, including Defendant's assertion that the NYLL Section 195 claims "'drove the discussions'" "'[i]n every settlement discussion and conference with the court up to the dismissal of the New York Labor Law Section 195 claims." Reply at 6-8 (alteration in original) (quoting Opp. at 5).

In a NYLL or FLSA case, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Coker v. Goldberg & Assocs., P.C.*, No. 23-cv-01803 (JLR), 2024 WL 2274035, at *2 (S.D.N.Y. May 20, 2024) (quoting *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022)). "A district court's assessment of the degree of success achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims," and "[b]oth the quantity and quality of relief obtained, as compared to what plaintiff sought to achieve . . . are key factors in determining the degree of success achieved." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quotation marks and citations omitted). This extends to claims that are voluntarily dismissed — even where a plaintiff "strategically decide[s] to withdraw [their] claims, the fact remains that [they] voluntarily withdrew them and therefore did not prevail on them." *Coker*, 2024 WL 2274035, at *3; *see also Green v. Torres*, 361 F.3d 96, 99-100 (2d Cir. 2004) (affirming district court's reduction of fee award based on claims that plaintiff voluntarily dismissed before trial). "When a plaintiff succeeds on some claims but not others, courts must also consider whether the claims brought are based on different facts and legal theories, or if the claims involve a common core of facts or [are] based on related legal theories." *Holick*, 48 F.4th at 106 (alteration in original) (internal quotation marks and citation omitted). "Attorney's fees may be awarded for unsuccessful claims as well as successful ones [] where they are inextricably intertwined and involve a

11

common core of facts or are based on related legal theories." *Id.* (alteration in original) (quoting *Quarantino v. Tiffany & Co.*, 165 F.3d 422, 425 (2d Cir. 1999)).

Here, the Court dismissed Huk's wage statement and wage notice claims for a lack of standing and granted Plaintiffs' motion to voluntarily dismiss Martinenko's and Class Members' NYLL Section 195 claims. Plaintiffs otherwise prevailed, however, on class certification and class-wide claims for unpaid wages, liquidated damages, interest, and individual liability. Dkts. 141, 154. Moreover, Class Counsel represents that they excluded any time related "solely" to the NYLL Section 195 claims, and indeed, Class Counsel's time records do not reflect, for instance, drafting Plaintiffs' objections to the R&R, which solely addressed Plaintiffs' and Class Members' standing for their NYLL § 195 claims. *See* Schulman Decl. ¶ 8; Dkt. 152-1 at 24 (reflecting only review of and drafting responses to Defendants' R&R objections).[1] The Court agrees with Plaintiffs that to the extent certain time entries still reflect marginal time expended by Class Counsel toward litigation of the NYLL Section 195 claims, that time is non-severable, and Plaintiffs are therefore entitled to recover for it. District courts often find statutory wage-and-hour claims to be intertwined with one another because they arise from a "common core of facts," that is, employees' employment with the defendant-employer. *See Coker*, 2024 WL 2274035, at *3 (finding that plaintiff's "voluntarily dismissed NYLL overtime and spread-of-hours claims [were] sufficiently intertwined with Plaintiff's successful FLSA unpaid-overtime claim, as the claims involved common factual and legal issues about the amount and nature of Plaintiff's work and her compensation for that work"); *see also Holick,* 48 F.4th at 108 (finding that plaintiffs' wage-

---

[1] To the extent there are generalized entries pertaining to the R&R, for instance, "draft R&R sections," Dkt. 152-1 at 24, these time entries post-date Plaintiffs' filing of their objections to the R&R, and therefore necessarily refer to the drafting of Plaintiffs' opposition to Defendants' objections to the R&R.

and-hour statutory claims "clearly ar[o]se from a common nucleus of operative fact regarding their time working for [defendant]"); *Bond v. Welpak Corp.*, No. 15-cv-02403 (JBW) (SMG), 2017 WL 4325819, at *6 (E.D.N.Y. Sept. 26, 2017) (finding claims relating to failure to pay overtime, failure to pay wages in a timely manner, and failure to provide wage notices arose from the same common core of facts); *Cabrera v. Schafer*, No. 12-cv-06323 (ADS) (AKT), 2017 WL 9512409, at *8-9 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017) (holding that claims related to overtime wages, spread-of-hours wages, and proper wage notices were interrelated).

The same is true here. As Plaintiffs argue, Defendants' wage statements and wage notices would have been relevant to Defendants' liability and subject to discovery even if Plaintiffs had not sought relief under NYLL Section 195. The wage statements and wage notices are highly relevant to establishing Plaintiffs' and Class Members' hours worked and their pay rates — which in turn bear directly upon Plaintiffs' and Class Members' minimum wage, overtime, and spread-of-hours claims. The content of Defendants' wage notices and wage statements is also relevant to Plaintiffs' and Class Members' minimum-wage claims insofar as those claims turn on whether 212 Steakhouse employees received adequate notice of Defendants' application of a tip credit.[2] Therefore, because Plaintiffs' and Class Members' wage notice and wage statement claims are intertwined with the unpaid-wages claims on

---

[2] This Court previously held that legally compliant wage notice requirements would not necessarily have satisfied Defendants' obligation to provide adequate notice of their tip credit to employees. Dkt. 141 at 23-24. But, as Plaintiffs note, "it is of course possible for an employer to provide employees with a single notice that satisfies all of the requirements of 12 N.Y.C.R.R. § 146-2.2 and NYLL § 195." Reply at 4 n.3. Therefore, had the wage notices provided legally compliant notice of the tip credit, Plaintiffs' and Class Members' minimum-wage claims would have failed as a matter of law. At a minimum, wage statements and wage notices would have been evidence relevant to — even if not necessarily dispositive of — Plaintiffs' and Class Members' notice of a tip credit.

which Plaintiffs prevailed, Class Counsel is entitled to recover attorneys' fees for the time they directed thereto.

*Poulos v. City of New York* which Defendants cite in support of a 50 percent reduction of the requested fees, *see* Opp. at 8, is readily distinguishable. No. 14-cv-03023 (LTS) (BCM) 2018 WL 3750508 (S.D.N.Y. July 13, 2018), *report and recommendation adopted*, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018). *Poulos* did not address inter-related claims like those here; rather, in *Poulos*, the plaintiff sought attorneys' fees as against only one of the defendants. *Id.* at *11. The Court held that the defendant should not be responsible for fees related either to work undertaken on behalf of other defendants or in support of the case as a whole. *Id.* at *13  Moreover, the court in *Poulos* found that many of counsel's entries were too "vague," referring, for instance, only to "review order" or "review file," and therefore recommended that a 50 percent reduction was warranted. *Id*. Here, the Court finds that Class Counsel's entries are sufficiently clear and precise to allow a determination as to the reasonableness of the fees requested.

Moving next to time expended on damages calculations, Class Counsel represents that they recreated the time to calculate the NYLL Section 195 damages, and that it took forty-seven minutes to do so. Dkt. 161 ¶ 11. As for the calculation of unpaid wages for Adrian Pizarro, who was ultimately found not to be a Class Member, Class Counsel represents that any time expenditure would have been "*de minimis*" in the context of the overall damage calculation. *Id.* ¶ 10. Counsel also represents that any time spent calculating NYLL Section 195 damages for Martinenko and Huk at the summary judgment stage was likewise *de minimis*, because they were both entitled to recover maximum penalties. *Id.* ¶ 16. The Court therefore subtracts one hour from Schulman's time expended, for a total of 257.4 hours (inclusive of two hours of travel time).

Finally, the Court likewise rejects Defendants' request that the Court reduce the award of fees because it includes time related to the sanctions motion for which Plaintiffs were already awarded attorneys' fees. Opp. at 8-9. It is not clear which time entries Defendants are referencing in their Opposition. Nonetheless, having cross-referenced the dates and descriptions identified by Defendants, against the time sheets submitted in support of Plaintiffs' motion for attorneys' fees in connection with the sanctions motion, the Court has confirmed that Plaintiffs were not previously compensated for the fees sought here. *Compare* Opp. at 8-9 (citing time entries submitted in connection with the present motion), *with* Dkts. 63-15, 69-1 (listing time entries submitted in connection with fees request for sanctions motion); *see also* Dkt. 161-1 (time entries related to sanctions submitted in connection with the present motion). Indeed, at least six of the entries cited by Defendants — the March 27, March 29, March 30, and April 3, April 4, and April 17, 2023 entries — relate to preparing for and attending the sanctions hearing and reviewing the sanctions decision, and therefore could not have been included in Plaintiffs' sanctions motion and fee request, for which Plaintiffs completed briefing on November 22, 2022. Dkts. 68, 69. Moreover, at least three of the 2022 entries relate to discovery in general, or to a combination of sanctions and non-sanctions topics, and therefore would not necessarily have been compensable on the sanctions motion. *See* Dkt. 152-1 at 5, 7; Dkt. 161-1 at 1. Plaintiffs were not previously compensated for any of this time and are therefore now entitled to fees for the time they expended; Defendants cite no authority in support of a contrary holding.

## II. Expenses

Finally, Plaintiffs seek to recover $4,150.78 in expenses for, among other things, court filings, process servers, depositions, mailings, and court-transcript orders over the course of the more than two years that this action was pending. Br. at 12.

Both the FLSA and NYLL provide for the recovery of reasonable costs. *See* 29 U.S.C. § 216(b); N.Y. Lab Law § 663(1). "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d. Cir. 1998) (alteration adopted) (citation omitted). These include, for instance, charges for "photocopying, binding, shipping, travel, and filing fees." *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 37-38 (N.D.N.Y. 2015). The Court has reviewed the disbursement records and receipts submitted by Class Counsel and has determined that the expenses charged are compensable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiffs' motion for attorneys' fees, and expenses. Plaintiffs are hereby awarded $223,458.28 in fees and expenses.

Dated: December 23, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge