JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

January 21, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: Martinenko v. 212 Steakhouse, Inc.
       No. 22 CV 518 (JLR) (RWL)

Dear Judge Rochon:

  We are Class Counsel in the above-referenced action. I write to respectfully request that the Court order Defendants 212 Steakhouse, Inc. and Nikolay Volper to respond to information subpoenas served on each of them as part of post-judgment discovery. I met and conferred with Defendants' counsel by phone on January 16, 2025. During that phone call, Defendants' counsel stated that, contrary to his advice, Defendants refused to respond to the information subpoenas because they believed Class Counsel had "committed a fraud on the Court," and Defendants do not trust Class Counsel with the requested information.

  **I.**  **Applicable law**

  As this Court has recognized, "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 22 CV 8842, 2024 U.S. Dist. LEXIS 66838 (S.D.N.Y. Apr. 10, 2024) (cleaned up). Under Fed. R. Civ. P. 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "'The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment.'" *Citibank, N.A.*, 2024 U.S. Dist. LEXIS 66838, at *7. "Similarly, under New York law, 'the judgment credit may compel disclosure of all matter relevant to the satisfaction of the judgment.'" *Id*. at *8 (quoting NY CPLR § 5223.)

## II. The current dispute

On November 14, 2024, the Court entered judgment in favor of the Class and against Defendants, jointly and severally, in the amount of $251,269.84. (Dkt. No. 154.) On December 23, 2024, the Court entered an order awarding the Class an additional $223,458.28 in attorneys' fees and costs. (Dkt. No. 166.) To date, Defendants have made no payments towards satisfying these judgments.

Accordingly, Class Counsel served a restraining notice and information subpoena on each Defendant, as permitted under New York law.[1] NY CPLR §§ 5222, 5224. Defendant Volper's restraining notice and information subpoena was delivered to him on December 23, 2024 (*see* Ex. 3), and 212 Steakhouse, Inc.'s restraining notice and information subpoena was delivered to it on January 6, 2025 (*see* Ex. 4). Responses to the information subpoenas were due seven days after delivery. NY CPLR § 5224(a)(3). As noted above, Defendants have not responded to the information subpoenas and have affirmatively refused to do so.

Defendants have not articulated any legitimate reason for refusing to respond to the information subpoenas, instead making a baseless accusation of fraud against Class Counsel. The information subpoenas asked Defendants to identify various types of assets and accounts and are therefore "'related to the creditor's efforts to trace the debtor's assets.'" *Citibank, N.A.*, 2024 U.S. Dist. LEXIS 66838, at *8. Accordingly, the Class is entitled to the requested discovery, and we respectfully request that the Court enter an order compelling Defendants to fully respond to their information subpoenas, subject to being held in contempt of Court. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

Defendants shall provide a response, if any, to Class Counsel's letter by January 24, 2025.

SO ORDERED.

Dated: January 22, 2025
New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

---

[1] The restraining notice and information subpoena to Defendant Volper is attached hereto as Exhibit 1, and the restraining notice and information subpoena to Defendant 212 Steakhouse, Inc. is attached hereto as Exhibit 2.