# EXHIBITS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINO MARTINENKO on behalf of herself,

and others similarly situated

Fill in above the full name of each plaintiff or petitioner.

Case No. __22__ CV __518__

-against-

212 STEAKHOUSE. INC., and

NIKOLAY VOLPER

## DECLARATION

Reason and Opposition to Plaintiff INFORMATION SUBPOENA

I, _____Nikolay Volper_____ , declare under penalty of perjury that the

following facts are true and correct:

1. Main Plaintiff Nino Martinenko and her attorneys committed misrepresentation and misconduct.

2. These acts done by opposing party intend to influence the judges' recommendations and orders in the case.

3. On April 4, 2023, a proceeding was held to address the misconduct in the court room upfront of Judge ROBERT W. LEHRBURGER.

4. During the preceding the attorney DENISE SCHULMAN testify that "I never called her". See Exhibit 1

5. On November 8, 2024, the plaintiff's attorney filed the attorney fees in the case. Refer to Exhibit 2.

1

Scanned with
CamScanner

6. Records indicate that Attorney Denise Schulman made a phone call on May 10, 2022, to potential opt-in plaintiff Dagmara Huk.

7. On the same date, May 10, 2022, Attorney Schulman also made a call to Damon, spending 30 minutes on the conversation.

8. Attorney Denise Schulman made a phone call to Dimitry Zarobin on June 23, 2023.

9. On March 14, 2024, Andy Pichardo received a phone call from Vivian Peng. On the same day, Attorney Schulman had a call with Vivian Peng. Please see Exhibit 2 (Highlighted in yellow)

10. Damon, Dimitry Zarobin, and Vivian Peng never joined the lawsuit. However, they all were still counted as class members.

11. Plaintiff's attorney does not follow the professional rule 3.4. Fairness to opposing party and counsel

12. Also, Attorney Denise Schulman directly disobeyed court order under notices to contact class members only by email, text and mail but no direct phone calls.

13. On April 3, 2023, the Plaintiff attorney Denise A. Schulman filed a response to the court.

    "Nor does Opt-In Plaintiff Dagmara Huk's deposition testimony establish any ethical Pro violations. Ms. Huk testified that she learned about this lawsuit by being contacted by counsel. She did not testify that counsel called her, and Defendants' counsel did not ask her the method by which she was contacted. Counsel "contacted" Ms. Huk in the same way that it "contacted" all potential opt-in plaintiffs: by disseminating the Court-approved notice via mail and text message." Please see Exhibit 3 (Highlighted in yellow)

    **False and Misleading Statements**

14. My attorney asked the following question, but Dagmara Huk was stopped and instructed not to answer any question by attorney Michael DiGiulio. See Exhibit 4 (Highlighted in yellow)

15. She also does not testify that she receives any notices by mail or text and that's the way she knows about the case.

Scanned with
CamScanner

16. During disqualification proceedings the plaintiff's attorney does not show and proof that they sent notices by mail or text message to Dagmara Huk as they claim. By law they are required to keep this record for at least three years.

17. On April 3, 2023, under our motion to disqualify and sanction the Plaintiffs' counsel. See Exhibit 5, attorney Danise Schulman stated that, "Yes, I have seen the affidavits".

18. Attorney Danise Schulman is referring to affidavits submitted from the following individuals: Bonifacio Ramos, Alexander Rynkovsky, Luis Fernanden, Marikan Tan, Everardo Perez, Nadia Paputnikova, Samuel Garcia, Oscar Morales, and Alexander Porras, where all these individuals clearly stated they do not like to take part in this lawsuit against the defendants, as noted under Point 9 (or Point 10 in some affidavits). See 2 of them in Exhibit 6 for reference

19. Effective the biggening of March 2023, Plaintiff's attorney does not have the jurisdiction of these 9 individuals. And never contact them by sending solicitation notices again nevertheless to point these facts to Magistrate Judge Lehrburger.

20. The evidence clearly shows the plaintiff's attorney successful influence the judge decision. See Exhibit 7

21. I, Nikolay Volper is ready to testify in the Court of Law to present additional facts and evidence to show more misconducts by opposite party.

| 1/24/2025 | | | |
|---|---|---|---|
| Executed on (date) | Signature | | |
| Nikolay Volper | | | |
| Name | | | |
| 24-47 44 street | Astoria | NY | 11103 |
| Address | City | State | Zip Code |
| 347-286-9291 | mail4opt@yahoo.com | | |
| Telephone Number (if available) | E-mail Address | | |

3

Scanned with
CamScanner

# EXHIBIT 1

Scanned with
CamScanner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                   :
                                            Docket #22cv518
MARTINENKO, et al.,                      :

              Plaintiffs,                 :

  - against -                            :

212 STEAKHOUSE, INC., et al.             : New York, New York
                                           April 4, 2023
              Defendants.                 :

........................................................................... :


PROCEEDINGS BEFORE
THE HONORABLE ROBERT W. LEHRBURGER,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          JOSEPH & KIRSCHENBAUM LLP
                        BY: MICHAEL DIGIULIO, ESQ.
                            DENISE SCHULMAN, ESQ.
                        32 Broadway, Suite 601
                        New York, New York 10004

For Defendants:         LAW OFFICE OF MITCHELL S. SEGAL P.C.
                        BY:  MITCHELL SEGAL, ESQ.
                        1129 Northern Boulevard, Suite 404
                        Manhasset, New York 11030




Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone: (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

2  left it alone at that point. But I think that's also a
3  violation of the rules, and that's the second plaintiff
4  that came into the action.

5            THE COURT:  Yeah, okay.  Plaintiff want to
6  respond?  Ms. Schulman.

7            MS. SCHULMAN:  Yes.  So Judge Liman granted our
8  motion for, our 216(b) motion including notice by text
9  message.  Our motion included a proposed text message
10 notice.  He did not make any alterations to that.  He
11 only altered the mailing notice.  So the proposed text
12 message notice was exactly what you have before you now,
13 and it had a link to the full notice because, of course,
14 you can't possibly put a multipage notice into a text
15 message.

16           As for the opt-in plaintiff, Dag Maja Huk, I
17 never called her.  She said she was contacted by
18 plaintiff's counsel which she was because we sent the
19 court-authorized notice.

20           THE COURT:  And I just want to make sure I
21 understand something.  Are you saying that the actual
22 text of the text, apart from the link to the notice, was
23 that language that was approved by Judge Liman?

24           MS. SCHULMAN:  This is our proposed text notice
25 in our motion.

2

# EXHIBIT 2

Scanned with
CamScanner

| Case | Biller | Date | Time | Rate | Total | Description |
|---|---|---|---|---|---|---|
| 212 Steakhouse | Denise Schulman | 4/12/2022 | 0.1 | $500.00 | $50.00 | Draft letter to court re: briefing schedule |
| 212 Steakhouse | Denise Schulman | 4/19/2022 | 3.2 | $500.00 | $1,600.00 | Draft 216(b) reply |
| 212 Steakhouse | Denise Schulman | 4/19/2022 | 0.5 | $500.00 | $250.00 | Review 216(b) opp/draft reply |
| 212 Steakhouse | Denise Schulman | 4/20/2022 | 3.5 | $500.00 | $1,750.00 | Draft 216(b) reply |
| 212 Steakhouse | Denise Schulman | 4/21/2022 | 0.1 | $500.00 | $50.00 | Finalize/file 216(b) reply |
| 212 Steakhouse | Denise Schulman | 4/21/2022 | 0.1 | $500.00 | $50.00 | Prepare reply exhibits |
| 212 Steakhouse | Denise Schulman | 4/21/2022 | 0.4 | $500.00 | $200.00 | Draft reply brief |
| 212 Steakhouse | Denise Schulman | 4/26/2022 | 0.2 | $500.00 | $100.00 | Review 216(b) order/email client |
| 212 Steakhouse | Denise Schulman | 4/27/2022 | 0.7 | $500.00 | $350.00 | Draft mtd |
| 212 Steakhouse | Denise Schulman | 4/27/2022 | 0.1 | $500.00 | $50.00 | Email Ileana and Evelyn re: mailing |
| 212 Steakhouse | Denise Schulman | 4/27/2022 | 0.1 | $500.00 | $50.00 | Planning for notice mailing |
| 212 Steakhouse | Denise Schulman | 4/27/2022 | 0.2 | $500.00 | $100.00 | Update notice |
| 212 Steakhouse | Denise Schulman | 4/28/2022 | 0.2 | $500.00 | $100.00 | Discuss 216(b) mailing with Ileana and Evelyn |
| 212 Steakhouse | Evelyn Velesaca | 4/29/2022 | 0.6 | $125.00 | $75.00 | Assemble mailing envelopes |
| 212 Steakhouse | Denise Schulman | 5/2/2022 | 0.1 | $500.00 | $50.00 | Review discovery requests |
| 212 Steakhouse | D. Maimon Kirschenbaum | 5/3/2022 | 0.2 | $500.00 | $100.00 | Discuss next steps, discovery |
| 212 Steakhouse | Denise Schulman | 5/3/2022 | 0.1 | $500.00 | $50.00 | Email Evelyn re: mailing |
| 212 Steakhouse | Denise Schulman | 5/3/2022 | 0.1 | $500.00 | $50.00 | Email Ruth re: 216(b) text message |
| 212 Steakhouse | Denise Schulman | 5/3/2022 | 0.1 | $500.00 | $50.00 | Email defense |
| 212 Steakhouse | Denise Schulman | 5/3/2022 | 0.1 | $500.00 | $50.00 | Email client re: settlement |
| 212 Steakhouse | Denise Schulman | 5/3/2022 | 0.1 | $500.00 | $50.00 | Email defense re: counterclaims |
| 212 Steakhouse | Evelyn Velesaca | 5/3/2022 | 0.6 | $125.00 | $75.00 | Finish assembling mailing envelopes |
| 212 Steakhouse | Denise Schulman | 5/9/2022 | 0.1 | $500.00 | $50.00 | Email Ruth re: 216(b) text message |
| 212 Steakhouse | Denise Schulman | 5/10/2022 | 0.1 | $500.00 | $50.00 | Call with potential opt-in (Dagmara) |
| 212 Steakhouse | Denise Schulman | 5/10/2022 | 0.2 | $500.00 | $100.00 | Email potential opt-in |
| 212 Steakhouse | Denise Schulman | 5/10/2022 | 0.3 | $500.00 | $150.00 | Call with potential opt-in (Damon) |
| 212 Steakhouse | Denise Schulman | 5/10/2022 | 0.1 | $500.00 | $50.00 | Call with potential opt-in |
| 212 Steakhouse | Evelyn Velesaca | 5/10/2022 | 0.1 | $125.00 | $12.50 | Mail notices |
| 212 Steakhouse | D. Maimon Kirschenbaum | 5/11/2022 | 0.2 | $500.00 | $100.00 | Review discovery emails |
| 212 Steakhouse | Denise Schulman | 5/11/2022 | 0.1 | $500.00 | $50.00 | Email defense re: discovery |
| 212 Steakhouse | Denise Schulman | 5/16/2022 | 0.1 | $500.00 | $50.00 | Email defense re: discovery |
| 212 Steakhouse | Denise Schulman | 5/19/2022 | 0.1 | $500.00 | $50.00 | Email defense re: meet and confer |
| 212 Steakhouse | Denise Schulman | 5/24/2022 | 0.1 | $500.00 | $50.00 | Discuss discovery with Maimon |

Scanned with CamScanner

| Case | Biller | Date | Time | Rate | Total | Description |
|---|---|---|---|---|---|---|
| 212 Steakhouse | Mike DiGiulio | 6/20/2023 | 0.2 | $350.00 | $70.00 | Confer with partner re: class mailing |
| 212 Steakhouse | Denise Schulman | 6/21/2023 | 2.4 | $500.00 | $1,200.00 | Work on damage calc |
| 212 Steakhouse | Denise Schulman | 6/21/2023 | 0.1 | $500.00 | $50.00 | Email Jorge and Evelyn re: class notice procedures |
| 212 Steakhouse | Denise Schulman | 6/21/2023 | 1 | $500.00 | $500.00 | Work on damage calc |
| 212 Steakhouse | Jorge Aguirre | 6/21/2023 | 0.2 | $125.00 | $25.00 | Mailing notices |
| 212 Steakhouse | Denise Schulman | 6/22/2023 | 0.2 | $500.00 | $100.00 | Discuss damage calc with Mike |
| 212 Steakhouse | Denise Schulman | 6/22/2023 | 0.1 | $500.00 | $50.00 | Work on damage calc |
| 212 Steakhouse | Denise Schulman | 6/22/2023 | 0.6 | $500.00 | $300.00 | Work on damage calc |
| 212 Steakhouse | Denise Schulman | 6/22/2023 | 0.4 | $500.00 | $200.00 | Work on damage calc |
| 212 Steakhouse | Denise Schulman | 6/22/2023 | 0.6 | $500.00 | $300.00 | Work on damage calc |
| 212 Steakhouse | Denise Schulman | 6/22/2023 | 0.2 | $500.00 | $100.00 | Work on damage calc/email defense re: notice mailing |
| 212 Steakhouse | Denise Schulman | 6/23/2023 | 0.1 | $500.00 | $50.00 | Call with Dimitry Zarodin |
| 212 Steakhouse | Jorge Aguirre | 6/23/2023 | 0.2 | $125.00 | $25.00 | Sent client info to Denise re Dimitry Zarodin |
| 212 Steakhouse | Denise Schulman | 6/26/2023 | 0.1 | $500.00 | $50.00 | Email Maimon re: outstanding check |
| 212 Steakhouse | Evelyn Velesaca | 6/29/2023 | 0.2 | $125.00 | $25.00 | Scan check and send disbursement form to ruth |
| 212 Steakhouse | Denise Schulman | 7/6/2023 | 0.3 | $500.00 | $150.00 | Call with class member/review defendants' production |
| 212 Steakhouse | Denise Schulman | 7/6/2023 | 0.3 | $500.00 | $150.00 | Look up addresses for returned notices |
| 212 Steakhouse | Denise Schulman | 7/6/2023 | 0.2 | $500.00 | $100.00 | Review opt out/discuss with Mike |
| 212 Steakhouse | Jorge Aguirre | 7/6/2023 | 0.7 | $125.00 | $87.50 | Remailing notices for clients Romero and Lazzarov |
| 212 Steakhouse | Mike DiGiulio | 7/12/2023 | 0.3 | $350.00 | $105.00 | Confer with client re: case status update |
| 212 Steakhouse | Denise Schulman | 7/13/2023 | 0.4 | $500.00 | $200.00 | Review time records for completeness |
| 212 Steakhouse | Denise Schulman | 7/13/2023 | 0.3 | $500.00 | $150.00 | Call with Mike re: Nikolay affidavit and opt outs |
| 212 Steakhouse | Denise Schulman | 7/13/2023 | 0.1 | $500.00 | $50.00 | Review Rynkovsky damages |
| 212 Steakhouse | Denise Schulman | 7/13/2023 | 0.1 | $500.00 | $50.00 | Discuss opt-outs with Evelyn |
| 212 Steakhouse | Evelyn Velesaca | 7/13/2023 | 0.1 | $125.00 | $12.50 | Discuss opt outs w/ Denise |
| 212 Steakhouse | Evelyn Velesaca | 7/13/2023 | 0.3 | $125.00 | $37.50 | Scan opt outs and send to Denise and Mike |
| 212 Steakhouse | Mike DiGiulio | 7/13/2023 | 0.2 | $350.00 | $70.00 | Confer with partner re: affidavit and opt outs |
| 212 Steakhouse | Denise Schulman | 7/14/2023 | 0.8 | $500.00 | $400.00 | Review outstanding discovery issues |
| 212 Steakhouse | Denise Schulman | 7/14/2023 | 0.2 | $500.00 | $100.00 | Research soliciting opt outs |
| 212 Steakhouse | Denise Schulman | 7/14/2023 | 0.1 | $500.00 | $50.00 | Review opt outs |
| 212 Steakhouse | Denise Schulman | 7/14/2023 | 0.1 | $500.00 | $50.00 | Review possible missing time records |
| 212 Steakhouse | Evelyn Velesaca | 7/14/2023 | 0.1 | $125.00 | $12.50 | Scan opt outs and send to Denise and Mike |
| 212 Steakhouse | Denise Schulman | 7/17/2023 | 0.1 | $500.00 | $50.00 | Email Mike re: client texts |

| Case | Biller | Date | Time | Rate | Total | Description |
|---|---|---|---|---|---|---|
| 212 Steakhouse | Denise Schulman | 1/11/2024 | 0.5 | $500.00 | $250.00 | Discuss SJ reply with Mike |
| 212 Steakhouse | Denise Schulman | 1/11/2024 | 0.1 | $500.00 | $50.00 | Email Mike re: SJ reply |
| 212 Steakhouse | Mike DiGiulio | 1/11/2024 | 0.3 | $350.00 | $105.00 | Review reply brief edits |
| 212 Steakhouse | Mike DiGiulio | 1/11/2024 | 2.2 | $350.00 | $770.00 | Draft SMJ reply brief |
| 212 Steakhouse | D. Maimon Kirschenbaum | 1/12/2024 | 0.2 | $500.00 | $100.00 | Review SMJ reply |
| 212 Steakhouse | Denise Schulman | 1/12/2024 | 0.5 | $500.00 | $250.00 | Research SOL for dead class members |
| 212 Steakhouse | Denise Schulman | 1/12/2024 | 0.2 | $500.00 | $100.00 | Prepare TOA |
| 212 Steakhouse | Denise Schulman | 1/12/2024 | 0.5 | $500.00 | $250.00 | Edit SJ reply/prepare TOA |
| 212 Steakhouse | Denise Schulman | 1/12/2024 | 0.6 | $500.00 | $300.00 | Edit SJ reply and Mike decl |
| 212 Steakhouse | Denise Schulman | 1/12/2024 | 0.2 | $500.00 | $100.00 | Edit SJ reply |
| 212 Steakhouse | Denise Schulman | 1/12/2024 | 0.2 | $500.00 | $100.00 | Discuss SJ reply with Mike |
| 212 Steakhouse | Mike DiGiulio | 1/12/2024 | 0.4 | $350.00 | $140.00 | Review reply brief de-cert |
| 212 Steakhouse | Mike DiGiulio | 1/12/2024 | 3.5 | $350.00 | $1,225.00 | Finalize reply brief SMJ |
| 212 Steakhouse | Denise Schulman | 1/15/2024 | 0.5 | $500.00 | $250.00 | Draft decert surreply |
| 212 Steakhouse | Denise Schulman | 1/16/2024 | 0.2 | $500.00 | $100.00 | Finalize/file request for sur-reply |
| 212 Steakhouse | Andy Pichardo | 1/24/2024 | 0.2 | $125.00 | $25.00 | Took call form Barbara Laluz asking for an update on case, informed Denise |
| 212 Steakhouse | Denise Schulman | 1/24/2024 | 0.1 | $500.00 | $50.00 | Email Barbara Laluz |
| 212 Steakhouse | Denise Schulman | 1/24/2024 | 0.2 | $500.00 | $100.00 | Draft email to Barbara Laluz |
| 212 Steakhouse | Denise Schulman | 1/24/2024 | 0.1 | $500.00 | $50.00 | Email Mike and Maimon re: Barabara Laluz |
| 212 Steakhouse | Denise Schulman | 1/25/2024 | 0.1 | $500.00 | $50.00 | Email Barbara Laluz |
| 212 Steakhouse | Mike DiGiulio | 2/13/2024 | 0.1 | $350.00 | $35.00 | Confirm with client re: status of case |
| 212 Steakhouse | Mike DiGiulio | 2/21/2024 | 0.1 | $350.00 | $35.00 | Confer with client re: case update |
| 212 Steakhouse | Andy Pichardo | 3/14/2024 | 0.2 | $125.00 | $25.00 | Took call from Vivian Peng, informed Denise |
| 212 Steakhouse | Denise Schulman | 3/14/2024 | 0.2 | $500.00 | $100.00 | Call with Vivian Peng |
| 212 Steakhouse | Denise Schulman | 4/17/2024 | 0.1 | $500.00 | $50.00 | Discuss settlement with Maimon |
| 212 Steakhouse | Mike DiGiulio | 8/13/2024 | 1.3 | $350.00 | $455.00 | Review SJ opinion and confer with partners re: analysis and strategy |
| 212 Steakhouse | Mike DiGiulio | 8/14/2024 | 0.4 | $350.00 | $140.00 | Confer with client re: SJ order |
| 212 Steakhouse | Mike DiGiulio | 8/15/2024 | 0.2 | $350.00 | $70.00 | Call with client Nino re: SJ order |
| 212 Steakhouse | Mike DiGiulio | 8/15/2024 | 0.1 | $350.00 | $35.00 | Review and calendar deadlines and order re: r&R objections |
| 212 Steakhouse | Mike DiGiulio | 8/15/2024 | 0.3 | $350.00 | $105.00 | Confer with client Huk re: SJ order |
| 212 Steakhouse | Mike DiGiulio | 8/16/2024 | 0.1 | $350.00 | $35.00 | Confer with client Huk re: SJ order |

Scanned with
CamScanner

# EXHIBIT 3

Scanned with
CamScanner

JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

April 3, 2023

**VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:    Martinenko v. 212 Steakhouse, Inc.**
> **No. 22 CV 518**

Dear Judge Lehrburger:

We represent the Plaintiff in the above-referenced action. I write in response to Defendants' April 3, 2023 letter seeking a pre-motion conference for an anticipated motion to disqualify and sanction Plaintiffs' counsel. Defendants' anticipated motion is entirely frivolous, as Plaintiffs' counsel have not engaged in any improper communications, advertising or solicitation.

Motions to disqualify opposing counsel are disfavored:

> Given that, as a rule, parties should have the right to counsel of their choice, and that disqualification in the midst of litigation can have a profoundly disruptive impact, a party's burden in seeking to disqualify opposing counsel is high, and the court tasked with resolving such a motion must proceed with care. The risk that a motion to disqualify is misused as a tactical device requires that such motions be subject to particularly strict scrutiny.

*Berkley Custom Ins. Managers v. N.Y. Risk Servs. Grp.*, No. 18 CV 09297, 2020 U.S. Dist. LEXIS 196600, at \*5 (S.D.N.Y. Oct. 22, 2020) (internal citations and quotation marks omitted). The tactical nature of Defendants' letter – filed a day before a hearing on Plaintiffs' motion seeking sanctions against Defendants – is evident from its timing. Even worse, however, is that Defendants accuse Plaintiffs' counsel of engaging in improper solicitation based on Plaintiffs' counsel compliance with a Court order.

1

The Court's order granting Plaintiff's motion for conditional collective certification (attached hereto as Ex. 1), explicitly granted Plaintiff's request to disseminate notice to potential opt-in plaintiffs via text message: "Plaintiff has made a sufficient showing for the Court to authorize notice by first-class mail, email, and text message." (Ex. 1 at 13.) Accordingly, Defendants' accusation that Plaintiffs' counsel violated the New York Rules of Professional Conduct by sending the text messages that the Court authorized them to send is completely groundless.

Nor does Opt-In Plaintiff Dagmara Huk's deposition testimony establish any ethical violations. Ms. Huk testified that she learned about this lawsuit by being contacted by counsel. She did not testify that counsel called her, and Defendants' counsel did not ask her the method by which she was contacted. In reality, counsel "contacted" Ms. Huk in the same way that it "contacted" all potential opt-in plaintiffs: by disseminating the Court-approved notice via mail and text message.

For the foregoing reasons, Defendants' motion should be denied. Should Defendants proceed with making a motion on notice, Plaintiff will seek costs in light of the frivolous nature of such a motion. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

2

Scanned with
CamScanner

# EXHIBIT 4

Scanned with
CamScanner

```
 1                             D. Huk
 2   A.    I'm not sure.
 3   Q.    How did you find out about this lawsuit,
 4   craigslist?
 5   A.    No.   I don't think it was on craigslist.
 6   Q.    How did you find out?
 7   A.    Through my lawyer.
 8   Q.    Through your lawyer?
 9   A.    Yes.   I got contacted by my lawyer.
10   Q.    Your lawyer contacted you about the
11   lawsuit?
12   A.    (No verbal response.)
13   Q.    And what did your lawyer say?
14               MR. DiGIULIO:   Objection.   Don't
15         answer that.
16   Q.    Okay.   That's interesting.
17         Did you clock -- well, let's go back for a
18   second.
19         So when you were paid, you received payroll
20   checks?
21   A.    You mean the printout?
22   Q.    Yeah.
23   A.    Not all the time.   Most of the time we
24   didn't.
25   Q.    The checks that you received, were they
```

19

DAGMARA HUK

# EXHIBIT 5

Scanned with
CamScanner

PROCEEDINGS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                       Docket #22cv518
MARTINENKO, et al.,                 :

                  Plaintiffs,       :

  - against -                       :

212 STEAKHOUSE, INC., et al.        : New York, New York
                                      April 4, 2023
                  Defendants.       :

-------------------------------------------------- :

PROCEEDINGS BEFORE
THE HONORABLE ROBERT W. LEHRBURGER,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          JOSEPH & KIRSCHENBAUM LLP
                        BY:  MICHAEL DIGIULIO, ESQ.
                             DENISE SCHULMAN, ESQ.
                        32 Broadway, Suite 601
                        New York, New York 10004

For Defendants:         LAW OFFICE OF MITCHELL S. SEGAL P.C.
                        BY:  MITCHELL SEGAL, ESQ.
                        1129 Northern Boulevard, Suite 404
                        Manhasset, New York 11030

Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

```
 1                      VOLPER (by the Court)               2
 2        A:   So maybe --
 3             THE COURT:  Wait until she asks a question.
 4        Q:   Isn't it true that you have paystubs for other
 5   employees at the restaurants besides --
 6        A:   Sure.
 7        Q:   Besides Ms. Martinenko and Ms. Huk.
 8        A:   Yes.
 9        Q:   Okay, and you have not produced those, correct?
10        A:   We produced these two documents, correct.
11        Q:   Right.  You have not produced any paystubs for
12   any other employees.
13        A:   As I mentioned, they don't want to be, any of
14   employees, this personal information to be distributed.
15   They don't want to be represent by you, by any cross-
16   action suit.  Yes, correct.  We have affidavits from
17   everybody, former, former and current employees that
18   don't want to get represented by you in (indiscernible).
19        Q:   Yes, I have seen the affidavits.
20        A:   Yes.
21        Q:   But you have --
22        A:   You should follow --
23             THE COURT:  One at a time.  And you need to
24   focus on the question that she's asking, and your lawyer
25   can ask you question after -
```

Scanned with
CamScanner

**EXHIBIT 6**

Scanned with
CamScanner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NINO MATINENKO, on behalf of herself and
others similarly situated,

                 Plaintiff,

- against -

212 STEAKHOUSE, INC., and NIKOLAY
VOLPER,

                 Defendants.
----------------------------------------------------------------X

Case No. : 1:22-cv-00518-JLR-RWL

**AFFIDAVIT OF
ALEXANDER RYNKOVSKY**

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK )

     I, **ALEXANDER RYNKOVSKY,** being duly sworn, deposes, and swears to affirm the

truth under penalties of perjury:

1. I, ALEXANDER RYNKOVSKY, am not a party to this action.

2. I currently reside at 65 Oriental Blvd., Apt. 8B, Brooklyn, New York 11235.

3. In or about October of 2015, I began working for Defendant, 212 Steakhouse, Inc., as server.

4. I am still currently employed by Defendant, 212 Steakhouse, Inc., as a server.

5. Throughout my tenure while working for Defendant(s), I have had no negative interactions with Defendant(s).

6. In or about May 2022, I received a text message from a phone number of "718-501-4730", which appears to be soliciting information and/or recruiting employees regarding this lawsuit.

Scanned with
CamScanner

7. This text message advised me to call "212-688-5640". See Exhibit A.

8. Upon information and research, it appears that the text message that came from "718-501-4730" and the phone number listed in the text message "212-688-5640" are both associated with Joseph & Kirschenbaum LLC.

9. It is my position that I would not like to take part in this lawsuit against Defendants.

DATED: New York, New York
      March 6, 2023

                                  ALEXANDER RYNKOVSKY

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

      On the 6 day of March 2023, before me, the undersigned notary public, personally appeared ALEXANDER RYNKOVSKY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                  Notary Public

MARINA VAYSBAUM
Notary Public, State of New York
No. 01VA6120545
Qualified in Richmond County
Commission Expires Dec. 20, 2024

Scanned with CamScanner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

NINO MATINENKO, on behalf of herself and
others similarly situated,

                              Plaintiff,              Case No. : 1:22-cv-00518-JLR-RWL

          - against -                                 **AFFIDAVIT OF**
                                                      **LUIS FERNANDEZ**


212 STEAKHOUSE, INC., and NIKOLAY
VOLPER,

                              Defendants.

-------------------------------------------------------------X


STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

          I, **LUIS FERNANDEZ**, being duly sworn, deposes, and swears to affirm the truth under

penalties of perjury:

1.  I, LUIS FERNANDEZ, am not a party to this action.

2.  I currently reside at 6209 Palisades Ave. G, West New York, New Jersey. 07093

3.  In or about February 2022, I began working for Defendant, 212 Steakhouse, Inc., as a
    server.

4.  I am still currently employed by Defendant, 212 Steakhouse, Inc., as a server.

5.  Throughout my tenure while working for Defendant(s), I have had no negative
    interactions with Defendant(s).

6.  In or about May 2022, I received a text message from a phone number of "718-501-
    4730", which appears to be soliciting information and/or recruiting employees regarding
    this lawsuit.

Scanned with
CamScanner

7. This text message advised me to call "212-688-5640". See Exhibit A.

8. Upon information and research, it appears that the text message that came from "718-501-4730" and the phone number listed in the text message "212-688-5640" are both associated with Joseph & Kirschenbaum LLC.

9. It is my position that I would not like to take part in this lawsuit against Defendants.

DATED: New York, New York
March 4, 2023

LUIS FERNANDEZ

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 04 day of March 2023, before me, the undersigned notary public, personally appeared LUIS FERNANDEZ, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

ANDY W TORO
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 26, 2026

# EXHIBIT 7

Scanned with
CamScanner

Finally, the Court finds that the R&R properly considered plausible retaliation by Defendants in rendering its numerosity determination. Contrary to Defendants' assertion that any such claim of retaliation is "unfounded," D. Obj. at 11-12, every current employee opted out of the class action, and did so using nearly identical forms, sent from the same zip code, using the same envelopes. That is sufficient to at least raise the specter of retaliation. In any event, Defendants were not unfairly prejudiced by Magistrate Judge Lehrburger's suggestion of retaliation — Defendants' plausible retaliation is not outcome determinative, but merely another thumb on the scale in favor of certification.

## 2. Commonality

Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Mangahas v. Eight Oranges Inc.*, No. 22-cv-04150, 2024 WL 2801922, at *6 (S.D.N.Y. 2024) (citation and quotation marks omitted). "[C]laims by workers that their employers have unlawfully denied them wages to which they were legally entitled have repeatedly been held to meet the commonality prerequisite for class certification." *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 127 (S.D.N.Y. 2011).

Commonality is readily satisfied here, where Defendants engaged in unlawful wage and hour violations applicable to all class members. It is undisputed that Defendants paid all tipped employees the tip credit minimum wage, that Defendants paid class members the regular rate for overtime, and that Defendants did not pay class members a spread-of-hours premium. *See* ECF No. 93 at 3 ("Sanctions Order"); *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 371 (S.D.N.Y. Jan. 29, 2007) (commonality satisfied where it was "clear that all of the

8