# Letter-Motion for Stay

**Nikolay Volper**
1-347-286-9291
mail4opt@yahoo.com

**August 21, 2025**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** Martinenko v. 212 Steakhouse, Inc. et al., Case No. 1:22-cv-00518 (JLR) – Letter-Motion for Protective Order Staying Deposition

**Dear Judge Rochon,**

I respectfully submit this letter-motion under Fed. R. Civ. P. 26(c) and Local Civil Rule 7.1(d), seeking a protective order staying my deposition currently scheduled for August 26, 2025, until I submit my Rule 60 motion.

## 1. Cause for Stay

Good cause exists to stay my deposition until resolution of my Rule 60 motion, which will seek relief under Rules 60(b)(1), (2), (3), (4), (6), and 60(d)(1), (d)(3). That motion challenges the judgment and certification orders as having been procured through:

Rule 11 violations – Plaintiffs' counsel filed the Complaint (Dkt. 1) and affidavits (Dkts. 22, 29) without factual verification. The Court's certification order expressly stated: *"The following facts drawn from Plaintiff's complaint ... are assumed to be true for purposes of this motion."* (Dkt. 30 at 1). The Complaint alleged that Plaintiff Martinenko "regularly worked more than forty

hours per week" and that she worked "five dinner shifts … and two to three lunch shifts" each week (Dkt. 30 at 2; Compl. ¶¶ 23–24). It further alleged that "Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours" (Compl. 48). These assumptions were later disproven by contemporaneous time records (Dkts. 116-1, 116-9, 116-10).

Rule 23(e) violation – The notice of dismissal of NYLL § 195 claims (Dkt. 145-1) was a single sentence, with no explanation, fairness hearing, or opportunity to object, contrary to *Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950), *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), and *In re Nissan Motor Corp.*, 552 F.2d 1088 (5th Cir. 1977). Rule 23(h) violation – Absent class members received no notice of class counsel's $223,458.28 fee motion. The fee award is void under Rule 60(b)(4). See *Redman v. RadioShack Corp.*, 768 F.3d 622, 637 (7th Cir. 2014); *In re Mercury Interactive Corp.*, 618 F.3d 988, 993–95 (9th Cir. 2010).

Collusion between counsel – Email and chat communications evidence coordinated concealment of material facts and suppression of objections. And Judicial error – Reliance on case law permitting piecemeal dismissal under Rule 41, inconsistent with *Lowery v. Amguard Ins. Co.*, 73 F.4th 123 (11th Cir. 2023), and *Waetzig v. Halliburton Energy Servs., Inc.*, 601 U.S. ___ (2025). If granted, the Rule 60 motion will vacate the judgment and related proceedings, rendering the deposition unnecessary.

## 2. Rule 60(c)(1) and Need for Court's Discretion

I recognize that Rule 60(c)(1) provides that filing a Rule 60 motion does not suspend the finality or operation of a judgment. Thus, my motion alone does not automatically stay discovery. Nevertheless, Rule 26(c) authorizes this Court to issue protective orders where good cause is shown. Given the evidence of fraud, Rule 23(e) and 23(h) violations, and collusion, allowing the

deposition to proceed before resolution of the Rule 60 motion would create unnecessary expense, entrench tainted testimony, and waste judicial resources.

### 3. Prejudice and Undue Burden

Proceeding with the deposition now would cause undue burden and prejudice by forcing testimony in a proceeding already tainted by fraud and jurisdictional defects. Imposing unnecessary expense on Defendant. Consuming judicial resources in discovery that may soon be vacated; and Requiring significant travel hardship – I am currently in Las Vegas, Nevada, due to a car accident and vehicle repairs. My car was only returned on August 20, 2025, and travel to New York by August 26 would impose substantial and unnecessary strain. Courts in this District regularly stay discovery where a pending dispositive motion may render it moot. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

### 4. Requested Relief

For these reasons, I respectfully request that the Court: Stay the deposition scheduled for August 26, 2025. Enter a protective order under Rule 26(c) suspending discovery until resolution of the Rule 60 motion; and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Nikolay Volper

 Defendant, Pro Se