UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NINO MARTINENKO, on behalf of
herself and others similarly situated,
Plaintiff,

Case 1:22-cv-00518-JLR-RWL

-against-.

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER, Defendants.
----------------------------------------------------------X

## DECLARATION OF NIKOLAY VOLPER

I, Nikolay Volper, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am the Defendant in this action. I make this declaration in support of my letter-motion for a protective order staying my deposition currently scheduled for August 26, 2025.

2. I am going to file a Rule 60 motion seeking relief under Rules 60(b)(1), (2), (3), (4), (6), and 60(d)(1), (d)(3). That motion will demonstrate that the judgment and class certification orders were procured through fraud on the Court, false and misleading declarations, Rule 11 violations, jurisdictional defects, and serious judicial errors.

3. The Complaint (Dkt. 1) and declarations alleged uniform overtime, spread-of-hours, and tip-credit violations. These claims were assumed true at the certification stage (Dkt. 30 at 1). However, contemporaneous time records (Dkts. 116-1, 116-9, 116-10) prove that many employees never worked overtime or incurred spread-of-hours damages.

4. Plaintiff Martinenko admitted under oath that she had not even read the Complaint before it was filed (Dkt. 119-11 at 29). Plaintiffs' counsel submitted sworn statements without verifying their factual accuracy, in violation of Rule 11(b).

5. The Court dismissed certain NYLL claims under Rules 41 and 15 without providing the mandatory Rule 23(e) notice to absent class members. Absent class members also never received notice regarding attorney fees. These defects deprived both Defendant and absent class members of due process.

6. Emails and chat communications reflect coordinated actions between my former defense counsel and Plaintiffs' counsel, including efforts to conceal evidence of fraud and prevent objections from being presented to the Court.

7. The Court relied on precedents permitting piecemeal dismissal of claims under Rule 41, which conflicts with *Lowery v. Amguard Ins. Co.*, 73 F.4th 123 (11th Cir. 2023), and the Supreme Court's decision in *Waetzig v. Halliburton Energy Servs., Inc.*, 601 U.S. ___ (2025). These errors compounded the prejudice caused by fraudulent submissions.

8. I am currently located in Las Vegas, Nevada. I was recently involved in a car accident, which required repairs to my vehicle. My car was only returned to me on **August 20, 2025**, making travel to New York for a deposition on August 26, 2025 extremely burdensome and costly.

9. If the Rule 60 motion is granted, the underlying judgment and certification orders will be vacated, and any deposition testimony taken in the interim will have been unnecessary. A stay would prevent wasted resources for both the Court and the parties.

For these reasons, I respectfully submit that good cause exists for entry of a protective order under Rule 26(c), staying my deposition until resolution of the pending Rule 60 motion.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Nikolay Volper

Defendant, Pro Se

1-347-286-9291

mail4opt@yahoo.com

Executed on August 21, 2025