UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINO MARTINENKO, on behalf of herself and others similarly situated

                      Plaintiff,

-against-

212 STEAKHOUSE, INC., and NIKOLAY VOLPER,

                      Defendants.

Case No. 1:22-cv-00518 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On August 12, 2025, this Court granted Plaintiffs' letter motion to compel Mr. Volper's deposition on August 26, 2025 in connection with discovery relating to collections. Dkt. 190. The Court observed that Mr. Volper had indicated that he planned to file a Rule 60 motion, but observed that a Rule 60 motion "does not affect the judgment's finality or suspend its operation." *Id.* (quoting Fed. R. Civ. P. 60(c)(1)). On August 21, 2025, Defendant Volper submitted a letter-motion under Federal Rule of Civil Procedure ("Rule") 26(c) and Local Civil Rule 7.1(d) seeking a protective order staying his deposition currently scheduled for August 26, 2025 until resolution of his Rule 60 motion.

"Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure a court has discretion to stay discovery 'for good cause[.]'" *Spencer Trak Software and Info. Servs., LLC* v. *RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. Apr. 9, 2002) (quoting Fed. R. Civ. P. 26(c)). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Id.* "Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it." *Anti-Monopoly, Inc. v. Hasbro*, No. 94-cv-02120 (LMM), 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996). "Finally, a court

1

should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trak Software and Info Servs., LLC*, 206 F.R.D. at 368.

The Court does not find that a stay of Defendant Volper's August 26, 2025 deposition is warranted.  Mr. Volper notified the Court that he planned to file a Rule 60 motion on August 6, 2025.  Dkt. 188.  The Court entered an order compelling Defendant Volper's deposition on August 12, 2025.  Dkt. 190.  Yet Mr. Volper still waited until August 21, 2025, three business days before his scheduled deposition, to file a motion for a stay pending resolution of his Rule 60 motion.  Moreover, as this Court previously noted, absent a successful challenge under Rule 60, the Court's judgment remains valid and enforceable.  The deposition will also be narrow and targeted in scope insofar as it relates only to Plaintiffs' collection efforts.  Therefore, "the Court's original judgment . . . remains in effect, and proceedings to enforce that judgment must go forward." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, No. 10-cv-05256 (KMW) (DCF), 2013 WL 1703873, at *2 (S.D.N.Y. Apr. 19, 2013).

Mr. Volper's deposition shall proceed on August 26, 2025 in New York.

Dated: August 25, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
_____
JENNIFER L. ROCHON
United States District Judge