**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

**212 STEAKHOUSE INC. and NIKOLAY VOLPER,**

 Defendants.                                    Case No. 1:22-cv-00518-JLR-RWL

– against –

**NINO MARTINENKO,  et al.,**

 Plaintiffs,

-----------------------------------------------------------x

# DEFENDANT NIKOLAY VOLPER'S RENEWED MOTION FOR LEAVE

TO FILE OVERSIZED RULE 60 MOTION NOT EXCEEDING 12,000 WORDS

(AND INCORPORATED SUPPORTING MEMORANDUM OF LAW)

## I. INTRODUCTION

Defendant **Nikolay Volper**, appearing *pro se* and on behalf of **212 Steakhouse Inc.**, respectfully renews his request for leave to file a **Rule 60 Motion** not exceeding **12,000 words**, or, in the alternative, permission to submit a **supplemental memorandum of up to 3,000 words** addressing newly discovered evidence and ethical violations.

1

This renewed motion is brought pursuant to **Fed. R. Civ. P. 7(b)** and **the Court's inherent authority** to manage its docket, and is supported by **Exhibits A,G,H**—an organized evidentiary record illustrating the extraordinary factual and procedural complexity of the forthcoming Rule 60 motion.

## II. BACKGROUND AND PRIOR ORDER

On **October 29, 2025**, the Court issued an Order (Dkt. 197) denying Defendant's prior request for leave to exceed the 8,700-word limit. The Court's denial was based on the record then before it, which did not yet include the full evidentiary compilation and updated factual chronology that now support this renewed motion.

Since that ruling, Defendant has completed the comprehensive evidentiary record (Exhibit A), which consolidates audit logs, sworn depositions, billing records, internal attorney communications, and Attorney General findings—all of which collectively demonstrate multiple layers of misconduct and fraud on the court that must be addressed under **Rule 60(b)(2), (3), (4), (6), and 60(d)(3)**.

Because these materials and issues were **not previously available in organized form**, this renewed motion rests on new facts and supporting documentation that were not before the Court when it issued Dkt. 197.

## III. LEGAL STANDARD

Under **Fed. R. Civ. P. 7(b)**, the Court may grant appropriate procedural relief "as justice requires."
 Courts in this District have consistently allowed parties to file enlarged briefs where doing so

2

serves judicial efficiency and prevents piecemeal litigation. See *SEC v. McGinn, Smith & Co.*, 98 F. Supp. 3d 506, 509 (S.D.N.Y. 2015) (granting leave to exceed page limits where issues were "factually and procedurally complex"); *United States v. Gatto*, No. 17-cr-686 (LAK), 2019 WL 4194569, at *1 (S.D.N.Y. Sept. 3, 2019) (same).

The Court has broad discretion to modify word or page limits where "necessary for the fair and efficient resolution of the issues." *Reid v. IBM Corp.*, No. 95-cv-1755, 1997 WL 357969, at *1 (S.D.N.Y. June 26, 1997).

## IV. GROUNDS FOR RENEWED REQUEST

**A. New Evidence and Expanded Record**

Since the Court's October 29 order, Defendant has compiled a **complete evidentiary record** (Exhibit A) encompassing:

1. **Audit logs** proving post-termination access and perjury;
2. **Attorney billing and emails** confirming undisclosed coordination between counsel;
3. **Affidavits and deposition excerpts** establishing false declarations by class representatives;
4. **Attorney General findings** contradicting representations made to the Court;
5. **Class-notice deficiencies** violating Rule 23(e);
6. **Fee and jurisdictional irregularities** demonstrating void judgment.

These materials were not previously consolidated, verified, or available in this form. Their volume and interrelation across five separate Rule 60 subsections create an extraordinary need for additional space to present the arguments coherently and without repetition.

### B. Extraordinary Complexity and Judicial Economy

The forthcoming Rule 60 motion will address **five independent legal grounds**—new evidence (b)(2), fraud (b)(3), void judgment (b)(4), extraordinary circumstances (b)(6), and fraud on the court (d)(3).

Each requires its own factual section, standard, and case law analysis. Compressing these intertwined issues into 8,700 words would risk omission of key facts or law, potentially necessitating supplemental filings.

Allowing a 12,000-word memorandum will promote **judicial efficiency** by ensuring all arguments and authorities appear in a single, self-contained filing—avoiding future duplication, clarification requests, or sur-replies.

### C. The Request Is Modest, Targeted, and Made in Good Faith

Defendant has carefully streamlined the Rule 60 draft, removing redundancy and minimizing narrative. Even after extensive editing, the complete presentation requires approximately **12,000 words**.

This modest 3,300-word increase (≈4 pages) is proportionate to the record's complexity and made in good faith solely to ensure accuracy and completeness—not delay.

Granting this relief now will conserve judicial resources and facilitate a clear, efficient review of all issues in one brief.

### V. EXHIBITS – EVIDENTIARY RECORD WITH EVIDENCES

In support of this renewed motion, Defendant submits **Exhibit A, G and H** titled *"Evidentiary Record Supporting Rule 60 Motion; Gmail Communication and Text Communication.* It includes an index and organized tabs summarizing the procedural history, evidentiary categories, and representative documents illustrating the case's factual complexity.

This record is offered **solely to demonstrate the necessity for an expanded brief** and is not presented for substantive adjudication of the underlying Rule 60 claims at this stage.

## VI. CONCLUSION

For the foregoing reasons, Defendant **respectfully requests** that the Court:

1. **Grant leave to file a Rule 60 motion not exceeding 12,000 words;** or
2. **In the alternative, permit a 3,000-word supplemental memorandum** addressing newly discovered evidence and ethical violations; and
3. **Grant such other and further relief** as the Court deems just and proper.

Respectfully submitted,                                        Date: October 30, 2025

/s/ Nikolay Volper

Pro Se Defendant, 212 Steakhouse Inc.

1-347-286-9291

mail4opt@yahoo.com