**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

_____

Nino Martinenko, et al.,

   Plaintiffs,

   –against–

212 Steakhouse, Inc. and Nikolay Volper,

   Defendants.

_____

Case No. 22-cv-518 (JLR)

# NOTICE OF DEPOSITION MISCONDUCT AND ABUSE OF PROCESS

Defendant **Nikolay Volper**, appearing *pro se*, respectfully submits this Notice to place on record a sequence of **ethical violations and abuses of process** by Plaintiffs' counsel **Joseph & Kirschenbaum LLP ("J&K")** and attorney **Denise A. Schulman** in connection with Defendant's compelled post-judgment deposition. These actions reflect a continuing pattern of **bad faith, lack of candor to the Court, and disregard for professional obligations** under the **Federal Rules of Civil Procedure** and the **New York Rules of Professional Conduct (NYRPC).**

## 1. Counsel's Conduct Surrounding the Subpoena *(Exh. N)*

On April 1, 2025, attorney **Denise A. Schulman** issued a subpoena directing Defendant's deposition at J&K's New York office. Although the subpoena itself is not challenged, counsel's handling of it revealed a disregard for fairness and professional

responsibility. Defendant promptly cooperated by producing documents and communicating in good faith, yet counsel failed to engage reasonably about logistics or expenses, contrary to **Fed. R. Civ. P. 26(g)** and **NYRPC 3.4(a)**.

### 2. Misrepresentation to the Court to Obtain Compulsion Order

On August 6, 2025, Ms. Schulman filed a letter-motion asking the Court to compel Defendant's deposition for **August 26, 2025**, claiming he had "agreed to appear." She failed to inform the Court that Defendant was temporarily out of state due to a car incident, had offered a video-conference appearance, and that counsel had refused those offers. The Court's **August 12 Order (Dkt. 190)** was thus based on incomplete information, constituting a **failure of candor to the tribunal** under **NYRPC 3.3(a)(1)**.

### 3. Concealment of Material Facts and Continuing Bad Faith *(Exhs. O & P)*

On **August 20, 2025**, Ms. Schulman emailed Defendant stating that she would "ask the Judge to order [him] to attend [his] deposition on August 26" and that he was "responsible for [his] own travel expenses," despite knowing that Defendant resided more than 2,000 miles away and had offered to appear remotely (*Exh. O*). Later that same day, Defendant responded (*Exh. P*), noting that counsel had failed to inform the Court of the actual circumstances—specifically, that he had been involved in a car incident, was temporarily outside New York awaiting repairs, and had proposed both a video-conference and subsequent in-person appearance once travel became possible. Defendant further observed that the Court had been misled by counsel's omission of

these facts regarding his cooperation. This failure to disclose material information constitutes **dishonesty by omission** and violates **NYRPC Rules 3.3, 3.4, and 8.4(d).**

### 3-A. False Characterization of Defendant as "Party Witness" and Misrepresentation of Process *(Exh. O)*

In a follow-up email on **August 20, 2025 at 9:34 A.M.**, Ms. Schulman asserted that Defendant had "agreed to come to [her] office for a deposition," described him as a **"party witness,"** and claimed she had served a **"deposition notice – not a subpoena."** She further threatened to seek sanctions if Defendant did not appear (Exh. O). In fact, Ms. Schulman had personally issued a signed **Rule 45 subpoena** on **April 1, 2025 (Exh. N)** and knew that Defendant was the named party-opponent, not a "witness." Her statements mischaracterized the proceeding and misled the Court regarding the basis for compulsion, violating **NYRPC 3.3(a)(1)**, **3.4(a)**, and **8.4(c)–(d).**

### 4. Second Order Compelling Appearance *(Exh. R)*

On August 25, 2025, relying again on Plaintiffs' representations, the Court issued a second order (**Dkt. 195**) directing Defendant to appear the next day. Counsel's failure to disclose Defendant's offers to cooperate or her prior refusals perpetuated a pattern of **misrepresentation and abuse of judicial process.**

### 5. Deposition Misconduct and Tampering

During the compelled deposition, Ms. Schulman engaged in irrelevant and coercive questioning. When Defendant objected, she refused to explain relevance and

**threatened to call the Judge.** She also **instructed the court reporter not to record certain responses.** Such conduct violated the Fed**. R. Civ. P. 30(c)(2), 30(d)(3), 30(f)(1)** and **26(g)** and breached **NYRPC 3.3 and 8.4(d).**

### 6. Withholding of Transcript and Access Through PACER *(Exh. S)*

Following the August 26, 2025 deposition, Defendant emailed on October 14, 2025 to Plaintiffs' counsel requesting a copy of the certified transcript pursuant to **Fed. R. Civ. P. 30(f)(3)** and **26(b)(3)(C)**. **Counsel did not respond** to this request. Defendant maintains an **active PACER account** and is prepared to make an **official request for the August 26 transcript** once the reporting agency is identified. The transcript remains unavailable to Defendant, limiting his ability to verify and reference his sworn testimony in this proceeding.

### 7. Pattern of Ethical Misconduct

Collectively, counsel's actions — concealing material facts, misrepresenting Defendant's status, threatening sanctions, interfering with the record, and withholding the transcript — constitute a pattern of **ethical misconduct and abuse of process** inconsistent with the duties of candor and fair dealing owed to the Court.

### 8. Relief Requested

Defendant respectfully requests that the Court:

1. **Take judicial notice** of this chronology as evidence of continuing bad faith and ethical violations by Plaintiffs' counsel;

2. **Direct Plaintiffs' counsel** to identify the court-reporting agency or produce the certified transcript;

3. **Admonish or sanction** counsel under **Fed. R. Civ. P. 30(d)(2)** and **45(d)(1);** and

4. Grant such other **protective or corrective relief** as the Court deems just and proper.

**Respectfully submitted,**                                    Dated: November 10, 2025

/s/ **Nikolay Volper** Defendant, Pro Se

Email: mail4opt@yahoo.com

Phone: +13472869291