**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER, Defendants.

                                              **Case 1:22-cv-00518-JLR-RWL**

-against-.

NINO MARTINENKO, on behalf of
herself and others similarly situated,
Plaintiff,

-----------------------------------------------------------X

# DECLARATION OF NIKOLAY VOLPER

### IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT
(28 U.S.C. § 1746)

I, **Nikolay Volper**, declare under penalty of perjury as follows:

1. I am the individual Defendant and owner of 212 Steakhouse Inc. I submit this Declaration in support of my Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(2), (3), (4), (6) and 60(d)(3).

2. Unless otherwise stated, the facts herein are based on my personal knowledge and review of records kept in the ordinary course of business. If called, I could testify competently to these facts.

3. The materials supporting this motion are already on the docket and are incorporated by reference under Fed. R. Civ. P. 10(c) and Local Civ. R. 7.1(a)(3):

    a. **Evidentiary Appendix (Dkt. 198-1)** – 170 pages filed Oct. 31 2025, including: pp. 3–25 (fraud by class representative); pp. 26–62 (billing records and audit logs); pp. 82–107 (jurisdictional and Rule 41 materials); and pp. 107–111 (Article III standing

analysis).

   b. **Motion to Disqualify Plaintiffs' Counsel (Dkt. 201)** and its exhibits (Dkts. 201-1 & 201-2) – documenting email and text communications between Plaintiffs' counsel and my former attorney Jonathan Greenbaum showing coordinated dismissal planning and suppression of evidence.

   c. **Exhibit G – Gmail Communications (Dkt. 201-1)**, **Exhibit H – Text Communications (Dkt. 201-2)**, and **EXHIBITS_EVIDENCIARY_RECORDS (Dkt. 198-1)** are true copies of the records.

4. The referenced exhibits show that Plaintiff Nino Martinenko accessed the restaurant's POS system between January 1–8, 2022 after her termination, using managerial credentials which allowed to see and edit records for all; that Plaintiffs' counsel misrepresented these facts to the Court; and that both Plaintiffs' counsel and my former defense counsel coordinated off-record actions to secure dismissal and fees without my consent.

5. From July 2023 through January 2025 I consistently instructed my counsel to pursue trial and raise fraud issues. Emails and texts in Dkts. 201-1 and 201-2 show those directives were ignored while counsel collaborated with opposing counsel to file stipulations ending certified claims. I never authorized any settlement or dismissal.

6. All records referenced here and in Dkts. 198-1 and 201 are authentic and unaltered. They accurately reflect communications, audit logs, and business records created in the ordinary course of business or during this litigation.

7. These materials demonstrate that officers of the Court engaged in misrepresentation, collusion, and suppression of evidence that corrupted the judicial process. Relief is

2

necessary to vacate the **Final Judgment (Dkt. 154)** and **Fee Order (Dkt. 166)** and to restore a truthful record for adjudication.

I declare under penalty of perjury that the foregoing is true and correct.

*Nikolay Volper*

_____

Nikolay Volper                                             Executed on November 11, 2025

Defendant, Pro Se

1-347-286-9291

mail4opt@yahoo.com

# Audit trail

## Details

| | |
|---|---|
| FILE NAME | Volper's Declaration - 11/12/25, 1:08 AM |
| STATUS | 🟢 Signed |
| STATUS TIMESTAMP | 2025/11/12 01:11:20 UTC |

## Activity

| | | |
|---|---|---|
| SENT | nv@hoobio.com **sent** a signature request to:<br>• Nikolay Volper (nv@hoobio.com) | 2025/11/12 01:08:21 UTC |
| SIGNED | **Signed** by Nikolay Volper (nv@hoobio.com) | 2025/11/12 01:11:20 UTC |
| COMPLETED | This document has been signed by all signers and is **complete** | 2025/11/12 01:11:20 UTC |

The email address indicated above for each signer may be associated with a Google account, and may either be the primary email address or secondary email address associated with that account.