`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
NINO MARTINENKO, on behalf of           CASE NO. 22 CV 518
herself and others similarly situated,

        **Plaintiff,**

   v.

**212 STEAKHOUSE, INC.**, and
**NIKOLAY VOLPER,**

        **Defendants.**
----------------------------------------------------x

## DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am a partner with Joseph & Kirschenbaum LLP ("JK"), Class Counsel in this action. I am familiar with the facts and circumstances set forth herein.

2. After judgment was entered in this action, Plaintiffs began conducting post-judgment discovery in order to collect on the judgment.

3. This included seeking to take the deposition of Defendant Nikolay Volper.

4. On three occasions, Volper confirmed a deposition date only to cancel at the last minute.

5. Plaintiffs initially sought Volper's deposition via subpoena.

6. However, after two deposition cancellations Plaintiffs served Volper with a deposition notice pursuant to Fed. R. Civ. P. 30. A true and correct copy of that deposition notice, which was served on July 14, 2025, is attached hereto as **Exhibit 1**.

7. The deposition notice was for an in-person August 6, 2025 deposition. Volper cancelled that deposition on August 5, 2025.

1

8. On August 6, 2025, I spoke with Volper by phone, and he agreed to appear at a rescheduled deposition at my office on August 26, 2025.

9. During that phone call, I told Volper that because of his previous cancellations I was going to ask the Cout to order him to appear for his deposition on August 26, 2025. Volper did not raise any objection to this on the phone call.

10. On August 6, 2025, I filed a letter motion to compel Volper to appear for his deposition on August 26, 2025, as he had agreed to. I emailed the letter to Volper the same day.

11. The Court granted the motion to compel on August 12, 2025.

12. Volper appeared for his deposition on August 26, 2025.

13. Attached hereto as **Exhibit 2** is a true and correct copy of an email chain with Volper in which he stated that he had no current home or business address.

14. On June 13, 2025 Volper asked me if his deposition could be conducted remotely. I did not agree to a remote deposition. I wanted to conduct the deposition in person because it was a document-heavy deposition, and I anticipated based on prior experience in this action that Volper would be a difficult witness. This expectation was ultimately borne out at his deposition.

15. Volper was obstructionist at his deposition. When he refused to answer certain question early on, I told him that I was going to call the Court. However, I ultimately did not call the Court because no phone number was provided in its Individual Practices.

16. Volper emailed me on October 14, 2025 asking for a copy of the August 26, 2025 deposition transcript.

17. My office was closed on October 14, 2025 for a Jewish holiday. My lack of response to Volper's email was an oversight resulting from the office closure.

18. A true and correct copy of the transcript of the August 26, 2025 deposition, with Volper's social security number, date of birth, and financial account numbers redacted, is attached hereto as **Exhibit 3**. I sent the unredacted transcript to Volper via email on November 19, 2025.

19. During the litigation of this case, Opt-In Plaintiff Dagmara Huk sat for a deposition, attended a settlement conference with Judge Lehrburger, and communicated with Class Counsel.

20. The FLSA notices approved by the Court were distributed to potential opt-in plaintiffs by mail and text message on May 10, 2022. Several people contacted my office in response to these notices.

21. Defendants submitted nine affidavits from employees/former employees in support of their unsuccessful April 3, 2023 motion to sanction/disqualify my firm. (Dkt. No. 84-2.) After the Court granted Plaintiffs' Rule 23 class certification motion and ordered Defendants to produce a class list, Defendants included all nine affiants on the class list, thereby identifying them as class members. (Dkt. No. 112-8.) Because the affiants were class members, my office mailed the Court-approved class notice to them.

22. My office mailed the Court-approved notice regarding the dismissal of the N.Y. Lab. L. § 195 claims to Class Members at their last known addresses in November 2024.

23. The parties' cross-appeals are currently pending before the Second Circuit. Defendants have appealed the denial of their Rule 23 decertification motion and the entry of summary judgment as to overtime damages, while Opt-In Plaintiff Huk has appealed the dismissal of her N.Y. Lab. L. § 195 claims for lack of standing. Defendants' appellate brief did not include any arguments regarding this Court's award of attorneys' fees.

24. Attached hereto as **Exhibit 4** is a true and correct copy of an affirmation submitted by Volper's appellate attorney to the Second Circuit on May 7, 2025 in support of a motion for an extension of time to file a brief.

25. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the October 6, 2022 deposition of Nikolay Volper in this action.

26. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the December 20, 2022 deposition of Nino Martinenko in this action.

Dated: New York, New York
December 22, 2025

/s/ Denise A. Schulman
Denise A. Schulman